# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO.: 1:19-cv-00328-JLK

**Michael Abbondanza, Tavin Foods, Inc.**

   Plaintiffs,

v.

**Jason Weiss, Weiss Law Group, PC, Brett Huff, Richard Leslie, Huff and Leslie, LLP, Peter Leiner, Giovania Paloni,**

   Defendants.

## RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

  Plaintiffs, Michael Abbondanza and Tavin Foods, Inc. (together, "Plaintiffs") hereby respond to the Motion for Protective Order (the "Motion") filed by Defendants Jason Weiss, Weiss Law Group, P.A., and Peter Leiner (together the "Weiss Defendants").

### INTRODUCTION

  In paragraph 3 of the Motion, the Weiss Defendants state that they are "mindful of the Court's Practice Standards." However, the Motion does not comply in form or spirit with this Court's Practice Standards and for that reason alone, must be denied. Further, the information that the Weiss Defendants seek to identify as "attorneys eyes only" is not the sort of information that is afforded that level of protection by the Federal Rules, and the Weiss Defendants have not shown justification in their Motion as to why it should be extended here. Accordingly, for that

additional reason, the Motion must be denied.

## THE MOTION DOES NOT COMPLY WITH THIS COURT'S PRACTICE STANDARDS

With respect to protective orders, this Court requires that parties use its "form Stipulation and Protective Order" (the "Form Protective Order"). Per the Court's precise instructions, a party's failure to use the Form Protective Order must be based on "good cause." Here, the Motion requests that the Court "enter a tailored Protective Order" (the "Proposed Order") without showing good cause as to why the Weiss Defendants cannot simply use the Form Protective Order.

Further, even if a party does not use the Form Protective Order, the Court requires that certain provisions from the Form Protective Order are included with any proposed protective order. The Motion and Proposed Order are deficient as to those provisions as follows:

- The Proposed Order does not address how the proposed confidential information will be addressed in court filings; and
- The Motion does not justify the designation of the proposed confidential information as "attorney's eyes only."

The Weiss Defendants' failure to comply with this Court's Practice Standards and the Form Protective Order will create confusion, cause judicial waste and is without merit. For that reason, the Motion should be denied and the Weiss Defendants should be instructed to meaningfully confer with Plaintiffs to stipulate to a protective order that is compliant with the Form Protective Order.

## THE MOTION DOES NOT JUSTIFY THE HEIGHTENED CONFIDENTIAL STANDARDS

The Motion requests that the "unredacted exhibits to Mr. Bradley's affidavit" be

designated as "attorneys' eyes only." The Weiss Defendants claim that such extreme protection is required "because of the publicity that Plaintiffs and their counsel have brought to this matter." However, the Weiss Defendants do not explain how the protections from the Form Protective Order are insufficient to protect the purported confidential information. In particular, the Weiss Defendants make no attempt to explain why the purported confidential information must be restricted from Plaintiffs themselves. The Weiss Defendants have made no allegation that Plaintiffs have publicized this lawsuit in some improper or harassing manner, or have shown a willingness to disregard any Court order that certain information remain confidential. In general, and as this Court acknowledges in its Practice Standards, "restricted filings are disfavored." The requested restrictions significantly limit Plaintiffs' ability to see the issues that are at the very heart of the underlying law suit—namely whether the man who sued them is who he says he is, lives where he says he lives and is disabled in the manner that served as the basis for the lawsuit against them. Further, the designation "attorneys eyes only" is typically used for cases involving sensitive trade secret information in which a party's proprietary information must be protected from the opposing party who is a direct competitor. *See*, *Associationvoice, Inc. v. Athomenet, Inc.*, Civil Action No. 10-cv-00109-CMA-MEH, 2010 U.S. Dist. LEXIS 38476 (D. Colo. Mar. 29, 2010). No such consideration exists here. Further, the Weiss Defendants fail to address whether Fed.R.Civ.P. 5.2[1] applies separately to the information it requests be designated as

---

[1] Fed.R.Civ.P. 5.2 provides, in relevant part:
**(a) Redacted Filings.** Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
**(1)** the last four digits of the social-security number and taxpayer-identification number;
**(2)** the year of the individual's birth;
**(3)** the minor's initials; and
**(4)** the last four digits of the financial-account number.

"attorneys eyes only" or how that Rule will interact with their requested order.

WHEREFORE, Plaintiffs request that this Court deny the Weiss Defendants' Motion for Protective Order and instruct them to submit a proposed protective order in the form of the Court's Stipulation and Protective Order which does not require the proposed confidential information to be designated "attorneys eyes only" and any other such relief as this Court deems appropriate.

**RESPECTFULLY** submitted on this 7th day of August, 2019.

LAW OFFICES OF COURTENAY PATTERSON
/s/ Courtenay Patterson
Courtenay Patterson, Esq., No. 49215
Law Offices of Courtenay Patterson
1716 N. Main St., Suite A
Longmont, CO 80501
Email:courtenay.patterson@gmail.com
*Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

      I hereby certify that on this 7th day of August 2019, I electronically filed the foregoing Response to Defendants Weiss, Leiner, and Weiss Law Group, P.C.'s Motion for Protective Order with the Clerk of Court using the CM/ECF service, which provided electronic service to the following:

Michael Hutchinson
Treece, Alfrey, Musat,
P.C. 633 17th Street,
Suite 2200
Denver, CO 80202
(303) 292-2700
hutch@tamlegal.com
*Attorney for Defendants Weiss, Weiss Law Group, and Leiner*

Franz Hardy, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
*Attorney for Defendants Brett Huff, Richard Leslie, and Huff and Leslie, LLP*

/s/ Courtenay Patterson
Law Offices of Courtenay
Patterson 1716 N. Main St.,
Suite A #331 Longmont, CO
80501