THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Case 1:19-cv-00328-JLK

Michael Abbondanza,
Tavin Foods, Inc.

      Plaintiffs,

v.

Jason Weiss,
Weiss Law Group, PC,
Brett Huff,
Richard Leslie,
Huff and Leslie, LLP,
Peter Leiner,
Giovania Paloni,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

As stipulated and requested by each party and each counsel of record in this case, this Protective Order concerning the treatment of Confidential Information (as hereinafter defined) is issued pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as follows:

1.      In this action, at least one of the parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the parties' business or privacy interests.

2.      "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom—not made available to the public—and designated by one of the parties

in the manner provided in paragraph 3 below, as well as specifically as it relates to Exhibits 1, 2 and 3 of the Affidavit of John F. Bradley, dated June 27, 2019, and the information contained in those same exhibits. [D.E. 24] The Confidential Information is confidential and implicates common law and statutory privacy interests of a person not a party to this action.

3.       Where Confidential Information is produced, provided, or otherwise disclosed by a party in response to any discovery request, it will be designated in the following manner:

      a.       By imprinting the word "Confidential" on the first page or cover of any document produced;

      b.       By imprinting the word "Confidential" next to the information; or above any response to a discovery request; and

      c.       With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4.       All Confidential Information provided by a party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

      a.       It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

      b.       It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5.       Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government

agency unless authorized to do so by court order.

6.      The party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed, shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7.      During the pendency of this action, opposing counsel may, based on a court order or agreement of the parties, inspect the list maintained by counsel pursuant to paragraph 6 above, upon a showing of substantial need to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8.      No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9.      During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10.     If opposing counsel objects to the designation of certain information as Confidential Information by the other parties' counsel, he or she shall promptly inform designating counsel in writing of the specific grounds for the objection. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing/objecting counsel may move for a disclosure order

consistent with this order. Any motion for disclosure shall be filed within 14 days of designating counsel's receipt of opposing counsel's written objection. The information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11.     Use of Confidential Information in Court Proceedings:   In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. However, Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted as restricted filings or otherwise kept out of the public record in this action, except by court order issued upon motion of the party seeking to restrict the documents. Any such motion shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

12.     By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

13.     Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

14.     Upon termination of this litigation, including any appeals, each party's counsel shall immediately return to the producing party all Confidential Information provided subject to

this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed.

15.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order. The Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

DATED this ___ day of _____, 2019.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

**STIPULATED AND AGREED TO:**

s/ Michael Abbondanza
*Michael Abbondanza*

s/ Courtenay Patterson
*Courtenay Patterson, Esa.*
*Law Offices of Courtenay Patterson*
*1716 N. Main St., Suite A #331*
*Longmont, CO 80501*
*(925) 237-1187*

s/ Michael Abbondanza
*Tavin Foods, Inc.*

s/ Jason Weiss
*Jason Weiss*

s/ Michael Hutchinson
*Michael L. Hutchinson, Esq.*
*Treece Alfrey Musat P.C.*
*633 17th Street, Suite 2200*
*Denver, CO 80202*
*(303) 292-2700*

s/ Jason Weiss
*Weiss Law Group, P.A.*

s/ Peter Leinder
*Peter Leiner*

s/ Brett Huff
*Brett Huff*

s/ Franz Hardy
*Franz Hardy, Esq.*
*Gordon Rees Scully Mansukhani, LLP*
*555 Seventeenth St., Suite 3400*
*Denver, CO 80202*
*(303) 534-5160*

s/ Richard Leslie
*Richard Leslie*

s/ Richard Leslie
*Huff & Leslie, LLP*

**EXHIBIT A**

**<u>AFFIDAVIT</u>**

STATE OF COLORADO                                    )
                                                                       )ss.
COUNTY OF _____        )


_____, swears or affirms and states under penalty of perjury:

      1.     I have read the Protective Order in _____v. _____, Case No. _____.

      2.     I have been informed by _____, counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

      3.     I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

      4.     For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

      5.     I will abide by the terms of the Protective Order.


_____            _____
(Signature)                                                      (Address)

_____            _____
(Print or Type Name)                                     Telephone No.:
                                                                       (_____)_____


      SUBSCRIBED AND SWORN to before me this _____ day of _____, 20__, by _____.

      WITNESS my hand and official seal.


                                                                   _____
                                                                   Notary Public

[S E A L]

                                                      My Commission Expires: _____