# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

## CASE NO.: 1:19-cv-00328-JLK

**Michael Abbondanza,**
**Tavin Foods, Inc.**
        Plaintiffs,

v.

**Jason Weiss,**
**Weiss Law Group, PC,**
**Brett Huff,**
**Richard Leslie,**
**Huff and Leslie, LLP,**
**Peter Leiner,**
**Giovania Paloni,**
        Defendants.

---

### PLAINTIFF'S STATUS REPORT REGARDING EFFORTS UNDERTAKEN TO SERVE DEFENDANT PALONI

---

Plaintiffs, through their undersigned counsel, file this Status Report updating the Court on efforts to serve Defendant Giovania Paloni, pursuant to the Court's September 18, 2019 order:

### BACKGROUND

Defendant Paloni was the ADA compliance expert hired by Defendants Huff, Leslie, Weiss and Leiner in the underlying ADA suit, case number 16-cv-00432-PAB-MEH, that gives rise to this current case. Paloni's expert report alleged 14 violations of the ADA, which served as the basis of the suit brought by Santiago Abreu against Tavin Foods. Paloni's expert report was served on Plaintiff Tavin Foods by Defendants Leiner Weiss, and Weiss Law Group on December 5, 2016. (see Expert Witness Disclosures and Expert Witness Report, attached hereto as Plaintiffs' Exhibits 1

1

and 2). Paloni's Expert Report lists her company's name as Complete ADA Compliance, with an address of 1015 Spanish River Rd., Suite 109, Boca Raton, FL 33342. (see Exhibit 2). The website for Complete ADA Compliance is listed as www.completeadacompliance.com. No physical mailing address is located on Complete ADA Compliance's website.

## EFFORTS TO SERVE DEFENDANT PALONI

Plaintiffs filed the Complaint in this case on February 7, 2019 and filed an Amended Complaint on February 28, 2019. Since filing the Complaint and Amended Complaint, Plaintiffs have made numerous attempts to serve Defendant Paloni. Plaintiffs' Counsel emailed Paloni at the email address listed on Exhibit 2 and on her website asking if Paloni would waive service. (See Email to Paloni, dated February 17, 2019, attached hereto as Exhibit 3). Plaintiffs received no response.

Upon filing the Amended Complaint, on March 12, 2019, Plaintiffs' Counsel sent an envelope containing the Amended Complaint, Summons, and Civil Cover Sheet by certified mail, return receipt requested, to Paloni's address at 1015 Spanish River Rd., Suite 109, Boca Raton, FL 33342. (See Certified Mail Receipt, attached hereto as Exhibit 4). The envelope was returned to Plaintiffs' Counsel as Undeliverable.

Plaintiffs' Counsel looked up Paloni's business, Complete ADA Compliance, on the Florida Secretary of State's website, which lists the business address as 970 S.W. 15th St., Boca Raton, FL 33486. (See Complete ADA Compliance Annual Report filed March 1, 2019, Exhibit 5).

Plaintiffs' Counsel conducted a Public Records Search and learned of another address related to Paloni, as well as the address listed on the Secretary of State's website: 1299 S. Ocean Blvd., Apt. T2, Boca Raton, FL 33432 and 970 S.W. 15th St., Boca Raton, FL 33486. Plaintiffs' Counsel sent a package containing the Amended Complaint, Summons, and Civil Cover Sheet via Certified Mail, return receipt requested, to those addresses on February 28, 2019 and March 22, 2019, respectively. Both packages were returned as undeliverable. (See Certified Mail Receipts for 1299 S. Ocean

Blvd. and 970 S.W. 15th St, attached hereto as Exhibits 6 and 7).

Plaintiffs' Counsel then retained the services of Miami PSPI, a Private Investigation Company located in Boca Raton, Florida, on April 2, 2019. On April 4, 2019, personal service on Paloni was attempted by Steve Navarette, Process Server and Personal Investigator working for Miami PSPI, at three addresses: 1299 S. Ocean Blvd; 1015 Spanish St., and 1074 Jeffrey St. Service attempts were unsuccessful at all three addresses and Mr. Navarette provided Plaintiffs' Counsel with notes regarding the attempts and information that was learned, if any, at each address. (See Email from Mr. Navarette dated April 5, 2019, attached hereto as Exhibit 13). Mr. Navarette stated that all addresses had been exhausted and the next step would be to run a Skip Trace.

Plaintiffs' Counsel authorized Mr. Navarette to run a Skip Trace on April 5, 2019, which was completed and resulted in three new addresses connected to Paloni: 78 Laredo Ln., Boca Raton, FL; 201 S.W. 5th St., Boca Raton, FL; and 2377 N.W. 49th Ln., Boca Raton, FL; as well as confirmed the 970 S.W. 15th St. address, at which Plaintiffs' Counsel had already attempted mail service. Additional information regarding Paloni, including business filings and aliases were obtained through the Skip Trace. (See Email with notes from Mr. Navarette dated April 11, 2019, attached hereto as Exhibit 8).

