**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-00432-PAB-MEH

SANTIAGO ABREU,

   Plaintiff,

v.

TAVIN FOODS, INC.,
d/b/a RIVERBEND MARKET AND EATERY,

Defendant.

---

**PLAINTIFF'S EXPERT WITNESS DISCLOSURES**

---

Plaintiff, SANTIAGO ABREU ("Plaintiff"), by and through undersigned counsel, and pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and the Court's Scheduling Order [Doc. Entry 38], hereby serves his Expert Witness Disclosures and states as follows:

**A. Specifically Retained Expert Who May Be Called to Testify:**

Giovanni Paloni, Complete ADA Compliance
C/O Weiss Law Group, P.A.
5531 N. University Drive, Suite 103
Coral Springs, Florida 33067

The specially retained expert for Plaintiff, Giovanni Paloni, of Complete ADA Compliance, will be asked to provide testimony concerning her background, training, qualification and experience, the materials reviewed and, where applicable, any literature relied upon in forming his expert opinions and conclusions.

This specially retained expert will be asked to testify concerning the nature of her business or practice, her education, training and experience as set forth in her Curriculum Vitae or in this disclosure, the basis for her familiarity with the applicable federal statutes, the 2010

Americans With Disabilities Act ("ADA") Standards for Accessible Design, the 1991 ADA Standards and Department of Justice's ("DOJ") guidance regarding implementation of the ADA for small businesses, as well as her training, knowledge and experience as applied to the implementation of the ADA and compliance with the 2010 ADA Standards for Accessible Design (and the 1991 ADA Standards where applicable). Her testimony will be limited to the relevant allegations in Plaintiff's Complaint. This expert will be asked to provide opinion testimony based generally on her knowledge, education, training and experience in ADA accessibility and her review of the Subject Premises, applicable literature, inspections, facts or data made known to her at or before trial and any other facts, information or data reasonably relied upon by experts in the ADA accessibility fields in forming their opinions. Plaintiff's specially retained expert will provide opinion testimony based upon her specific knowledge, education, training, experience and the inspection with regard to Plaintiff's allegations that Defendant has violated the ADA and to any other related issues in this case.

Plaintiff reserves the right to offer opinion testimony deemed to be relevant and admissible by the Court in accordance with opinions rendered during depositions of experts and to pose hypothetical questions to them at trial based upon evidence to be introduced at trial. Plaintiff reserves the right to ask his specially retained expert to review and possibly revise or modify her opinions based upon deposition testimony of Defendant's experts as well as newly provided facts, opinions, records and/or materials and to answer, rebut or respond to the testimony and/or opinions of Defendant's experts deemed by the Court to be relevant and admissible.

Plaintiff anticipates using various exhibits in connection with or to illustrate the testimony of its expert(s), including, without limitation, testimony excerpts, timelines, inspection

and other reports, enlargement of photos and records, applicable ADA standards, and related guidelines, DOJ recommendations, etc. Plaintiff reserves the right to use diagrams, scale drawings, graphs, photographs and/or other demonstrative evidence to illustrate the testimony of its expert.

   a) **Area of Specialization and qualifications:**

For specialization and qualifications please see Curriculum Vitale attached to the disclosed expert report.

   b) **Basis of opinions:**

Ms. Paloni will testify that an agent for Complete ADA Compliance inspected the Subject Premises and took measurements and photographs of the Subject Premises. Ms. Paloni will testify consistently with her expert report, which is ***attached hereto, and incorporated herein.*** Ms. Paloni will testify regarding her findings of non-compliance and will explain them in accordance with the 2010 ADA Standards for Accessible Design and (where applicable) the 1991 ADA Standards. She will rely on the 2010 Standards for Public Accommodations and Commercial Facilities: Title III, in addition to applicable parts of the Code of Federal Regulations, relevant ADA statutes, guidelines, standards and opinions of the DOJ. To the extent deemed relevant, she will rely on photographs taken by Defendant and/or Defendant's experts and disclosed to Defendant in its Rule 26(a)(1) Initial Disclosures and/or Expert Disclosures, or otherwise, and will rely on any future photographs as necessary.

Exhibits to support and/or summarize her findings will include the 2010 ADA Standards for Accessible Design, 1991 ADA Standards and DOJ Opinions and/or Publications, and other exhibits as set forth above.

c) **Statement of Opinions:**

The statement of Ms. Paloni's opinions is set forth in her report, which is attached hereto and incorporated herein. Ms. Paloni will testify consistently with her opinions as set forth in said statement.

Plaintiff reserves the right to substitute Ms. Paloni's opinion based upon further review and ongoing discovery.

                                         **WEISS LAW GROUP, P.A.**
*Attorneys for Plaintiff*
5531 N. University Drive
Suite 103
Coral Springs, FL 33067
Tel: (954) 573-2800
Fax: (954) 573-2798


BY: /s/ Peter S. Leiner
      Jason S. Weiss
      Jason@jswlawyer.com
      Florida Bar No. 356890
      Peter S. Leiner
      Peter@jswlawyer.com
      Florida Bar No. 104527


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of December, 2016, I electronically served the foregoing via email on Courtenay Patterson, Esq. at Courtenay.patterson@gmail.com.

BY: /s/ Peter S. Leiner
      Jason S. Weiss
      Jason@jswlawyer.com
      Florida Bar No. 356890
      Peter S. Leiner
      Peter@jswlawyer.com
      Florida Bar No. 104527