## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

### CASE NO.:  1:19-cv-00328-RPM

MICHAEL ABBONDANZA and TAVIN
FOODS, INC.,

        Plaintiffs,

v.

JASON WEISS, WEISS LAW GROUP, P.A.,
BRETT HUFF, RICHARD LESLIE, HUFF
AND LESLIE, LLP, PETER LEINER, and
GIOVANIA PALONI,

        Defendants.

---

### DEFENDANTS WEISS LAW GROUP, P.A., JASON WEISS AND PETER LEINER'S, VERIFIED ANSWER AND AFFIRMATIVE DEFENSES

       Defendants, Weiss Law Group, P.A., Jason Weiss and Peter Leiner (collectively "Defendants"), hereby answer the Amended Complaint [D.E. 8] filed by Plaintiffs, Michael Abbondanza and Tavin Foods, Inc. (collectively "Plaintiffs"), as follows:

       1.     Defendants admit that Plaintiffs' Amended Complaint [D.E. 8] purports to bring this action under 18 U.S.C. §§ 1961(1)(B), 1962 (c) and (d), 1964 (a) and (c), 1341 and admits for jurisdictional purposes only that this Court has original jurisdiction. Further answering, Defendants deny that Plaintiffs have any right to maintain this action and further denies that Plaintiffs are entitled to any of the relief sought in this action.

       2.     Defendants are without knowledge, therefore denied.

       3.     Admitted for jurisdictional purposes only, but it is denied that Plaintiffs are entitled to any of the relief sought in this action.

4.      Defendants admits for jurisdictional purposes only that this Court has original jurisdiction of the state court claim made in the Amended Complaint. However, further answering, Defendants deny that Plaintiffs have any right to maintain this action and further deny that Plaintiffs are entitled to any of the relief sought in this action.

5.      Defendants admit that venue in this district court appears proper at this time, but deny that Plaintiffs are entitled to any relief in this action.

## THE DEFENDANTS

6.      Admitted that Jason Weiss ("Weiss") is a licensed Florida whose legal practice includes prosecuting and defending cases involving the Americans with Disabilities Act (the "ADA). Weiss is the President and Owner of Defendant Weiss Law Group, P.A.  In 1990 Congress recognized that there were more than 43,000,000 Americans living with physical disabilities that prevented them from living normal lives and these individuals were treated as second-class citizens.  Wanting to fix this huge problem and to eliminate discrimination of individuals who have physical disabilities, on July 26, 1990, the United States' Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et. seq.*  Congress allowed public accommodations a generous one and one a half years from enactment of the statute to fully and completely implement elimination of barriers to access so that persons with disabilities would no longer be relegated to being second class citizens in violation of the Constitution, and so that instead, those persons with disabilities could enjoy freedom of movement, and access to all of the products and services offered to the able bodied. The effective date of Title III of the ADA is January 26, 1992, or in the case of businesses with ten (10) or fewer employees and gross receipts of $500,000.00 or less, January 26, 1993. 42 U.S.C. §12182; *see also* 28 C.F.R. §36.508(a).  Congress explicitly stated that the purpose of the ADA was to provide a clear and comprehensive national mandate for

elimination of discrimination against individuals with disabilities; provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities. 42 U.S.C. §12101(b)(1)(2) and (4). "Civil rights law depends heavily on private enforcement. Moreover, the inclusion of penalties and damages is the driving force that facilitates voluntary compliance with the ADA." *Parr v. L & L Drive-Inn Restaurant,* 96 F.Supp.2d 1065, 1082 (D. Hawaii 2000). Courts have noted that "[a]s a result, most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled. For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1062 (9th Cir. 2007); *D'LIL v. Best Western Encina Lodge & Suites* 538 F.3d 1031, 1040 (9th Cir. 2008). Where there has been non-compliance, the actor whose litigation brings about compliance has protected important civil rights of minorities. *Maloney v. City of Marietta,* 822 F.2d 1023, 1026 n. 5 (11th Cir. 1987).

By Defendants representing Abreu in his lawsuit against Tavin Foods, Inc. ("Tavin"), or other ADA lawsuits, and litigating claims on behalf of other plaintiffs, the public benefit of accessibility remains beyond reproach. Defendants take pride in their work advocating change and compliance for all persons with physical disabilities. It is upsetting that the ADA, which has been in effect for more than 25 years, is ignored by so many public accommodations. Moreover, without the efforts of those few advocates and lawyers willing to handle Title III cases, notwithstanding the negative attitudes of a vocal minority, there would be limited to no

