IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00328-JLK

MICHAEL ABBONDANZA,
TAVIN FOODS, INC.

     Plaintiffs,

v.

JASON WEISS,
WEISS LAW GROUP, PC,
BRETT HUFF,
RICHARD LESLIE,
HUFF AND LESLIE, LLP,
PETER LEINER,
GIOVANIA PALONI,

     Defendants.

---

## ANSWER AND JURY DEMAND

---

Defendants Brett Huff, Richard Leslie, and Huff & Leslie, LLP (collectively "Huff & Leslie"), through their attorneys, Franz Hardy and Stephanie Brizel of Gordon Rees Scully Mansukhani, LLP, submit their Answer and Jury Demand to the Amended Complaint (Doc. 8-1).

<u>FIRST DEFENSE</u>

1.     Huff & Leslie denies the allegations contained in Paragraph No. 1 of the Amended Complaint.

2.     The allegations contained in Paragraph No. 2 of the Amended Complaint set forth a legal conclusion to which no response is required. To any extent a response is necessary, Huff & Leslie denies them.

3.      The allegations contained in Paragraph No. 3 of the Amended Complaint set forth a legal conclusion to which no response is required.  To any extent a response is necessary, Huff & Leslie denies them.

4.      The allegations contained in Paragraph No. 4 of the Amended Complaint set forth a legal conclusion to which no response is required.  To any extent a response is necessary, Huff & Leslie denies them.

5.      The allegations contained in Paragraph No. 5 of the Amended Complaint set forth a legal conclusion to which no response is required.  To any extent a response is necessary, Huff & Leslie denies them.

6.      Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 6 of the Amended Complaint and, therefore, denies them.

7.      Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 7 of the Amended Complaint and, therefore, denies them.

8.      Huff & Leslie admits that Mr. Huff is an attorney licensed in Colorado.  It also admits that Mr. Huff has filed complaints pursuant to the Americans with Disabilities Act.  It further admits that  Mr. Huff is a partner at Huff & Leslie.  Huff & Leslie denies any and all remaining allegations contained in Paragraph No. 8 of the Amended Complaint.

9.      Huff & Leslie admits that Mr. Leslie is an attorney licensed in Colorado.  It also admits that Mr. Leslie has filed complaints pursuant to the Americans with Disabilities Act.  It

further admits that Mr. Leslie is a partner at Huff & Leslie. Huff & Leslie denies any and all remaining allegations contained in Paragraph No. 9 of the Amended Complaint.

10.    Huff & Leslie admits that it is a Colorado limited liability partnership and has an office location at 2480 Gray Street, Edgewood, Colorado. Huff & Leslie also admits that it has previously filed approximately 29 complaints involving allegations of violation of the Americans with Disabilities Act. Huff & Leslie further admits that it acted as local counsel in some of these complaints, which also involved Defendants Jason Weiss and Weiss Law Group P.A.

11.    Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 11 of the Amended Complaint and, therefore, denies them.

12.    Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 12 of the Amended Complaint and, therefore, denies them.

13.    Huff & Leslie denies the allegations contained in Paragraph No. 13 of the Amended Complaint.

14.    Huff & Leslie denies the allegations contained in Paragraph No. 14 of the Amended Complaint.

15.    Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 15 of the Amended Complaint and, therefore, denies them.

16.    Huff & Leslie denies the allegations contained in Paragraph No. 16 of the Amended Complaint.

17.     Huff & Leslie denies the allegations contained in Paragraph No. 17 of the Amended Complaint.

18.     Huff & Leslie denies the allegations contained in Paragraph No. 18 of the Amended Complaint.

19.     The documents referenced in Paragraph No. 19 of the Amended Complaint speak for themselves and, therefore, no response is required.  To any extent a response is necessary, Huff & Leslie denies them.

20.     The documents referenced in Paragraph No. 20 of the Amended Complaint speak for themselves and, therefore, no response is required.  To any extent a response is necessary, Huff & Leslie denies them.

