IN THE UNITED STATES COURT FOR
THE DISTRICT OF COLORADO

Case No.: 1:19-cv-00328-JLK

**Michael Abbondanza,**
**Tavin Foods, Inc.**
    Plaintiffs,

v.

**Jason Weiss,**
**Weiss Law Group, PC,**
**Brett Huff,**
**Richard Leslie,**
**Huff and Leslie, LLP**
**Peter Leiner,**
**Giovania Paloni,**
    Defendants,

---

**PLAINTIFFS' REPLY TO MOTION FOR EXPEDITED LIMITED DISCOVERY**

---

  Plaintiffs Michael Abbondanza and Tavin Foods, Inc. ("Plaintiffs") hereby file this Reply to Plaintiffs' Motion for Expedited Limited Discovery, stating as follows:

**I. PALINTIFFS HAVE ESTABLISHED GOOD CAUSE FOR THE COURT TO ALLOW EXPEDITED LIMITED DISCOVERY PRIOR TO THE RULE 26(F) CONFERENCE SO THAT PLAINTIFFS ARE ABLE TO ASCERTAIN DEFENDANT PALONI'S WHEREABOUTS**

  The Court may authorize discovery, prior to the Rule 26(f) conference, upon a showing of good cause. *Ross v. Does 1-5*, Civil Action No. 11-cv-01877-MSK-MEH, at *1 (D. Colo. Aug. 9, 2011) (citing *Pod-Ners, LLC v. Northern Feed Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002)). In *Liberty Media Holdings, LLC v. Gan*, Civil Action No, 11-cv-02754-MSK-KMT, at 3-4 (D. Colo. March 23, 2012), this Court determined that the plaintiff had established good cause to conduct expedited discovery in the form of serving subpoenas, pursuant to Rule 45. The Court previously had granted the plaintiff the opportunity to conduct

limited discovery, prior to the Rule 26(f) conference, to learn the identity of an unknown defendant. The plaintiff subsequently filed a motion for expedited discovery to ascertain the defendant's location, after the Court denied the plaintiff's motion to serve the defendant through other means (*ie*. by email or publication). The Court ruled:

> Plaintiff has commendably utilized the discovery mechanisms previously made available to it by the court to identify Defendant. However, those efforts will likely be for naught if Plaintiff is foreclosed from conducting additional discovery to determine Defendant's location. Despite Plaintiff's better efforts, its inability to discover Defendant's whereabouts has prevented Plaintiff from serving Defendant in a manner consistent with both Fed. R. Civ. P. 4 and constitutional due process...Thus, Plaintiff reasonably believes that there are no practical methods to discover Defendant's location without additional court-ordered discovery. Having considered Plaintiff's arguments, the court finds that such discovery is necessary 'before this suit can progress further.' *Id*. (citing *Arista Records v. John Does 1-19*, 551 F. Supp. 2d 1, 3).

Similarly, in the present case, Plaintiffs have demonstrated good cause for this Court to allow limited discovery to determine the location of Defendant Paloni. Plaintiffs have exhausted their efforts in trying to locate her, including utilizing the services of a private investigator in Florida, and have no further ability to determine Defendant Paloni's whereabouts without the limited discovery sought. Defendant Paloni is not simply an unessential witness to this case, but instead, is someone that played an integral role in the RICO activities alleged in this case. The inability to locate her, despite extensive efforts to do so, further supports Plaintiffs' Complaint and the allegations contained therein, specifically the fraudulent nature of the underlying lawsuit and the assertions made by Defendant Paloni, a supposed expert in ADA compliance, that led to the filing of the underlying lawsuit

## II. PLAINTIFFS' MOTION IS NOT UNTIMELY

Defendants argue that Plaintiffs' Motion is not timely because Plaintiffs "failed to show any such efforts since [April 19, 2019]" and "Plaintiffs' efforts to serve Ms. Paloni ended before the 90 day period expired." (See *ECF* No. 50, p. 4). However, Plaintiffs efforts did not end on April 19, 2019. Instead, Plaintiffs indicated that on April 19, 2019, Plaintiffs authorized their private

investigator to submit Freedom of Information Act requests (FOIA) to the U.S. Postal Service on all of the addresses at which service had been attempted. (See *ECF* No. 37, p. 4). Plaintiffs further explained in its status report to this Court regarding efforts to serve Defendant Paloni that as of the filing of the Status Report, no information had been received in response to the FOIA requests that were served in April 2019. In other words, Plaintiffs have been awaiting responses from the U.S. Postal Service with information that may assist in locating Defendant Paloni, but without such information, or information that could be provided by Defendants Huff, Leslie, Weiss, and Leiner in response to Plaintiffs' Motion for Expedited Limited Discovery, Plaintiffs are not able to locate Defendant Paloni.

