**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-00328-JLK

MICHAEL ABBONDANZA and
TAVIN FOODS, INC.,

       Plaintiffs,

v.

JASON WEISS,
WEISS LAW GROUP, PC,
BRETT HUFF,
RICHARD LESLIE,
HUFF AND LESLIE, LLP,
PETER LEINER, and
GIOVANIA PALONI,

       Defendants.

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR EXPEDITED LIMITED DISCOVERY (ECF NO. 38)**

Kane, J.

       Before me is Plaintiffs' Motion for Expedited Limited Discovery (ECF No. 38). Plaintiffs request permission to engage in discovery before Fed. R. Civ. P. 26(f) conferral for the purpose of locating defendant Giovanna Paloni so she can be served. Because the remaining defendants ("Served Defendants") employed Ms. Paloni as an expert in lawsuits, Plaintiffs argue that I should authorize limited discovery for the purpose of obtaining any information the Served Defendants have regarding her whereabouts.[1] (*See* Mot. at 2). I have reviewed the Motion,

---

[1] Plaintiffs ask me to allow them to serve the following Requests for Production with a 14-day response time:
    a. All documents and communications pertaining to Paloni's services to Served Defendants.

1

Defendants' Response (ECF Nos. 43, 44), and Plaintiffs' Reply (ECF No. 47). For the reasons stated below, I will allow expedited limited discovery, but not to the extent Plaintiffs request.

## DISCUSSION

While Fed. R. Civ. P. 26(d) generally prohibits seeking discovery before Rule 26(f) conferral, the Court may authorize discovery upon a showing of good cause. *See Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002). "Expedited discovery should be limited, however, and narrowly tailored to seek information necessary to support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011) (citation omitted).

The Defendants point to a Tenth Circuit case in which the court refused expedited discovery based on both the plaintiff's failure to explore other means to obtain the defendant's address, and on the lack of any legal authority establishing the right to discover the address of an identified defendant. *Washington v. Correia*, 546 F. App'x 786, 787-88 (10th Cir. 2013) (unpublished). Here, however, Plaintiffs have diligently pursued other means to obtain Ms. Paloni's address. (*See* Status Report Regarding Efforts Undertaken to Serve Def. Paloni, ECF No. 37). And, while *Washington v. Correia* indicates that there may not be a clear "right to discover the address of an identified defendant before the defendant is served," 546 F. App'x at 787, it does not stand for the proposition that there may *never* be good cause to expedite discovery to allow a plaintiff to locate and serve a co-defendant. For example, in *Liberty Media*

---

b. All fee agreements between Paloni and Served Defendants.
c. All U.S.P.S., U.P.S., FedEx, or other regular mail correspondence reflecting a physical address belonging to Paloni.
d. All banking information for Paloni.
(Mot. at 3-4).

*Holdings, LLC v. Gan*, No. 11-cv-02754-MSK-KMT (D. Colo. Mar. 23, 2012), the court allowed the plaintiff to issue subpoenas prior to the Fed. R. Civ. P. 26(f) conference in order to discover the location of a defendant.

Even so, I cannot grant Plaintiffs' Motion in full because the discovery they seek is not sufficiently narrow in scope. Plaintiffs make a sweeping request for "[a]ll documents and communications pertaining to Paloni's services to Served Defendants" as well as "[a]ll fee agreements between Paloni and Served Defendants." (Mot. at 3). This discovery relates to the merits of Plaintiffs' claims and should be pursued during ordinary discovery. *See Avaya,* 2011 WL 9293, at *2 (refusing to allow expedited discovery where "the requested discovery is not limited or narrowly tailored, but is sweeping in its scope" and "seeks essentially all discovery which may be allowed during ordinary discovery on the merits of the plaintiff's claims").

Therefore, I find that good cause for expedited discovery exists only as to any additional information, beyond what Plaintiffs already possess, indicating Ms. Paloni's current location.

## CONCLUSION

Accordingly, Plaintiffs' Motion (ECF No. 38) is GRANTED IN PART as follows:

1. Plaintiffs are authorized to conduct expedited limited discovery under Fed. R. Civ. P. 26(d) for the purpose of obtaining additional information on the current location of Ms. Paloni;
2. Plaintiffs may serve a Request for Production limited to documents and communications that identify a physical address and other contact details for Ms. Paloni different from those referenced in Plaintiffs' Status Report; and
3. Defendants shall respond to Plaintiffs' Request for Production within 14 days of service and produce any additional location or contact information they have for Ms. Paloni.

DATED this 12th day of November, 2019.

                                              */s/ John L. Kane*
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE