**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

**CASE NO.:  1:19-cv-00328-RPM**

MICHAEL ABBONDANZA and TAVIN
FOODS, INC.,

        Plaintiffs,

v.

JASON WEISS, WEISS LAW GROUP, P.C.,
BRETT HUFF, RICHARD LESLIE, HUFF
AND LESLIE, LLP, PETER LEINER, and
GIOVANIA PALONI,

        Defendants.

_____

## WEISS LAW GROUP, P.A., JASON S. WEISS AND PETER LEINER'S, MOTION FOR JUDGMENT ON THE PLEADINGS

December 19, 2019

JOEL B. ROTHMAN
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Defendants Jason Weiss, Peter Leiner
and Weiss Law Group, PC*

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................ 1

II.  FACTS ALLEGED IN THE PLEADINGS. ...................................................... 2

III. ARGUMENT ........................................................................................................ 14

A.  Standard for a Motion for Judgment on the Pleadings ...................................... 14

B.  RICO's Standing Requirement ........................................................................ 14

   1.   Plaintiffs' Alleged Damages Were Not Proximately Caused by the RICO Predicate Acts Alleged. .................................................................................................. 15

   2.   None of the RICO Predicate Acts Alleged Could Have Plausibly Proximately Caused Damage to Plaintiffs ................................................................................... 16

IV.  CONCLUSION ........................................................................................................ 17

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FL  33433

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210 (10th Cir. 2007) .................................... 14

*Beck v. Prupis*, 529 U.S. 494 (2000) ................................................................. 15

*Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219 (10th Cir. 2009) .............................. 14

*Denver Health & Hosp. Auth. v. Bev. Distribs. Co.*, 546 F. App'x 742 (10th Cir. 2013) ........... 14

*Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117 (10th Cir. 2005) ................................ 14

*Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239 (10th Cir. 2006) ........................................ 14

*Robbins v. Wilkie*, 300 F.3d 1208 (10th Cir. 2002) ................................................................. 15

*Sedima v. Imrex Co.*, 473 U.S. 479 (1985) ........................................................................ 1, 15

*TON Servs. v. Qwest Corp.*, 493 F.3d 1225 (10th Cir. 2007) .................................................... 14

**Statutes**

18 U.S.C. § 1962 (2018) ................................................................................... 15

18 U.S.C. § 1962(c) (2018) ................................................................................ 14, 15

18 U.S.C. § 1964(c) (2018) ................................................................................ 1, 15, 17

28 U.S.C. § 497 (2018) .................................................................................... 1

28 U.S.C. § 502.6 (2018) ................................................................................. 9, 10

28 U.S.C. § 603.2 (2018) ................................................................................. 9

28 U.S.C. § 604.5 (2018) ................................................................................. 9

28 U.S.C. § 604.7 (2018) ................................................................................. 9

28 U.S.C. § 605.2 (2018) ................................................................................. 9

28 U.S.C. § 1962(c) ....................................................................................... 1, 15

28 U.S.C. § 1964(c) ....................................................................................... 15

28 U.S.C. § 1967 (2018) .................................................................................. 1, 17

28 U.S.C. §§ 208, 208.1, 208.2 (2018) ................................................................... 4, 6, 8

28 U.S.C. §§ 603, 603.3 (2018) ........................................................................... 4

28 U.S.C. §§ 604, 604.5, 604.5 (2018) ................................................................... 4

28 U.S.C. §§ 604, 604.7, 309.4 (2018) ................................................................... 4

28 U.S.C. §§ 605, 605.2 .................................................................................. 4

**Rules**

Fed. R. Civ. P. 7 ......................................................................................... 10

Fed. R. Civ. P. 11 ........................................................................................ 13

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 14

Fed. R. Civ. P. 12(c) ............................................................................................... *passim*

Fed. R. Evid. 201 ........................................................................................................ 2

**SRIPLAW**
21301 Powerline Road, Suite 100, Boca Raton, FL  33433

Weiss Law Group, P.A. and Jason Weiss (together "Weiss") and Peter Leiner ("Leiner"), by and through undersigned counsel, file this motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

# I. INTRODUCTION

Plaintiffs have not and cannot claim a RICO injury. On these pleadings, there is no plausible injury that Plaintiffs can claim was proximately caused by Weiss' or Leiner's alleged commission of the RICO predicate offences alleged. Weiss and Leiner (collectively "Defendants") are therefore entitled to judgment on the pleadings on Counts I and II of the Amended Complaint alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Upon dismissal of Count I and II, this Court should decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1967 (2018).

