UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.: 1:19-cv-00328-RPM

MICHAEL ABBONDANZA and TAVIN
FOODS, INC.,

       Plaintiffs,

v.

JASON WEISS, WEISS LAW GROUP, P.C.,
BRETT HUFF, RICHARD LESLIE, HUFF
AND LESLIE, LLP, PETER LEINER, and
GIOVANIA PALONI,

       Defendants.

## DEFENDANTS MOTION FOR JUDICIAL NOTICE

Defendants Weiss Law Group, P.A. and Jason Weiss (together "Weiss") and Peter Leiner ("Leiner"), move the Court to take Judicial Notice of the contents of the court file in *Santiago Abreu v. Tavin Foods, Inc.*, 1:16-cv-00432-MEH, in the District of Colorado (the "Underlying Action") and the content of the court file for *Michael Abbondanza and Tavin Foods, Inc. v. David Schaefer, et al.*, Case No. 2017CV30020, in District Court, Park County, Colorado (the "Schaefer Action").

The docket sheet for the Underlying Action is attached hereto as Exhibit 1. The docket sheet for the Schaefer Action is attached as Exhibit 2.

Fed. R. Evid. 201(c)(2) requires the Court to take judicial notice if requested and the Court is supplied with the necessary information.

Each of the following facts are either generally known within the trial court's territorial jurisdiction, Fed. R. Evid. 201(b)(1) or can be accurately and readily determined from sources

whose accuracy cannot reasonably be questioned, Fed. R. Evid. 201(b)(2). The relevant documents from the Underlying Action and the Schaefer Action are attached as exhibits by number indicated below.

| Fact No. | Fact to be Noticed | Support |
|---|---|---|
| 1 | On February 23, 2016, Mr. Abreu filed *Santiago Abreu v. Tavin Foods, Inc.*, 1:16-cv-00432-MEH, in the District of Colorado by and through his counsel Huff and Leslie, LLP. | Underlying Action, ECF 1 (Ex. 3) |
| 2 | The complaint in the Underlying Action alleged the existence of ADA barriers observed on July 14, 2015 at approximately 1:00 p.m. at the Riverbend Market and Eatery in Bailey, Colorado, a restaurant owned by Tavin, and referred to herein as the "Premises." | Underlying Action, ECF 1 at 7-8. |
| 3 | The ADA barriers alleged in the complaint in the Underlying Action included:<br><br>• **The men's room urinal was too high for a disabled person.**<br><br>• **The men's room side grab bar was not long enough and slanted.**<br><br>• **The men's room toilet paper holder was installed at the wrong height.**<br><br>• **The men's room mirror was mounted too high.**<br><br>• **The Premises lacked designated van accessible parking spaces.** | Underlying Action, ECF 1 at 7-8. |
| 4 | The complaint in the Underlying Action sought injunctive relief and attorney's fees and costs only. | Underlying Action, ECF 1 at 10-11. |
| 5 | The parties stipulated in the Underlying Action that "Plaintiff is seeking injunctive relief and attorney's fees and costs only. Plaintiff is not seeking any monetary award." The Court adopted this stipulation. | Underlying Action ECF No. 32 at 3 (Ex. 4); Underlying Action ECF No. 38 at 3 (Ex. 5); Underlying Action ECF No. 42 (Ex. 6). |

| Fact No. | Fact to be Noticed | Support |
|---|---|---|
| 6 | The parties stipulated in the Underlying Action that "Plaintiff Santiago Abreu is a resident of the State of Florida." The Court adopted this stipulation. | Underlying Action ECF No. 32 at 3; Underlying Action ECF No. 38 at 3. |
| 7 | On December 30, 2016, Tavin, through Ms. Patterson, filed its expert witness disclosures with the Court. | Underlying Action ECF No. 49 (Ex. 7) |
| 8 | Tavin's expert witness disclosures designated Mr. Mark Douglass of Peak Access as its expert witness. Underlying Action ECF No. 49-1. | Underlying Action ECF No. 49. |
| 9 | Attached to Tavin's expert witness disclosure was a "Site Accessibility Evalation" pursuant to the ADA authored by Mr. Douglass based on his inspection of the Premises on December 6, 2016. | Underlying Action ECF No. 49-1 (Ex. 7) |
| 10 | Mr. Douglass' Site Accessibility Evaluation confirmed that the Premises, at the time of his visit, still suffered from the following ADA violations:<br><br>• **The men's room urinal was too high for a disabled person** (repair cost $800-1,200). (Violation: 2010 ADAS § 605.2.)<br><br>• **The men's room side grab bar was not long enough and slanted** (repair cost $40-80). (Violation: 2010 ADAS § 604.5.1.)<br><br>• **The men's room toilet paper holder was installed at the wrong height** (repair cost $5-10). (Violation: 2010 ADAS § 604.7).<br><br>• **The men's room mirror was mounted too high** (repair cost $75-125). (Violation: 2010 ADAS § 603.2).<br><br>• **The Premises lacked designated van accessible parking spaces and signage** (repair cost $75-150). (Violation: 2010 ADAS § 502.6.) | Underlying Action ECF No. 49-1 at 6-9, 16. |
| 11 | On February 10, 2017 the parties to the Underlying Action, through their respective counsels, filed a joint stipulation of dismissal with prejudice with both parties to bear their respective attorneys' fees and costs. | Underlying Action ECF No. 53 (Ex. 8). |
| 12 | On February 13, 2017, the Court in the Underlying Action entered its final order dismissing the case with | Underlying Action ECF No. 54 (Ex. 9). |

