# Exhibit 10

| | DATE FILED: August 4, 2017 6:45 PM |
|---|---|
| DISTRICT COURT, PARK COUNTY, COLORADO<br>Park County Combined Court<br>300 4th Street<br>Fairplay, Colorado 80040 | FILING ID: EE9A7F2FF4DF7<br>CASE NUMBER: 2017CV30020 |
| **Plaintiffs:**<br><br>MICHAEL ABBONDANZA; and TAVIN FOODS, INC. | |
| **Defendants:**<br><br>DAVID SCHAEFER; SERINA SCHAEFER; and ALL UNKNOWN PERSONS WHO CLAIM ANY INTEREST IN THE SUBJECT MATTER OF THIS ACTION | ▲ COURT USE ONLY ▲ |
| PHILLIPS LEGAL, P.C.<br>James N. Phillips, # 33114<br>2701 Lawrence St., Ste. 106<br>Denver, CO 80205<br>Phone: (720) 465-5056<br>E-mail: jphillips@phillipslegalpc.com<br><br>Attorney for Plaintiffs | Case Number: 2017CV30020<br><br>Ctrm/Div: B |

**FIRST AMENDED COMPLAINT**

Plaintiffs Michael Abbondanza and Tavin Foods, Inc. respectfully submit this First Amended Complaint.

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Michael Abbondanza ("Abbondanza") resides in Park County, Colorado.

2. Plaintiff Tavin Foods, Inc. ("Tavin") is a Colorado corporation.

3. Defendant David Schaefer ("David Schaefer") resides in Park County, Colorado.

4. Defendant Serina Schaefer ("Serina Schaefer") resides in Colorado. Serina Schaefer was the wife of David Schaefer at all relevant times.

5. This court has subject matter jurisdiction and personal jurisdiction over all parties.

6. Venue is proper pursuant to pursuant to Colo. R. Civ. P. 98(a), (c).

## II. GENERAL ALLEGATIONS

### A. *Formation of Tavin*

7. Abbondanza and David Schaefer had both been involved in the restaurant industry together. Abbondanza had employed David Schaefer some years earlier and had known David Schaefer's father.

8. David Schaefer told Abbondanza that he had wanted to own and run a restaurant for some time, but was unable to finance such an operation on his own, and thus asked Abbondanza to go into business with him.

9. In 2013, David Schaefer, Serina Shaefer, and Abbondanza began discussing the possibility of opening a restaurant in Bailey, Colorado. David Schaefer and Serina Schaefer assured Abbondanza that, given David Schaefer's past work in the restaurant industry, he had the experience, expertise, commitment, and passion to own and operate a restaurant. They represented that he was capable of being a general manager with the ability to manage employees, finances, and day-to-day complexities of the operation.

10. The expectation was for David Schaefer to be the general manager and for Abbondanza to serve in a consulting role, assisting on an as-needed basis with business development, marketing, sales, financials and other areas of the business.

11. Based on these discussions, Abbondanza, David and Serina Schaefer, and David and Mary Lou Jesperson, who were mutual acquaintances of Abbondanza and the Schaefers, (collectively, "Shareholders") agreed to start a restaurant business in Bailey, Colorado.

12. The restaurant was to be called the Riverbend Market and Eatery ("Riverbend").

13. In connection with starting Riverbend, the Shareholders on January 15, 2014 formed Tavin to handle the restaurant's operations.

14. The Shareholders were all directors of Tavin. The original officers were Abbondanza (President), David Schaefer (Vice President), Serina Schaefer (Secretary), and Mary Lou Jesperson (Treasurer).

### B. *Purchase of Property for Riverbend*

15. On or about January 17, 2014, Abbondanza purchased a piece of real property located at 60006 Highway 285, Bailey, CO 80421 ("Property") where Riverbend was to be located.

16. Abbondanza paid $105,000.00 ("Purchase Price") for the Property.

17. Abbondanza paid the full Purchase Price based on the representations made by David and Serina Schaefer just prior to the purchase of the Property that they would each contribute 25% of the Purchase Price in exchange for naming David and Serina Schaefer each a 25% owner on the Warranty Deed that conveyed the Property. Further inducing Abbondanza's naming of David Schaefer and Serina Schaefer on the Deed were the representations as to his fitness to run Riverbend's restaurant operations.

18. David Schaefer and Serina Schaefer specifically promised that they would make payments of $450 per month toward their combined share of the Purchase Price commencing in March 2016 with the final payment due for the outstanding balance in January 2024. They also agreed to pay interest on the loan.

