# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

**Michael Abbondanza,**
**Tavin Foods, Inc.**
        Plaintiffs,

v.

**Jason Weiss,**
**Weiss Law Group, PC,**
**Brett Huff,**
**Richard Leslie,**
**Huff and Leslie, LLP,**
**Peter Leiner,**
**Giovania Paloni,**
        Defendants.

**PLAINTIFFS' RESPONSE TO MOTION FOR JUDICIAL NOTICE**
**FILED BY DEFENDANTS WEISS, LEINER, AND**
**WEISS LAW GROUP, P.A.**

Plaintiffs, through their undersigned counsel, file their response in opposition to Defendants Weiss, Leiner, and Weiss Law Group's Motion for Judicial Notice, stating as follows:

**I.    FACTS DEFENDANT SEEKS TO HAVE JUDICIALLY NOTICED**

    **A.  Facts of which Plaintiffs Do Not Object to the Court Taking Judicial Notice**

Plaintiffs do not object to the Court taking judicial notice of the filing of *Santiago Abreu v. Tavin Foods, Inc.*, case number 1:16-cv-00432-MEH on February 23, 2016, or the filing of Park County District Court case number 2017CV30020 on August 4, 2017. (Fact Nos. 1 and 13 in Defendants' Motion for Judicial Notice, ECF 50, pp. 2, 4). Specifically, Plaintiffs stipulate the fact of the filing itself and the date of such filing. However, Plaintiffs object to the Court taking judicial notice of any of the allegations contained in either 1:16-cv-00432-MEH or 2017CV30020.

1

Plaintiffs further stipulate to the filing of its expert witness disclosures on December 30, 2016 in case number 1:16-cv-00432-MEH, that that disclosures designated Mark Douglass of Peak Access as its expert witness, and that a "Site Accessibility Evaluation" authored by Mark Douglass based on his inspection of the Premises on December 6, 2016 was attached to the expert witness disclosure. (Defendant's Motion to Take Judicial Notice, ECF 50, p. 3, Fact Nos. 7-9). Plaintiffs only stipulate to the fact that these documents were filed and the dates on which they were filed, but object to the Court taking judicial notice of any statements, allegations, or other contents of the documents.

Plaintiffs further stipulate to the February 10, 2017 joint filing by counsel in 1:16-cv-00432-MEH of a stipulated dismissal with prejudice, as well as the Court's February 13, 2017 final order dismissing the case with prejudice. (Defendants' Motion for Judicial Notice, ECF 50, pp. 3-4, Fact Nos. 11 and 12).

To summarize, Plaintiffs stipulate to Fact Nos. 1, 7, 8, 9, 11, 12, and 13 in Defendants' Motion for Judicial Notice, ECF 50, and with respect to Fact Nos. 1, 7, 8, 9 and 13, Plaintiffs stipulate only to the fact that the particular documents were filed and the dates on which they were filed, but not to the contents of such documents.

**B. Facts of which Plaintiffs Do Object to the Court Taking Judicial Notice**

Plaintiffs object to the Court taking judicial notice of Fact Nos. 2-6, 10, 14-17 in ECF 50. Moreover, as stated above, Plaintiffs object to the Court taking judicial notice of the contents of any of the documents to which Plaintiffs have stipulated. The contents of complaints and of expert reports filed in other court cases are not adjudicative facts. Such contents are neither generally known within the trial court's territorial jurisdiction, nor can they be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, as more fully discussed below.

## II. ARGUMENT

### A. The Documents Defendants Seek to Have the Court Take Judicial Notice of Are Subject to Reasonable Dispute and Are Not Adjudicative Facts, as Defined by F.R.E. Rule 201.

Although a court is obligated to take judicial notice if requested to do so and supplied with the necessary information by a party, pursuant to F.R.E. 201(d), the only kinds of adjudicative facts that may be judicially noticed are ones "not subject to reasonable dispute," either because they are "generally known within the territorial jurisdiction of the trial court" or because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," *Doyle v. People*, 343 P.3d 961, 964 (2015) (citing CRE 201(b)). The purpose of "judicial notice" is to permit the court to make a finding of fact in the absence of record evidence. *Id*. (See *United States v. Boyd*, 289 F.3d 1254, 1258 (10th Cir. 2002)). The consequence of taking judicial notice is "to preclude a party from introducing contrary evidence and, in effect, directing a verdict against him as to the fact noticed." *Id*. F.R.E. 201 allows the court to "take judicial notice of its own files and records, as well as facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244 (10th Cir. 2006) (citing *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), abrogated on other grounds by *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001)). When a court takes judicial notice of documents, "[t]he documents may only be considered to show their contents, **not to prove the truth of matters asserted therein**." *Id.* at FN. 24 (emphasis added).

Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A court cannot take judicial notice of disputed facts contained in public records. Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth. Because virtually any particular source may contain a mistake on virtually

3

any particular point, the notion of an indisputable fact rests less on the infallibility of a specific source and more on the notion that the fact is commonly verifiable, such that an error in any particular source can be easily demonstrated. *Doyle v. People*, *supra* at p. 965 (See generally 1 Christopher P. Mueller & Laird C. Kirkpatrick, Federal Evidence § 2.5 (4th ed. 2014)).

> Whether or not facts asserted, or even accepted as proven, in other judicial proceedings might be admissible for their truthfulness or accuracy according to rules governing hearsay evidence, and whether or not particular parties might be precluded from relitigating particular claims or issues according to res-judicata-related doctrines; [however,] the mere reflection of an adjudicative fact in a court record in no way places the truth or accuracy of that fact beyond reasonable dispute, within the contemplation of Rule 201.

*Id*.

Case law from the federal courts, and other jurisdictions with rules substantially similar to Rule 201, is replete with examples of court records having been recognized as adequate sources for judicially noticeable facts and when taking judicial notice of court records is and is not permissible. *Id*.

> While there appears to be little question concerning judicial notice of the occurrence or operable effect of various judicial actions or proceedings as evidenced by court record (*see, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (noting that the court could take judicial notice of another court's opinion for the purpose of showing its existence, which is not "subject to reasonable dispute"); *United States v. Garland*, 991 F.2d 328, 332 (6th Cir. 1993) (taking judicial notice of a foreign criminal judgment to prove its existence); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc*., 969 F.2d 1384, 1388 (2d Cir. 1992) (noting that the court may take judicial notice of a document filed in another court to establish the fact that such litigation occurred), taking judicial notice of acts or conditions that were the subject of prior litigation, including court findings and conclusions, for no greater reason than their reflection in court records is quite another matter" *(see, e.g., Lee*, *supra* at p. 690 (finding that the court erred by taking judicial notice of another court's opinion for the truth of the facts recited therein); *Furnari v. Warden, Allenwood Fed. Corr. Inst*., 218 F.3d 250, 255 (3d Cir. 2000) (declining to take judicial notice of an affidavit for the truth of the statements it contained); *Liberty*, *supra* at p.1388 (stating that **court cannot take judicial notice of a document for the truth of the matters asserted in the other litigation**)(emphasis added)).

*Id*.

In distinguishing between those facts that can and cannot be judicially noticed, the Colorado Supreme Court explained:

> In the instant case, the trial court did not merely take judicial notice of court records evidencing the legal conditions of the defendant's bond, the existence of a prior court determination that he did not appear, or the resulting forfeiture of his bond, the operable effect of that finding. Significantly, it took judicial notice of the material adjudicative fact that the defendant actually failed to appear on March 8, 2011. This fact clearly went beyond the conditions of the defendant's bond, the court's finding of a failure to appear, or even the operable effect of that finding. It extended to the accuracy of the court's finding at that prior proceeding, a matter as to which the court record itself was not a source whose accuracy was beyond reasonable question. The trial court therefore erred in taking judicial notice of the fact that the defendant did not appear at the proceeding, as distinguished from merely taking notice of its own prior finding and the effect of that finding, as reflected in court records.

*Doyle v. People, supra* at p. 966.

In this case, Defendants are asking the Court to take judicial notice of documents, statements, and other pieces of information that extend far beyond adjudicative facts that are not subject to reasonable dispute. Specifically, Defendants are asking the Court to take judicial notice of statements contained in expert reports, as well as assertions made in complaints filed in this court and in Park County Court that involved claims, parties, allegations, and defenses entirely distinct from the instant case. Other than the documents of which Plaintiffs have stipulated that the Court may take judicial notice, every other document, assertion, or "fact" is subject to reasonable dispute, is not generally known within the territorial jurisdiction of the trial court, and is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Defendants are asking the Court to take judicial notice of all of their proffered "facts" not only to show their contents, which is permissible under the law, but to prove the truth of the matters contained therein, which the Colorado Supreme Court and other federal courts have all ruled is not permissible under Rule 201. As such, Plaintiffs object to the Court taking judicial notice of Defendants' Fact Nos. 2-6, 10, 14-17 in ECF 50.

