# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

**Michael Abbondanza,**
**Tavin Foods, Inc.**
                Plaintiffs,

v.

**Jason Weiss,**
**Weiss Law Group, PC,**
**Brett Huff,**
**Richard Leslie,**
**Huff and Leslie, LLP,**
**Peter Leiner,**
**Giovania Paloni,**
                Defendants.

---

**PLAINTIFFS' RESPONSE TO MOTION FOR JUDGMENT ON THE PLEADINGS FILED BY DEFENDANTS WEISS, LEINER, AND WEISS LAW GROUP, P.A. AND JOINED BY DEFENDANTS HUFF, LESLIE, AND HUFF & LESLIE, LLP**

---

Plaintiffs, through their undersigned counsel, file their response in opposition to Defendants Weiss, Leiner, and Weiss Law Group's Motion for Judicial Notice that was joined by Defendants Huff, Leslie, and Huff & Leslie, LLP, stating as follows:

## I.     INTRODUCTION

It is interesting that Defendants' position in the instant Motion is that Plaintiffs lack standing because Plaintiffs allegedly have suffered no damages as a result of Defendants' fraudulent filing of the underlying lawsuit against Plaintiffs. A lack of standing is exactly the basis for Plaintiffs' complaint against all Defendants in this case – namely that there was no standing to file the underlying lawsuit against Tavin Foods because the plaintiff in the underlying ADA lawsuit, Santiago Abreu, either does not exist or, at a minimum, never visited Riverbend Eatery on July 14, 2015. If Abreu does not exist or did not visit Riverbend Eatery on July 14,

1

2015, then Defendants did not have standing to file the lawsuit in the underlying case against Tavin Foods and the filing of such a lawsuit is a fraud on this Court. Moreover, if Abreu does not exist or, at a minimum, does not suffer from a qualified disability under the ADA, every single lawsuit filed by Defendants on behalf of plaintiff Santiago Abreu in this Court and around the country constitutes fraud.

## I. STANDARD OF REVIEW

A rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties. *United States v. Ledford*, 2009 U.S. Dist. LEXIS 48441 (see also *Mata v. Anderson*, 760 F. Supp. 2d 1068 (D.N.M. 2009) (citing *Kruzits v. Okuma Mach. Tool.*, 40 F.3d 52, 54 (3d Cir. 1994) ("Under Rule 12(c), we will not grant judgment on the pleadings **unless the movant clearly establishes that no material issue of fact remains to be resolved** and that he is entitled to judgment as a matter of law.") (internal quotation marks omitted) (emphasis added)).

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standard of review applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Nelson v. State Farm Mut. Auto Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005). Thus, a court must "accept all the well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the nonmoving party." *Id.* (internal quotation marks and citation omitted); *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1241 (10th Cir. 2000). "Judgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). Fed. R. Civ. P. 12(d) further provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings

are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Hence, under Rule 12(c), a court should consider only matters referred to or incorporated by reference in the pleadings or attached to the answer or complaint. *Park Univ. Enters., Inc.*, 442 F.3d at 1244; *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997).

## II. ARGUMENT

**A. The Pleadings and Proceedings in the Underlying Action And In the Park County District Court Case Are Not Adjudicative Facts And Are Not Subject to Judicial Notice Under F.R.E. 201.**

Plaintiffs object to the Court taking judicial notice of anything from the underlying lawsuit or the lawsuit brought in Park County that does not constitute an adjudicative fact, as defined by F.R.E. 201 and the case law interpreting it, including the 2015 Colorado Supreme Court case of *Doyle v. People*, 343 P.3d 961. Plaintiffs direct the Court's attention to ECF 52, Plaintiffs' Response to the Motion for Judicial Notice, which analyzes F.R.E. 201, and more fully explains Plaintiffs' objections to the Court taking judicial notice of many of the disputed "facts" and documents that Defendants are seeking to have judicially noticed.

**B. Defendants' Motion for Judgment on the Pleadings Must be Denied as the Case is Replete with Factual Disputes and Cannot be Decided as a Matter of Law at this Stage of the Proceedings.**

The Court denied Defendants' Rule 12(b)(6) and Rule 11 motions stating that the existence of Abreu and whether he actually visited Riverbend was a fact question. (ECF No. 41 at 15). Defendants even note in this Motion for Judgment on the Pleadings that the Court's ruling was based on the fact that questions of fact remained. (Defendants' Motion for Judgment on the Pleadings, ECF 49, p. 13). Nonetheless, Defendants' filed the instant motion, pursuant to Rule 12(c), despite none of the factual questions having been resolved since the Motion to Dismiss and Motion for Sanctions were denied. This means that Mr. Abreu's existence and whether he ever

visited Riverbend continue to be fact questions.

