UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.:  1:19-cv-00328-RPM

MICHAEL ABBONDANZA and TAVIN FOODS, INC.,

       Plaintiffs,

v.

JASON WEISS, WEISS LAW GROUP, P.C., BRETT HUFF, RICHARD LESLIE, HUFF AND LESLIE, LLP, PETER LEINER, and GIOVANIA PALONI,

       Defendants.

## WEISS LAW GROUP, P.A., JASON S. WEISS AND PETER LEINER'S CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE (ECF No. 53) TO MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO TAKE JUDICIAL NOTICE (ECF No. 52)

Dated:  January 10, 2020

       JOEL B. ROTHMAN
       joel.rothman@sriplaw.com

       **SRIPLAW**
       21301 Powerline Road
       Suite 100
       Boca Raton, FL 33433
       561.404.4350 – Telephone
       561.404.4353 – Facsimile

       *Counsel for Defendants Jason Weiss, Peter Leiner and Weiss Law Group, PC*

**TABLE OF CONTENTS**

I.   ARGUMENT ................................................................................................................ 1

   A.   There Are No Material Facts Disputed Concerning Plaintiffs' Lack of a Cognizable RICO Injury Because Plaintiffs Admitted They Violated the ADA in the Underlying Case and Received a Dismissal With Prejudice in Exchange for Remediating Their Violations. ............. 1

   B.   The Court Must Take Judicial Notice of Plaintiffs' Admissions in the Underlying Case that they Committed ADA Violations which Operate as Judicial Admissions Against them in This Action. ................................................................................................................ 6

II.   Conclusion ................................................................................................................ 9

## Table of Authorities

**Cases**

*Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143 (1987) ............................. 5

*Armstrong v. JPMorgan Chase Bank Nat'l Ass'n*, 633 F. App'x 909 (10th Cir. 2015) ............ 7, 8

*Beck v. Prupis*, 529 U.S. 494 (2000) ................................................................................................ 2

*Campbell v. Singh*, No. 09-cv-01041-CMA-KLM, 2011 WL 4434953 (D. Colo. Aug. 8, 2011) . 3

*Corland Corp.*, 967 F.2d 1069 (5th Cir. 1992) ................................................................................. 8

*Kempter v. Hurd*, 713 P.2d 1274 (Colo. 1986) ................................................................................ 7

*Pace v. Swerdlow*, 519 F.3d 1067 (10th Cir. 2008) ......................................................................... 7

*Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848 (9th Cir.) ............................................................................. 8

*Skyline Potato Co. v. Rogers Bros. Farms, Inc.*, No. 10-cv-02353-WJM-KLM, 2011 U.S. Dist. LEXIS 76804, 2011 WL 2791531 ................................................................................................ 8

*Smith v. Argent Mortg. Co.*, 331 F. App'x 549 (10th Cir. 2009) ..................................................... 8

*Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249 (10th Cir. 2005) .............................. 7

*Wheeler v. John Deere Co.*, 935 F.2d 1090 (10th Cir. 1991) .......................................................... 7

**Statutes**

18 U.S.C. § 1962(c) .......................................................................................................................... 2

18 U.S.C. § 1964(c) (2018) ..........................................................................................................2, 3

28 U.S.C. § 1967 (2018) .................................................................................................................. 9

**Rules**

Fed. R. Civ. P. 12 ............................................................................................................................. 7

Fed. R. Civ. P. 12(c) ........................................................................................................................ 9

Fed. R. Civ. P. 60(b) ........................................................................................................................ 5

Fed. R. Civ. P. 60(b)(1) ................................................................................................................... 5

Fed. R. Evid. 201(d) ........................................................................................................................ 7

Weiss Law Group, P.A. and Jason Weiss (together "Weiss") and Peter Leiner ("Leiner"), by and through undersigned counsel, file this reply to Plaintiffs' response (ECF No. 53) to the motion for judgment on the pleadings (ECF No. 49) and Plaintiff's response (ECF No. 52) to the motion for judicial notice (ECF No. 50).

