IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

**Michael Abbondanza,**
**Tavin Foods, Inc.**
        Plaintiffs,

v.

**Jason Weiss,**
**Weiss Law Group, PC,**
**Brett Huff,**
**Richard Leslie,**
**Huff and Leslie, LLP,**
**Peter Leiner,**
**Giovannia Paloni,**
        Defendants.

## PLAINTIFF'S MOTON FOR ALTERNATE MEANS OF SERVICE UPON DEFENDANT GIOVANNIA PALONI

Plaintiffs Michael Abbondanza and Tavin Foods, Inc. ("Plaintiffs") hereby move this Court to allow Plaintiffs to serve Defendant Giovannia Paloni with alternate means of service, and in support thereof, state as follows:

### BACKGROUND

Defendants Jason Weiss, Peter Leiner, and Weiss Law Group, PC (the "Weiss Defendants"), Brett Huff, Richard Leslie, and Huff and Leslie LLP (the "Huff Defendants") (collectively, the "Served Defendants") worked with or retained Giovanna Paloni ("Paloni"), purportedly an expert witness, in furtherance of their RICO activities. Plaintiff incorporates into this motion ECF No. 37 and accompanying exhibits, which describes the service of process efforts, Plaintiff had made on Paloni as of October 2, 2019. Following submission of the Status Report with the Court, Plaintiffs filed a Motion for Expedited Limited Discovery (ECF No. 38), which was

1

granted in part on November 12, 2019. Plaintiffs submitted a second Status Report on January 9, 2020 (ECF No. 54) and a second Motion for Expedited Limited Discovery on January 16, 2020 (ECF No. 57), which was granted, in part, that same day.

On March 18, 2020, Defendants Weiss, et al, provided Plaintiffs with an address for Paloni in Scottsdale, AZ. Plaintiffs contacted a process server in Scottsdale on March 19, 2020 to effect service on Paloni at the Scottsdale address. The process server attempted personal service on Paloni at the address provided by Defendants Weiss, et al, on March 21, 2020, but was unsuccessful, stating in their notes: "Latest Status: 3/21/2020 11:21 am Attempted service at 9780 E Gold Dust Ave, Scottsdale, AZ 85258, aa woman approached the door and then disappeared when she saw me in an apparent avoidance. W, F, apx 40-50, 5'4", 135lbs, blonde hair. No visible cars or answer. Dog barking." (see Affidavit of Non-Service dated March 30, 2020, attached hereto as Exhibit 1). The process server again attempted personal service at the Scottsdale address on March 23, 2020, but was unsuccessful, stating in their notes: "Latest Status: 3/23/2020 10:18 am Attempted service at 9780 E Gold Dust Ave, Scottsdale, AZ 85258 No dog visible vehicles answer lights or movement." (see Ex. 1).

The process server notified Plaintiffs' Attorney on April 7, 2020 that, due to Covid-19, they were not able to offer surveillance or additional services related to service of process, but that they could mail to the U.S. Postal Service a Confirmation of Residency request for the address. Plaintiffs' Attorney asked that they make the request and the process server indicated that they mailed the request on April 8, 2020. On May 22, 2020, having not received anything back from the U.S.P.S., Plaintiffs' Attorney asked the process server to mail a second request to the U.S.P.S., which they sent that same day. As of the filing of this motion, Plaintiffs' Attorney has received nothing back from the U.S.P.S. confirming residency at the Scottsdale address that was provided by Defendants Weiss, et al. Nonetheless, based on Defendants Weiss, et al's representation,

2

Plaintiffs' Attorney sent, certified mail, the Summons, Complaint, Civil Cover Sheet, and Waiver of Service form to the address in Scottsdale, AZ on June 22, 2020. Plaintiffs' Attorney has confirmed that the envelope was delivered at that address on June 25, 2020 at 3:30 p.m. and was left with an individual at the residence. Plaintiffs' Attorney has received no response from Paloni.

## ARGUMENT

F.R.C.P. Rule 4 allows for service of process as follows: "Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Paloni's last known address, per Defendants' Weiss, et al, is 9780 E. Gold Dust Ave., Scottsdale, AZ 85258. Pursuant to F.R.C.P. 4, service of process may be made upon Paloni by following Colorado or Arizona state law for serving a summons. The Arizona Rules of Civil Procedure Rule 4.1(m) provides for Alternative or Substituted Service:

> If service by one of the means set forth in the preceding paragraphs of this Rule 4.1 proves impracticable, then service may be accomplished in such manner, other than by publication, as the court, upon motion and without notice, may direct. Whenever the court allows an alternate or substitute form of service pursuant to this subpart, reasonable efforts shall be undertaken by the party making service to assure that actual notice of the commencement of the action is provided to the person to be served and, in any event, the summons and the pleading to be served, as well as any order of the court authorizing an alternative method of service, shall be mailed to the last known business or residence address of the person to be served.

Because Plaintiffs have been unsuccessful in personally serving Paloni, despite significant effort, time, and expense, Plaintiffs move this Court to allow for alternative service of Paloni. Specifically, Plaintiffs request that service of process be accomplished by mailing, via certified mail, a copy of the Summons, Complaint, Civil Cover Sheet and Waiver of Service. With the

Summons, Civil Cover Sheet and Waiver of Service, Plaintiffs will include the order of this Court authorizing the alternative method of service, if Plaintiffs request is granted.

## CERTIFICATE OF CONFERRAL

Plaintiffs conferred with Defendants prior to filing this motion. Defendants Weiss, et al, oppose the relief requested herein. Defendants Huff and Leslie, et al, do not take a position on Plaintiffs' requested relief; however, they have indicated that they object to any extent Ms. Paloni's potential failure to respond to any allowed substituted service would affect or impact their defenses to the claims for relief.

**RESPECTFULLY** submitted on this 9th day of September, 2020.

> LAW OFFICES OF COURTENAY PATTERSON
> /s/ Courtenay Patterson
> Courtenay Patterson, Esq., CO Bar No. 49215
> Law Offices of Courtenay Patterson
> 1716 N. Main St., Suite A #331
> Longmont, CO 80501
> Email: courtenay.patterson@gmail.com
> Telephone: (925) 237-1187
>
> *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 9th day of September 2020, I electronically filed the foregoing Motion for Alternate Means of Service on Giovannia Paloni with the Clerk of Court using the CM/ECF service, which provided electronic service to the following:

Michael Hutchinson
Treece, Alfrey, Musat, P.C.
633 17th Street, Suite 2200
Denver, CO 80202
(303) 292-2700
hutch@tamlegal.com
*Attorney for Defendants Weiss, Weiss Law Group, and Leiner*

Joel Rothman
SRIP Law
21301 Powerline Rd., Suite 100
Boca Raton, FL 33433
(561) 404-4350
joel.rothman@sriplaw.com
*Attorney for Defendants Weiss, Weiss Law Group, and Leiner*

Franz Hardy, Esq.
Maral J. Shoaei, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
mshaoei@grsm.com
*Attorneys for Defendants Brett Huff, Richard Leslie, and Huff and Leslie, LLP*
Defendants

                                              /s/ Courtenay Patterson
                                              _____
                                              Law Offices of Courtenay Patterson
                                              1716 N. Main St., Suite A #331
                                              Longmont, CO 80501