IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00328-TMT

MICHAEL ABBONDANZA,
TAVIN FOODS, INC.

    Plaintiffs,

v.

JASON WEISS,
WEISS LAW GROUP, PC,
BRETT HUFF,
RICHARD LESLIE,
HUFF AND LESLIE, LLP,
PETER LEINER,
GIOVANIA PALONI,

    Defendants.

---

### RESPONSE TO MOTION FOR ALTERNATE MEANS OF SERVICE
### UPON DEFENDANT GIOVANIA PALONI

---

Defendants Brett Huff, Richard Leslie, and Huff & Leslie, LLP (collectively "Huff & Leslie"), through their attorneys, Franz Hardy and Stephanie Brizel of Gordon Rees Scully Mansukhani, LLP, submit this Response to the Motion for Alternate Means of Service Upon Defendant Giovania Paloni.

1.     This case arises out of an underlying Americans with Disabilities Act lawsuit. In the underlying lawsuit, Santiago Abreu claimed that Tavin Foods, Inc., a restaurant, had various architectural barriers on its premises in violation of the ADA. For a period of time, Huff & Leslie served as local counsel for Mr. Abreu. The parties reached a settlement and, thereafter, filed a stipulation for dismissal with prejudice.

2. Approximately two years later, plaintiffs filed this lawsuit asserting claims for: (1) violation of the Racketeer Influenced and Corrupt Practices Act ("RICO"); (2) "Conspiracy to Violate [RICO]"; (3) violation of the Colorado Organized Crime Control Act; (4) abuse of process; (5) civil conspiracy; and (6) fraud. Plaintiffs allege that Huff & Leslie, along with Mr. Abreu's Florida counsel (defendants Jason Weiss, Peter Leiner, and Weiss Law Group, P.C. – collectively "the Weiss defendants") and an expert witness, Giovania Paloni, formed a criminal enterprise to pursue fraudulent litigation based on a fictional individual and false allegations of injury. Huff & Leslie deny these allegations. The Weiss defendants have even produced an Affidavit of Mr. Abreu wherein he confirmed he visited plaintiffs' restaurant, experienced violations of the ADA, and requested his attorneys to file a lawsuit.

3. This case is not "at issue" as plaintiffs have not served Ms. Paloni to date. Plaintiffs recently filed a Motion for Alternate Means of Service requesting that this Court allow service of process by mail given prior attempts to serve her at an address in Arizona provided by the Weiss defendants. Huff & Leslie are unaware of the whereabouts of Ms. Paloni. As stated in the Motion for Alternate Means of Service, Huff & Leslie do not take a position on whether it is appropriate for Ms. Paloni to be served via substituted service in the manner requested by plaintiff. However, anticipating that she may not respond to any allowed substituted service, they would object to any extent her failure to respond could affect or impact their defenses to the claims for relief.

4. Generally, when an action is brought against several defendants who are alleged to be jointly liable, a court should not enter default judgment against a non-appearing defendant until the conclusion of the case. *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147-48 (10th Cir. 1985)

("when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted"); *Haines v. Fisher*, 82 F.3d 1503, 1511 (10th Cir. 1996); *General Steel Domestic Sales, LLC v. Chumley*, 306 F.R.D. 666 (D. Colo. 2014). "This result avoids inconsistent liability determinations among joint tortfeasors." *Hunt*, 770 F.2d at 147; *see also Gen. Steel Domestic Sales, LLC*, 306 F.R.D. at 669 ("it would be logically inconsistent to have a court issue one judgment in favor of the plaintiff on his joint fraud claim and another judgment against the plaintiff on the same joint claim"); Wright & Miller, 10A *Federal Practice and Procedure*, § 2690 (4th ed.) (This rule probably can be extended to situations in which joint liability is not at issue but several defendants have closely related defenses. When that is the case, entry of judgment also should await an adjudication of the liability of the non-defaulting defendants).

5. Based on the above, Huff & Leslie does not take position on the Motion for Alternate Means of Service, but do note an objection to any extent that Ms. Paloni's failure to respond to such alternative service could affect their defenses contrary to the above legal authority. This position was accurately stated in the conferral section of the Motion for Alternate Means of Service.

DATED this the 19th day of September, 2020.

Respectfully submitted,

*/s/ Franz Hardy*
Franz Hardy, Esq.
Stephanie S. Brizel, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
sbrizel@grsm.com

*Attorneys for Defendants Brett Huff,
Richard Leslie, and Huff and Leslie, LLP*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel of record on this the 19th day of September, 2020.

Courtenay Patterson, Esq.
LAW OFFICES OF COURTENAY PATTERSON
1716 N. Main Street, Suite A #331
Longmont, Colorado 80501
courtenay.patterson@gmail.com

Michael L. Hutchinson, Esq.
TREECE ALFREY MUSAT P.C.
633 17th Street, Suite 2200
Denver, Colorado 80202
hutch@tamlegal.com

Joel Rothman
SRIPLAW
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
joel.rothman@sriplaw.com

*/s/ Franz Hardy*
Franz Hardy, Esq.
Stephanie S. Brizel, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
sbrizel@grsm.com
*Attorneys for Defendants Brett Huff,*
*Richard Leslie, and Huff and Leslie, LLP*