UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case 1:19-cv-00328-RPM

MICHAEL ABBONDANZA and
TAVIN FOODS, INC.

    Plaintiffs,

v

JASON WEISS,
WEISS LAW GROUP, PC,
BRETT HUFF,
RICHARD LESLIE,
HUFF AND LESLIE, LLP,
PETER LEINER,
GIOVANIA PALONI,

    Defendants.
_____/

## DEFENDANTS, WEISS LAW GROUP, P.A., JASON WEISS AND PETER LEINER'S, RESPONSE TO PLAINTIFFS' MOTION FOR ALTERNATE MEANS OF SERVICE UPON DEFENDANT GIOVANNIA PALONI [DKT 60]

Defendants Weiss Law Group, P.A., Jason Weiss and Peter Leiner ("Defendants"), by and through undersigned counsel, hereby file their Response to Plaintiffs, Michael Abbondanza ("Abbondanza") and Tavin Foods, Inc.'s ("Tavin") (collectively "Plaintiffs"), Motion for Alternate Means of Service upon Defendant Giovannia Paloni [Dkt. 60] ("Motion") and state as follows:

    1.    This case is 19 months old.

    2.    Plaintiffs have yet to effectuate service of process over Giovannia Paloni ("Paloni"). More than 500 days have passed.

    3.    Plaintiffs and their counsel would like to have this Court believe that they have been diligent in their efforts, but they have not. To the contrary, there are huge gaps of time where

no attempts were made and during which Plaintiffs took no action, sitting idly by, until the Court required them to do something. Additionally, Plaintiffs and their counsel have been granted significant leeway by the Court, as set forth in Plaintiffs' own Motion [Dkt. 60], and Defendants were ordered to cooperate and assist (and did so based on Court Orders) [Dkt. 57].

4. While Plaintiffs' Motion [Dkt. 60] provides some of the efforts Plaintiffs have undertaken to obtain service over Paloni, the Motion falls woefully short of explaining why there are so many stretches of time where Plaintiffs have done nothing to move this matter forward in any reasonable manner whatsoever. Such a complete lack of diligence requires not only admonishment by this Court, but should likewise result in dismissal of this action. It is anticipated that COVID-19 will be relied upon by Plaintiffs in trying to explain away their lack of diligence, but they had more than full year prior to COVID-19 to effectuate service and Plaintiffs have really done nothing since the restrictions and regulations relating to COVID-19 have been relaxed. The Court should not accept Plaintiffs' claim that COVID-19 was their disability in being able to serve Paloni.

5. Weiss Defendants incorporate and join in Huff & Leslie's Response filed September 18, 2020 [Dkt. 62], but need to add additional, relevant information that will be helpful to the Court to know.

6. Plaintiffs are moving for alternative service under Rule 4.1(m) of the Arizona Rules of Civil Procedure for Alternative or Substituted Service.[1] However, Rule 4.1(m) is for Service by Publication on an Unknown Heir in a Real Property Action. That is not appropriate in the case at hand. Plaintiffs cannot serve via alternative or substituted service under Rule 4.1(m).

---

[1] Arizona law was probably chosen by Plaintiffs because Colorado only allows for service via alternative means for actions affecting specific property or status or other proceedings in rem.

7. Also, Plaintiffs have used certain creative liberties in misquoting the pleadings and happenings of this case. Nowhere in the responses to the Court Ordered discovery did Defendants state that the Arizona address was the last known address for Paloni, or "the address" for Paloni, but rather, in compliance with the Order from this Court, gave Plaintiffs all addresses Weiss Defendants were aware of. Plaintiffs have all of the same contact information Weiss Defendants have for Paloni, if not more. How Plaintiffs concluded, without any explanation, that the Arizona address is Paloni's alleged last known address needs to be explained and addressed, especially if they are going to try to serve via US Mail.

