UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00328-TMT

MICHAEL ABBONDANZA; and
TAVIN FOODS, INC.,

Plaintiffs,

v.

JASON WEISS;
WEISS LAW GROUP, PC;
BRETT HUFF;
RICHARD LESLIE;
HUFF AND LESLIE, LLP;
PETER LEINER; and
GIOVANIA PALONI,

Defendants.

---

**ORDER**

---

Before the court is "Defendants' Motion to Take Judicial Notice" and "Defendants' Motion for Judgment on the Pleadings" under Federal Rule of Civil Procedure 12(c), filed by Peter Leiner, Jason Weiss, Weiss Law Group, and Giovania Paloni. (Docs. Nos. 49, 50.) Defendants Brett Huff, Richard Leslie, Huff and Leslie LLP have joined in the motion for judgment on the pleadings. (Doc. 51.) Having considered the motion and related briefing, the court GRANTS the motion to take notice in part and DENIES the motion in part. The court can and does take judicial notice of exhibits that

establish the filing of documents, but not any proposed facts based on the truth of the content in those documents. The court DENIES the motion for judgment on the pleadings. The court concludes Plaintiffs Michael Abbondanza and Tavin Foods, Inc., have adequately pleaded the Defendants' actions proximately caused their injuries.

## I. Background

Plaintiffs initiated this lawsuit against Defendants on February 7, 2019. (Doc. 1.) The complaint arises from a 2016 suit in which Defendants served as counsel and expert witness for Santiago Abreu against Plaintiffs' restaurant—Riverbend Market and Eatery—located in Bailey, Colorado. Am. Comp. at ¶ 22 (Doc. 8.) In the 2016 suit, Defendants claimed Abreu, a handicapped client, had suffered on account of violations of the Americans with Disabilities Act (ADA) at Plaintiffs' restaurant. *Id.* at ¶ 21. In the complaint, Defendants sought remediation of 14 alleged violations. *Id.* at ¶ 24. They later requested $15,000 from Plaintiffs to make the lawsuit go away. *Id.* at ¶ 29.

Eventually, Defendants settled with Plaintiffs after Abbondanza fixed four ADA violations identified by his own expert. *Id.* at ¶ 39. Plaintiffs did not pay Defendants any money under the settlement and the case was dismissed. *Id.* The prior case was one of 70 similar lawsuits Weiss and Leiner brought in Colorado against various restaurants, all with Abreu as the complainant. *Id.* at ¶ 18–20. Huff and Leslie joined Weiss and Leiner as counsel for Abreu in at least 29 of these cases. *Id.* at ¶ 10. Paloni served as the expert witness in the Bailey case. *Id.* at ¶ 12.

In the present suit, Plaintiffs claim that Defendants fabricated these earlier cases. *Id.* at ¶ 17. Plaintiffs allege that Mr. Abreu either does not exist or, even if he does, that he never visited Plaintiffs' restaurant or others that were sued. *Id.* at ¶ 45, 48. Plaintiffs further allege that these fabrications were perpetrated through mail and wire fraud and that those crimes constitute predicate crimes under 18 U.S.C. § 1962(c), the Racketeer Influenced and Corrupt Organizations Act (RICO). *Id.* at ¶¶ 69–97. Ultimately, Plaintiffs claim Defendants' RICO violations caused them injury, specifically the costs of hiring attorneys, investigators, experts, and contractors. *Id.* at ¶ 103.

Before Judge Kane, the previous judge assigned to this case, Defendants collectively filed two motions to dismiss under Rule 12(b)(6). (Docs. 14–15.) Between their motions to dismiss, Defendants collectively raised seven arguments about why dismissal was warranted: (1) Plaintiff failed to allege a predicate RICO violation because the underlying act claimed was abusive litigation; (2) Plaintiff failed to state a distinct enterprise under RICO; (3) Plaintiff failed to set forth plausible claims on which relief could be granted; (4) the alleged RICO violations were protected under the litigation privilege; (5) the alleged RICO violations were protected under the First Amendment; (6) Plaintiff is precluded from bringing the present claims under claim preclusion; and (7) Plaintiff lacks standing because he was the not the named party in the previous suit. (Doc. 41.) Judge Kane rejected each of these arguments and denied the motions to dismiss. *Id.*

On December 19, 2019, Defendants filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), (Doc. 49), and a motion to take judicial notice, (Doc. 50).

