UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00328-TMT

MICHAEL ABBONDANZA; and
TAVIN FOODS, INC.,

    Plaintiffs,

v.

JASON WEISS;
WEISS LAW GROUP, PC;
BRETT HUFF;
RICHARD LESLIE;
HUFF AND LESLIE, LLP;
PETER LEINER; and
GIOVANIA PALONI,

    Defendants.

**ORDER**

Before the court is "Plaintiffs' Motion for Alternative Means of Service upon Defendant Giovania Paloni." (Doc. 60). Having considered the motion and related briefing, the court GRANTS the motion because Plaintiffs have already made extensive efforts to serve Paloni and the proposed method is reasonably calculated to notify her of the current lawsuit.

## I. Background

Plaintiffs initiated this lawsuit against Defendants, including Paloni, on February 7, 2019. (Doc. 1.) Plaintiffs claim Defendants fabricated a lawsuit against them by filing a complaint alleging numerous ADA violations at Plaintiffs' restaurant. Am. Comp. at ¶ 17 (Doc. 8.) According to Plaintiffs, this case was one of many similarly fabricated cases brought against Colorado restaurants. *Id.* at ¶ 18–20. Plaintiffs allege that Defendants committed mail and wire fraud during the prior litigation and that those crimes constitute predicate crimes under 18 U.S.C. § 1962(c), the Racketeer Influenced and Corrupt Organizations Act (RICO). *Id.* at ¶¶ 69–97. These alleged RICO violations forced Plaintiffs to incur a number of expenses. *Id.* at ¶ 103. Paloni, the owner and founder of Complete ADA Compliance, served as an expert witness for the individuals claiming violations of the ADA. *Id.* at ¶ 12.

Since this case began in February of 2019, Plaintiffs have made numerous efforts to serve Paloni pursuant to Federal Rule of Civil Procedure 4 to no avail. Listed below are the efforts to either serve Paloni, to ask her to waive service, or to obtain information about Paloni's whereabouts:

- On February 17, 2019, Plaintiffs emailed Paloni asking if she would waive service (Doc. 37-3);

- An undated attempt by Plaintiffs to contact Paloni through her website "Complete ADA Compliance" asking her to waive service (Doc. 37);

- On February 28, 2019, Plaintiffs sent certified mail to an address discovered through a public records search (Doc. 37-6);

- On March 12, 2019, Plaintiffs sent certified mail to an address listed on Paloni's expert report (Doc. 37-4);

- On March 22, 2019, Plaintiffs sent certified mail to the address listed on the Florida Secretary of State's website for Paloni's business (Doc. 37-7);

- On April 4, 2019, a process server attempted personal service at three addresses (Doc. 37);

- On April 10–11, 2019, a process server attempted personal service at three other addresses identified as connected to Paloni through a "skip trace" (Doc. 37-9);

- On April 15, 2019, a process server attempted personal service at the address listed on Paloni's driver's licence (Doc. 37-10);

- On April 19, 2019, a process server attempted to contact Paloni through different phone numbers discovered through the skip trace and through her business's website (Doc. 37-11);

- On April 19, 2019, a process server also submitted a Freedom of Information Act request to the U.S. Postal Service on the addresses at which service had been attempted (Doc. 37-11);

- On October 3, 2019, Plaintiffs moved for limited expedited discovery regarding Paloni's whereabouts (Doc. 38);

- On December 28, 2019, Plaintiffs emailed Paloni using an email address provided by Defendants on December 1, 2019 (Docs. 57-3, 57-4);

- On January 16, 2020, Plaintiffs moved for additional expedited limited discovery regarding Paloni's whereabouts (Doc. 57);

- On March 21, 2020, a process server attempted personal service at an address in Scottsdale, Arizona that Defendants provided for Paloni on March 18, 2020 (Doc. 60-1);

- On March 23, 2020, a process server attempted personal service at the Scottsdale address (Doc. 60-1);

- On March 24, 2020, a process server attempted personal service at the Scottsdale address (Doc. 60-1);

- On March 28, 2020, a process server attempted personal service at the Scottsdale address (Doc. 60-1);

- On April 8, 2020, a process server mailed a request to the U.S. Postal Service to confirm Paloni's residency (Doc. 60);

- June 22, 2020, Plaintiffs sent the summons and complaint by certified mail to the Scottsdale address (Doc. 60).

Plaintiffs have attempted to either serve Paloni or to ask her to waive service on nineteen occasions covering nine addresses, two email addresses, and her business's website. Paloni has not responded to any of these attempts. The Scottsdale address is the only known address of Paloni's at which a process server has observed an inhabitant.

