IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00328-TMT-MEH

MICHAEL ABBONDANZA,
TAVIN FOODS, INC.
      Plaintiff(s),

v.

JASON WEISS,
PETER LEINER,
WEISS LAW GROUP, PA,
BRETT HUFF,
RICHARD LESLIE,
HUFF AND LESLIE LLP,
GIOVANNIA PALONI

      Defendant(s).

---

## SCHEDULING ORDER

---

### 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference was held on January 5, 2021.

Plaintiffs Michael Abbondanza and Tavin Foods, Inc. were represented by Courtenay Patterson of Law Offices of Courtenay Patterson, LLC, 1716 N. Main St., Suite A #331, Longmont, CO 80501, phone: (925) 237-1187; email: courtenay.patterson@gmail.com.

1

Defendants Jason Weiss, Weiss Law Group, PA, and Peter Leiner were represented by Joel Benjamin Rothman of SRIPLAW, P.A., 21301 Powerline Road, Suite 100, Boca Raton, Florida 33433; 561-404-4335; joel.rothman@sriplaw.com..

Defendants Brett Huff, Richard Leslie, and Huff and Leslie, LLP were represented by Franz Hardy and Stephanie Brizel, Gordon Rees Scully Mansukhani, LLP, 555 Seventeenth Street, Suite 3400, Denver, Colorado 80202, (303) 534-5160; fhardy@grsm.com; sbrizel@grsm.com .

Defendant Giovannia Paloni was not present for the conference and has not been served as of the filing of this Proposed Scheduling Order.  Plaintiffs filed a Status Report with the Court on December 2, 2020 regarding their attempted service by mail of Defendant Paloni.

## 2.  STATEMENT OF JURISDICTION

Plaintiffs contend that the Court has original subject matter jurisdiction over the claims alleged in the Complaint, pursuant to 28 U.S.C. §§ 1331 and has supplemental jurisdiction over the state law claims alleged in the Complaint as the claims are so related to the claims for which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United states Constitution, pursuant to 28 U.S.C. § 1367.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

1.      Plaintiffs:  Plaintiffs own Riverbend Eatery in Bailey, Colorado.  Plaintiff Tavin Foods, Inc. was sued in case number 1:16-cv-00432-MEH for alleged violations of Title III of the ADA.  Plaintiffs allege that in the underlying lawsuit, Defendants formed a

criminal enterprise by using the ADA to institute lawsuits based on fictional plaintiffs, false allegations of injury, and false allegations of standing to collect quick settlements from Colorado businesses and citizens.  Defendants' actions are in violation of the Racketeer Influenced and Corrupt Practices Act, 18 U.S.C. § 1962 (c) and (d) and Conspiracy to violate Racketeer Influenced and Corrupt Practices Act.  Their actions involved racketeering activities relating to mail and wire fraud. Defendants actions are further in violation of the Colorado Organized Crime Control Act (C.R.S. 18-17-101 et seq), as well as Abuse of Process, Civil Conspiracy, and Fraud.

2.      Defendants Jason Weiss, Weiss Law Group, PA, and Peter Leiner (the "Weiss Defendants"): The Weiss Defendants represented Santiago Abreu in an Americans with Disabilities Act lawsuit alleging that Tavin Foods, Inc. maintained architectural barriers in violation of the ADA. In the underlying suit, Tavin acknowledged several violations of the ADA and agreed to correct them. The parties reached a settlement and, thereafter, filed a stipulation for dismissal with prejudice. The present case alleging RICO against the Weiss Defendants lacks merit. Plaintiffs lack standing and suffered no injury. No RICO conspiracy existed. No unlawful conduct in violation of 18 U.S.C. § 1962(a), (b), (c), or (d) was committed. No pattern of racketeering activity cognizable under RICO occurred. No predicate acts were committed by defendants. No predicate offenses were committed by defendants. No predicate acts forming a pattern of racketeering activity were committed by defendants. The defendants had no common plan. There was no RICO enterprise. There was no pattern of racketeering activity.

3

3.      Defendants Brett Huff, Richard Leslie, and Huff & Leslie, LLP (collectively "Huff & Leslie"): This case arises out of an underlying Americans with Disabilities Act lawsuit.  In the underlying lawsuit, Santiago Abreu claimed that he encountered various architectural barriers in violation of the ADA while visiting the premises of Tavin Foods, Inc., a restaurant.  For a period of time, Huff & Leslie served as local counsel for Mr. Abreu in the underlying lawsuit.  While Tavin Foods initially denied any ADA violations, it acknowledged several violations after it retained an expert witness and agreed to correct them.  The parties reached a settlement and, thereafter, filed a stipulation for dismissal with prejudice.

