**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

**CASE NO.:  1:19-cv-00328-TMT**

MICHAEL ABBONDANZA AND TAVIN
FOODS, INC.,

               Plaintiffs,

v.

WEISS LAW GROUP, P.A., PETER
LEINER, RICHARD LESLIE, BRETT
HUFF, HUFF & LESLIE, LLP, GIOVANIA
PALONI, AND JASON S. WEISS,

               Defendants.

**MOTION TO COMPEL RICO CASE STATEMENT**

    Defendant JASON S. WEISS, by and through undersigned counsel, hereby file this

Motion to Compel plaintiffs to complete, serve and file a RICO Case Statement, and as grounds

states as follows:

**I.        INTRODUCTION**

    The plaintiffs have accused Weiss and his co-defendants, all lawyers except for Ms.

Paloni, of serious offences based on fraud and the operation of a criminal enterprise. This case

has been pending for two years, yet Weiss and his co-defendants do not know precisely what

plaintiffs claim each of the defendants did wrong.

    After their motions to dismiss and for judgment on the pleadings were denied, the

defendants hoped that they would at least receive information and documents with plaintiffs'

initial disclosures demonstrating a basis for the claims against each of them. However, plaintiffs'

initial disclosures are deficient to the point of being useless.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

A RICO case statement, a frequently ordered discovery tool in complex cases such as these, is necessary so that the defendants can be fully informed of the bases of the claims against each of them. This court should order plaintiffs to complete such a statement within a reasonable time, not to exceed thirty days, and until a sufficient RICO case statement is filed and served on defendants, defendants should not be burdened with having to respond to discovery.

## II.    THE MANUAL ON COMPLEX LITIGATION RECOMMENDS THE USE OF A RICO CASE STATEMENT IN COMPLEX CASES LIKE THIS ONE.

A RICO case statement is a useful case management tool in RICO litigation.  *See, e.g.,* Manual on Complex Litigation, Fourth, § 35.31 ("The RICO case statement has proven useful in RICO litigation. This statement details both the factual and legal basis for the plaintiff's claim."); *Northland Ins. Co. v. Shell Oil Co.*, 930 F. Supp. 1069, 1076 (D.N.J. 1996). The statement requires the plaintiff to detail both the factual and legal basis for plaintiffs' RICO claim against each defendant. *See, Carne v. Dunn*, No. Civ. A. 99-2776, 2000 WL 1134394, at *2 (E.D. La. Aug. 10, 2000).

RICO case statements have been ordered in cases in the Tenth Circuit. See *Dobson v. Anderson*, 319 F. App'x 698, 700 (10th Cir. 2008) (affirming Rule 12(b)(6) dismissal based on complaint and RICO case statement); *Morris v. Berry*, No. CIV-11-456-W, 2011 WL 13350123, at *9 (W.D. Okla. Sept. 2, 2011) (dismissal for failing to timely file RICO case statement). Implicit authority for RICO case statements have been found in the federal rules and federal statutes. *See, e.g., Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989) (RICO Standing Order was consistent with requirement of Rule 8 and highlighted for plaintiff particular requirements for pleading RICO claim); *Northland*, 930 F. Supp. at 1071–75 (finding support for RICO case statement in Judicial Improvements Act, the Civil Justice Reform Act of 1990, Fed. R. Civ. P. 83

and 16, and court local rules, and stating that it "does not constitute a heightened pleading standard").

RICO case statements help to "focus discovery . . . and provide a blueprint for trial." *Northland*, 930 F. Supp. at 1075. Weiss requested plaintiffs agree to complete and file a RICO case statement, but plaintiffs refused. (Doc. 71 at 9).

### III.    WHERE, AS HERE, A RICO CASE STATEMENT WILL AID IN THE EFFICIENT MANAGEMENT OF THIS LITIGATION, THE PLAINTIFFS SHOULD BE ORDERED TO COMPLETE ONE.

Requiring plaintiffs to complete a RICO case statement will aid in the efficient management of this litigation. "Efficient management of RICO litigation requires early identification and narrowing of the disputed legal and factual issues and identification of the precise statutory violations alleged." Manual on Complex Litigation, Fourth, § 35.32.