On April 8, 2019, Plaintiffs' Counsel authorized Mr. Navarette to attempt service at the four addresses – 78 Laredo Ln., 201 S.W. 5th St., 2377 N.W. 49th Ln., and 970 S.W. 15th St. – from the Skip Trace. Mr. Navarette attempted service at 201 S.W. 5th St., 2377 N.W. 49th Ln., and 970 S.W. 15th St. on April 10 and April 11, 2019, with no success. (See email from Mr. Navarette containing notes of attempted service and potential options, dated April 11, 2019, attached hereto as Exhibit 9).

On April 11, 2019, Plaintiffs' Counsel authorized Mr. Navarette to attempt service on Paloni at the 78 Laredo Ln. address, which was the address listed on Paloni's driver's license, and also authorized Mr. Navarette to attempt phone contact at the three phone numbers obtained in the Skip Trace. Mr. Navarette attempted service on April 15, 2019 at the address listed on Paloni's Florida

3

Driver's License, 78 Laredo Ln.; however, that was also not a good address. (See Email from Mr. Navarette with notes of attempted service at 78 Laredo Ln., dated April 15, 2019, attached hereto as Exhibit 10).

Plaintiffs' Counsel authorized Mr. Navarette to attempt contacting Paloni at the phone numbers learned through the Skip Trace, as well as to submit Freedom of Information Act (FOIA) requests to the U.S. Postal Service on the addresses at which service had been attempted. Mr. Navarette reported on April 19, 2019 that he attempted, unsuccessfully, to reach Paloni at the phone numbers, and also sent an email to Paloni through her Complete ADA Compliance website, with no response. (See Email from Mr. Navarette with notes of phone call attempts and FOIA requests, attached hereto as Exhibit 11).

Additionally, on April 19, 2019, Mr. Navarette reported that he did investigation into the domain www.completeadacompliance.com and determined, based on his experience and training, that whoever registered the domain went through considerable efforts to conceal their identity. (See Email from Mr. Navarette with domain information, attached hereto as Exhibit 12).

As of the filing of this motion, neither Mr. Navarette nor Plaintiffs' Counsel have received information in response to the FOIA requests that were submitted 5 months ago.

Plaintiffs have expended significant amounts of time and money attempting to serve Giovannia Paloni in this case. The inability to locate and serve Ms. Paloni is highly suspicious. Ms. Paloni has had her business – Complete ADA Compliance – registered with the Florida Secretary of State since 2013, yet none of the addresses to which her business is registered, nor any other address connected with Ms. Paloni, seems to be a valid address. None of the phone calls and emails to Ms. Paloni at phone numbers and email addresses linked to Ms. Paloni's business have yielded any success in locating Ms. Paloni. Ms. Paloni was hired by and worked for all of the other Defendants in this case as an expert witness on ADA compliance. If anyone would know how to contact Ms. Paloni, it would certainly be Defendants, since they retained her to be an expert and relied upon her

ADA expertise when filing and litigating the underlying lawsuit.  It is unclear in how many of the other ADA lawsuits filed by Defendants Ms. Paloni's expert services were utilized for purposes of filing complaints against Colorado businesses for alleged ADA violations.  Given Defendants' likely ability to contact Paloni, Plaintiffs request the right to conduct limited pretrial discovery.  Plaintiffs intend to file a Motion for Limited Pretrial Discovery with the Court, following conferral with opposing counsel on such motion.

**RESPECTFULLY** submitted this 2nd day of October, 2019.

        LAW OFFICES OF COURTENAY PATTERSON
        /s/ Courtenay Patterson   _____
        Courtenay Patterson, Esq., CO Bar No. 49215
        Law Offices of Courtenay Patterson
        1716 N. Main St., Suite A #331
        Longmont, CO 80501
        Email: courtenay.patterson@gmail.com
        Telephone: (925) 237-1187

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 2nd day of October 2019, I electronically filed the foregoing Plaintiffs' Status Report Regarding Efforts to Serve Defendant Paloni with the Clerk of Court using the CM/ECF service, which provided electronic service to the following:

Michael Hutchinson
Treece, Alfrey, Musat, P.C.
633 17th Street, Suite 2200
Denver, CO 80202
(303) 292-2700
hutch@tamlegal.com
*Attorney for Defendants Weiss, Weiss Law Group, and Leiner*

Joel B. Rothman
SR IP Law 633 17th Street,
21301 Powerline Rd.
Suite 100
Boca Raton, FL 33433
(561) 404-4350
*Attorney for Defendants Weiss, Weiss Law Group, and Leiner*

Franz Hardy, Esq.
Maral J. Shoaei, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
mshaoei@grsm.com
*Attorneys for Defendants Brett Huff, Richard Leslie, and Huff and Leslie, LLP*
Defendants

              /s/ Courtenay Patterson
              _____
              Law Offices of Courtenay Patterson
              1716 N. Main St., Suite A #331
              Longmont, CO 80501