enforcement of the ADA. *Id.* Mr. Abreu, by the mere virtue of being confined to a mobility device such as a wheelchair or a scooter, was subject to discrimination at the Premises. Throughout the course of the lawsuit against Tavin, 1:16-cv-00432-MEH ("Underlying Action"), it was clear that numerous ADA violations existed at the Riverbend Market and Eatery ("Premises"), some of which were remediated by Tavin during the course of the Underlying Action and others of which were addressed, according to the representations of Patterson, Plaintiffs' counsel in this action and the Underlying Action, **as an officer of the Court**, prior to the Joint Stipulation of Dismissal being filed with the Court. Nevertheless, and rather than simply engaging in alterations and barrier removal designed to remove and eradicate all barriers to access at the Premises, Plaintiffs elected to spend a prodigious amount of time and energy on attacking Abreu, his counsel, and their expert, in an attempt to obfuscate the real issue in the case (i.e. the admittedly inaccessible Premises). That is what Plaintiffs are once again doing via this instant lawsuit, attacking Defendants in both the press and via the judicial process when there is no justification for said attacks. This case, the retaliation and the allegations are not warranted or supported and need to be swiftly dismissed. Plaintiffs and their counsel are trying to have Mr. Abreu be a victim twice, once for denying him equal access and now by attacking him in the Courts and the media. If Plaintiffs and their counsel were allowed to continue with this case (and somehow prevailed), then the judiciary would be allowed to create a chilling effect that would undermine the intent of Congress in passing the ADA, which has been in effect for more than twenty five years, protecting those who need our help. Defendants deny the remaining allegations and deny that Plaintiffs are entitled to any relief in this action.

7.      Admitted that Weiss Law Group, P.A. ("Firm") is a Florida Professional Corporation doing business at 5531 N. University Drive, #103, Coral Springs, Florida 33067.

Defendants admit that Firm handles a variety of legal matters, which includes prosecuting and defending cases involving the ADA. It is also admitted that Firm has filed lawsuits in this judicial district. Defendants include the response contained in paragraph 6 above as if fully stated herein. Defendants deny the remaining allegations and that deny that Plaintiffs are entitled to any relief in this action.

8.    Defendants are without knowledge, therefore denied.

9.    Defendants are without knowledge, therefore denied.

10.    Admitted that Huff and Leslie were involved in representing Santiago Abreu in lawsuits filed in Colorado involving the ADA. The remaining allegations are denied.

11.    Admitted that Peter Leiner ("Leiner") is a Florida licensed attorney who practices law Florida. Leiner was employed by Firm while Santiago Abreu's lawsuit against Tavin was pending. It is admitted that Leiner ceased being employed by Firm prior to the joint dismissal with prejudice of the Underlying Action. The remaining allegations are denied.

12.    Admitted Complete ADA Compliance was retained as an expert in the Underlying Action and wrote a report regarding the ADA violations alleged in the Underlying Action. Defendants are without knowledge as to the remaining allegations and as such they are denied.

<u>GENERAL ALLEGATIONS</u>
<u>The Conspiracy</u>

13.    Denied that any criminal enterprise exists. The remaining allegations are also denied.

14.    Denied that any criminal enterprise exists. The remaining allegations are also denied.

15.    Denied.

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FL 33433

16.     Denied.

17.     Denied that any criminal enterprise exists.  The remaining allegations are also denied.

18.     Admitted that, Santiago Abreu, who is an individual who suffers physical disabilities and who signed the affidavits attached to this Answer, visited Colorado in 2015 and 2016 and that he instructed Firm to file lawsuits in the District Court of Colorado in 2015 and 2016.  See Abreu affidavits attached hereto as Exhibit "1".  The remaining allegations are denied.

19.     Denied.

20.     The allegations made in the Complaint in the Underlying Action speak for themselves.  In an abundance of caution, the remaining allegations are denied.

21.     Admitted that Santiago Abreu, who suffers from physical disabilities, admitted to visiting the Riverbend Market and Eatery in Bailey Colorado on July 14, 2015 and that he suffered injuries as a result of encountering barriers based on his disability.  Anything not specifically admitted is denied.  *See* Affidavit of John Bradley with Exhibits 1, 2 and 3 made a part thereof and attached hereto as Exhibit 2.

22.     Exhibit 1 to the Amended Complaint speaks for itself.  The remaining allegations are denied.

23.     Admitted that a cash receipt is attached to the Amended Complaint as Exhibit 2 and said receipt speaks for itself.  The remaining allegations are denied.

24.     Admitted that at the time Plaintiffs' purported expert, Mark Douglass of Peak Access, inspected the Riverbend Market and Eatery ("Property") he only opined that there were four (4) violations of the ADA found and that a report prepared by Mark Douglass of Peak

Access was attached to the Amended Complaint as Exhibit 3.  The remaining allegations are denied.

25.      Admitted that Giovannia Paloni filed an expert report in the Underlying Action. Admitted that there is an Exhibit 4 attached to the Amended Complaint.  Defendants are without knowledge as to the remaining allegations and as such, they are denied.

26.      Admitted that a December 1, 2016 report is attached to the Amended Complaint as Exhibit 5.  The remaining allegations are denied.

27.      Without knowledge, therefore denied.

28.      Without knowledge, therefore denied.

29.      Admitted that a letter is attached to the Amended Complaint as Exhibit 6 and that the contents of said letter speak for themselves.  The remaining allegations are denied.

30.      Without knowledge, therefore denied.

31.      Without knowledge, therefore denied.

32.      Admitted that Exhibit 4 is attached to the Amended Complaint, but the remaining allegations are denied.

33.      Admitted that Exhibit 7 is attached to the Amended Complaint and admitted that Huff might have to withdraw from the Underlying Action as he was contemplating an action for defamation, libel and/or slander against Plaintiffs.  The remaining allegations are denied.

34.      Admitted that Huff and Leslie were counsel for Santiago Abreu in the Underlying Action.  The remaining allegations are denied.

35.      Admitted that in December 2016 Plaintiffs' purported expert, Mark Douglass of Peak Access, filed his report that stated that at the time he inspected the he believed that there

SRIPLAW
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FL  33433

were only four (4) violations of the ADA found.  It is admitted that violations of the ADA were found at the Property.  The remaining allegations are denied.

36.     Admitted that Exhibit 8 is attached to the Amended Complaint.  The remaining allegations are denied.

37.     Admitted that on January 25, 2017, in violation of the District Court of Colorado's Local Rules, Patterson unilaterally scheduled the deposition of Santiago Abreu and sent the Notice of Deposition to Leiner.  Admitted that the Notice is attached to the Amended Complaint as Exhibit 9.  The remaining allegations are denied.

38.     Admitted that Firm filed a motion for summary judgment.  Admitted that an incomplete version of the motion for summary judgment is attached to the Amended Complaint as Exhibit 10.  Admitted that the motion for summary judgment attached to the Amended Complaint is incomplete as the affidavit of Mr. Abreu was removed by Plaintiffs.  The remaining allegations are denied.

39.     Admitted that on February 9, 2017 Weiss called Patterson and as part of the conversation Weiss informed Patterson that Leiner was no longer employed by Firm and that Weiss asked Patterson what her client's intentions were with regard to remedying the four violations that Plaintiff's expert had confirmed.  It is admitted that Patterson informed Weiss that Plaintiff had already fixed the four violations.  It is admitted that Weiss stated that if Patterson's client fixed the problems, then the Underlying Action is moot and should be dismissed.  Admitted that Weiss said that he would prepare a joint stipulation for dismissal with each side to bear its own attorney's fees and costs, and would send it to Patterson for her signature.  The remaining allegations are denied.

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FL  33433

40. Admitted that Weiss agreed to take Patterson's word, as an officer of Court, that the violations had been removed from the Property.  Admitted that Patterson advised Weiss she personally saw that that barriers to access had been removed.  The remaining allegations are denied.

41.     Admitted that shortly after the phone call between Weiss and Patterson ended, Weiss emailed Patterson a joint stipulation for dismissal.  The remaining allegations are denied.

42.     Denied.

43.     Without knowledge, therefore denied.

44.     Denied.

45.     Admitted that Plaintiffs' counsel sent 2 demand letters to Firm asking for information she was not entitled to as the Underlying Action had been dismissed with prejudice.  Denied that there is no proof that Santiago Abreu exists or that he ever came to Colorado, beyond Defendants' assertions in legal documents and litigation-related communication from the Underlying Action.  It is affirmatively stated that Plaintiffs and their counsel are in possession of documentary proof of the existence of Santiago Abreu, medical information on Santiago Abreu and 2 affidavits that he was present at the Property.  The remaining allegations are denied.

46.     Without knowledge, therefore denied.

47.     Without knowledge, therefore denied.

48.     Denied that Weiss was never in contact with Santiago Abreu and that litigation was brought on behalf of a fictional person.  The remaining allegations are also denied.

49.     Denied.

50.     Denied.

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FL  33433

## THE CRIMINAL ENTERPRISE

51.    Denied that there was or is a criminal enterprise.  The remaining allegations are denied.

52.    Admitted that Firm is operated and owned by Weiss.  The remaining allegations are denied.

53.    Denied.

54.    Admitted that Weiss exercised reasonable care in the filing of the Underlying Action.  Admitted that Santiago Abreu exists.  The remaining allegations are denied.

55.    Admitted that Weiss, Huff and Leslie worked together on ADA lawsuits filed on behalf of Santiago Abreu.  The remaining allegations are denied.

56.    Denied that the ADA complaints contained falsities about the existence of Santiago Abreu.  Denied that Huff and Leslie withdrew from the case, recognizing that Huff, specifically, "may ultimately become a witness in this case," because he knew of the falsities and fraudulent nature of the ADA litigation.  The remaining allegations are also denied.

57.    Admitted that Leiner exercised reasonable care as a licensed attorney.  Denied that the ADA complaints contained falsities about the existence of Santiago Abreu.  Denied that Leiner withdrew from the case because he knew of the falsities and fraudulent nature of the ADA litigation.  The remaining allegations are also denied.

58.    Admitted that Exhibit 9 is attached to the Amended Complaint.  The remaining allegations are denied.

59.    Denied.

60.    Denied.

**FIRST CAUSE OF ACTION**
**Racketeer Influenced and Corrupt Practices Act**
**18 U.S.C. §§ 1961 (1) (B), 1962 (c), 1964 (a) and (c), 1341 and 1343**
**As to all Defendants**

61.     Defendants reincorporate their responses in the preceding paragraphs as though fully set forth herein.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

**MAIL FRAUD**

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied

75.     Denied.

76.     Admitted that Exhibit 4 is attached to the Amended Complaint.  Without knowledge as to the remaining allegations, therefore denied.

77.     Admitted that Defendants are licensed to practice law.  The remaining allegations are denied.

11

78.     Denied.

## WIRE FRAUD

79.     Denied.

80.     Denied.

81.     Denied.

### Particularized Allegations of Wire Fraud Through Use of Interstate Electronic Communications

82. Admitted that Weiss and Leiner on behalf of Firm filed numerous documents using the PACER-CM/ECF ("PACER") filing system.  The remaining allegations are denied.

83.     Admitted that Weiss and Leiner on behalf of Firm filed documents using PACER. Denied that these filings contained false statements regarding Santiago Abreu's visit to Colorado, visit to Colorado businesses like Riverbend Market and Eatery, personal encounters with barriers or intent to return. Defendants are without knowledge as to the other defendants. Admitted that PACER listed Weiss and Leiner on behalf of Firm.  Without knowledge as to how documents are electronically mailed to counsel for Plaintiffs.  Admitted that Weiss receives notices at jason@jswlawyer.com and Leiner previously received notices at: peter@jswlawyer.com.  Defendants are without knowledge as to what email addresses the other defendants receive service at.  Any allegation not specifically admitted or denied herein is denied.

84. Admitted that Exhibit 5 is attached to the Amended Complaint.  The remaining allegations are specifically denied.

### Particularized Allegations of Wire Fraud Through Use of Interstate Electronic Communications

85.     Admitted.

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FL  33433

86.    Denied that Defendants were involved in litigating "sham ADA lawsuits".
Without knowledge as to the remaining allegations and as such, denied.

87.    Without knowledge, therefore denied.

88.    Without knowledge, therefore denied.

89.    Without knowledge, therefore denied.

90.    Without knowledge, therefore denied.

91.    Admitted that Exhibits 15 and 16 are attached to the Amended Complaint.
Admitted that Weiss sent emails to Plaintiff's Counsel on February 9, 2017, discussing the
potential of filing Motions to Strike. The remaining allegations are denied.

92.    Admitted that during a February 9, 2017 telephone call between Weiss and Plaintiffs'
counsel, Plaintiffs' counsel represented to Weiss, as an officer of the Court, that the complained
of violations at the Property had been removed.  Admitted that based on this representation from
Patterson, Weiss proffered that the case is moot and the case should be dismissed
with each side to bear its own fees and costs.  The remaining allegations are denied.

93.    Admitted.

94.    Admitted.

95.    Denied.

### Particularized Allegations of Wire Fraud Through Use of Interstate Credit Card Processing

96.    Denied.

97.    Admitted that Defendants used wire telephonic and cellular use, in the normal
course of business.  The remaining allegations are denied.

98.    Denied

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FL 33433

99. Admitted that Weiss and Leiner are duly licensed to practice law.  The remaining allegations are denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied

104.    Denied.

105.    Denied.

106.    Denied.

## SECOND CAUSE OF ACTION
**Conspiracy to Violate Racketeer Influenced and Corrupt Practices Act
18 U.S.C. §§ 1961 (1) (B), 1962 (d), 1964 (a) and (c), 1341 and 1343
As to all Defendants**

107.    Defendants reincorporate their responses in the preceding paragraphs as though fully set forth herein.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Defendants are unaware of any DOE Defendant.  Notwithstanding same, denied.

113.    Denied.

114.    Denied.

115.    Defendants are not aware of any DOE Defendant.  Notwithstanding same, denied.

116.    Defendants are not aware of any DOE Defendant.  Notwithstanding same, denied.

117.    Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

**THIRD CAUSE OF ACTION: Colorado Organized Crime Control Act**
**C.R.S. 18-17-101 et seq.**
**Against All Defendants**

127.   Defendants reincorporate their responses in the preceding paragraphs as though fully set forth herein.

128.   Denied.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Denied.

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FL  33433

139.   Denied that Defendants participated in any act of racketeering or scheme.  The

remaining allegations are also denied.

140.   Denied.

141.   Denied.

### FORTH CAUSE OF ACTION
#### Abuse of Process
#### Against All Defendants

142.   Defendants reincorporate their responses in the preceding paragraphs as

though fully set forth herein.

143.   Denied.

144.   Denied.

145.   Denied.

146.   Denied.

147.   Denied.

148.   Denied.

149.   Admitted that the Underlying Action alleged 14 violations of the ADA and that

there is an expense associated with the repair of same.  The remaining allegations are denied.

150.   Admitted that violations of the ADA were present at the Property.  Defendants are

without knowledge as to the work and expense required in order to rectify the ADA violations at

the Property.  The remaining allegations are denied.

151.   Denied.

152.   Denied.

153.   Denied.

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FL  33433

**CAUSE OF ACTION**
**Civil Conspiracy**
**Against All Defendants**

154.    Defendants reincorporate their responses in the preceding paragraphs as though fully set forth herein.

155.    Denied.

156.    Admitted that Exhibit 4 is attached to the Amended Complaint.  The remaining allegations are denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

**SIXTH CAUSE OF ACTION**
**Fraud**
**Against All Defendants**

161.    Defendants reincorporate their responses in the preceding paragraphs as though fully set forth herein.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Without knowledge, therefore denied.

167.    Denied.

168.    Denied.

169.    Denied

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FL  33433

## PRAYER FOR RELIEF

170. Denied that Plaintiffs are entitled to any relief requested.

171. Denied that Plaintiffs are entitled to any relief requested.

172. Denied that Plaintiffs are entitled to any relief requested.

173. Denied that Plaintiffs are entitled to any relief requested.

174. Denied that Plaintiffs are entitled to any relief requested.

175. Denied that Plaintiffs are entitled to any relief requested.

176. Denied that Plaintiffs are entitled to any relief requested.

177. Denied that Plaintiffs are entitled to any relief requested.

178. Denied that Plaintiffs are entitled to any relief requested.

179. Denied that Plaintiffs are entitled to any relief requested.

180. Denied that Plaintiffs are entitled to any relief requested.

181. Any allegations not specifically addressed above are denied.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses with respect to all of Plaintiffs' causes of actions and claims contained in the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

The Amended Complaint, and each and every claim therein, fails to state a claim against Defendants upon which relief can be granted. Specifically, the identical Plaintiffs in this case sued in the case of MICHAEL ABBONDANZA and TAVIN FOODS, INC. v. DAVID SCHAEFER, SERINA SCHAEFER and ALL UNKNOWN PERSONS WHO CLAIM ANY INTEREST IN THE SUBJECT MATTER OF THIS ACTION v. Intervenors: MARY LOU

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FL 33433

JESPERSEN and DAVID JESPERSEN  v. Defendant in Intervention: AKS PROPERTIES,

LLC, Case Number 2017-cv-30020 Division B filed in Park County District Court ("Park

County Case"), have already sued for the same loss of business and profits that are being sued on

in this case.  Plaintiffs cannot allege that they had to close the business and were damaged both

in this case and the Park County Case.  There is no mention of any damages in the Park County

Case being caused by the Underlying Action and in that case all of the damages were caused by

improper relationships and the mismanagement of the restaurant.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations – Tavin Foods)

Plaintiff, Tavin Foods Inc.'s ("Tavin") claim for abuse of process is barred by the

applicable statute of limitations.  The amendment of the Complaint to add Tavin was done

outside of the applicable two (2) year statute of limitations for abuse of process.  On its face, the

Amended Complaint alleges that the Underlying Action was dismissed on February 13, 2017.  A

claim for abuse of process runs two (2) years from the date when Tavin knew, or should have

known, of the alleged abuse.  Tavin was completely barred from raising the abuse of process

claim two (2) years after the date that the Underlying Action was dismissed, to wit: February 14,

2019.  The Amended Complaint adding Tavin, was not filed until February 28, 2019, which is

outside of the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

The Amended Complaint, and each and every claim therein, is barred by the doctrine of

estoppel.

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FL 33433

### FOURTH AFFIRMATIVE DEFENSE
### (Res Judicata/Collateral Estoppel)

The Amended Complaint, and each and every claim therein, is barred by the doctrines of res judicata and/or collateral estoppel.

### FIFTH AFFIRMATIVE DEFENSE
### (Laches)

The Amended Complaint, and each and every claim therein, is barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs have unclean hands in this matter after wrongfully denying Santiago Abreu and other persons with disabilities full and equal access to the Property in violation of state and federal law.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiffs has failed to mitigate, limit, or avoid their damages, if any. Defendants are entitled to have sums to which Plaintiff may be entitled, if any there be, reduced by the amount Plaintiff could reasonably have been able to mitigate, minimize, or avoid those damages.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Predicate Acts)

Plaintiffs have alleged that Defendants' litigation activities constituted the Racketeering Influenced and Corrupt Organizations Act ("RICO") predicate acts of mail and wire fraud. Such litigation activities, even if they were as alleged, cannot constitute the predicate acts of mail and wire fraud under RICO and therefore no RICO claim can be stated.

## NINTH AFFIRMATIVE DEFENSE
### (Waiver for Failure to Bring Compulsory Cross-Complaint in State Action)

At the time Plaintiffs filed this action, the Underlying Action had been dismissed via a joint stipulation of dismissal for just short of 2 years. The Underlying Action is allegedly the basis for the instant Amended Complaint. Plaintiffs were required to allege their claims as a cross-complaint in the Underlying Action and is prohibited from alleging said claims in this separate federal action. Plaintiffs moved to dismiss the Complaint in the Underlying Action, which was denied, and then answered the Complaint in the Underlying Action, but did not bring a Cross-Complaint. Plaintiff has therefore waived all claims asserted in the Complaint.

## TENTH AFFIRMATIVE DEFENSE
### (*Noerr-Pennington*)

The Amended Complaint, and each and every claim therein, is barred by the *Noerr-Pennington* doctrine in that the conduct Plaintiffs complain of constitutes protected petitioning activity under the First Amendment of the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No-ongoing Enterprise)

Plaintiffs' claims in Amended Complaint is that both Leiner and Huff left the alleged enterprise and it is no longer on-going. Additionally, Plaintiffs' Amended Complaint provides that the alleged "scheme began in Colorado on or about July 2015 and continued at least until Mr. Weiss and his enterprise dropped the fraudulent action against the Plaintiffs (upon Plaintiff's Counsel inquiring about deposing the non-existent plaintiff) on February 9, 2017. Since the alleged "scheme" or enterprise is no longer on going or in existence, the Amended Complaint is improper.

## TWELFTH AFFIRMATIVE DEFENSE
### (Inflated and Improper Damages)

Plaintiffs' claims for damages from the Underlying Action are improper as Plaintiffs'

counsel admitted to taking the case pro bono.  Also, the "damages" claimed are not proper

damages and Plaintiffs are not entitled to recovery of same.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Amended Complaint, and each and every claim therein, fails to state a claim against

Defendants upon which relief can be granted. The method of pleading Plaintiffs employed in the

instant case is the type known colloquially as "throw-as-much-mud-against-the-wall-as-you-can-

and-hope-some-of-it-sticks." *Dodd Insurance Services, Inc. v. Royal Insurance Company of*

*America*, 935 F.2d 1152 (10th Cir. 1991).  The issue Plaintiffs have ignored is that they have been

provided documentary poof that Santiago Abreu is real and has a physical disability and they

have decided to continue to advance this case under the theory that he is fictitious.  This

unsupported lawsuit is nothing more than retaliation for the justified and proper Underlying

Action.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Improper Shotgun Pleading)

Plaintiffs' use of "shotgun pleadings" is improper and warrants the dismissal of the

instant lawsuit. *See Allbrandt v Bank of America, N.A.*, 2015 WL 1186660 (D. Co. March 12,

2015).  This Court has strongly criticized such use of "shotgun pleadings" by which a party

pleads several counts or causes of action, each of which incorporates by reference the entirety of

its predecessors. *Int'l Acad. of Bus. & Fin. Mgmt., Ltd. v. Mentz,* No. 12–CV–00463–CMA–

BNB, 2013 WL 212640, at *7 (D.Colo. Jan. 18, 2013) (citing *Jacobs v. Credit Suisse First*

*Boston,* No. 11–cv–00042, 2011 WL 4537007, at *6 (D.Colo. Sept. 30, 2011) (unpublished)

(finding "shotgun pleading" to be a "defect" contributing to an award of sanctions)). As this

Court noted, "the shotgun pleader foists off one of the pleading lawyer's critical tasks–sifting a

mountain of facts down to a handful of those that are relevant to a given claim–onto the reader."

*Id.* Courts roundly decry shotgun pleading as a subject of "great dismay," "intolerable," and "in a

very real sense ... [an] obstruction of justice." *Strategic Income Fund, L.L.C. v. Spear, Leeds &*

*Kellogg Corp.,* 305 F.3d 1293, 1295–96 n. 9, 10 (11th Cir.2002). The Court should not and

cannot act as counsel for Plaintiffs and attempt to determine which facts support their claims.

The Court should not allow for this inartful Amended Complaint to advance.

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

To overcome Santiago Abreu's uncontested affidavits, the affidavit from John Bradley,

Esq. and the attachments thereto and the Rule 26(a)(1)(A) Disclosures, Plaintiffs must point to

specific evidence that Abreu is not a real person and that he was not present at the Premises. *See*

*Campbell v. Singh,* 2011 WL 4434953 (D. Col. August 8, 2011)*.* However, all Plaintiffs have

done is made conclusory statements that Santiago Abreu is not a real person and that he did not

go to the Premises because Plaintiffs could not find him via a Google Image search and no one at

the Premises remembers a person in a wheelchair. Plaintiffs' mere unsupported conclusory

statements do not support that Abreu is made up or that he did not go to the Premises. Plaintiffs

have provided no evidence to refute the uncontested affidavits of Santiago Abreu and this instant

lawsuit was filed in bad faith for the sole purpose of harassing Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Unknown DOE Defendant Second Count)

The Second Count of Plaintiffs' Amended Complaint makes reference to "named and DOE Defendant". There is no DOE Defendant ever mentioned in the caption of the case or defined in the Amended Complaint. Plaintiffs' allegations against a DOE Defendant makes the Amended Complaint improper and raises the concern that Plaintiffs failed to add an indispensable party.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure to properly plead 18 U.S.C. § 1964(c))

18 U.S.C. § 1964(c), the civil remedies provision of RICO requires that Plaintiffs be "injured in his business or property" to recover, and that the "the injury [be] caused by the underlying predicate violations." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) "Any recoverable damages occurring by reason of a violation of § 1962(c) will flow from the commission of the predicate acts." *Id.* at 497. None of the damages alleged in the Amended Complaint were proximately caused by the commission of the predicate acts alleged therein. The predicate acts alleged in the Amended Complaint relate to the filing of an alleged fraudulent ADA complaint against Abbondanza's business Tavin, in response to which Plaintiff's counsel admitted ADA violations, and following which the underlying ADA case was dismissed. Having admitted, through counsel the existence of even one violation of the ADA, the Underlying Action was proper and Plaintiffs cannot make a claim for damages under 18 U.S.C. § 1964(c). None of the damages alleged by Plaintiffs in the Amended Complaint flow from the alleged predicate acts. Furthermore, because Plaintiff was in violation of the ADA when he was sued, none of the predicate acts could have plausibly caused Plaintiff any damage.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Distinctness)

Counts 1 and 2 of the Amended Complaint are federal RICO claims against all Defendants in which the association-in-fact enterprise consists entirely of all defendants. ("Plaintiffs are informed and believe, and thereon alleges, that all defendants named herein, working for or with Defendants Weiss Law Group and Huff and Leslie, LLP, have formed a criminal enterprise…"); paragraph 63 ("Plaintiffs are informed and believes, and thereon alleges, that all named Defendants have participated, and continue to participate, in a racketeering enterprise (the "Enterprise"), as defined in 18 U.S.C. § 1961 (4) by the forming of a "group of individuals associated-in-fact" to create schemes to defraud the public, and specifically to defraud the Plaintiffs as alleged herein."). Here, the "RICO persons" (*i.e.*, the Defendants) are exactly the same as all the members of the association-in-fact enterprise, and vice versa. The fundamental aspect of §1962(c)'s RICO enterprise requirement is that the defendant (*i.e., "the RICO person"*) must be distinct from the enterprise. *See Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161, (2001)("We do not quarrel with the basic principle that to establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name. The statute's language, read as ordinary English, suggests that principle.")

### NINETEENTH AFFIRMATIVE DEFENSE
### (Fraud, Failure to Mitigate and Waiver)

Plaintiffs' Counsel has in the Response to the Motion to Dismiss stated that "[w]hile they do not have an obligation to do so, common sense would dictate that doing so could end this action with a single brief. Defendants could have produced any one of a number of pieces of evidence establishing Santiago Abreu's existence: a state ID for Mr. Abreu, a federal ID for Mr.

Abreu, a fee agreement with Mr. Abreu's signature, a photo of Mr. Abreu, a check written to Mr. Abreu, Mr. Abreu's medical records or evidence of Mr. Abreu's travel through Colorado, among other things. Defendants did none of these things, which increases the plausibility of Plaintiffs' claims: Mr. Abreu is a sham plaintiff and Defendants are engaged in a fraud on this Court of massive proportions." Defendants have produced a state ID for Mr. Abreu, a social security number for Mr. Abreu, photographs of Mr. Abreu, medical records for Mr. Abreu and an affidavit of an officer of the Court who met Mr. Abreu, explained to him his affidavit and notarized his signature. However, despite all of this information requested by Plaintiffs' counsel, the instant lawsuit still remains pending.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Illegality, Defamation, Libel and Slander)

Plaintiffs, through either their own doing or through their counsel, has made defamatory statements about Defendants, causing harm to Defendants' personal and professional reputation. Plaintiffs are of course permitted to speak to others factually and truthfully about anything in the public records, but not to such an extent where it causes harm to Defendants and their business and where said statements are not factually correct. Plaintiff's defamatory and slanderous statements need to cease immediately and the damage caused to Defendants from these statements excuses (or at a minimum offsets) any alleged damages claimed by Plaintiffs. Defendants specifically reserve the right to make a counter-claim against Plaintiffs and their counsel for defamation and slander.

## TWENTY FIRST AFFIRMATIVE DEFENSE
### (Fraud on the Court)

The Amended Complaint, and each and every claim therein, is a fraud upon this Court. Specifically, the identical Plaintiffs in this case sued DAVID SCHAEFER, SERINA

SCHAEFER and ALL UNKNOWN PERSONS WHO CLAIM ANY INTEREST IN THE

SUBJECT MATTER OF THIS ACTION v. Intervenors: MARY LOU JESPERSEN and DAVID

JESPERSEN v. Defendant in Intervention: AKS PROPERTIES, LLC, in the Park County Case

for the same loss of business and profits that are being sued on in this case. Plaintiffs cannot

allege that they had to close the business and were damaged both in this case and the Park

County Case for different reasons. There is no mention of any damages in the Park County Case

being caused by the Underlying Action and in that case all of the damages stemmed from

improper personal relationships and mismanagement of the restaurant.

### TWENTY SECOND AFFIRMATIVE DEFENSE
### (Fraudulent Inducement)

Plaintiffs' Counsel has in the Response to the Motion to Dismiss stated that "[w]hile they

do not have an obligation to do so, common sense would dictate that doing so could end this

action with a single brief. Defendants could have produced any one of a number of pieces of

evidence establishing Santiago Abreu's existence: a state ID for Mr. Abreu, a federal ID for Mr.

Abreu, a fee agreement with Mr. Abreu's signature, a photo of Mr. Abreu, a check written to Mr.

Abreu, Mr. Abreu's medical records or evidence of Mr. Abreu's travel through Colorado, among

other things. Defendants did none of these things, which increases the plausibility of Plaintiffs'

claims: Mr. Abreu is a sham plaintiff and Defendants are engaged in a fraud on this Court of

massive proportions." Relying on the statements of counsel for Plaintiffs', Defendants produced

a state ID for Mr. Abreu, a social security number for Mr. Abreu, photographs of Mr. Abreu,

medical records for Mr. Abreu and an affidavit of an officer of the Court who met Mr. Abreu,

explained to him his affidavit and notarized his signature. However, despite all of this

information requested by Plaintiffs' counsel, the instant lawsuit still remains pending.

## TWENTY THIRD AFFIRMATIVE DEFENSE
### (Good Faith Basis and Detrimental Reliance)

To overcome Santiago Abreu's uncontested affidavits, the affidavit from John Bradley, Esq. and the attachments thereto and the Rule 26(a)(1)(A) Disclosures, Plaintiffs must point to specific evidence that Defendants did not have a good faith basis to believe that Abreu is a real person and that he was present at the Premises. *See Campbell v. Singh,* 2011 WL 4434953 (D. Col. August 8, 2011)*. The question is not whether Plaintiffs believe Defendants, but rather if Defendants had a good faith basis to rely upon what was told to them.* The above described evidence that was produced to Plaintiffs and their counsel evidence along with other information demonstrates a reasonable basis for Defendants actions and statements during the underlying litigation. Based upon this, Plaintiffs claims and legal contentions are not warranted by existing law and the factual contentions do not have evidentiary support.

## TWENTY FOURTH AFFIRMATIVE DEFENSE
### (Abbondanza Lacks Standing as a Shareholder of Tavin)

Abbondanza, as a mere shareholder of Tavin, lacks standing to maintain the current lawsuit against Defendants. "A stockholder may maintain a personal action in his capacity as a stockholder only if the actions of the third party that injure the corporation result from a violation of a duty owed to him as a stockholder and that cause him injury as a stockholder, unique to himself and not suffered by the other stockholders." *Nicholson v. Ash*, 800 P.2d 1352, 1357 (Colo. App. 1990). Abbondanza has not alleged that Defendants owe him a personal duty of care, or that he suffered unique injury.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

Defendants state that Plaintiffs' Amended Complaint contains insufficient information to permit Defendants to raise all of their potentially appropriate defenses, and, therefore, Defendants reserve the right to amend and/or supplement this Answer with additional Affirmative Defenses.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by reason of their Amended Complaint;

2. That the Amended Complaint be dismissed with prejudice;

3. For costs of suit and reasonable attorney's fees; and

4. For further and additional relief as this Court deems appropriate.

## <u>VERIFICATION</u>

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury, that I have read the foregoing Answer and Affirmative Defenses hereinabove and that they are true and correct.

By: _____

Jason S. Weiss
Individually and as President of Weiss Law Group, P.A.

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FL 33433

Dated:  November 6, 2019

Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Defendants Jason Weiss, Peter Leiner and Weiss Law Group, PA*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on November 6, 2019, a true and correct copy of the foregoing document was sent via electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN

## SERVICE LIST

Courtenay Patterson, Esq.
Law Offices of Courtenay Patterson
1716 N. Main St., Suite A #331
Longmont, CO 80501
courtenay.patterson@gmail.com

Michael L. Hutchinson
Treece Alfrey Musat P.C.
633 17th Street, Suite 2200
Denver, CO  80202
hutch@tamlegal.com

Franz Hardy, Esq.
Larissa Kirkland, Esq.
Gordon Rees Scully Mansukhani, LLP
555 17th Street, Suite 3400
Denver, CO 80202
fhardy@grsm.com
lkirkland@grsm.com