21.     The document referenced in Paragraph No. 21 of the Amended Complaint speaks for itself and, therefore, no response is required.  To any extent a response is necessary, Huff & Leslie denies them.

22.     The document referenced in Paragraph No. 22 of the Amended Complaint speaks for itself and, therefore, no response is required.  To any extent a response is necessary, Huff & Leslie denies them.

23.     Huff & Leslie denies the allegations contained in Paragraph No. 23 of the Amended Complaint.

24.     Huff & Leslie denies the allegations contained in Paragraph No. 24 of the Amended Complaint.

25.     The documents referenced in Paragraph No. 25 of the Amended Complaint speak for themselves and, therefore, no response is required.  To any extent a response is necessary, Huff & Leslie denies them.

26.     The documents referenced in Paragraph No. 26 of the Amended Complaint speak for themselves and, therefore, no response is required.  To any extent a response is necessary, Huff & Leslie denies them.

27.     The documents referenced in Paragraph No. 27 of the Amended Complaint speak for themselves and, therefore, no response is required.  To any extent a response is necessary, Huff & Leslie denies them.

28.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 28 of the Amended Complaint and, therefore, denies them.

29.     The document referenced in Paragraph No. 29 of the Amended Complaint speaks for itself and, therefore, no response is required.  To any extent a response is necessary, Huff & Leslie denies them.

30.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 30 of the Amended Complaint and, therefore, denies them.

31.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 31 of the Amended Complaint and, therefore, denies them.

32.     The document referenced in Paragraph No. 32 of the Amended Complaint speaks for itself and, therefore, no response is required.  To any extent a response is necessary, Huff & Leslie denies them.

33.     The document referenced in Paragraph No. 33 of the Amended Complaint speaks for itself and, therefore, no response is required.  To any extent a response is necessary, Huff & Leslie denies them.

34.     The court docket referenced in Paragraph No. 33 of the Amended Complaint speaks for itself and, therefore, no response is required.  To any extent a response is necessary, Huff & Leslie denies them. [re docket for 1:16-cv-432]

35.     The document referenced in Paragraph No. 35 of the Amended Complaint speaks for itself and, therefore, no response is required.  To any extent a response is necessary, Huff & Leslie denies them.

36.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 36 of the Amended Complaint and, therefore, denies them.

37.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 37 of the Amended Complaint and, therefore, denies them.

38.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 38 of the Amended Complaint and, therefore, denies them.

39.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 39 of the Amended Complaint and, therefore, denies them.

40.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 40 of the Amended Complaint and, therefore, denies them.

41.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 41 of the Amended Complaint and, therefore, denies them.

42.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 42 of the Amended Complaint and, therefore, denies them.

43.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 43 of the Amended Complaint and, therefore, denies them.

44.     Huff & Leslie denies the allegations contained in Paragraph No. 44 of the Amended Complaint.

45.     The documents referenced in Paragraph No. 45 of the Amended Complaint speak for themselves and, therefore, no response is required.  Huff & Leslie denies the remaining allegations contained in Paragraph No. 45 of the Amended Complaint.

46.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 46 of the Amended Complaint and, therefore, denies them.

47.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 47 of the Amended Complaint and, therefore, denies them.

48.     Huff & Leslie denies the allegations contained in Paragraph No. 48 of the Amended Complaint.

49.     Huff & Leslie denies the allegations contained in Paragraph No. 49 of the Amended Complaint.

50.     Huff & Leslie denies the allegations contained in Paragraph No. 50 of the Amended Complaint.

51.     Huff & Leslie denies the allegations contained in Paragraph No. 51 of the Amended Complaint.

52.     Huff & Leslie denies the allegations contained in Paragraph No. 52 of the Amended Complaint.

53.     Huff & Leslie denies the allegations contained in Paragraph No. 53 of the Amended Complaint.

54.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 54 of the Amended Complaint and, therefore, denies them.

55. Huff & Leslie denies the allegations contained in Paragraph No. 55 of the Amended Complaint.

56. Huff & Leslie denies the allegations contained in Paragraph No. 56 of the Amended Complaint.

57. Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 57 of the Amended Complaint and, therefore, denies them.

58. Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 58 of the Amended Complaint and, therefore, denies them.

59. Huff & Leslie denies the allegations contained in Paragraph No. 59 of the Amended Complaint.

60. Huff & Leslie denies the allegations contained in Paragraph No. 60 of the Amended Complaint.

61. Huff & Leslie incorporate by reference its responses to Paragraph Nos. 1-60 as though fully set forth herein.

62. Huff & Leslie denies the allegations contained in Paragraph No. 62 of the Amended Complaint.

63. Huff & Leslie denies the allegations contained in Paragraph No. 63 of the Amended Complaint.

64. Huff & Leslie denies the allegations contained in Paragraph No. 64 of the Amended Complaint.

65.     Huff & Leslie denies the allegations contained in Paragraph No. 65 of the Amended Complaint.

66.     Huff & Leslie denies the allegations contained in Paragraph No. 66 of the Amended Complaint.

67.     Huff & Leslie denies the allegations contained in Paragraph No. 67 of the Amended Complaint.

68.     Huff & Leslie denies the allegations contained in Paragraph No. 68 of the Amended Complaint.

69.     Huff & Leslie denies the allegations contained in Paragraph No. 69 of the Amended Complaint.

70.     Huff & Leslie denies the allegations contained in Paragraph No. 70 of the Amended Complaint.

71.     Huff & Leslie denies the allegations contained in Paragraph No. 71 of the Amended Complaint.

72.     Huff & Leslie denies the allegations contained in Paragraph No. 72 of the Amended Complaint.

73.     Huff & Leslie denies the allegations contained in Paragraph No. 73 of the Amended Complaint.

74.     Huff & Leslie denies the allegations contained in Paragraph No. 74 of the Amended Complaint.

75.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 75 of the Amended Complaint and, therefore, denies them.

76.     The document referenced in Paragraph No. 76 of the Amended Complaint speaks for itself and, therefore, no response is required.  To any extent a response is necessary, Huff & Leslie denies them.

77.     Huff & Leslie denies the allegations contained in Paragraph No. 77 of the Amended Complaint.

78.     Huff & Leslie denies the allegations contained in Paragraph No. 78 of the Amended Complaint.

79.     Huff & Leslie denies the allegations contained in Paragraph No. 79 of the Amended Complaint.

80.     Huff & Leslie denies the allegations contained in Paragraph No. 80 of the Amended Complaint.

81.     Huff & Leslie denies the allegations contained in Paragraph No. 81 of the Amended Complaint.

82.     Huff & Leslie denies the allegations contained in Paragraph No. 82 of the Amended Complaint.

83.     The court docket reference in Paragraph No. 83 of the Amended Complaint speaks for itself and, therefore, no response is required.  Huff & Leslie denies the remaining allegations contained in Paragraph No. 83 of the Amended Complaint.

84.     Huff & Leslie denies the allegations contained in Paragraph No. 84 of the Amended Complaint.

85.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 85 of the Amended Complaint and, therefore, denies them.

86.     Huff & Leslie denies the allegations contained in Paragraph No. 86 of the Amended Complaint.

87.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 88 of the Amended Complaint and, therefore, denies them.

88.     Huff & Leslie denies the allegations contained in Paragraph No. 88 of the Amended Complaint.

89.     Huff & Leslie denies the allegations contained in Paragraph No. 89 of the Amended Complaint.

90.     Huff & Leslie denies the allegations contained in Paragraph No. 90 of the Amended Complaint.

91.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 91 of the Amended Complaint and, therefore, denies them.

92.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 92 of the Amended Complaint and, therefore, denies them.

93.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 93 of the Amended Complaint and, therefore, denies them.

94.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 94 of the Amended Complaint and, therefore, denies them.

95.     Huff & Leslie denies the allegations contained in Paragraph No. 95 of the Amended Complaint.

96.     Huff & Leslie denies the allegations contained in Paragraph No. 96 of the Amended Complaint.

97.     Huff & Leslie denies the allegations contained in Paragraph No. 97 of the Amended Complaint.

98.     Huff & Leslie denies the allegations contained in Paragraph No. 98 of the Amended Complaint.

99.     Huff & Leslie denies the allegations contained in Paragraph No. 99 of the Amended Complaint.

100.    Huff & Leslie denies the allegations contained in Paragraph No. 100 of the Amended Complaint.

101.    Huff & Leslie denies the allegations contained in Paragraph No. 101 of the Amended Complaint.

102.    Huff & Leslie denies the allegations contained in Paragraph No. 102 of the Amended Complaint.

103. Huff & Leslie denies the allegations contained in Paragraph No. 103 of the Amended Complaint.

104. Huff & Leslie denies the allegations contained in Paragraph No. 104 of the Amended Complaint.

105. Huff & Leslie denies the allegations contained in Paragraph No. 105 of the Amended Complaint.

106. Huff & Leslie denies the allegations contained in Paragraph No. 106 of the Amended Complaint.

107. Huff & Leslie incorporate by reference its responses to Paragraph Nos. 1-106 as though fully set forth herein.

108. Huff & Leslie denies the allegations contained in Paragraph No. 108 of the Amended Complaint.

109. Huff & Leslie denies the allegations contained in Paragraph No. 109 of the Amended Complaint.

110. Huff & Leslie denies the allegations contained in Paragraph No. 110 of the Amended Complaint.

111. Huff & Leslie denies the allegations contained in Paragraph No. 111 of the Amended Complaint.

112. Huff & Leslie denies the allegations contained in Paragraph No. 112 of the Amended Complaint.

113. Huff & Leslie denies the allegations contained in Paragraph No. 113 of the Amended Complaint.

114.     Huff & Leslie denies the allegations contained in Paragraph No. 114 of the Amended Complaint.

115.     Huff & Leslie denies the allegations contained in Paragraph No. 115 of the Amended Complaint.

116.     Huff & Leslie denies the allegations contained in Paragraph No. 116 of the Amended Complaint.

117.     Huff & Leslie denies the allegations contained in Paragraph No. 117 of the Amended Complaint.

118.     Huff & Leslie denies the allegations contained in Paragraph No. 118 of the Amended Complaint.

119.     Huff & Leslie denies the allegations contained in Paragraph No. 119 of the Amended Complaint.

120.     Huff & Leslie denies the allegations contained in Paragraph No. 120 of the Amended Complaint.

121.     Huff & Leslie denies the allegations contained in Paragraph No. 121 of the Amended Complaint.

122.     Huff & Leslie denies the allegations contained in Paragraph No. 122 of the Amended Complaint.

123.     Huff & Leslie denies the allegations contained in Paragraph No. 123 of the Amended Complaint.

124.     Huff & Leslie denies the allegations contained in Paragraph No. 124 of the Amended Complaint.

125.     Huff & Leslie denies the allegations contained in Paragraph No. 125 of the Amended Complaint.

126.     Huff & Leslie denies the allegations contained in Paragraph No. 126 of the Amended Complaint.

127.     Huff & Leslie incorporate by reference its responses to Paragraph Nos. 1-126 as though fully set forth herein.

128.     Huff & Leslie denies the allegations contained in Paragraph No. 128 of the Amended Complaint.

129.     Huff & Leslie denies the allegations contained in Paragraph No. 129 of the Amended Complaint.

130.     Huff & Leslie denies the allegations contained in Paragraph No. 130 of the Amended Complaint.

131.     Huff & Leslie denies the allegations contained in Paragraph No. 131 of the Amended Complaint.

132.     Huff & Leslie denies the allegations contained in Paragraph No. 132 of the Amended Complaint.

133.     Huff & Leslie is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 133 of the Amended Complaint and, therefore, denies them.

134.     Huff & Leslie denies the allegations contained in Paragraph No. 134 of the Amended Complaint.

135.    Huff & Leslie denies the allegations contained in Paragraph No. 135 of the Amended Complaint.

136.    Huff & Leslie denies the allegations contained in Paragraph No. 136 of the Amended Complaint.

137.    Huff & Leslie denies the allegations contained in Paragraph No. 137 of the Amended Complaint.

138.    Huff & Leslie denies the allegations contained in Paragraph No. 138 of the Amended Complaint.

139.    Huff & Leslie denies the allegations contained in Paragraph No. 139 of the Amended Complaint.

140.    Huff & Leslie denies the allegations contained in Paragraph No. 140 of the Amended Complaint.

141.    Huff & Leslie denies the allegations contained in Paragraph No. 141 of the Amended Complaint.

142.    Huff & Leslie incorporate by reference its responses to Paragraph Nos. 1-141 as though fully set forth herein.

143.    Huff & Leslie denies the allegations contained in Paragraph No. 143 of the Amended Complaint.

144.    Huff & Leslie denies the allegations contained in Paragraph No. 144 of the Amended Complaint.

145.    Huff & Leslie denies the allegations contained in Paragraph No. 145 of the Amended Complaint.

146.     Huff & Leslie denies the allegations contained in Paragraph No. 146 of the Amended Complaint.

147.     Huff & Leslie denies the allegations contained in Paragraph No. 147 of the Amended Complaint.

148.     Huff & Leslie denies the allegations contained in Paragraph No. 148 of the Amended Complaint.

149.     The documents referenced in Paragraph No. 149 of the Amended Complaint speak for themselves and, therefore, no response is required.  To any extent a response is necessary, Huff & Leslie denies them.

150.     Huff & Leslie denies the allegations contained in Paragraph No. 150 of the Amended Complaint.

151.     Huff & Leslie denies the allegations contained in Paragraph No. 151 of the Amended Complaint.

152.     Huff & Leslie denies the allegations contained in Paragraph No. 152 of the Amended Complaint.

153.     Huff & Leslie denies the allegations contained in Paragraph No. 153 of the Amended Complaint.

154.     Huff & Leslie incorporate by reference its responses to Paragraph Nos. 1-153 as though fully set forth herein.

155.     Huff & Leslie denies the allegations contained in Paragraph No. 155 of the Amended Complaint.

156.     Huff & Leslie denies the allegations contained in Paragraph No. 156 of the Amended Complaint.

157.     Huff & Leslie denies the allegations contained in Paragraph No. 157 of the Amended Complaint.

158.     Huff & Leslie denies the allegations contained in Paragraph No. 158 of the Amended Complaint.

159.     Huff & Leslie denies the allegations contained in Paragraph No. 159 of the Amended Complaint.

160.     Huff & Leslie denies the allegations contained in Paragraph No. 160 of the Amended Complaint.

161.     Huff & Leslie incorporate by reference its responses to Paragraph Nos. 1-160 as though fully set forth herein.

162.     Huff & Leslie denies the allegations contained in Paragraph No. 162 of the Amended Complaint.

163.     Huff & Leslie denies the allegations contained in Paragraph No. 163 of the Amended Complaint.

164.     Huff & Leslie denies the allegations contained in Paragraph No. 164 of the Amended Complaint.

165.     Huff & Leslie denies the allegations contained in Paragraph No. 165 of the Amended Complaint.

166.     Huff & Leslie denies the allegations contained in Paragraph No. 166 of the Amended Complaint.

167.     Huff & Leslie denies the allegations contained in Paragraph No. 167 of the Amended Complaint.

168.     Huff & Leslie denies the allegations contained in Paragraph No. 168 of the Amended Complaint.

169.     Huff & Leslie denies the allegations contained in Paragraph No. 169 of the Amended Complaint.

170.     Huff & Leslie incorporate by reference its responses to Paragraph Nos. 1-169 as though fully set forth herein.

171.     Huff & Leslie denies the allegations contained in Paragraph No. 171 of the Amended Complaint.

172.     Huff & Leslie denies the allegations contained in Paragraph No. 172 of the Amended Complaint.

173.     Huff & Leslie denies the allegations contained in Paragraph No. 173 of the Amended Complaint.

174.     Huff & Leslie denies the allegations contained in Paragraph No. 174 of the Amended Complaint.

175.     Huff & Leslie denies the allegations contained in Paragraph No. 175 of the Amended Complaint.

176.     Huff & Leslie denies the allegations contained in Paragraph No. 176 of the Amended Complaint.

177.     Huff & Leslie denies the allegations contained in Paragraph No. 177 of the Amended Complaint.

178.   Huff & Leslie denies the allegations contained in Paragraph No. 178 of the Amended Complaint.

179.   Huff & Leslie denies the allegations contained in Paragraph No. 179 of the Amended Complaint.

180.   Huff & Leslie denies the allegations contained in Paragraph No. 180 of the Amended Complaint.

181.   Huff & Leslie denies any and all allegations, statements, requests for relief, or other provisions contained in the Amended Complaint not expressly admitted herein.

SECOND DEFENSE

182.   Plaintiffs have failed to state a claim upon which relief can be granted.

THIRD DEFENSE

183.   Plaintiffs' claims are barred by the applicable statute of limitations.

FOURTH DEFENSE

184.   Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and/or unclean hands.

FIFTH DEFENSE

185.   Plaintiff's claims are barred or reduced by their failure to mitigate damages.

SIXTH DEFENSE

186.   Plaintiff's claims are barred or reduced by their comparative fault.

SEVENTH DEFENSE

187.   Plaintiff's injuries and damages, if any, were the result of one or more third parties over whom Huff & Leslie had no agency or control and for whose actions it cannot be held liable.

<u>Eighth Defense</u>

188.     Plaintiffs' claims are barred or limited based upon a lack of standing and/or real party-in-interest.

<u>Ninth Defense</u>

189.     Plaintiffs' claims are barred by the doctrines of *res judicata*, collateral estoppel, and/or judicial estoppel.

<u>Tenth Defense</u>

190.     Plaintiffs' claims are barred by the litigation privilege, doctrine of immunity, and/or the Noerr-Pennington doctrine.

<u>Eleventh Defense</u>

191.     Plaintiffs' claim for damages are limited by the provisions in C.R.S. § 13-21-102 and 102.5.

<u>Twelfth Defense</u>

192.     Plaintiffs' claims are barred as they have released the claims asserted herein.

<u>Thirteenth Defense</u>

193.     Plaintiffs' claims are barred or limited by one or more supervening or intervening causes.

WHEREFORE, having answered the Complaint and Jury Demand, Defendants Brett Huff, Richard Leslie, and Huff & Leslie, LLP request that all claims against them be dismissed with prejudice and that judgment enter in their favor for costs, expert witness fees, attorneys' fees, and any other relief this Court deems appropriate.

**DEFENDANTS DEMAND TRIAL TO A JURY**

DATED this the 6th day of November, 2019

Respectfully submitted,

*/s/ Franz Hardy*

Franz Hardy, Esq.
Stephanie S. Brizel, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
sbrizel@grsm.com
*Attorneys for Defendants Brett Huff,*
*Richard Leslie, and Huff and Leslie, LLP*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel of record on this the 6th day of November, 2019.

Courtenay Patterson, Esq.
LAW OFFICES OF COURTENAY PATTERSON
1716 N. Main Street, Suite A #331
Longmont, Colorado 80501
courtenay.patterson@gmail.com

Michael L. Hutchinson, Esq.
TREECE ALFREY MUSAT P.C.
633 17th Street, Suite 2200
Denver, Colorado 80202
hutch@tamlegal.com

Joel B. Rothman, Esq.
SRIPLAW
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
joel.rothman@sriplaw.com

*/s/ Franz Hardy*
Franz Hardy, Esq.
Stephanie S. Brizel, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
sbrizel@grsm.com
*Attorneys for Defendants Brett Huff,*
*Richard Leslie, and Huff and Leslie, LLP*