### III. PLAINTIFFS' REQUESTS ARE NARROWLY TAILORED TO ASSIST PLAINTIFFS IN LOCATING AND SERVING DEFENDANT PALONI

Defendants assert that Plaintiffs' requests are unnecessarily broad and the information Plaintiffs are seeking could simply be obtained by asking Defendants if they know of an address or contact information for Ms. Paloni, other than those contained in Plaintiffs' status report. (See Defendants Huff and Leslie's Response to the Motion for Expedited Limited Discovery, *ECF* no. 60, p. 5). To be clear, despite Plaintiffs' filing of the status report on the efforts taken to serve Defendant Paloni, the filing of Plaintiffs' Motion for Expedited Limited Discovery, and Defendants' awareness that Defendant Paloni has not yet been served in this case, Defendants have made no effort to provide Plaintiffs with addresses or contact information for Defendant Paloni, despite Defendant Paloni having been employed by Defendants in the underlying action, as well as potentially 70 other ADA lawsuits that Defendants and Santiago Abreu filed in this Court against businesses throughout Colorado. Nonetheless, even if Plaintiffs did make such a request of Defendants, Plaintiffs feel confident that Defendants will either be unwilling to provide contact information for Defendant Paloni if asked or will state that they are not aware of Defendant Paloni's current location, particularly since Defendants Huff and Leslie have asserted in their Response to

the Motion for Expedited Limited Discovery: "Plaintiffs also fail to provide any evidence or indicia that Huff & Leslie would have any additional information for her different than those set forth in the Status Report." (See *ECF* no. 50, p. 5).

Plaintiffs' requests are narrowly tailored and should provide the information necessary to effect service on Defendant Paloni. The documents requested would contain addresses and other identifying information to assist in locating Defendant Paloni's whereabouts. Because Plaintiffs have already exhausted all known or suspected addresses for Defendant Paloni that were obtained from Defendant Paloni's Expert Report in the underlying action, from Defendant Paloni's website for Complete ADA Compliance, from the registrations listed on the Florida Secretary of State's website for Complete ADA Compliance, from public records searches for Defendant Paloni, from Defendant Paloni's drivers license, and from a skip trace that was conducted by Plaintiffs' private investigator, Plaintiffs' requests are necessarily more comprehensive and in-depth. However, given that all other efforts have been futile, the requests are not overly broad, as the requested information is critical for locating Defendant Paloni.

### IV. CONCLUSION

Given Plaintiffs' efforts and inability to locate Defendant Paloni, as well as the fact the Defendants Weiss, Leiner, Huff and Leslie employed Defendant Paloni to act as an expert witness in the underlying lawsuit and whose expert report gave rise to the underlying lawsuit, Plaintiffs respectfully request that the Court allow Plaintiffs to conduct the requested expedited limited discovery. Without the information sought, Plaintiffs are unable to serve Defendant Paloni and her dismissal from this case will significantly prejudice Plaintiffs in proving the claims in the Complaint.

Respectfully submitted this 7th day of November, 2019.

s/ *Courtenay Patterson*

Law Offices of Courtenay Patterson
1716 N. Main St., Suite A #331
Longmont, CO 80501

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November 2019, I electronically filed the foregoing Reply to Plaintiffs' Motion for Expedited Limited Discovery with the Clerk of Court using the CM/ECF service, which provided electronic service to the following:

Michael Hutchinson
Treece, Alfrey, Musat,
P.C. 633 17th Street,
Suite 2200e
Denver, CO 80202
(303) 292-2700
hutch@tamlegal.com
*Attorney for Defendants Weiss, Weiss Law Group, and Leiner*

Joel B. Rothman
SR IP Law 633 17th
Street, 21301
Powerline Rd.
Suite 100
Boca Raton, FL 33433
(561) 404-4350
*Attorney for Defendants Weiss, Weiss Law Group, and Leiner*

Franz Hardy,
Esq.
Maral J. Shoaei,
Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
mshaoei@grsm.com
*Attorneys for Defendants Brett Huff, Richard Leslie, and Huff and Leslie, LLP*

Defendants

*s/ Courtenay Patterson*