The civil remedies provision of RICO, 18 U.S.C. § 1964(c) (2018), requires plaintiff be "injured in his business or property" to recover, and that the "the injury [be] caused by the underlying predicate violations." *Sedima v. Imrex Co.*, 473 U.S. 479, 496 (1985) "Any recoverable damages occurring by reason of a violation of § 1962(c) will flow from the commission of the predicate acts." *Id*. at 497.

None of the damages alleged by Plaintiffs were proximately caused by the commission of the predicate acts alleged in the Amended Complaint. All the predicate acts alleged concern the filing of an alleged fraudulent ADA complaint by Defendants against Mr. Abbondanza's business Tavin Foods, Inc. ("Tavin"). In response to this complaint Tavin, through Plaintiffs' counsel, **admitted ADA violations**. Tavin, again through Plaintiffs' counsel, then represented

that Tavin's barriers to access under the ADA were removed, **following which the underlying ADA case was dismissed.**[1]

Tavin's admissions, through counsel, that it violated the ADA, that the violations were cured, and the dismissal that followed, all of which are shown on the pleadings, demonstrate that none of the predicate acts alleged by Plaintiffs could have plausibly caused Plaintiffs any damage. The facts necessary to decide this motion are all presented on the pleadings or available through judicial notice pursuant to Fed. R. Evid. 201, and Weiss and Leiner incorporate the facts set forth in their Motion for Judicial Notice filed contemporaneously herein.

As a result, even if it was true that Mr. Abreu does not exist, and that "Defendants engaged in a long string of fraudulent ADA cases across the country" (ECF 41 at 15), which Defendants vehemently deny, none of the acts alleged by Plaintiffs proximately caused Plaintiffs any injury or damage. Therefore, without plausible injury and damage, Plaintiffs lack standing.[2]

## II. FACTS ALLEGED IN THE PLEADINGS AND JUDICIALLY NOTICED.

1.     The Americans with Disabilities Act ("ADA") enacted in 1990 recognized that 43,000,000 Americans living with physical disabilities were prevented from living normal lives and were treated as second-class citizens because public accommodations were not accessible to the disabled. (ECF No. 45 at ¶ 6).

---

[1] Defendants request that this Court take judicial notice of the pleadings and proceedings filed in the Underlying Action, and will separately be filing a Motion for Judicial Notice of those documents.

[2] In its Order at (ECF No. 41) denying the defendants' motions to dismiss, this Court rejected the argument made in a footnote that plaintiff "Abbondanza has no standing to bring this suit in the first place because he was not a named defendant in the underlying action. ECF No. 14 at 12 n.7." (ECF No. 41 at 11). The standing argument made there is not the same as the argument being made here. Here, Weiss and Leiner argue that Plaintiffs lack standing because none of the acts alleged to have been committed proximately caused Plaintiffs any injury recoverable under RICO.

2.       Beginning in January 26, 1992, or in the case of businesses with ten (10) or fewer employees and gross receipts of $500,000.00 or less, January 26, 1993, public accommodating businesses were required to cease discriminating against the disabled and eliminate barriers to them by fixing or removing those barriers. (ECF No. 45 at ¶ 6).

3.       Businesses providing public accommodation that failed to eliminate barriers to the disabled by the ADA's deadlines faced private suits in federal court by the disabled to force compliance through injunctive relief and liability for penalties and attorneys' fees. (ECF No. 45 at ¶ 6).

4.       Santiago Abreu is a 40 year old man with physical disabilities who lives in West Palm Beach, Florida. (ECF Nos. 45 at ¶ 18; ECF No. 45-1 and ECF 45-2).

5.       Mr. Abreu suffers from numerous disabilities including moderately severe multiple sclerosis. (ECF Nos. 45-1 and 45-2).

6.       Mr. Abreu is paraparetic and needs a mobility device, such as a wheelchair or a motorized scooter, to get around in his daily life.  (ECF Nos. 45, 45-1 and 45-2).

7.       While disabled, Mr. Abreu is not incapacitated by his disability. He travels. As a result of his being passionate about the enforcement of the ADA, when he encounters or observes barriers for persons with disabilities, he often pursues these as lawsuits claiming ADA violations. Mr. Abreu has filed numerous of these suits against defendants in states where he has encountered barriers to the disabled. (ECF Nos. 45 at ¶ 6 and 45-1).

8.       One such occasion where Mr. Abreu observed barriers was July 14, 2015 at approximately 1:00 p.m. at the Riverbend Market and Eatery in Bailey, Colorado, a restaurant owned by Tavin, and referred to herein as the "Premises." (ECF Nos. 8-1, ¶ 21; 45, ¶ 21; 45-1; and 45-2).

9.      While at the Premises on July 14, 2015, Mr. Abreu paid $10.99 in cash for a meal

of "Antipasti" and kept his receipt. (ECF No. 8-1, ¶ 23).

10.     While at the Premises on July 14, 2015, Mr. Abreu encountered numerous

disability barriers. He contacted ADA expert Giovannia Paloni, a long-time acquaintance of Mr.

Abreu, who was also in the Denver area at the same time as Mr. Abreu.

11.     Ms. Paloni visited the Premises on July 14, 2015, took photographs, made

observations, and prepared a report regarding her findings. (ECF No. 8-1, Exhibit 5). Ms.

Paloni's report included all of the barriers she observed at the Premises including the following:

- **The men's room urinal was too high for a disabled person.** (Violation: failing to provide a urinal designed for a person with a disability where the rim height is no more than 17 inches from the finished floor in violation of 2010 ADAAG §§605 and 605.2.)

- **The men's room side grab bar was not long enough and slanted.** (Violation: providing grab bars of improper horizontal length or spacing on the back or side wall in violation of 2010 ADAAG §§604**,** 604.5, 604.5.1, 604.5.2, 609, 609.4 when resolution is readily achievable.)

- **The men's room toilet paper holder was installed at the wrong height.** (Violation: failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4 when resolution is readily achievable.

- **The men's room mirror was mounted too high.** (Violation: failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor 2010 in violation of ADAAG §§603 and 603.3 when resolution is readily achievable.

- **The Premises lacked designated van accessible parking spaces.** (Violation: 2010 ADAAG §§208, 208.1 and 208.2.4.)

(ECF No. 8-1, Exhibit 5).

12.     On February 23, 2016, Mr. Abreu filed *Santiago Abreu v. Tavin Foods, Inc.*, 1:16-

cv-00432-MEH, in the District of Colorado by and through his counsel Huff and Leslie, LLP

(the "Underlying Action"). (Underlying Action ECF No. 1; ECF No. 8-1, ¶ 22 and Exhibit 1).

13.     The complaint in the Underlying Action alleged the existence of the same barriers Ms. Paloni had found at the Premises that violated the ADA. (Underlying Action ECF No. 1 at 7-9; ECF No. 8-1, Exhibit 1).

14.     The Underlying Action was assigned to U.S. District Judge John L. Kane and Magistrate Judge Michael E. Hegarty. Underlying Action ECF No. 2, 5.

15.     In response to the Complaint, on March 21, 2016 Mr. Abbondanza, on behalf of Tavin, filed an Answer.  *See* Underlying Action ECF No. 9.

16.     Because Tavin could not appear without an attorney and Mr. Abbondanza could not represent Tavin, on March 24, 2016, Mr. Abreu filed a Motion to Strike the Answer and for Entry of a Default.  *See* Underlying Action ECF No. 10.

17.     On March 25, 2016, Judge Hegarty granted Mr. Abreu's Motion to Strike in part. The Court struck the answer filed by Mr. Abbondanza, but refused to enter a default against Tavin; instead the Court gave Tavin additional time to retain counsel and file an answer or other response.  *See* Underlying Action ECF No. 11.

18.     On April 7, 2016, Mr. Abbondanza, again without an attorney, filed a letter motion to dismiss on behalf of Tavin that argued Mr. Abreu did not have standing. Underlying Action ECF No. 13.

19.     On April 8, 2016 the Underlying Action was reassigned to U.S. District Judge Philip A. Brimmer. Underlying Action ECF No. 15.

20.     On April 8, 2016, Mr. Abreu filed a motion to strike the motion to dismiss because it was filed on behalf of Tavin by Mr. Abbondanza who is not an attorney. Underlying Action ECF No. 16.

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FL  33433

21.     Later in the day on April 8, 2016, Mr. Abreu filed a motion entitled "Unopposed

Motion to Stay Action to Facilitate Settlement." Underlying Action ECF No. 17.  The motion to

stay informed the Court that the parties were attempting in good faith to negotiate a resolution of

the case, and that "such resolution may require an investigation by the Defendant into the alleged

ADA non-compliance, which may require consultation with an architect or other ADA-qualified

expert, and an inspection of the premises, which is situated in Bailey, Colorado." *Id*.

22.     On April 13, 2016 District Judge Brimmer referred the case to Judge Hegerty for

all motions. Underlying Action ECF No. 18.  Also on April 13, 2016, Mr. Abbondanza filed a

memorandum regarding the motion to dismiss he filed at ECF 16.

23.     On April 14, 2016, Judge Hegerty denied the motion to dismiss filed by Mr.

Abbondanza at ECF No. 13 without prejudice, and granted the stay for settlement purposes

requested by Mr. Abreu. Underlying Action ECF No. 20.

24.     On July 14, 2016, Judge Hegerty held a Scheduling Conference. Underlying

Action ECF No. 25.  Mr. Abbondanza appeared at the conference in person. Richard Leslie, Esq.

appeared at the conference as counsel for Mr. Abreu. *Id.*  The transcript of the scheduling

conference is filed in the record of the Underlying Action at ECF No. 55.

25.     The scheduling conference began with Mr. Abbondanza advising Judge Hegerty

that it was cost prohibitive for him to retain counsel on behalf of Tavin. The record reflects the

following colloquy between Judge Hegerty and Mr. Leslie:

> 17 THE COURT: Well, that said, let me give you a
>
> 18 hypothetical. This may not be the case, but if -- really the
>
> 19 only two practical outcomes are you dismiss or he shuts down
>
> 20 his business. Is it your intent to have him shut down his

6

21 business?

22 MR. LESLIE: Absolutely not, Your Honor, absolutely

23 not.

Underlying Action ECF No. 55 at 3.

26.     Mr. Leslie went on to advise Mr. Abbondanza and the Court on the record that

Mr. Abreu filed the case with the goal of having Tavin Foods bring the Premises into compliance

with the ADA. Underlying Action ECF No. 55 at 3-4.

27.     Mr. Abbondanza requested pro bono counsel to be assigned for Tavin.

Underlying Action ECF No. 55 at 4.

28.     Mr. Abbondanza also advised the Court that he had engaged counsel to represent

Tavin for settlement purposes. Underlying Action ECF No. 55 at 4, 7.

29.     Judge Hegerty set the case down for a status conference on September 13, 2016.

Underlying Action ECF No. 25.

30.     On August 12, 2016 Courtenay Patterson, Esq. was appointed **by the Court** as

pro bono counsel for Tavin pursuant to D.C. COLO. L. Atty. R. 15(e)(1). Underlying Action

ECF No. 27, 28. On September 2, 2016, Ms. Patterson filed a Notice of Appearance for Tavin.

Underlying Action ECF No. 30.

31.     On September 26, 2019, the parties filed a proposed scheduling order agreed to by

Mr. Abreu and Tavin. Underlying Action ECF No. 32. In the proposed scheduling order, Tavin

contended that it was in compliance with the ADA. Underlying Action ECF No. 32 at 3. In the

proposed scheduling order, the parties stipulated to the fact that "Plaintiff Santiago Abreu is a

resident of the State of Florida." Underlying Action ECF No. 32 at 3. The parties also stipulated

that "Plaintiff is seeking injunctive relief and attorney's fees and costs only. Plaintiff is not

seeking any monetary award." Underlying Action ECF No. 32 at 3. The parties agreed to a discovery cut-off date of February 22, 2017. Underlying Action ECF No. 32 at 6.

32.     Both parties agreed to jurisdiction by Judge Hegerty. Underlying Action ECF No. 24, 33.

33.     On October 1, 2019, on behalf of Tavin Foods, Ms. Patterson filed a motion to dismiss the complaint for lack of jurisdiction. Underlying Action ECF No. 35. The motion argued that Mr. Abreu did not exhaust state administrative remedies by filing a complaint before the Colorado Civil Rights Division before filing his ADA action. *Id.* The motion was subsequently denied. Underlying Action ECF No. 44 (determining that Mr. Abreu was not required to exhaust state administrative remedies before filing).

34.     On October 4, 2016, Judge Hegerty entered a scheduling order based upon the parties' agreed submission to Judge Hegerty. Underlying Action ECF No. 38. In the scheduling order, the parties stipulated to the fact that "Plaintiff Santiago Abreu is a resident of the State of Florida." Underlying Action ECF No. 38 at 3. The parties also stipulated that Plaintiff is seeking injunctive relief and attorney's fees and costs only. Plaintiff is not seeking any monetary award." *Id.* Judge Hegerty set a discovery cut-off date of February 22, 2017. Underlying Action ECF No. 38 at 6.

35.     The parties served initial disclosures. Underlying Action ECF No. 40, 42. Mr. Abreu's disclosures named Mr. Abreu and Mr. Abbondanza as persons with discoverable information, and identified documents as 34 photographs of the Premises and one receipt from Mr. Abreu's purchase at the Premises. Underlying Action ECF No. 42. For his computation of damages, Mr. Abreu stated "Plaintiff is seeking injunctive relief and attorney's fees and costs only. Plaintiff is not seeking any monetary award." *Id.*

36. On November 28, 2016, Tavin filed an answer and affirmative defenses to the complaint. Underlying Action ECF No. 45.

37. On December 5, 2016, Mr. Peter Seth Leiner, Esq. appeared on behalf of Mr. Abreu. Underlying Action ECF No. 48.

38. On December 30, 2016, Tavin, through Ms. Patterson, filed its expert witness disclosures with the Court. Underlying Action ECF No. 49.

39. Tavin's expert witness disclosures designated Mr. Mark Douglass of Peak Access as its expert witness. Underlying Action ECF No. 49. Attached to the disclosure was a "Site Accessibility Evaluation" pursuant to the ADA authored by Mr. Douglass based on his inspection of the Premises on December 6, 2016. Underlying Action ECF No. 49-1.

40. Mr. Douglass' Site Accessibility Evaluation reviewed the violations noted by Ms. Polani in her report, many of which Mr. Douglass disagreed with. However, Mr. Douglass' report filed with the Court confirmed that the Premises, at the time of his visit, still suffered from the following ADA violations:

- **The men's room urinal was too high for a disabled person (repair cost $800-1,200).** (Violation: 2010 ADAS § 605.2.) (ECF 49-1 at 6).

- **The men's room side grab bar was not long enough and slanted (repair cost $40-80).** (Violation: 2010 ADAS § 604.5.1.) (ECF 49-1 at 7).

- **The men's room toilet paper holder was installed at the wrong height (repair cost $5-10).** (Violation: 2010 ADAS § 604.7). (ECF 49-1 at 8).

- **The men's room mirror was mounted too high (repair cost $75-125).** (Violation: 2010 ADAS § 603.2.) (ECF 49-1 at 9).

- **The Premises lacked designated van accessible parking spaces and signage (repair cost $75-150).** (Violation: 2010 ADAS § 502.6.) (ECF 49-1 at 16).

41. On February 3, 2017, Jason Weiss, Esq. made an appearance for Mr. Abreu by filing a Motion for Summary Judgment ("MSJ"). Underlying Action ECF Nos. 50. The MSJ

attached a declaration of Santiago Abreu executed and notarized in January 2017. Underlying

Action ECF Nos. 50-1. The MSJ argued that there were no material issues of fact, that Tavin's

own expert confirmed the Premises were in violation of the ADA, and that Mr. Abreu was

therefore entitled to summary judgment. *Id*.

42.     Following the filing of the MSJ, Ms. Patterson unilaterally set the deposition of

Mr. Abreu for February 27, 2017, which was after the discovery cut-off date of February 22,

2017.  ECF No. 8-1, Exhibit 9.

43.     On February 8, 2017, Tavin, through Ms. Patterson, unilaterally filed a motion to

modify the scheduling order. Underlying Action ECF No. 51. Tavin's motion claimed that Ms.

Patterson had been unable to obtain dates for Mr. Abreu's deposition from Mr. Abreu's counsel

before discovery cut-off. *Id*. Ms. Patterson failed to provide a certification pursuant to Local

Rule 7.1 in the motion. *Id.*

44.     On February 9, 2019, Mr. Weiss emailed Ms. Patterson and requested that Tavin's

motion be withdrawn for failure to comply with Local Rule 7.1  (ECF No. 8-1, Exhibit 15).

45.     Later in the day on February 9, 2019, Mr. Weiss and Ms. Patterson spoke by

telephone. During the telephone call, Ms. Patterson advised Mr. Weiss that the remaining ADA

violations identified in Mr. Douglass' Site Accessibility Evaluation had been remediated. In

response, Mr. Weiss agreed on behalf of Mr. Abreu to stipulate to a dismissal with prejudice.

(ECF No. 8-1, Exhibit 16).

46.     On February 10, 2017 the parties to the Underlying Action, through their

respective counsels, filed a joint stipulation of dismissal with prejudice with both parties to bear

their respective attorneys' fees and costs. Underlying Action ECF No. 53; ECF No. 8-1, ¶¶ 39

and 40.

47.     On February 13, 2017, the Court in the Underlying Action entered its final order

dismissing the case with prejudice with the parties to bear their own fees and costs.  Underlying

Action ECF No. 54.

48.     On August 4, 2017, plaintiffs Michael Abbondanza and Tavin Foods, Inc. filed

their amended complaint against David Schaefer and Serina Schaefer in District Court, Park

County, Colorado, in case number 2017CV30020 (the "Schaefer Action").

49.     Mr. Abbondanza and Tavin described the Schaefer Action in a motion for leave to

amend the complaint as follows:

> This is a quiet title and business breakup case related to a failed restaurant
> venture that went by the name Riverbend Market and Eatery ("Riverbend").
> The operating entity was to be Plaintiff Tavin Foods, Inc. ("Tavin"). Plaintiff
> Michael Abbondanza ("Abbondanza") was one of the founding shareholders
> of Tavin along with Defendants David and Serina Schaefer (collectively,
> "Schaefers") and Intervenors David and Mary Lou Jesperson (collectively,
> "Jespersons"). In connection with opening Riverbend, Abbondanza purchased
> the restaurant property ("Property") and named the Schaefers as co-owners on
> the deed.
>
> A key allegation underlying the failure of the restaurant business was an extra-
> marital affair that David Schaefer was having with an employee whom he
> hired to work at Riverbend when it first opened.

(Ex. 11 to Request for Judicial Notice).

50.     The amended complaint in the Schaefer Action alleged that "David Schaefer's

actions have forced Tavin to remove him has an officer of the company and shutter its operations

after less than a year of operations, destroying the value of the business." Schaefer Action, First

Amended Complaint at 4-5.

51.     The complaint in the instant case was filed by Mr. Abbondanza on February 7,

2019. ECF No. 1.  The amended complaint in the instant case was filed by Mr. Abbondanza and

Tavin on February 28, 2019. ECF No. 8.

**SRIPLAW**

21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FL  33433

52.     The Plaintiffs allege that defendants "have formed a criminal enterprise by using the Americans with Disabilities Act, Title III ("ADA") to institute actions based on fictional plaintiffs, false allegations of injury, and false allegations of standing to collect quick settlements from Colorado businesses and citizens…most of whom as small business owners [] cannot afford legal representation." ECF No. 8-1 at ¶¶ 13, 14.

53.     Both complaints filed by plaintiffs in this case assert that Santiago Abreu does not exist, and his existence has been "falsified" by defendants. ECF No. 1 at ¶¶ 17, 45, 54, 56, 57, 60, 61, 71, 139; ECF No. 8 at ¶¶ 17, 45, 54, 56, 57, 60, 61, 71, 139.

54.     Plaintiffs' RICO violations are based on alleged mail fraud (ECF No. 8-1, ¶¶ 69-78) and wire fraud (ECF No. 8-1, ¶¶ 79-99).

55.     The mail fraud alleged by Plaintiffs relates to the use of the mails to "falsely establish Santiago Abreu's visits to Colorado" where he encountered "barriers" (ECF No. 8-1, ¶ 71) on which the defendants based "Sham Documents" alleging ADA violations that they delivered to Plaintiffs and others through the mails. (ECF No. 8-1, ¶¶ 72-74).

56.     Plaintiffs' wire fraud allegations are based on essentially the same facts. (ECF No. 8-1, ¶¶ 82-95). The only difference between the mail fraud allegations and the wire fraud allegations is that Plaintiffs allege Defendants used email to send "Sham Documents" alleging ADA violations to Plaintiffs and others. (Id.).

57.     Plaintiffs' alleged instrumentalities of "Sham Documents" are defined as "receipts, reports, signatures, verifications, declarations, complaints, discovery, correspondence, and other documents containing false information related to the litigation being prosecuted." (ECF No. 8-1, ¶ 70). In other words, the letters, complaints, and other accusatory written statements alleging ADA violations transmitted by mail and wire by the defendants to Plaintiffs,

along with the attachments to those letters and documents, are the items allegedly containing false statements on which Plaintiffs' mail and wire fraud allegations are predicated.

58.     The Amended Complaint contains the following allegations of damage suffered by Tavin, owner of the Premises, and Abbondanza as a result of the alleged RICO enterprise:

> financial losses and damages incurred as a result of Defendants' fraud uncovered throughout the course of the Prior Litigation. Plaintiff's financial losses and damages as a result of Defendants' fraud includes, but is not limited to, amounts paid for investigative services to uncover the fraud of the enterprise, amounts paid to consultants, experts and contractors as a result of the false statements made by the enterprise, amounts paid for litigation costs and expenses  incurred in defending against the false allegations made in the Prior Litigation, and attorney's fees incurred in defending against the false allegations made in the Prior Litigation. The Plaintiffs have further suffered harm and damages in that they were forced to close their business. As a further direct and proximate result of the actions of Defendants and each of them per law, Plaintiffs are entitled to triple damages for all harm caused to them.

(ECF No. 8-1, ¶ 103 at 26-27).

59.     Plaintiffs also seek exemplary damages (ECF No. 8-1, ¶ 104), interest (ECF No. 8-1, ¶ 105), and costs and attorneys' fees. (ECF No. 8-1, ¶ 106).

60.     In response to the Amended Complaint, Defendants moved to dismiss. ECF No. 14, 15.  Defendants Weiss and Leiner also moved for sanctions pursuant to Fed. R. Civ. P. Rule 11. ECF No. 40.  The Rule 11 motion attached a declaration of a Florida attorney named John F. Bradley confirming that Santiago Abreu exists. ECF. No. 40-1. The Rule 11 motion also attached a declaration sworn to before a notary signed by Santiago Abreu attesting to his existence. ECF No. 40-2.  The Rule 11 motion also attached a photograph and identification for Santiago Abreu. ECF No. 40-1.

61.     On October 23, 2019, this Court denied the motion to dismiss and motion for Rule 11 sanctions. ECF No. 41. The Court's Order indicated that the existence of Mr. Abreu, and whether he ever visited Tavin, was a fact question. ECF No. 41 at 15.

62.     On November 6, 2019, Weiss and Leiner answered the complaint. ECF No. 45.

## III. ARGUMENT

### A.     Standard for a Motion for Judgment on the Pleadings

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is evaluated under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *See XY, LLC v. Trans Ova Genetics, LC*, 333 F.Supp.1097 (D. Colo. 2018); *see also Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009). Therefore, in ruling on a motion for judgment on the pleadings, courts look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief—that is, a complaint must include "enough facts to state a claim for relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). The Court accepts as true the well-pleaded factual allegations of the opposing party and draws all reasonable inferences in its favor. *See Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005).

In ruling on a motion for judgment on the pleadings, the Court may consider the complaint, any material that is attached to the complaint, and the answer. *See Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006). Additionally, the Court may take judicial notice of court documents. *Denver Health & Hosp. Auth. v. Beverage Distrib. Co., LLC*, 546 F. App'x 742, 747 n.3 (10th Cir. 2013). Defendants have requested that this Court take judicial notice of the pleadings and proceedings in the Underlying Action in ruling on this motion.

### B.     RICO's Standing Requirement

Plaintiffs assert their civil RICO claim against all defendants under 18 U.S.C. §1962(c). Subsection 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. §1962(c). The civil remedies recoverable for a violation of §1962(c) are set forth in 18 U.S.C. §1964(c), which provides:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962.

18 U.S.C. §1964(c).

Section 1964(c)'s language that a plaintiff be "injured in his business or property" imposes a proximate cause requirement that "the injury [be] caused by the underlying predicate violations." *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002) (*quoting Sedima,* 473 U.S. at 496). "Any recoverable damages occurring by reason of a violation of §1962(c) will flow from the commission of the predicate acts." *Sedima*, 473 U.S. at 497.

A RICO plaintiff must show that an enumerated predicate act caused the complained-of injuries. *Beck v. Prupis*, 529 U.S. 494, 505 (2000) (predicate act must cause damages and "injury caused by an overt act that is not an act of racketeering or otherwise wrongful under RICO" is not sufficient to give rise to a cause of action under §1964(c)).

1.      **Plaintiffs' Alleged Damages Were Not Proximately Caused by the RICO Predicate Acts Alleged.**

None of the damages alleged by Tavin and Abbondanza in the Amended Complaint flow from their RICO predicate acts, there is no RICO injury to remedy, and the Amended Complaint must be dismissed on the pleadings. Plaintiffs' complained of injuries are a) "financial losses…paid for investigative services to uncover the fraud"; b) "amounts paid to consultants . . .

as a result of the false statements"; c) "amounts paid for litigation . . . incurred in defending

against the false allegations"; d) "attorneys' fees incurred in defending against the false

allegations"; and e) "harm and damages [because] … they were forced to close their business."

None of these damages were proximately caused by "Defendants' fraud uncovered

throughout the course of the Prior Litigation." (ECF No. 8-1, ¶ 103 at 26-27). Plaintiff's losses

were caused by their ADA violations admitted in the Underlying Case, not by anything these

Defendants did or did not do. Rather, Plaintiffs' losses were caused by their own failure to

address and remediate the ADA violations found at the Premises, the repair cost of which was

approximately $1,000. Following confirmation of those repairs, the Underlying Action was

dismissed with prejudice.

## 2.    None of the RICO Predicate Acts Alleged Could Have Plausibly Proximately Caused Damage to Plaintiffs

Plaintiffs claim they suffered "financial losses…paid for investigative services to uncover

the fraud." The "fraud" Plaintiffs allegedly uncovered was the sending of "Sham Documents" by

email and mail. According to Plaintiffs, the documents were a "sham" because they falsely

alleged ADA violations identified by the allegedly non-existent Mr. Abreu.

In the Underlying Action, Tavin stipulated to Mr. Abreu's existence in the scheduling

order that was adopted by the Court. Underlying Action ECF No. 32 at 3 (Adopting the parties'

stipulation that "Plaintiff Santiago Abreu is a resident of the State of Florida.").  Furthermore,

five of the ADA violations alleged by Mr. Abreu were confirmed by Tavin's expert, Mark

Douglass of Peak Access.  (ECF No. 8-1, ¶ 24).  Having committed ADA violations, the

Underlying Action against Plaintiffs was valid, not fraudulent.

If none of the injuries alleged by Plaintiffs were proximately caused by the mail fraud or

wire fraud alleged, then there are no injuries for Plaintiffs to recover from Defendants.  Put

another way, if all the injuries alleged by Plaintiffs were caused by other acts that are not racketeering or wrongful under RICO, Plaintiffs cannot recover from Defendants for those injuries. **That is the case here.** None of the financial losses, litigation expenses, consulting expenses, defense costs, or harm from a business closing were proximately caused by the mail and wire fraud alleged.   All of Plaintiffs' alleged damages were caused by other acts, including, but not limited to, their admitted violations of the ADA and other legal disputes, including the Schaefer Action, but not anything Defendants did, and certainly not anything Weiss or Leiner did.  Therefore, Plaintiffs have no damages under 18 U.S.C. §1964(c).

## IV. CONCLUSION

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, this Motion for Judgment on the Pleadings on Counts I and II of the Amended Complaint should be granted and those Counts should be dismissed.  Upon dismissal, this Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1967 and dismiss the remaining state law claims in the Amended Complaint without prejudice.

Dated:  December 19, 2019    Respectfully submitted,

           */s/ Joel B. Rothman*
           JOEL B. ROTHMAN
           joel.rothman@sriplaw.com

           **SRIPLAW**
           21301 Powerline Road
           Suite 100
           Boca Raton, FL 33433
           561.404.4350 – Telephone
           561.404.4353 – Facsimile

           *Counsel for Defendants Jason Weiss, Peter Leiner*
           *and Weiss Law Group, PC*

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on December 19, 2019, a true and correct copy of the foregoing document was sent via electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN

## **SERVICE LIST**

Courtenay Patterson, Esq.
Law Offices of Courtenay Patterson
1716 N. Main St., Suite A #331
Longmont, CO 80501
courtenay.patterson@gmail.com

Franz Hardy, Esq.
Larissa Kirkland, Esq.
Gordon Rees Scully Mansukhani, LLP
555 17th Street, Suite 3400
Denver, CO 80202
fhardy@grsm.com
lkirkland@grsm.com

Michael L. Hutchinson
Treece Alfrey Musat P.C.
633 17th Street, Suite 2200
Denver, CO  80202
hutch@tamlegal.com

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FL  33433