| Fact No. | Fact to be Noticed | Support |
|---|---|---|
| | prejudice with the parties to bear their own fees and costs. | |
| 13 | On August 4, 2017, plaintiffs Michael Abbondanza and Tavin Foods, Inc. filed their first amended complaint (FAC) against David Schaefer and Serina Schaefer in District Court, Park County, Colorado, in case number 2017CV30020 | Schaefer Action, First Amended Complaint (Ex. 10). |
| 14 | The FAC alleged that Abbondanza and Schaefer were partners in the business of Tavin Foods and that due to numerous failures by Schaefer to honor his agreements with Abbondanza, or due to Schaefer's fraudulent inducement of Abbondanza, the Tavin Foods business operating Riverbend Market and Eatery failed. | Schaefer Action, First Amended Complaint (Ex 11). |
| 15 | Abbondanza alleged more specifically that Riverbend failed because:<br><br>• "David Schaefer hired an employee, Nicole Garcia, as the front-of-house manager" and Mr. Schaefer "presented Ms. Garcia to the other Shareholders as a competent and experienced restaurant manager" but in fact "David Schaefer failed to disclose that when he hired Ms. Garcia, he was having a romantic affair with her while still married to Serina Schaefer."<br><br>• "David Schaefer did the following things and made the following decisions that were detrimental to Tavin: (a) gross negligence as general manager, including the hiring of untrustworthy and unskilled individuals for key positions; (b) incompetence with respect to Riverbend financials and cost controls; (c) improper sexual relationship with Ms. Garcia; (d) substance abuse on the job; (e) failure to produce training materials for restaurant personnel; (f) abusive speech and behavior toward restaurant employees; (g) favoritism toward specific employees; and (h) refusal to abide by instructions from Abbondanza and other Shareholders."<br><br>• "David Schaefer has actively attempted to hire away Riverbend employees, undermined Riverbend employee loyalty, tried to incite discord among the officers, directors, and Shareholders of Tavin, | Schaefer Action, First Amended Complaint at 4-5 |

4

| Fact No. | Fact to be Noticed | Support |
|---|---|---|
| | attempted to interfere with Riverbend vendors, and undermined Riverbend via social media channels." • "David Schaefer shared highly confidential financial and business information with Ms. Garcia, which compromised business funds. David Schaefer improperly and intentionally interfered with contracts between third party vendors and/or service providers, on the one hand, and Abbondanza and/or Tavin, on the other, by inducing the third party vendors and/or service providers to breach the terms of the contracts." | |
| 16 | Abbondanza alleged that "David Schaefer's actions have forced Tavin to remove him has an officer of the company and shutter its operations after less than a year of operations, destroying the value of the business." | Schaefer Action, First Amended Complaint at 4-5 |
| 17 | Mr. Abbondanza and Tavin described the Schaefer Action in a motion for leave to amend the complaint as follows:<br><br>This is a quiet title and business breakup case related to a failed restaurant venture that went by the name Riverbend Market and Eatery ("Riverbend"). The operating entity was to be Plaintiff Tavin Foods, Inc. ("Tavin"). Plaintiff Michael Abbondanza ("Abbondanza") was one of the founding shareholders of Tavin along with Defendants David and Serina Schaefer (collectively, "Schaefers") and Intervenors David and Mary Lou Jesperson (collectively, "Jespersons"). In connection with opening Riverbend, Abbondanza purchased the restaurant property ("Property") and named the Schaefers as co-owners on the deed.<br><br>A key allegation underlying the failure of the restaurant business was an extra-marital affair that David Schaefer was having with an employee whom he hired to work at Riverbend when it first opened. | Schaefer Action, Motion to Amend Complaint (Ex. 12). |

## RULE 7.1 CERTIFICATION

Prior to filing this motion, counsel for the moving party made good faith attempts to confer several times by email with counsel for plaintiffs to obtain plaintiffs agreement to the judicial notice requested herein, but received no response from plaintiffs' counsel.

Dated:  December 19, 2019	Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Defendants Jason Weiss, Peter Leiner and Weiss Law Group, PC*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on December 19, 2019, a true and correct copy of the foregoing document was sent via electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN

## SERVICE LIST

Courtenay Patterson, Esq.
Law Offices of Courtenay Patterson
1716 N. Main St., Suite A #331
Longmont, CO 80501
courtenay.patterson@gmail.com

Franz Hardy, Esq.
Larissa Kirkland, Esq.
Gordon Rees Scully Mansukhani, LLP
555 17th Street, Suite 3400
Denver, CO 80202
fhardy@grsm.com
lkirkland@grsm.com

Michael L. Hutchinson
Treece Alfrey Musat P.C.
633 17th Street, Suite 2200
Denver, CO 80202
hutch@tamlegal.com