19. The Warranty Deed, attached as Exhibit A, listed Abbondanza as a 50% owner, David Schaefer as a 25% owner, and Serina Schaefer as a 25% owner.

20. However, unbeknownst to Abbondanza, neither David Schaefer nor Serina Schaefer intended to pay Abbondanza for their share of the Property. David Schaefer and Serina Schaefer actually intended to try to extract additional concessions out of Abbondanza for their payment of their share of the Purchase Price, such as demanding zero percent interest on the loan.

21. To date, David Schaefer and Serina Schaefer have not paid Abbondanza for their 25% interests in the Property.

22. Abbondanza would not have agreed to make David Schaefer and Serina Schaefer each a 25% owner of the Property if had known of their secret intentions or the truth about David Schaefer's actual ability to manage and operate a restaurant.

C. *Opening Riverbend*

23. Riverbend opened on approximately April 20, 2015.

24. David Schaefer was employed as the general manager at Riverbend from April 1, 2015 until October 17, 2015. In this capacity, he ran the restaurant operations on a day-to-day basis, including supervision of front of house, back of house, and the bar, as well as handling all hiring, training, scheduling, cost control, purchasing, bookkeeping, payroll, accounts payable, inventory control, Point of Sale (POS) system management, employee disciplinary action, employee dismissals, building maintenance, information technology, and restaurant security.

25. Tavin placed its trust in David Schaefer's stated ability professionally, honestly, and competently to operate a complex and multifaceted restaurant business.

### D. *Operation of Riverbend and David Schaefer's Affair with an Employee*

26. David Schaefer hired an employee, Nicole Garcia, as the front-of-house manager. David Schaefer presented Ms. Garcia to the other Shareholders as a competent and experienced restaurant manager.

27. David Schaefer failed to disclose that when he hired Ms. Garcia, he was having a romantic affair with her while still married to Serina Schaefer, who was involved on a part-time basis with the operation of Riverbend.

28. David Schaefer and Ms. Garcia's relationship created a toxic work environment for other Riverbend employees, obvious tension between David Schaefer and Serina Schaefer, and a division of loyalty among Riverbend employees.

29. David Schaefer and Ms. Garcia's relationship destroyed Abbondanza's and Tavin's trust in David Schaefer and compromised David Schaefer's obligations to Tavin.

30. Abbondanza confronted David Schaefer regarding his relationship with Ms. Garcia and demanded, for the sake of the business, that it stop. David Schaefer refused to acknowledge the detrimental impact that his behavior had on the business.

31. At about this same time, David Schaefer began failing to fulfill his responsibilities and commitments at Riverbend.

32. While employed as a manager at Riverbend and holding positions as an officer and director of Tavin, David Schaefer did the following things and made the following decisions that were detrimental to Tavin: (a) gross negligence as general manager, including the hiring of untrustworthy and unskilled individuals for key positions; (b) incompetence with respect to Riverbend financials and cost controls; (c) improper sexual relationship with Ms. Garcia; (d) substance abuse on the job; (e) failure to produce training materials for restaurant personnel; (f) abusive speech and behavior toward restaurant employees; (g) favoritism toward specific employees; and (h) refusal to abide by instructions from Abbondanza and other Shareholders.

33. David Schaefer has actively attempted to hire away Riverbend employees, undermined Riverbend employee loyalty, tried to incite discord among the officers, directors, and Shareholders of Tavin, attempted to interfere with Riverbend vendors, and undermined Riverbend via social media channels.

34. David Schaefer shared highly confidential financial and business information with Ms. Garcia, which compromised business funds.

35. During the course of his employment at Riverbend and based on David Schaefer's status as the day-to-day operations manager of Riverbend, David Schaefer was aware of service and/or purchase contracts that Abbondanza and/or Tavin had with third parties.

36. David Schaefer improperly and intentionally interfered with contracts between third party vendors and/or service providers, on the one hand, and Abbondanza and/or Tavin, on the other, by inducing the third party vendors and/or service providers to breach the terms of the contracts.

37. Knowing what Tavin knows now, Tavin would not have entered into this business relationship with David Schaefer. The entire business relationship with David Schaefer was based on the his assurances and unwavering representation to his commitment to the business and the Shareholders.

38. David Schaefer's actions have forced Tavin to remove him has an officer of the company and shutter its operations after less than a year of operations, destroying the value of the business.

39. As a result of these breaches of contract with Abbondanza, which breaches were induced by David Schaefer's intentional and improper interference, Abbondanza and Tavin have suffered significant damages.

## CLAIMS FOR RELIEF

### First Claim for Relief
**(Fraudulent Inducement – Abbondanza against David Schaefer and Serina Schaefer)**

40. Plaintiff incorporate the preceding allegations.

41. Defendants made false representations of a past or present facts to Abbondanza.

42. The facts were material.

43. At the time the representations were made, Defendants knew the representations were false or were aware that they did not know whether the representations were true or false.

44. Defendants made the representations with the intent that Abbondanza would rely on the representations.

45. Abbondanza justifiably relied on the representations and suffered damages as a result of such reliance.

### Second Claim for Relief
**(Quiet Title – Abbondanza against David Schaefer and Serina Schaefer)**

46. Plaintiffs incorporate the preceding allegations.

47. Abbondanza is the owner of the Property located in Park County, Colorado, more fully described in the Warranty Deed.

48.     There may be persons interested in the subject matter of this action whose names cannot be inserted herein because said names are unknown to the plaintiffs although diligent efforts have been made to ascertain the names of said persons; such persons have been made defendants and designated as "all unknown persons who claim any interest in the subject matter of this action"; so far as Abbondanza's knowledge extends, the interests of the unknown parties are derived through some one or more of the named defendants.

49.     Defendants claim some right, title, or interest in and to the above described real property adverse to Abbondanza; the claims of Defendants are without foundation or right.

50.     Abbondanza prays for a complete adjudication of the rights of all parties to this action with respect to the Property; for a decree requiring the Defendants to set forth the nature of their claims, determining that the Defendants have no interest, estate, or claim in the Property, forever barring and enjoining the Defendants from asserting any claim or title thereto, quieting the title of Abbondanza in and to the Property, and adjudging that Abbondanza is the owner in fee simple and entitled to possession of the Property; and for such other relief as to the Court may seem proper.

### Third Claim for Relief
### (Breach of Contract – Abbondanza against David Schaefer and Serina Schaefer)

51.     Plaintiffs incorporate the preceding allegations.

52.     Abbondanza and Defendants entered into an agreement to purchase the Property.

53.     Abbondanza performed all of his obligations under the agreement.

54.     Defendants failed to pay for their 25% interests in the Property as called for by the agreement.

55.     As a result of Defendants' breaches, Abbondanza has incurred damages.

### Fourth Claim for Relief
### (Promissory Estoppel – Abbondanza against David Schaefer and Serina Schaefer)

56.     For their 50% interest in the purchase of the Property, Defendants promised to pay $52,500 plus interest to Abbondanza with $450 per month payments beginning in March 2016 and ending in January 2024.

57.     As a result of these promises, Plaintiff purchased the Property for $105,000 and put both Defendants' names on the Warranty Deed, each as a 25% owner of the Property.

58.     Defendants should reasonably have expected that the promises would induce Abbondanza's action or forbearance.

59. Abbondanza reasonably relied on Defendants' promise to his detriment.

60. The promise must be enforced to prevent injustice.

### Fifth Claim for Relief
**(Unjust Enrichment – Abbondanza against David Schaefer and Serina Schaefer)**

61. Plaintiffs incorporate the preceding allegations.

62. Defendants received a benefit at Abbondanza's expense.

63. Under the circumstances, it would be unjust for Defendants to retain the benefit without paying Abbondanza.

### Sixth Claim for Relief
**(Breach of Fiduciary Duty – Tavin against David Schaefer)**

64. Plaintiffs incorporate the preceding allegations.

65. David Schaefer was in a fiduciary relationship with Tavin.

66. David Schaefer owed fiduciary duties to Tavin, including the duty of loyalty, duty of care, duty of good faith, duty of confidentiality, and duty of candor.

67. David Schaefer breached his fiduciary duties to Tavin.

68. David Schaefer's breaches of his fiduciary duties have caused, and will continue to cause, Tavin to incur damages.

### Seventh Claim for Relief
**(Negligence – Tavin against David Schaefer)**

69. Plaintiffs incorporate the preceding allegations.

70. David Schaefer owed Tavin a legal duty of care.

71. David Schaefer breached that duty

72. David Schaefer's breach caused injury to Tavin.

### Eighth Claim for Relief
**(Negligent Misrepresentation – Plaintiffs against David Schaefer)**

73. Plaintiffs incorporate the preceding allegations.

74. David Schaefer gave false information to Plaintiffs in the course of their business and in connection with a transaction where David Schaefer had a financial interest.

75. David Schaefer gave the information to the Plaintiff for their guidance and use in a business transaction.

76. David Schaefer was negligent in obtaining or communicating the information.

77. David Schaefer gave the information knowing that Plaintiffs would act in reliance on the information.

78. Plaintiffs reasonably relied on the information supplied by David Schaefer and suffered damages as a result.

### Ninth Claim for Relief
### (Tortious Interference with Contract – Plaintiffs against David Schaefer)

79. Plaintiffs incorporate the preceding allegations.

80. Plaintiff had contracts with third party vendors and/or service providers.

81. David Schaefer knew or reasonably should have known of the contracts.

82. David Schaefer by words or conduct, or both, intentionally caused these third parties not to perform or to terminate their contracts with Plaintiffs or interfered with these third parties' performance of the contracts, thereby causing them not to perform or to terminate the contracts.

83. David Schaefer's interference with the contracts was improper.

84. David Schaefer's interference with the contracts caused damages to Plaintiffs.

### Prayer for Relief

WHEREFORE, Plaintiffs pray for judgment in their favor against Defendants as follows:

(A) An order quieting title to the Property in the sole name of Abbondanza as the 100% owner thereof and reforming the Warranty Deed accordingly to remove David Schaefer and Serina Schaefer from title.

(B) Actual damages (including non-economic damage for Abbondanza), as well as special and consequential damages, in an amount to be determined at trial;

(C) Exemplary damages;

(C) Compensation for Defendants' unjust enrichment;

8

(D) An award of reasonable attorney fees, expenses, and costs;

(E) Pre- and post-judgment interest to the maximum extent permitted by law; and

(F) Any other relief as the Court finds proper.

Respectfully submitted August 4, 2017.

*s/ James N. Phillips*
James N. Phillips, # 33114

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of August, 2017, a true and correct copy of the foregoing **FIRST AMENDED COMPLAINT** was served via the Colorado Courts E-Filing system as follows:

Courtenay L. Patterson, Esq.
Law Offices of Courtenay Patterson
1716 N. Main St. A, #331
Longmont, CO 80501
courtenay.patterson@gmail.com

Daniel Schendzielos, Esq.
Trial Lawyers and Legal Services of Colorado, LLC
8547 East Arapahoe Road, Suite J534
Greenwood Village, CO 80112
denverdaniel@gmail.com

*s/ James Phillips*
James Phillips

| | |
|---|---|
| DISTRICT COURT, PARK COUNTY, COLORADO<br>Park County Combined Court<br>300 4th Street<br>Fairplay, Colorado 80040 | DATE FILED: August 11, 2017 1:03 PM<br>FILING ID: AE4278D9274B0<br>CASE NUMBER: 2017CV30020 |
| **Plaintiffs:**<br><br>MICHAEL ABBONDANZA; and TAVIN FOODS, INC.<br><br>**Defendants:**<br><br>DAVID SCHAEFER; SERINA SCHAEFER; and ALL UNKNOWN PERSONS WHO CLAIM ANY INTEREST IN THE SUBJECT MATTER OF THIS ACTION | ▲ COURT USE ONLY ▲ |
| PHILLIPS LEGAL, P.C.<br>James N. Phillips, # 33114<br>2701 Lawrence St., Ste. 106<br>Denver, CO 80205<br>Phone: (720) 465-5056<br>E-mail: jphillips@phillipslegalpc.com<br><br>Attorney for Plaintiffs | Case Number: 2017CV30020<br><br>Ctrm/Div: B |
| **EXHIBIT TO FIRST AMENDED COMPLAINT** ||

Plaintiffs Michael Abbondanza and Tavin Foods, Inc. respectfully submit this Exhibit to First Amended Complaint. Attached herewith is Exhibit A to the First Amended Complaint.

Respectfully submitted August 11, 2017.

*s/ James N. Phillips*
James N. Phillips, # 33114

ATTORNEY FOR PLAINTIFFS

2

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on this 11th day of August, 2017, a true and correct copy of the foregoing **EXHIBIT TO FIRST AMENDED COMPLAINT** was served via the Colorado Courts E-Filing system as follows:

| | |
|---|---|
| Courtenay L. Patterson, Esq. | Daniel Schendzielos, Esq. |
| Law Offices of Courtenay Patterson | Trial Lawyers and Legal Services of |
| 1716 N. Main St. A, #331 | Colorado, LLC |
| Longmont, CO 80501 | 8547 East Arapahoe Road, Suite J534 |
| courtenay.patterson@gmail.com | Greenwood Village, CO 80112 |
| | denverdaniel@gmail.com |

                                  *s/ James Phillips*
                                  James Phillips

704471 1/21/2014 8:06 AM
1 of 2  WD R$16.00 D$10.50
Debra A Green
Park County Clerk

# WARRANTY DEED

THIS DEED, Made this 17th day of January, 2014 between

William H. Kulenburg and Lyn S. Kulenburg

of the County of Park and State of COLORADO, grantor, and

Michael Abbondanza as to 50% interest and David Schaefer as to 25% interest and Serina Schaefer as to 25% interest

DATE FILED: August 11, 2017 1:03 PM
FILING ID: AE4278D9274B0
CASE NUMBER: 2017CV30020

whose legal address is PO Box 86, Idledale, CO 80453

of the County of Jefferson, State of Colorado, grantees:

WITNESS, That the grantor, for and in consideration of the sum of One Hundred Five Thousand Dollars and No/100's ($105,000.00), the receipt and sufficiency of which is hereby acknowledged, has granted, bargained, sold and conveyed, and by these presents does grant, bargain, sell, convey and confirm, unto the grantees, their heirs and assigns forever, not in tenancy in common but in joint tenancy, all the real property together with improvements, if any, situate, lying and being in the County of Park, and State of COLORADO, described as follows:

See Exhibit A attached hereto and made a part hereof.

Doc Fee
$ 10.50

also known by street and number as 60006 Highway 285, Bailey, CO 80421

TOGETHER with all and singular the hereditaments and appurtenances thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof, and all the estate, right, title, interest, claim and demand whatsoever of the grantor, either in law or equity, of, in and to the above bargained premises, with the hereditaments and appurtenances.

TO HAVE AND TO HOLD the said premises above bargained and described, with the appurtenances, unto the grantees, their heirs and assigns forever. And the grantor, for himself, his heirs and personal representatives, does covenant, grant, bargain and agree to and with the grantees, their heirs and assigns, that at the time of the ensealing and delivery of these presents, he is well seized of the premises above conveyed, has good, sure, perfect, absolute and indefeasible estate of inheritance, in law, in fee simple, and has good right, full power and lawful authority to grant, bargain, sell and convey the same in manner and form as aforesaid, and that the same are free and clear from all former and other grants, bargains, sales, liens, taxes, assessments, encumbrances and restrictions of whatever kind or nature soever, except all taxes and assessments for the current year, a lien but not yet due or payable, and those specific Exceptions described by reference to recorded documents as reflected into the Title Documents accepted by Buyer in accordance with section 8.1 "Title Review", of the contract dated January 9, 2014, between the parties.

The grantor shall and will WARRANT AND FOREVER DEFEND the above-bargained premises in the quiet and peaceable possession of the grantees, their heirs and assigns, against all and every person or persons lawfully claiming the whole or any part thereof.

The singular number shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders.

IN WITNESS WHEREOF, the grantor has executed this deed on the date set forth above.
SELLERS:

_____   _____
William H. Kulenburg              Lyn S. Kulenburg

STATE OF COLORADO        ) ss:
COUNTY OF Park

The foregoing instrument was acknowledged before me this 16th day of January, 2014 by William H. Kulenburg and Lyn S. Kulenburg.

_____
Notary Public
My Commission expires: July 09, 2015

Witness my hand and official seal.

[Notary seal: CRYSTAL M. BROWN, NOTARY PUBLIC, STATE OF COLORADO]

**EXHIBIT A**

## Exhibit A

A Part of tract 87, as shown on the map of Bailey and Environs filed for record.
Also being a part of the NW ¼ SE ¼ of Section 30,
Township 7 South, Range 72 West of the 6th P.M., described as follows:

Beginning at a point whence the East one-quarter corner of said Section 30, bears North 74°52' East, 2163.25 feet;
thence South 80°59' East, 149.69 feet;
thence South 73°42' East, 75.92 feet;
thence South 40°08' East, 105.84 feet;
thence South 86°50' East, 23.68 feet to a point on the Westerly right-of-way line of a county road;
thence Northerly, along said right-of-way line 138.29 feet to a point on the Southerly right-of-way line of U.S. Highway No. 285;
thence North 86°47' West, along the right-of-way line of U.S. Highway 285, a distance of 278.5 feet;
thence South 20°39' West, 25.39 feet; to the Point of Beginning,

EXCEPT that portion conveyed to Bailey Water and Sanitation District by Deed recorded in Book 202 at Page 737,

County of Park, State of Colorado.