5

### B. Defendants' Rule 7.1 Certification

Defendants' Counsel states in the Rule 7.1 Certification: "Prior to filing this motion, counsel for the moving party made good faith attempts to confer several times by email with counsel for plaintiffs to obtain plaintiffs['] agreement to the judicial notice requested herein, but received no response from plaintiffs' counsel." Plaintiffs want to make clear to the Court, so as not to be portrayed as failing to cooperate and confer, as mandated by Rule 7.1, that Defendants' Counsel did not email Plaintiffs' Counsel "several times," but instead emailed Plaintiffs' Counsel one time on December 17, 2019 about the intention to file the motion for judicial notice. Defendants' Counsel's email did not state with any specificity what Defendants were seeking to have judicially noticed by the Court. The email simply stated: "On behalf of the Weiss and Leiner defendants we intend to file a motion requesting the court take judicial notice of the pleadings and proceedings in *Santiago Abreu v. Tavin Foods, Inc.*, 1:16-cv-00432-MEH, in the District of Colorado, and *Michael Abbondanza and Tavin Foods, Inc. v. David Schaefer, et al.*, Case No. 2017CV30020, in District Court, Park County, Colorado. Please let us know whether you have any objection to this so we can advise the court in our motion." Plaintiffs' Counsel received the email 48-hours prior to Defendants filing the instant motion and did not have an opportunity to respond to Counsel's conferral prior to the filing of the motion. Defendants' Counsel's email did not give a deadline for Plaintiffs' Counsel to respond with her position on the motion. Had Defendants' Counsel indicated that they would be filing the instant motion within 48 hours of sending that email or otherwise provided a deadline within which to respond to the conferral email, Plaintiffs' Counsel would have responded prior to their filing the motion and would have informed Defendants' Counsel of the fact that Plaintiffs were not objecting to the Court taking judicial notice of Fact Nos. 1, 7-9, 11, and 12.

6

**CONCLUSION**

Plaintiffs do not object to the Court taking judicial notice of Fact Nos. 1, 7-9, and 11-13 in ECF 50, specifically that those documents were filed and the dates on which they were filed. Plaintiffs object to the Court taking judicial notice of Fact Nos. 2-6, 10, and 14-17 in ECF 50. Plaintiffs object to the Court taking judicial notice of the contents of Fact Nos. 1, 7-9, and 11-13, and the documents, assertions, and allegations in Fact Nos. 2-6, 10, and 14-17, for the truth of the matters stated therein, as they are not adjudicative facts and are subject to reasonable dispute. For the reasons stated above, Plaintiffs respectfully request the Court not take judicial notice of Fact Nos. 2-6, 10, and 14-17 in their entirety, as well as Fact Nos. 1, 7-9, and 11-13 for the truth of the matters contained therein.

**RESPECTFULLY** submitted on this 9th day of January 2020.

LAW OFFICES OF COURTENAY PATTERSON
/s/ *Courtenay Patterson*_____
Courtenay Patterson, Esq., CO Bar No. 49215
Law Offices of Courtenay Patterson
1716 N. Main St., Suite A #331
Longmont, CO 80501
Email: courtenay.patterson@gmail.com
Telephone: (925) 237-1187

*Attorney for Plaintiff*

<h1 style="text-align:center"></h1>

**CERTIFICATE OF SERVICE**

 I hereby certify that on this 9th day of January 2020, I electronically filed the foregoing Response to Defendants Weiss, Leiner, and Weiss Law Group, P.A.'s Motion for Judicial Notice with the Clerk of Court using the CM/ECF service, which provided electronic service to the following:

Joel Rothman
SRIPLAW
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
(561) 404-4350
*Attorney for Defendants Weiss, Weiss Law Group, and Leiner*

Michael Hutchinson
Treece, Alfrey, Musat, P.C.
633 17th Street, Suite 2200
Denver, CO 80202
(303) 292-2700
hutch@tamlegal.com
*Attorney for Defendants Weiss, Weiss Law Group, and Leiner*

Franz Hardy, Esq.
Maral J. Shoaei, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
mshaoei@grsm.com
*Attorneys for Defendants Brett Huff, Richard Leslie, and Huff and Leslie, LLP*

        /s/ *Courtenay Patterson*
        ―――――――――――――――

        Law Offices of Courtenay Patterson
        1716 N. Main St., Suite A #331
        Longmont, CO 80501