In addition to the continuing factual questions of Abreu's existence and whether he actually visited the Riverbend Eatery, there are many other factual issues in this case, not only between parties, but even amongst the parties. For example, with respect to Defendant Giovannia Paloni, Defendant Huff has represented that Ms. Paloni never visited Riverbend Eatery and simply relied on photographs provided by Abreu or Defendants (ie. Abreu's attorneys). (See Email from Defendant Huff to Plaintiffs' Counsel on September 4, 2016, ECF 1, Ex. 4, paragraph 4). However, in Defendants Weiss and Leiner's Motion for Judgment on the Pleadings, Defendants specifically assert, "While at the Premises on July 14, 2015, Mr. Abreu encountered numerous disability barriers. He contacted ADA expert Giovannia Palon, a long-time acquaintance of Mr. Abreu, who was also in the Denver area at the same time as Mr. Abreu. **Ms. Paloni visited the Premises on July 14, 2015, took photographs, made observations, and prepared a report regarding her findings**." (ECF 49, p. 4, paragraphs 10-11 (citing ECF 8, Ex. 1) (emphasis added))[1].

In other words, Defendants Huff and Leslie have represented that Defendant Paloni never visited Riverbend Eatery on July 14, 2015, yet Defendants Weiss and Leiner have represented that Defendant Paloni absolutely did visit the property on July 14, 2015, took photographs, made observations, and wrote her report. (ECF 8, Ex. 1). Even more contradictory is that on January 9, 2020, Defendants Huff, Leslie, and Huff & Leslie, LLP, filed a Motion for Joinder with the Court seeking to join in Weiss, Leiner, and Weiss Law Group, P.A.'s Motion for Judgment on the Pleadings. Defendants Huff, Leslie, and Huf & Leslie, LLP are now representing both that

---

[1] This assertion by Defendants in the Motion for Judgment on the Pleadings concerning Defendant Paloni being a long-time acquaintance of Santiago Abreu raises issues regarding Plaintiffs' service attempts on Defendant Paloni and Plaintiffs' Request for Expedited Limited Discovery, which was granted, in part, by the Court on November 12, 2019. Plaintiffs have filed, contemporaneous with the Responses to this Motion and the Motion for Judicial Notice, a further Status Update with the Court regarding service attempts on Defendant Paloni. (see ECF 53).

4

Defendant Paloni never visited Riverbend Eatery on July 14, 2015 and only "relied on photographs provided by Abreu or Defendants," and that Defendant Paloni "did visit Riverbend Eatery on July 14, 2015, took photographs, made observations, and prepared her report, with her long-time acquaintance, Santiago Abreu."

In addition, there appears to be some insinuation by Defendants Weiss and Leiner that Defendant Weiss Law Firm, P.A. was not involved with the underlying case until Defendant Weiss filed the Motion for Summary Judgment on February 3, 2017, (see ECF 49, p. 9, paragraph 41) and that the underlying lawsuit was, instead, filed by Defendant Huff and Leslie, LLP (see ECF 49, p. 4, paragraph 12). However, it is clear from the complaint filed in the underlying lawsuit that Defendant Weiss and Defendant Weiss Law Group, P.A. were attorney and firm of record, in addition to Defendant Huff and Defendant Huff & Leslie, LLP, in *Abreu v. Tavin Foods*, 1:16-cv-00432-MEH, since its filing on February 23, 2016 as evidenced by Defendant Weiss's signature on the last page of the complaint. (see 1:16-cv-00432-MEH, ECF 1).

This entire case is factually disputed and despite Defendants seeking to have the Court take judicial notice of many disputed facts and documents from the underlying lawsuit and a lawsuit filed in a different jurisdiction that has nothing to do with this case, most of the "facts" and documents are not subject to judicial notice because they are not adjudicative facts, as more fully briefed in Plaintiffs' Response to the Motion for Judicial Notice (ECF 52). However, even if the Court were to judicially notice every fact that Defendants have put forth in their Motion for Judicial Notice (ECF 50), none of the "facts" provide any definitive answers to the questions of Abreu's existence or whether he visited Riverbend Eatery. In fact, Defendants' Motion for Judicial Notice and Motion for Judgment on the Pleadings raise even more questions of fact than already existed in this case. Whether Abreu actually exists, whether he suffers from a qualified disability within the meaning of the ADA, and whether he actually visited Riverbend on July 14, 2015 all

remain factual issues, just as they remained at the time of this Court's ruling on Defendants' Motion to Dismiss and Motion for Sanctions. As such, Defendant's Motion for Judgment on the Pleadings is meritless, duplicative of the Rule 12(b)(6) and Rule 11 Motions that have already been denied on October 23, 2019, and should be denied.

> C. **If Santiago Abreu Either Does Not Exist or Did Not Visit Plaintiffs' Restaurant on July 14, 2015, it is Irrelevant Whether Plaintiffs' Restaurant had Any Alleged ADA Violations, as Defendants' Lawsuit was a Fraudulent Filing Using a Plaintiff that Lacked Standing, Which Would Have Deprived this Court of Jurisdiction from its Inception.**

Defendants seem to be arguing that they are entitled to Judgment on the Pleadings on the grounds that Plaintiffs injuries and financial losses could not have been caused by the RICO predicate acts committed by Defendants and were, instead, caused by Plaintiffs' ADA violations in the underlying lawsuit (1:16-cv-00432-MEH) or were somehow caused by "other legal disputes," (see ECF 49, p. 17). Again, as stated above, Plaintiffs' injuries and financial losses, how they were caused, and how significant they were and continue to be, all remain disputed factual questions in this case. Whether or not 5 of the 14 alleged ADA violations in the underlying lawsuit actually constituted violations of the ADA, and whether or not Riverbend Eatery remedied any of the alleged violations, which neither Mr. Abreu nor any of the defendants in this case chose to confirm prior to their offering to dismiss the underlying lawsuit, is irrelevant to this lawsuit and the allegations upon which it is based.

Defendants even go so far as to state: "Having committed ADA violations, the Underlying Action against Plaintiffs was valid, not fraudulent." (see ECF 49, p. 16). This statement ignores the federal jurisdictional requirement of standing, particularly that Mr. Abreu must have suffered an injury-in-fact that is both concrete and particularized, as well as actual or imminent, as opposed to conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). If Mr. Abreu does not exist, does not suffer from a qualified disability under the ADA, or did not visit Riverbend

Eatery on July 14, 2015, then Mr. Abreu would not have had standing to file the underlying lawsuit and Defendants never should have filed the underlying suit. As such, any discussion of how many alleged violations may or may not have existed, what it would cost to remedy the violations, or anything else related to the allegations in the complaint in the underlying lawsuit would have been entirely moot. That is the basis of Plaintiffs' Amended Complaint in this case. Plaintiffs' injuries and financial losses stem from the fraudulent filing of a lawsuit against Plaintiffs that forced Plaintiffs to close their business, terminate employees of the business, and defend against a fraudulent lawsuit for more than 1 year. It is unclear how Defendants are able to state with any sort of authority or certainly, to such a level that this case could be decided that as a matter of law, that Plaintiffs' damages are not a direct result of Defendants' RICO predicate acts. Defendants' Motion for Judgment on the Pleadings should be denied.

## CONCLUSION

Nearly every aspect of this case remains a factual question. Santiago Abreu's existence, whether he suffered from a qualified disability, whether he visited Riverbend Eatery on July 14, 2015, and whether Plaintiffs' financial losses and other injuries were a result of Defendants' RICO predicate acts all remain disputed factual issues. These factual questions existed at the time the Court denied Defendants' Motion to Dismiss and Motion for Sanctions and they continue to exist, as nothing has been produced that resolves any of the questions before the Court, even if the Court were to judicially notice every single "fact" that Defendants have put forth. For all of the foregoing reasons and arguments, Plaintiff respectfully requests that this Court deny Defendants' Motion for Judgment on the Pleadings.

**RESPECTFULLY** submitted on this 9th day of January 2020.

                                            LAW OFFICES OF COURTENAY PATTERSON
                                            /s/ *Courtenay Patterson*_____
                                            Courtenay Patterson, Esq., CO Bar No. 49215
                                            Law Offices of Courtenay Patterson
                                            1716 N. Main St., Suite A #331
                                            Longmont, CO 80501
                                            Email: courtenay.patterson@gmail.com
                                            Telephone: (925) 237-1187

                                            *Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January 2020, I electronically filed the foregoing Response to Defendants Weiss, Leiner, and Weiss Law Group, P.C.'s Motion for Judgment on the Pleadings, joined by Defendants Huff, Leslie, and Huff & Leslie, LLP, with the Clerk of Court using the CM/ECF service, which provided electronic service to the following:

Michael Hutchinson
Treece, Alfrey, Musat, P.C.
633 17th Street, Suite 2200
Denver, CO 80202
(303) 292-2700
hutch@tamlegal.com


Joel Rothman
SRIPLAW
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
(561) 404-4350
*Attorney for Defendants Weiss, Weiss Law Group, and Leiner*


Franz Hardy, Esq.
Maral J. Shoaei, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
mshaoei@grsm.com
*Attorneys for Defendants Brett Huff, Richard Leslie, and Huff and Leslie, LLP*


/s/ *Courtenay Patterson*
_____

Law Offices of Courtenay Patterson
1716 N. Main St., Suite A #331
Longmont, CO 80501