## I. ARGUMENT

**A.   There Are No Material Facts Disputed Concerning Plaintiffs' Lack of a Cognizable RICO Injury Because Plaintiffs Admitted They Violated the ADA in the Underlying Case and Received a Dismissal With Prejudice in Exchange for Remediating Their Violations.**

Plaintiffs acknowledge in their response to the motion for judgment on the pleadings that entry of a judgment on the pleadings is a proper "means of disposing of cases when the material facts are not in dispute between the parties and the moving party is entitled to judgment as a matter of law." (ECF 53 at 2). The motion for judgment on the pleadings argued that there are no material facts in dispute concerning the Plaintiffs' lack of a cognizable RICO injury because, in the underlying case on which this action is predicated, Tavin Foods, Inc. ("Tavin") admitted the ADA violations alleged in that case, and thereafter the underlying ADA case was dismissed.  In response to the motion, Plaintiffs do not dispute these facts, and thereby concede they are undisputed. Having admitted to ADA violations, and having admitted that the underlying case was dismissed despite Tavin and Abbondanza's liability for those ADA violations, **Plaintiffs have admitted conclusively they have no RICO injury that can be remedied here.**

Instead, Plaintiffs assert that issues of fact concerning whether they suffered a RICO injury preclude dismissal, yet fail to identify any such injury or facts that would lead to the discovery of such an injury.  According to Plaintiffs, "[i]n addition to the continuing factual questions of Abreu's existence and whether he actually visited the Riverbend Eatery, there are many other factual issues in this case, not only between parties, but even amongst parties," such as whether Ms. Paloni actually visited the restaurant or relied on photographs in preparing her

report, or whether defendants Weiss and Leiner were or were not involved in the underlying case from the beginning. (ECF No. 53 at 4-5). On the strength of these very few facts, and Plaintiffs' doubts regarding Mr. Abreu's existence, Plaintiffs hyperbolically conclude "[t]his entire case is factually disputed." (ECF No. 53 at 4-5).

Plaintiffs' opposition misses the point entirely. Whether or not Mr. Abreu is real or imagined, disabled or abled, a restaurant patron or not, are not facts that, if determined, would make the difference between Plaintiffs suffering a RICO injury or not, because Plaintiffs admitted in the underlying case and conceded in this case that they violated the ADA, were guilty of those violations, fixed those violations, and received a dismissal in return for their remedial efforts. Whether Ms. Paloni visited the restaurant or relied on photographs in preparing her report is not a fact that, if determined for Plaintiffs, would change whether they suffered a RICO injury or not. Whether defendants Weiss and Leiner were involved in the underlying case from the beginning is also not a fact that, if determined for Plaintiffs, would change whether they suffered a RICO injury or not.

There are no undisputed facts showing that Plaintiffs suffered a plausible claim of injury under RICO. There are no undisputed facts showing that Plaintiffs suffered an injury in their business or property proximately caused by the underlying predicate violations. There are no undisputed facts showing that Plaintiffs' damages were caused by reason of a violation of § 1962(c). There are no undisputed facts showing that an enumerated predicate act in Plaintiffs' Amended Complaint caused the complained-of injuries. *See Beck v. Prupis*, 529 U.S. 494, 505 (2000) (predicate act must cause damages and "injury caused by an overt act that is not an act of racketeering or otherwise wrongful under RICO" is not sufficient to give rise to a cause of action under § 1964(c)).

The relevant facts concerning Plaintiffs' alleged RICO injury are undisputed; Plaintiffs have none.  Plaintiffs have conceded that this is the case by not coming forward in response to the motion with a single, solitary fact showing that they have suffered a cognizable RICO injury proximately caused by the alleged predicate acts. Instead, Plaintiffs fall back on their prior assertions that it was the fraudulent filing of the underlying case that caused their damages, nothing else. Yet, Plaintiffs have already admitted their damages were caused by their ADA violations uncovered in and admitted in the underlying case. Plaintiffs' losses were caused by their own failure to address and remediate the ADA violations found at the Premises, the repair cost of which was approximately $1,000, and following which the underlying action was dismissed with prejudice.

None of the financial losses, litigation expenses, consulting expenses, defense costs, or harm from a business closing Plaintiffs claim to have incurred were proximately caused by the mail and wire fraud alleged.   All of Plaintiffs' alleged damages were caused by other acts, including, but not limited to, their admitted violations of the ADA, but not anything Defendants did, and certainly not anything Weiss or Leiner did.  Therefore, Plaintiffs have no damages under 18 U.S.C. §1964(c).

Plaintiffs argue that *if* Plaintiffs can prove Santiago Abreu does not exist, or *if* Plaintiffs can prove that Santiago Abreu – despite existing – never visited Plaintiffs' restaurant, or *if* Plaintiffs can prove that Santiago Abreu – despite existing and having visited Plaintiffs restaurant – lacked an ADA disability, *then* Plaintiffs can prove that Abreu lacked standing to bring the underlying ADA action[1], in which case *then* Plaintiffs can prove that the underlying

---

[1] Plaintiffs conveniently failed to address the fact of their judicial admission of Mr. Abreu's existence in the scheduling order filed on Tavin's behalf that was adopted by the Court. (Underlying Action ECF No. 32 at 3 adopting the parties' stipulation that "Plaintiff Santiago Abreu is a resident of the State of Florida.").

lawsuit was fraudulent, in which case *then* Plaintiffs suffered a RICO injury because under those circumstances "any discussion of how many alleged violations may or may not have existed, what it would cost to remedy the violations, or anything else related to the allegations in the complaint in the underlying lawsuit would have been entirely moot." (ECF No. 53 at 7). In other words, Plaintiffs assert they suffered a cognizable RICO injury because "Plaintiffs' injuries and financial losses stem from the fraudulent filing of a lawsuit against Plaintiffs that forced Plaintiffs to close their business, terminate employees of the business, and defend against a fraudulent lawsuit for more than 1 year" (ECF No. 53 at 7), even though they admitted to committing ADA violations in the underlying case instead of contesting their liability for those violations, corrected their violations instead of challenging them in Court, and settled the case against them with a dismissal with prejudice.

Plaintiffs' argument is an exceedingly dangerous one if accepted by this Court. Remember, Plaintiffs admitted that they violated the Americans with Disabilities Act. Despite having been sued for ADA violations, and despite having admitted to committing those ADA violations in response, and despite having waived their right to take Mr. Abreu's deposition and question him about his disability and his visit to Plaintiffs' restaurant in the underlying case, and despite having received the benefit of a dismissal of that case, Plaintiffs seek a RICO recovery based entirely upon the claim that the underlying case was "fraudulently" filed. Instead of participating in the truth seeking process in the underlying case and defending themselves

---

Plaintiffs also failed to point to any evidence to show that Defendants did not have a good faith basis to believe that Mr. Abreu was a real person with a disability who visited the Riverbend restaurant and observed ADA violations there. *See Campbell v. Singh,* 2011 WL 4434953 (D. Col. August 8, 2011). Defendants had a good faith basis to file the Underlying Action and Plaintiffs have failed to dispute that they did. This fact, combined with Plaintiffs' failure to demonstrate cognizable RICO injury, was sufficient to demonstrate Plaintiffs lack standing.

against someone Plaintiffs thought might not exist, was not disabled, and never visited their restaurant, Plaintiffs now years later want to mount a defense and get paid for doing so despite having waived their opportunity to defend the underlying case the first time around.

Assume for the sake of argument that Plaintiffs are correct that Mr. Abreu is fictional despite the overwhelming evidence that he lives in West Palm Beach, Florida, suffers from MS and visited Riverbend. Does that change the outcome of this motion? No. Plaintiffs still lack a RICO injury because Plaintiffs admitted in the underlying action that they were in violation of the ADA and remedied their violations in exchange for a dismissal with prejudice. If these Plaintiffs suffered a RICO injury simply because they believe they were defrauded despite their admission that they committed the offence charged, then every defendant who chooses settlement over litigation can sue later and validly claim to have suffered a RICO injury. If these Plaintiffs suffered a RICO injury, then every defendant who settles and thereafter suffers "buyer's remorse" (i.e. almost every settling defendant) could years later file a second lawsuit claiming a RICO fraud conspiracy occurred in the first lawsuit. If these Plaintiffs suffered a RICO injury, then the adoption of Fed. R. Civ. P. Rule 60(b) allowing relief from a judgment or order based on mistake, inadvertence, surprise, excusable neglect, or fraud was a waste of time and generated not a rule of civil procedure but unnecessary surplusage. If these Plaintiffs suffered a RICO injury, then the one year limit for filing a motion under Rule 60(b)(1), (2) or (3) is no longer the applicable limitations period, now the four year RICO statute of limitations established by the Supreme Court in *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143 (1987) applies. If these Plaintiffs suffered a RICO injury, we do not need attorney rules of professional conduct, bar associations, bar exams, background checks, or Court oversight of attorney conduct, all we need are private attorneys general like Plaintiffs here to file suits and

investigate whether attorneys have lived up to their ethical obligations in prior cases and expose nonexistent plaintiffs with fake disabilities conjuring up ADA violations that, while the violations really were committed, they were never actually observed by those nonexistent plaintiffs in the first place.

Many more absurdities can be imagined, but simply stated, there is no RICO injury here. Plaintiffs concede as much. The Court can determine it as a matter of law. This litigation can and should end just like the underlying case did because there is no remedy for the wrongs claimed by these Plaintiffs. They had their chance to defend themselves, but they waived that right, admitted their mistakes, and settled without having to pay a penny instead. No possible cognizable legal benefit can be attained by continuing these proceedings. The Amended Complaint should and indeed must be dismissed.

### B.  The Court Must Take Judicial Notice of Plaintiffs' Admissions in the Underlying Case that they Committed ADA Violations which Operate as Judicial Admissions Against them in This Action.

Plaintiffs object to this Court taking judicial notice of Plaintiff's own admissions in the Underlying Action and the Schaefer Action. Plaintiffs "object to the Court taking judicial notice of any statements, allegations, or other contents" of the documents filed in these cases. (ECF No. 52 at 2). In particular, Plaintiffs object to this Court considering these documents and taking "judicial notice of statements contained in expert reports, as well as assertions made in complaints filed in this court and in Park County Court that involved claims, parties, allegations, and defenses entirely distinct from the instant case." (ECF No. 52 at 5).

Plaintiffs' objections are transparent: this Court's consideration of the allegations in the complaint in the underlying action that Tavin committed specific ADA violations, and Tavin's expert witness disclosures filed with the Court in the underlying action admitting those same ADA violations, compel the conclusion that Plaintiffs' damages in this case were not caused by

anything the defendants did, but by Plaintiff's own failure to comply with the Americans with Disabilities Act.[2] Plaintiffs' objections are invalid.

Plaintiffs cannot prevent the Court from considering these documents on a Rule 12 motion; consideration of judicially noticed materials on a Rule 12 motion is proper. *Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008). When a document's authenticity is not in dispute and central to a plaintiff's claim, the Court should consider it on a motion to dismiss. *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005). "A court may consider facts subject to judicial notice—including facts that are a matter of public record, such as documents filed in other litigation—without converting a motion to dismiss into a motion for summary judgment." *Pace,* 519 F.3d at 1072-73. If a party requests that the court take judicial notice of certain facts, and supplies the necessary information to the court, judicial notice is mandatory. See Fed. R. Evid. 201(d).

Plaintiffs' attempt to disavow their expert disclosures filed in the Underlying Action admitting the ADA violations alleged against them should be rejected. Plaintiffs' admissions of these violations were **judicial admissions**. "A judicial admission is a formal, deliberate declaration which a party or his attorney makes in a judicial proceeding for the purpose of dispensing with proof of formal matters or of facts about which there is no real dispute." *Armstrong v. JPMorgan Chase Bank Nat'l Ass'n*, 633 F. App'x 909, 912 (10th Cir. 2015) *quoting Kempter v. Hurd*, 713 P.2d 1274, 1279 (Colo. 1986). Stipulations consisting of affirmative, formal, factual statements can be judicial admissions. *Wheeler v. John Deere Co.,* 935 F.2d 1090, 1097-1099 (10th Cir. 1991). A statement or assertion of fact in a complaint or other

---

[2] Plaintiffs also object to the Court's consideration of the allegations Abbondanza made against his former partner Schaefer in the Park County Case that it was Schaefer's mismanagement and extra-marital affairs that destroyed the Tavin Foods' business, not the filing of the Underlying Action for ADA violations as Plaintiffs claim in this case.

pleading may serve as a judicial admission. *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859 (9th Cir.), cert. denied, 516 U.S. 861 (1995). "A judicial admission must be deliberate, clear, and unequivocal." *Skyline Potato Co. v. Rogers Bros. Farms,* No. 10-CV-02353-WJM-KLM, 2011 U.S. Dist. LEXIS 76804, 2011 WL 2791531, at *5 (D. Colo. July 15, 2011) (citing *Matter of Corland Corp.,* 967 F.2d 1069, 1074 (5th Cir. 1992). "If unequivocal, judicial admissions are binding." *Armstrong,* 633 F. App'x at 912 (quotation marks, brackets, and citation omitted).

Plaintiffs' admissions that they committed ADA violations in the Underlying Case, the same ADA violations they were alleged to have committed in the complaint in that case, satisfy these requirements. Tavin was accused of violating the ADA in at least five specific ways in the complaint in the Underlying Case. In response, Tavin hired an expert who surveyed the premises and found the same five violations alleged, and then Tavin filed its expert disclosures with the Court admitting these five violations. Immediately thereafter the case was dismissed with prejudice.

Plaintiffs have failed to explain why their admission of their ADA violations or any of the other facts judicially noticed were erroneous, inaccurate or otherwise false. Plaintiffs offer no explanation whatsoever why their past admissions were not truthful; Plaintiffs merely claim in a conclusory fashion that the "documents, statements, and other pieces of information [] extend far beyond adjudicative facts that are not subject to reasonable dispute." (ECF No. 52 at 5). This objection is insufficient; Plaintiffs fail to explain the error in their prior admissions. *See Smith v. Argent Mortg. Co.*, 331 F. App'x 549, 556 (10th Cir. 2009) (Where "the party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment, the trial court must accord the explanation due weight."). Plaintiffs are bound by their judicial admissions.

8
**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FL 33433

## II. CONCLUSION

None of the injuries alleged by plaintiffs were proximately caused by the mail fraud or wire fraud alleged. Therefore, there are no injuries for Plaintiffs to recover from Defendants. Accordingly, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, this Motion for Judgment on the Pleadings on Counts I and II of the Amended Complaint should be granted and those Counts should be dismissed. Upon dismissal, this Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1967 and dismiss the remaining state law claims in the Amended Complaint without prejudice.

Dated: January 13, 2020

Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Defendants Jason Weiss, Peter Leiner and Weiss Law Group, PC*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on January 13, 2020, a true and correct copy of the foregoing document was sent via electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN

## SERVICE LIST

Courtenay Patterson, Esq.
Law Offices of Courtenay Patterson
1716 N. Main St., Suite A #331
Longmont, CO 80501
courtenay.patterson@gmail.com

Franz Hardy, Esq.
Larissa Kirkland, Esq.
Gordon Rees Scully Mansukhani, LLP
555 17th Street, Suite 3400
Denver, CO 80202
fhardy@grsm.com
lkirkland@grsm.com

Michael L. Hutchinson
Treece Alfrey Musat P.C.
633 17th Street, Suite 2200
Denver, CO 80202
hutch@tamlegal.com