8. Similarly, Plaintiffs do not provide any efforts that have been made for service of process after March 28, 2020. From March 28, 2020 through the date of the Motion, Plaintiffs admit that no efforts have been taken or made by Plaintiffs or their counsel. This Motion is once again Plaintiffs attempt to not have to follow the rules of this Court and the Federal Rules of Civil Procedure.

9. Based on how Plaintiffs' Motion is written, Plaintiffs seem to gloss over the importance of Proper Service of parties. Merely sending a certified letter to an address in Arizona cannot be deemed proper service. Plaintiffs do not state with certainty that this is Paloni's last known address. What if this certified mail is not signed for, then how long do Defendants need to continue to wait for this case to be dismissed? This case has been going on 19 months already and has caused significant damage to Weiss and Weiss Defendants. If a certified letter is actually signed for, how can it be verified that the appropriate person signed for it? What if Paloni does not answer? She is then defaulted and all things as to her are admitted? That significantly prejudices all of the other defendants in the case. Defendants have cooperated with the Court fully

and have provided the discovery as the Court Ordered. Defendants are the ones who will be forced to suffer because Plaintiffs cannot get service.

10. Plaintiffs' counsel already informed the Court that on June 25, 2020 at 3:30 pm an envelope was delivered to an individual at the Arizona address provided by Defendants. Who was this individual? How does Plaintiffs' counsel know this? Has Plaintiffs' counsel been contacted by anyone? The last time Plaintiffs' counsel, Ms. Patterson, made a representation to Jason Weiss ("Weiss") as an officer of the court, Weiss accepted Patterson's representation as true and it has since been thrown back in Weiss' face that he did not demand to see more proof (photographs of the Premises after they were fixed), which eventually lead to Patterson filing this improper, meritless and baseless lawsuit. Why should Ms. Patterson's representations be good now when she has told the Court that her word should not be taken without demanding proof of her.

11. Plaintiffs' and their counsel are relying on everyone, except themselves, to do their own work. Plaintiffs and their counsel cannot seem to come up with their own service addresses, so Defendants had to provide addresses they had or could find. Now Plaintiffs cannot get service and Defendants all need to sit by and wait and allow for service to be done via mail, which can have a very detrimental effect to Defendants if Paloni does not respond. Plus the address where service is being attempted has not been confirmed by anyone as Paloni's last known address. Ms. Patterson has not tried to confirm this information on her own and instead is relying on her process server sending letters to the United States Postal Office on April 8, 2020 and May 22, 2020.

12. In addition to all of the above, all of the purported service efforts are for nothing as it does not appear that Plaintiffs have even had a summons issued for any party, but certainly not for Paloni.

WHEREFORE, Defendants respectfully request that the Court enter an Order Denying Plaintiffs' Motion for Alternate Means of Service upon Defendant Giovannia Paloni [Dkt. 60].

DATED: September 21, 2020       Respectfully submitted,

>  */s/  Joel b. Rothman*
>  JOEL B. ROTHMAN
>  joel.rothman@sriplaw.com
>
>  **SRIPLAW**
>  21301 Powerline Road, Suite 100
>  Boca Raton, FL  33433
>  561.404.4350 – Telephone
>  561.404.4353 – Facsimile
>  *Attorneys for Weiss Law Group, P.A., Peter Leiner, and Jason S. Weiss*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on September 21, 2020, a true and correct copy of the foregoing document was sent via electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

>  */s/  Joel b. Rothman*
>  JOEL B. ROTHMAN

## SERVICE LIST

Franz Hardy, Esq.
Larissa Kirkland, Esq.
Gordon Rees Scully Mansukhani, LLP
555 17th Street, Suite 3400
Denver, CO 80202
fhardy@grsm.com
lkirkland@grsm.com

Michael L. Hutchinson
TREECE ALFREY MUSAT P.C.
633 17th Street, Suite 2200
Denver, CO  80202
hutch@tamlegal.com

Courtenay Patterson, Esq.
Law Offices of Courtenay Patterson
1716 N. Main St., Suite A #331
Longmont, CO 80501
courtenay.patterson@gmail.com