## II. Analysis

### *A. Motion to Take Notice*

Defendants have moved the court to take judicial notice of a number of documents stemming from the prior litigation in this case and documents from a prior lawsuit brought by Abbondanza against his former business partner. In particular, Defendants seek judicial notice of:

- (1) The filing of the prior case, *Santiago Abreu v. Tavin Foods, Inc.*, 1:16-cv-00432-MEH;
- (2) Allegations in the complaint that the ADA barriers were observed at Plaintiffs' restaurant on July 14, 2015;
- (3) Allegations about what ADA barriers were observed;
- (4) The complaint seeking only injunctive relief and attorney's fees and costs;
- (5) The parties' stipulation to the same;
- (6) The parties' stipulation that Santiago Abreu is a resident of Florida;
- (7) The filing of the plaintiff's expert disclosures in the prior case;
- (8) The disclosure of Mark Douglass as the expert for Abbondanza;

- (9) An attached "Site Accessibility Evaluation" written by Douglass;
- (10) The ADA violations noted in Douglass's evaluation;
- (11) The filing of a joint stipulation of dismissal for the previous case;
- (12) The court's order of dismissal from the previous case;
- (13) The filing of a complaint by Abbondanza against a co-owner of Tavin Foods, David Schaefer, in state court, case number 2017CV30020;
- (14) Allegations in the complaint that Tavin Foods closed because of Schaefer's actions;
- (15) Specific allegations about how Schaeffer's conduct caused Tavin Foods to close;
- (16) Further general allegations that Schaeffer's conduct brought about Tavin Foods' closure;
- (17) Statements in a motion to amend the complaint, including an allegation that the restaurant failed because Schaefer was having an extra-marital affair with an employee.

In their response, Plaintiffs stipulate that it did not oppose this court taking judicial notice of proposed facts 1, 7, 8, 9, 11, 12, and 13. (Doc. 52.) Plaintiffs stipulate to those facts to the extent that the fact to be noticed is that the documents were filed on particular dates, but not to the truth of the contents of those documents. They object to the court taking judicial notice of the remaining proposed facts to the extent that Defendants ask

this court to take judicial notice of the truth of the allegations or stipulations, not merely the fact that the allegations or stipulations were made.

Courts can judicially notice a fact that is not subject to reasonable dispute if it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.* at 201(c). Judicial notice of a fact can be taken at any stage of a case, including as part of a motion for judgment on the pleadings. *Id.* at 201(d). The practical effect of taking judicial notice of a fact is to preclude a party from introducing contrary evidence "in effect, directing a verdict against him as to the fact noticed." *United States v. Boyd*, 289 F.3d 1254, 1258 (10th Cir. 2002) (internal quotation marks omitted).

Courts can take judicial notice of matters of public record. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006). But when a court takes judicial notice of such documents, the documents may only be considered to show their contents, not to prove the truth of matters asserted in the documents. *Id.*

Defendants argue that the contents of the documents at issue here should be considered for their truth because they were judicial admissions. Judicial admissions are "formal, deliberate declarations which a party or his attorney makes in a judicial proceeding for the purpose of dispensing with proof of formal matters or of facts about

which there is no real dispute." *Asarco, LLC v. Noranda Mining, Inc.*, 844 F.3d 1201, 1212 n.3 (10th Cir. 2017) (quoting *United States Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 833 n.4 (10th Cir. 2005)). But the Tenth Circuit has made clear that judicial admissions are only binding for the entirety of the case in which they were made. *Asarco, LLC*, 844 F.3d at 1212 n.3. As to other cases, they are ordinary evidentiary submissions that can be controverted or explained by a party. *Id.*

Even if this court treats the proposed facts as judicial admissions, this does not change the outcome. Defendants insist that Plaintiffs have not controverted or explained the facts they ask this court to judicially notice. Thus, they argue, this court should take judicial notice of the proposed facts. But simply because Plaintiffs did not go through and controvert or explain each fact in their response to Defendants' motion does not mean they have agreed to each fact. Plaintiffs, through their amended complaint, did controvert or explain the proposed facts they object to being judicially noticed. Throughout their complaint, Plaintiffs have alleged the following: (1) that no one observed the ADA violations on the day in question; (2) there were only four ADA violations; (3) Defendants sought money to end the lawsuit; and (4) Defendants' actions were the cause of Tavin Foods' closure. Regardless of whether the prior statements *were* judicial admissions in previous cases, this court cannot take judicial notice of them *now*.

This court accordingly GRANTS the motion to take judicial notice as to proposed facts 1, 7, 8, 9, 11, 12, and 13 and DENIES the motion as to proposed facts 2, 3, 4, 5, 6,

10, 14, 15, 16, and 17 to the extent it is asked to take notice of them for the truth of the contents of the documents.

### *B. Judgment on the Pleadings*

#### *1. Standard of Review*

Courts review a Rule 12(c) motion for judgment on the pleadings under the same standard as a motion under Rule 12(b)(6). *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003). So, a court must determine whether a plaintiff has stated enough facts in the pleadings to raise a plausible claim for relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). As in assessing both a Rule 12(b)(6) motion and a Rule 12(c) motion, the court should accept the factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Ward*, 321 F.3d at 1266. The court also will consider any facts which have been judicially noticed. The motion should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.

#### *2. Causation in a RICO Claim*

In their Rule 12(c) motion, Defendants contend that Plaintiffs fail to state a claim for relief because they have not adequately alleged standing under RICO. What Defendants call standing is just a statutory requirement that the plaintiff plead a causal connection between the alleged RICO violations and his injury. *See Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 887, 890 (10th Cir. 2017).

RICO, as codified at 18 U.S.C. § 1964(c), has particular requirements for a plaintiff to bring and maintain a civil cause of action against alleged violators: "any person *injured in his business or property by reason of a violation of section 1962* of this chapter may sue therefor in any appropriate United States district court . . . ." (emphasis added). To maintain a cause of action under § 1964(c) a plaintiff must plead "(1) that the defendant violated § 1962; (2) that the plaintiff's business or property was injured; and (3) that the defendant's violation is the cause of that injury." *Safe Streets All.*, 859 F.3d at 881. To satisfy element (3), the causation element, the plaintiff must allege more than just a "but for" causal relationship between the alleged RICO violation and his injury. *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 265–66 (1992). Rather, the plaintiff must plead facts that, if proved, establish proximate cause. *Id.* at 268.

There are no precise requirements for a court to find proximate cause. Instead, it is a flexible concept that is used to limit a person's responsibility for the consequences of his actions. *Safe Streets All.*, 859 F.3d at 889. At bare minimum, it requires "some direct relation between the injury asserted and the injurious conduct alleged." *Id.* (internal quotation marks omitted). The plaintiff has the burden of "establishing a causal connection between [the defendant's] activities and some injury to [his] business or property." *Gillmor v. Thomas*, 490 F.3d 791, 797 n.4 (10th Cir. 2007).

The Supreme Court has identified two situations where it may be particularly difficult for a plaintiff to adequately plead causation under RICO. First, where the

connection between the alleged RICO violation and the claimed injury is too attenuated. *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 458 (2006) (the plaintiff had not adequately alleged proximate cause when the RICO violation was perpetrated on a third-party, not the plaintiff). Second, where the claimed injury could have been caused by factors other than the alleged RICO violation. *See id.* at 459 ("Businesses lose and gain customers for many reasons, and it would require a complex assessment to establish what portion of [the plaintiff's] lost sales were the product of [the defendants'] RICO violations."). In both situations, the Court has expressed a concern about "the difficulty that can arise when a court attempts to ascertain the damages caused by some remote action." *Id.* at 458.

### ***3. Plaintiffs' Allegations of Causation***

Here, Defendants argue that, even accepting all of Plaintiffs' allegations as true, they have not adequately pleaded causation under RICO. Instead, Defendants insist that Plaintiffs' injuries resulted from Plaintiffs' own ADA violations. So, according to Defendants, Plaintiffs would eventually have had to incur all the costs they claim as damages because the restaurant actually had ADA violations.[1]

---

[1] In addition to their causation argument, Defendants' spend most of their reply brief attempting to re-litigate issues already decided in Judge Kane's previous order on Defendants' prior motions to dismiss. Their arguments about the implications of allowing mail fraud and wire fraud associated with litigation to serve as predicates for a RICO claim were considered and rejected by Judge Kane. The supplemental authority filed with the court addresses the same issue. (Doc. 64-1.) There is only one issue before the court now: whether Plaintiffs have plausibly alleged that Defendants' actions

(continued...)

At this stage, Plaintiffs do not need to establish that every injury they experienced was caused by the alleged RICO violation. Instead, they just need to plausibly plead that Defendants' actions proximately caused their injuries.

In the amended complaint, Plaintiffs alleged that Defendants committed RICO predicate acts: mail fraud and wire fraud. The alleged mail fraud primarily consisted of the mailing of documents containing falsified information. The alleged wire fraud primarily consisted of transmitting the falsified documents to the courts and electronic communications between the parties. Plaintiffs then alleged that these RICO violations caused injuries "which include[d], but [were] not limited to, financial losses and damages." Am. Comp. at ¶ 103 (including the cost of hiring an investigative service, an expert, and legal counsel).

Taking Plaintiffs allegations as true, they have sufficiently alleged an injury caused by Defendants' actions.

First, the connection between Defendants' actions and Plaintiffs' injuries is not attenuated. Defendants alleged fifteen violations of the ADA and sued Plaintiffs for these alleged violations. The alleged mail fraud and wire fraud were perpetrated directly on Plaintiffs, not some third party. In response, Plaintiffs hired an attorney to defend against the claims, hired an expert to assess the alleged ADA violations, and then fixed the violations.

---

[1](...continued)
proximately caused some of Plaintiffs' injuries.

Second, even though Plaintiffs' pre-existing ADA violations may have contributed to Plaintiffs' injuries, discerning the causal connection between the injuries and Defendants actions is not difficult. To be sure, Plaintiffs would eventually have incurred some costs regardless of the Defendants' alleged RICO violations. Plaintiffs' restaurant had several ADA violations requiring attention. But Plaintiffs have alleged clear and quantifiable costs beyond the remediation, *i.e.*, hiring an expert to determine the validity of the fifteen alleged ADA violations and hiring an attorney for the prior litigation. Finding a causal connection here is not so difficult as to conclude that Plaintiffs failed to adequately plead causation.

To grant Defendants' motion for judgment on the pleadings here would be tantamount to saying that any uncertainty about the extent of damages the defendant caused the plaintiff in a RICO case, bars the plaintiff's suit. This cannot be right. Plaintiffs have pleaded allegations that, if true, establish proximate cause between Defendants' actions and Plaintiffs' injuries. It is plausible that Plaintiffs incurred costs due to Defendants' actions that they could have avoided otherwise.

## III. Conclusion

For the foregoing reasons, the court GRANTS in part and DENIES in part Defendants' motion to take judicial notice. The court DENIES Defendants' Rule 12(c) motion for judgment on the pleadings.

DATED: October 27, 2020

BY THE COURT:

*s/ Timothy M. Tymkovich*
Hon. Timothy M. Tymkovich