Plaintiffs now move this court to allow alternative means of service under Arizona Rule of Civil Procedure 4(k). Specifically, Plaintiffs ask the court to authorize service by certified mail to 9780 E. Gold Dust Ave., Scottsdale, Arizona 85258.

## II. Analysis

The rules for serving a defendant are governed by the Federal Rules of Civil Procedure.[1] Under the rules, a plaintiff may serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

---

[1] Federal Rule of Civil Procedure 4(m) also requires service of process to occur within ninety days of an action commencing. But the rule also gives this court discretion to extend the time in which service of process may occur. *See Espinoza v. United States*, 52 F.3d 838, 840–41 (10th Cir. 1995). Based upon the extensive efforts made to serve Paloni, the transfer of this case between several judges, and the current pandemic, the court extends the time for service of process thirty days from the date of this order.

Arizona, where Plaintiffs are attempting to serve Paloni, allows a plaintiff to use alternative means of service in certain circumstances. *See* Daniel McAuliffe and Shirley McAuliffe, Arizona Practice Series: Civil Trial Practice § 12.7 (2d ed.) (Nov. 2019 update). Upon application by the plaintiff, a court can approve alternative means under three conditions: (1) other means of service identified are "impracticable"; (2) the serving party makes "a reasonable effort" to provide the person being served with actual notice of the action's commencement; and (3) the serving party mails the summons, the pleading, and the court order authorizing alternative means of service to the last-known business or residential address of the person being served. Ariz. Rev. Stat. Ann. § 4(k).[2] The approved means of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Blair v. Burgener*, 245 P.3d 898, 904 (Ariz. Ct. App. 2010).

The Arizona Court of Appeals has defined impracticability. To be impracticable, service of process need not be impossible. *See id.* at 903. Rather, impracticability means service is "extremely difficult or inconvenient." *Id.* at 903–04 (internal quotation marks

---

[2] In their response to Plaintiffs' motion, Defendants Weiss and Leiner note that Plaintiffs failed to identify a section of Arizona's Revised Statutes dealing with alternative service. In their motion, Plaintiffs identified § 4(m) as the statutory provision dealing with alternative means of service. Section 4(m) was the appropriate section in a previous version of the statute. Now, this court evaluates Plaintiffs' request based on the updated Revised Statutes, where alternative service is addressed at § 4(k).

omitted). In *Blair*, the Arizona Court of Appeals said that attempts to serve a defendant across five separate days were sufficient to establish impracticability. *Id.* at 904.

The second requirement—that "reasonable effort" be made to give the served party notice—and the third requirement—that the summons, pleading, and order be mailed to the served party's last-known address—ensure the defendant's due process rights have been satisfied. *Id.* at 904–5. In evaluating compliance under other service of process rules, the Arizona Court of Appeals has said that certified mailing to a current address can be reasonably calculated to provide notice. *See Barlage v. Valentine*, 110 P.3d 371, 377 (Ariz. Ct. App. 2005) (certified mailing of service of process to out-of-state defendant accords with due process). The Tenth Circuit has come to the same conclusion. *See Nikwei v. Ross School of Aviation, Inc.*, 822 F.2d 939, 944 (10th Cir. 1987) ("It is well settled that, as to notice, due process does not require exact certainty . . . . [T]he sending by mail of a certified copy of a summons and complaint is reasonably calculated to apprise the defendant of a pending action, thereby satisfying the requirements of due process.").

Plaintiffs have established impracticability. In their response, Defendants Weiss and Leiner claim that Plaintiffs have not been diligent in their efforts to serve Paloni and that the current pandemic is simply a convenient excuse for Plaintiffs' failures. The record does not bear this out. Plaintiffs have made numerous efforts to serve Paloni

across various states, attempting to contact her through email, her website, mail, and personal service. All to no avail. Furthermore, the case has been transferred between several judges and has taken place during an unprecedented pandemic. Given the circumstances, it has proved impracticable to serve Paloni in the typical fashion.

And Plaintiffs' proposed method of service—certified mail to 9780 E. Gold Dust Ave., Scottsdale, Arizona 85258—satisfies the requirements of due process. Up to this point, all other known addresses associated with Paloni have been abandoned. Based on the process server's observations in March, the Scottsdale address is inhabited. Certified mail to this address, identified as Paloni's by the Defendants, is reasonably calculated to put her on notice of Plaintiffs' claims.

## III.  Conclusion

Given Plaintiffs' extensive efforts to serve Paloni, the court GRANTS the motion. Pursuant to Rule 4(m), the court extends the time for service of process thirty days from the date of this order. If service has not been effected within thirty days, Plaintiffs will submit a status report updating the court.

DATED: October 27, 2020                     BY THE COURT:

                                            *s/ Timothy M. Tymkovich*
                                            Hon. Timothy M. Tymkovich