Despite this, nearly two years after the underlying lawsuit concluded, plaintiffs filed this action.  Plaintiffs allege that Huff & Leslie, along with Mr. Abreu's Florida counsel and expert witness, somehow formed a criminal enterprise to pursue fraudulent litigation and perverted the purpose of the ADA based on fictional individuals and false allegations of injury.  Huff & Leslie deny these allegations or that it engaged in any wrongful conduct.  Instead, it served as local counsel for a period of time and properly relied upon information provided for purposes of the legal representation.  Importantly, plaintiffs' own expert witness acknowledged violations of the ADA.  Also, there are two affidavits by Mr. Abreu confirming that he visited the restaurant at issue – one as part of the underlying lawsuit and another as part of this action.  Huff & Leslie incorporate by reference its Answer and Jury Demand, including the affirmative defenses set forth therein.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

1. Defendants Huff and Leslie are attorneys licensed to practice law in Colorado.

2. Defendants Huff and Leslie are partners at Defendant Huff & Leslie, LLP.

3. Defendant Huff & Leslie, LLP is located at 2480 Gray Street, Edgewood, Colorado.

4. Defendant Weiss is a licensed Florida attorney admitted to practice in the District of Colorado..

5. Defendant Weiss Law Group, P.A. is a Florida Corporation doing business at 5531 N. University Dr., #103, Coral Springs, Florida.

6. Defendant Weiss Law Group, P.A. has filed lawsuits in Colorado District Court.

7. Defendant Leiner is a Florida licensed attorney admitted to practice in the District of Colorado..

8. Plaintiff Michael Abbondanza was not a named party in the underlying lawsuit.

9. Plaintiff Michael Abbondanza, on behalf of Tavin Foods, filed an Answer in the underlying lawsuit on March 21, 2016.

10.     Plaintiff Michael Abbondanza filed a letter with the court directed to "Magistrate Gorden P. Gallagher" in the underlying lawsuit on April 7, 2016.

11.     Courtenay Patterson was appointed by the District Court as pro bono counsel of record for Tavin Foods in the underlying lawsuit.

12.     Defendants Huff & Leslie made no further appearances in the underlying

lawsuit after October 25, 2016.

13.      Plaintiffs did not pay any amount as a settlement or judgment in the underlying lawsuit.

14.      The court issued an Order Closing Case in the underlying lawsuit on February 13, 2017.

### 5.  COMPUTATION OF DAMAGES

**Plaintiffs:**  Plaintiffs seek economic and non-economic damages, actual, consequential, compensatory, treble and punitive damages.  Plaintiffs further seek attorney's fees and costs and interest at the rate of 10% per annum.  In addition to damages, Plaintiffs seek declaratory and equitable relief, as more fully described in the Complaint.

Defendants Weiss, Leiner, Weiss Law Group: Weiss Defendants seek recovery of their attorneys'fees and costs pursuant to applicable statute, rule, or other legal authority. Defendants do not believe that plaintiffs' computation of damages meets the requirements of Fed. R. Civ. P. 26(a)(1)(A)(iii).

Defendants Huff, Leslie, Huff & Leslie, LLP:  These defendants have not asserted a counterclaim.  They seek recovery of their attorneys' fees and costs pursuant to applicable statute, rule, or other legal authority.   Defendants do not believe that plaintiffs' computation of damages meets the requirements of Fed. R. Civ. P. 26(a)(1)(A)(iii).

Defendant Paloni:

### 6.  REPORT OF PRECONFERENCE DISCOVERY
### AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  Date of Rule 26(f) meeting: December 14, 2020

b.  Names of each participant and party he/she represented: Courtenay Patterson for Michael Abbondanza and Tavin Foods, Inc.; Joel Rothman and Michael Hutchinson for Jason Weiss, Weiss Law Group, PA, and Peter Leiner; Franz Hardy for Brett Huff, Richard Leslie, and Huff and Leslie, LLP.

c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made:

January 8, 2021

d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1). – Due to the intervening holidays, counsel for the parties have agreed to exchange Initial Disclosures on January 8, 2021.

e.  Statement concerning any agreements to conduct informal discovery:

The parties have not reached an agreement to conduct informal discovery, but will continue to consider that possibility.

f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties will continue to consider the possibility of agreements or procedures to reduce discovery and other litigation costs.

**Weiss Defendants:**  The Weiss Defendants have requested that Plaintiff agree to complete and file a RICO case statement as recommended by the *Manual on Complex*

*Litigation, Fourth*, § 35.31 ("The RICO case statement has proven useful in RICO litigation. This statement details both the factual and legal basis for the plaintiff's claim.") https://www.uscourts.gov/sites/default/files/mcl4.pdf. The RICO Case Statement is a case-management tool. *Northland Ins. Co. v. Shell Oil Co.*, 930 F. Supp. 1069, 1076 (D.N.J. 1996). RICO case statements have been ordered in cases in the Tenth Circuit. See *Dobson v. Anderson*, 319 F. App'x 698, 700 (10th Cir. 2008) (affirming Rule 12(b)(6) dismissal based on complaint and RICO case statement); *Morris v. Berry*, No. CIV-11-456-W, 2011 WL 13350123, at *9 (W.D. Okla. Sept. 2, 2011) (dismissal for failing to timely file RICO case statement is a case-management tool).

Requiring Plaintiffs to complete a RICO case statement will aid in the efficient management of this litigation. "Efficient management of RICO litigation requires early identification and narrowing of the disputed legal and factual issues and identification of the precise statutory violations alleged." *Manual on Complex Litigation*, *Fourth*, § 35.32. The Manual notes that several possible RICO case issues that are present here can be more efficiently addressed through the use of a RICO case statement.

For example, as noted in the Motion for Judgment on the Pleadings (Doc. 49), an issue in this case relates to Plaintiffs' standing. Standing is one of the many issues that RICO claims present and that can be efficiently addressed by the use of a RICO case statement. *Id*. Furthermore, as the Manual advises, a RICO case statement can significantly aid in narrowing and focusing discovery. *Manual,* § 35.33 ("The RICO case statement can help weed out transactions and allegations that are tangential or unrelated to alleged racketeering activity and

can thereby reduce the scope of discovery.). For these reasons, the Court is requested to order the plaintiff to complete a RICO case statement in the form provided in the Manual in § 40.54 under Sample Orders.

**Plaintiffs:** Plaintiffs object to Defendants' request that the Court order Plaintiffs complete a RICO case statement.  RICO case statements have been ordered when the pleadings have been factually deficient or when such a statement would assist a court in ruling on motions under Rule 12, Rule 9(b) and/or Rule 56.  In those situations, courts have explained that "a RICO case statement, in conjunction with a reading of the complaint, will help narrow the issues and identify claims that lack merit, which can then be dismissed (with or without prejudice) before significant time and effort is spent." (see *Manual,* § 35.31, page 706).  Moreover, as the Manual cited by Defendants further states: "Some courts faced with a RICO complaint that is unintelligible, confusing, or otherwise violative of Rule 8 have dismissed the complaint *sua sponte* and required the plaintiff to file a 'RICO case statement' along with an amended complaint." (see *Manual,* § 35.31, page 703).  Defendants have filed and/or have joined the filing of multiple motions in this case since its inception, including motions to dismiss, motions for sanctions, and motions for judgment on the pleadings, all of which have been denied by the Court.  There has been no order of this Court requiring amendment of the pleadings or clarification of the issues or claims.  As such, Plaintiffs object to the request by Defendants to order Plaintiffs to file a RICO case statement.  Plaintiffs are prepared to file a written motion in opposition to Defendants' request, if necessary.

      g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of

disclosure or discovery will involve information or records maintained in electronic form.

At this time, the parties do not anticipate that their claims and defenses will involve extensive electronically-stored information or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. If the parties later determine that their claims or defenses will involve extensive electronically-stored information, then the parties will attempt to develop a stipulated e-discovery plan to establish the scope of electronically stored information ("ESI"), good faith disclosures, steps taken to preserve ESI, key custodians, data locations, back-up systems, inspection and exchange of ESI, sources of ESI that are not reasonably accessible because of undue burden or cost, or ESI document preservation policies or procedures.

h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have not yet engaged in substantive discussions regarding possibilities for settlement or resolution of the case.

## 7.  CONSENT

All parties      ☐  [have]    X    [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The parties do not anticipate exceeding the numerical limits set forth in Fed. R. Civ. P. 30(a)(2)(A)(I).

a.  Limitations which any party proposes on the length of depositions:

The parties agree that depositions will not exceed 7 hours in length per deposition.

2.  Limitations which any party proposes on the number of requests for production and/or requests for admission.

Plaintiffs:  Plaintiffs propose a limit of 25 requests for production and no limit on requests for admission.

Weiss Defendants: The Weiss Defendants oppose limits on requests for production and requests for admission, but agree that a limit of 25 interrogatories is advisable.

Defendants Brett Huff, Richard Leslie, and Huff & Leslie: Defendants propose a limit of 25 requests for production of documents and 25 requests for admission per set of represented parties.

3.  Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

The parties agree to serve interrogatories, requests for production and/or requests for admission on opposing counsel or a pro se party by: 33 days before the discovery deadline.

4.  Other Planning or Discovery Orders:

See above concerning the Weiss Defendants' Request for a RICO case statement order.

## 9.  CASE PLAN AND SCHEDULE

a.   Deadline for Joinder of Parties and Amendment of Pleadings:  July 30, 2021

b.   Discovery Cut-off:  September 30, 2021

c.   Dispositive Motion Deadline:  November 30, 2021

d.    Expert Witness Disclosure:

  1.   Anticipated fields of expert testimony:

  - Plaintiffs – Plaintiffs do not anticipate utilizing an expert except for purposes of calculating damages, if necessary

  - Defendants Weiss, Leiner, Weiss Law Group – Weiss Defendants anticipate one or more expert witnesses in the fields of the standard of care or conduct for attorneys; rules, regulations, and compliance with the Americans with Disabilities Act; the claims for relief asserted by Plaintiffs and defenses thereto; and any other area whereby an expert witness is designated by Plaintiffs or co-defendants.  These are merely anticipated areas of expert testimony and subject to change.

  - Defendants Huff, Leslie, Huff & Leslie, LLP – Defendants anticipate one or more expert witnesses in the fields of the standard of care or conduct for attorneys; rules, regulations, and

compliance with the Americans with Disabilities Act; the claims for relief asserted by plaintiffs and defenses thereto; and any other area whereby an expert witness is designated by Plaintiffs or co-defendants.  These are merely anticipated areas of expert testimony and subject to change.

- Defendant Paloni –

2.    Limitations which the parties propose on the use or number of expert witnesses:

- Plaintiffs – 1, unless Defendants intend to utilize additional experts, as delineated in § 9(d)(1), above.
- Defendants Weiss, Leiner, Weiss Law Group – three.
- Defendants Huff, Leslie, Huff & Leslie, LLP – three.
- Defendant Paloni –

3.    Plaintiffs shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: June 1, 2021.

4.    Defendants shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: July 1, 2021.

e.    Identification of Persons to Be Deposed:

**By Plaintiffs:**

1. Jason Weiss – 7 hours

2. Peter Leiner – 4 hours

3. Brett Huff – 7 hours

4. Richard Leslie – 4 - 5 hours

5. Giovannia Paloni – 7 hours

6. Santiago Abreu – 7 hours

(This is Plaintiffs' preliminary list only and is subject to addition or change).

**By Defendants Weiss, Leiner, and Weiss Law Group, PA:**

1. Michael Abbondanza (7 hours)

2. Courtenay Patterson (7 hours)

3. Tavin Foods (7 hours)

4. Mark Douglass (4 hours)

5. David Schafer (4 hours)

6. Serina Schafer (4 hours)

7. David Jesperson (4 hours)

8. Mary Lou Jesperson (4 hours)

9. David M. Kittrell (4 hours)

(This is Weiss Defendants' preliminary list only and is subject to addition or change).

**By Defendants Huff, Leslie, and Huff and Leslie, LLP:**

    1.    Michael Abbondanza (7 hours)

    2.    Tavin Foods (7 hours)

    3.    Mark Douglass (4 hours)

    4.    David Schafer (4 hours)

    5.    Serina Schafer (4 hours)

    6.    David Jesperson (4 hours)

    7.    Mary Lou Jesperson (4 hours)

    8.    David M. Kittrell (4 hours)

(This is defendants' preliminary list only and is subject to addition or change).

**By Defendant Paloni:**

## 10.  DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times:

_____.

b.  A final pretrial conference will be held in this case on _____at o'clock
_____m. A Final Pretrial Order shall be prepared by the parties and submitted to
the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith
effort, were unable to reach an agreement. – None at this time

b.  Anticipated length of trial and whether trial is to the court or jury. – Jury Trial – 5 days

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301. – None

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

16

DATED at Denver, Colorado, this 29th day of December, 2020.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

_____
s:/ Courtenay Patterson

Courtenay Patterson

Law Offices of Courtenay Patterson, LLC

1716 N. Main St., Suite A #331

Longmont, CO 80501

(925) 237-1187

Attorney for Plaintiffs

_____
s:/ Joel Rothman

Joel Benjamin Rothman

SRIPLAW, P.A.

21301 Powerline Road, Suite 100

Boca Raton, Florida 33433

561-404-4335

joel.rothman@sriplaw.com Attorney for Defendants Weiss, Leiner, Weiss Law Group, PA

s:/ Franz Hardy

_____

Franz Hardy, Esq.

Stephanie S. Brizel, Esq.

Gordon Rees Scully Mansukhani, LLP

555 Seventeenth Street, Suite 3400

Denver, Colorado 80202

Telephone: (303) 534-5160

fhardy@grsm.com

sbrizel@grsm.com

*Attorneys for Defendants Brett Huff, Richard Leslie, and Huff and Leslie, LLP*

_____

(Name)

(Address)

(Telephone Number)

Attorney for Defendant Paloni