The Manual notes that several possible RICO case issues that are present here can be more efficiently addressed through the use of a RICO case statement. For example, as noted in the Motion for Judgment on the Pleadings (Doc. 49), defendants assert that plaintiffs' lack standing. Standing is one of the many issues that RICO claims often present that the Manual says can be efficiently addressed by the use of a RICO case statement. Furthermore, as the Manual advises, a RICO case statement can significantly aid in narrowing and focusing discovery. Manual, § 35.33 ("The RICO case statement can help weed out transactions and allegations that are tangential or unrelated to alleged racketeering activity and can thereby reduce the scope of discovery.").

Already plaintiffs have shown that they are unable or unwilling to comply with discovery requirements beginning with their inadequate initial disclosures. Attached hereto as Exhibit 1 are the plaintiff's initial disclosures served on the defendants last week. Plaintiffs' disclosures are woefully deficient. Plaintiffs have had two years to investigate their claims, but they claim to

3

**SRIPLAW**

<small>California ◆ Georgia ◆ Florida ◆ Tennessee ◆ New York</small>

have no documents to support those claims. Plaintiffs have had two years to research witnesses with information relevant to their claims, but their initial disclosures fail to identify what particular information each individual identified has that is relevant to their claims. Plaintiffs appear not to understand the seriousness of the allegations they have leveled at the defendants and the nature of their obligations under Fed. R. Civ. P. Rule 26(a).

The defendants are entitled to far more information and details concerning the plaintiffs' serious charges. Simply stating, as plaintiffs have in their disclosures, that Mr. Abbondanza, his company, and the defendants have "information relevant to all issues" is not sufficient. The defendants are entitled to know the subjects of the information that the disclosed individuals may offer to support plaintiffs' claims, including what information each individual has on each claim or issue and what each defendant is alleged to have committed. See *Sender v. Mann*, 225 F.R.D. 645, 653 (D. Colo. 2004)(In a RICO case, "requiring a disclosing party to correlate initial disclosures to specific claims or defenses of particular adverse parties does not impose an unreasonable burden, particularly given the pleading party's obligations under Fed. R. Civ. P. 11(b)(3).")

Requiring plaintiffs to file a RICO case statement would be beneficial to all of the parties in this case.  A RICO case statement will assist the defendants in focusing discovery of plaintiffs. A RICO case statement will assist this Court in determining summary judgment. For these reasons, plaintiffs should be ordered to complete a RICO case statement in the form provided in § 40.54 of the Manual in Complex Litigation, a copy of which is attached hereto as Exhibit 2.

### IV.    D.C.COLO.LCivR 7.1(a) DUTY TO CONFER

Counsel for Weiss conferred with plaintiffs' counsel when the parties conducted their

scheduling conference but when plaintiffs filed the parties proposed scheduling order, plaintiffs

indicated that they refused to agree to file such statement.

DATED: January 14, 2021                    Respectfully submitted,


                                           */s/ Joel B. Rothman*_____
                                           JOEL B. ROTHMAN
                                           joel.rothman@sriplaw.com
                                           **SRIPLAW**
                                           21301 Powerline Road
                                           Suite 100
                                           Boca Raton, FL  33433
                                           561.404.4350 – Telephone
                                           561.404.4353 – Facsimile

                                           *Counsel for Defendants Weiss Law Group, P.A.,*
                                           *Peter Leiner and Jason S. Weiss*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on January 14, 2021, a true and correct copy of the foregoing document has been sent via electronic mail to all parties listed on the Service List below.

/s/ Joel B. Rothman
JOEL B. ROTHMAN

## SERVICE LIST

Courtenay Patterson, Esq.
Law Offices of Courtenay Patterson
1716 N. Main St., Suite A #331
Longmont, CO 80501
courtenay.patterson@gmail.com

Franz Hardy, Esq.
Larissa Kirkland, Esq.
Gordon Rees Scully Mansukhani, LLP
555 17th Street, Suite 3400
Denver, CO 80202
fhardy@grsm.com
lkirkland@grsm.com

Michael L. Hutchinson
Treece Alfrey Musat P.C.
633 17th Street, Suite 2200
Denver, CO  80202
hutch@tamlegal.com

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK