IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.: 1:19-cv-00328-TMT-MEH

**Michael Abbondanza,**
**Tavin Foods, Inc.**
    Plaintiffs,

v.

**Jason Weiss,**
**Weiss Law Group, PC,**
**Brett Huff,**
**Richard Leslie,**
**Huff and Leslie, LLP,**
**Peter Leiner,**
**Giovannia Paloni,**
    Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANT WEISS'S MOTION TO COMPEL RICO CASE STATEMENT

  Plaintiffs Michael Abbondanza and Tavin Foods, Inc. ("Plaintiffs") hereby file their Response to Defendant Weiss's Motion to Compel Rico Case Statement, stating as follows:

### BACKGROUND

  Defendants have filed 2 Motions to Dismiss (ECF 14 and 15), which collectively raised 7 arguments in support of dismissal, a Motion for Sanctions (ECF 40), and a Motion for Judgment on the Pleadings in this case (ECF 49), which was filed less than two months after the Motions to Dismiss were denied and prior to any discovery being conducted. All four motions have been denied by the Court. All four motions make similar arguments to the instant motion concerning the alleged deficiencies of the Amended Complaint, including arguments concerning Standing. The Court's Order denying the Motion for Judgment on the Pleadings (ECF 65) points out that

1

Defendants were attempting to relitigate issues already denied by Judge Kane in his Order denying Defendants' Motions to Dismiss. This Motion to Compel a RICO Statement is now the 5th attempt by Defendants to litigate issues that have already been extensively briefed and denied. At no time has this Court suggested, much less ordered, that Plaintiffs amend their Complaint in order to provide more detail or specificity regarding Plaintiffs' claims. Plaintiffs should not be forced to draft and file a RICO Case Statement when the Amended Complaint has withstood four attempts by Defendants to have the case dismissed.

## ARGUMENT

### I. THE MANUAL ON COMPLEX LITIGATION ONLY SUGGESTS THE USE OF A RICO CASE STATEMENT IN CASES WHERE RICO COMPLAINTS ARE "UNINTELLIGBLE, CONFUSING, OR OTHERWISE VIOLATIVE OF RULE 8

Defendants rely heavily on the Manual on Complex Litigation ("Manual") to support their argument that Plaintiffs should be ordered to file a RICO Case Statement. However, as the Manual clearly states, RICO case statements have been ordered when the pleadings have been factually deficient or when such a statement would assist a court in ruling on motions under Rule 12, Rule 9(b) and/or Rule 56. (see Manual, § 35.31, page 706)). In those situations, courts have explained that "a RICO case statement, in conjunction with a reading of the complaint, will help narrow the issues and identify claims that lack merit, which can then be dismissed (with or without prejudice) before significant time and effort is spent." (see Manual, § 35.31, page 706). Moreover, the Manual further provides: "Some courts faced with a RICO complaint that is unintelligible, confusing, or otherwise violative of Rule 8 have dismissed the complaint *sua sponte* and required the plaintiff to file a 'RICO case statement' along with an amended complaint." (Id., § 35.31, p. 703). It further acknowledges, "The authority of a court to order a RICO case statement has not been definitively established in most jurisdictions." (Id., § 35.31, p. 707). The circumstances contemplated by the Manual supporting the use of a RICO case statement and the cases to which

2

the Manual cites in which courts have ordered that plaintiffs submit a case statement are distinguishable from this case. Defendants provide no compelling argument, evidence, or binding law to support this Motion and Plaintiffs request that this Court deny their Motion to Compel a RICO case statement.

**II.  THE CASES CITED BY DEFENDANT, INCLUDING THE TENTH CIRCUIT CASE, ONLY REQUIRED PLAINTIFFS TO FILE RICO CASE STATEMENTS WHERE THE COMPLAINTS WERE CONCLUSORY AND FACTUALLY INSUFFICIENT TO SUPPORT A RICO CLAIM.**

The cases cited by Defendant, including the Tenth Circuit case of *Dobson v. Anderson*, 319 F.App'x 698, 700 (10th Cir. 2008), are not relevant in this case where this Court has determined on at least 4 prior occasions that the pleadings are sufficiently clear to withstand dismissal. In *Dobson*, shortly after filing their complaint against approximately 100 defendants alleging claims under RICO, the plaintiffs moved for summary judgment. The court issued an order holding that "the conclusory allegations in their complaint failed to include facts sufficient to support a RICO claim" and gave them a deadline "to submit a RICO case statement in the format specified in the court's order." (*Id*. at 700). Rather than comply with the court's order to submit a RICO case statement, the plaintiffs instead amended their complaint to add the judge on the case as a defendant and, two weeks later, without obtaining leave of court, the plaintiffs filed a second amended complaint adding nearly 100 more defendants, including additional federal- and state-court judges, as well as filed a second summary-judgment motion and a 200-page RICO case statement. (*Id*.) Many defendants filed motions to dismiss, which the court granted, holding, "the plaintiffs' complaints and their RICO case statement failed to state a claim for which relief can be granted." (Id. at 700-701).

Moreover, Defendant cites *Morris v. Berry*, 2011 U.S. Dist. LEXIS168280 (W.D.Okla. 2011), to support their argument that a RICO case statement should be ordered in this case.

3

However, the court's discussion in *Morris v. Berry* of the RICO case statement consisted solely of the following:

> On April 27, 2011, the Court ordered the plaintiffs to file a RICO case statement with the Clerk of the Court. (internal citations omitted). In its Order, the Court advised the plaintiffs that any failure to timely comply with this Order, either in substance or form, shall be grounds for dismissal of [the plaintiffs' RICO claim as set forth in] Section VII of the complaint. The plaintiffs' deadline for filing the RICO case statement was July 30, 2011. (internal citations omitted). Because the record not only demonstrates that the plaintiffs had actual notice of that deadline, but also that the plaintiffs cannot show either good cause or excusable neglect for their failure to timely file a RICO case statement, the Court finds that dismissal of the plaintiffs' RICO claim against this defendant is warranted.

*Id*. at 22. In other words, there is no discussion as to why the lower court ordered a RICO Case Statement, nor has Defendant offered any explanation based on the Western District of Oklahoma's decision as to why this Court should order a RICO case statement be filed by Plaintiffs in this case, where there has been no finding by the Court that the Amended Complaint is factually deficient or conclusory, thereby necessitating a RICO case statement to provide clarification to the Court or to Defendants.

### III. DEFENDANTS PROVIDE NO RATIONALE AS TO HOW A RICO CASE STATEMENT WILL AID IN THE EFFICIENT MANAGEMENT OF THE LITIGATION OF THIS CASE.

Defendants make a blanket assertion that a RICO case statement is necessary to efficiently manage the litigation of this case and cite "Standing" as "one of many issues that RICO claims often present that the Manual says can be efficiently addressed by the use of a RICO case statement." (See ECF 74, p. 3). Standing is an issue that was previously litigated on 3 occasions. Judge Kane rejected the standing argument in the Motions to Dismiss and Judge Tymkovich rejected the standing argument in the Motion for Judgment on the Pleadings, finding, "What Defendants call standing is just a statutory requirement that the plaintiff plead a causal connection between the alleged RICO violations and his injury." (ECF 65, p. 8). As such, Defendant's

4

argument that a RICO case statement is necessary to efficiently address the issue of standing is disingenuous.

Defendant further asserts that a RICO case statement can "significantly aid in narrowing and focusing discovery." (See ECF 74, p. 3). However, Defendant fails to explain why discovery in this case requires narrowing and focusing, other than making a baseless assertion that Plaintiffs "are unable or unwilling to comply with discovery requirements beginning with their inadequate initial disclosures." (See ECF 74, p. 3). Defendant argues that Plaintiffs' disclosures are "woefully deficient" and that "Plaintiffs have had two years to investigate their claims, but they claim to have no documents to support those claims." It is unclear to Plaintiffs what documents Defendant thinks Plaintiffs have not disclosed or what documents Defendant thinks Plaintiffs should have found in investigating their claims. Plaintiffs are asserting that Defendants' client in the underlying lawsuit, Santiago Abreu, either does not exist or never visited Plaintiffs' restaurant. Plaintiffs cannot prove a negative. Plaintiffs do not have documents showing that Santiago Abreu never traveled to Colorado or never visited Plaintiffs' restaurant. Instead, Plaintiffs' investigation of their claims has produced all of the uncertainties and unexplained questions that gave rise to this lawsuit, form the Amended Complaint, and, to this day, remain unanswered and unexplained.

Defendant seems to misunderstand what this case is about, repeatedly arguing that Defendants could not possibly be in violation of RICO or any of the other causes of action listed in the Amended Complaint because Plaintiffs' restaurant had ADA violations, albeit only 4 out of the 14 violations alleged in the underlying lawsuit. Whether Plaintiffs' restaurant had any ADA violations misses the point, though. If the plaintiff in the underlying lawsuit, Santiago Abreu, is either not a real person or never visited Plaintiffs' restaurant, Defendant did not have standing to file the underlying lawsuit, which is the basis of all of the causes of action in this case.

Defendant further argues that "Plaintiffs appear not to understand the seriousness of the allegations they have leveled at the defendants and the nature of their obligations under F.R.C.P. 26(a)." (See ECF 74, p. 4). On the contrary, despite Defendant's frivolous assertions, Plaintiffs are very aware of the seriousness of the allegations leveled at Defendants. Plaintiffs are also very aware of the seriousness of filing suit in federal district court utilizing a fake plaintiff and/or a plaintiff that had no standing to bring suit in the first place. In fact, Plaintiffs are so aware of the seriousness of filing a RICO case against lawyers and law firms that Plaintiffs made 4 requests – 2 to the Weiss Defendants and 2 to the Huff Defendants – for proof of Santiago Abreu's existence, proof that he had traveled to Colorado, and proof that he visited Plaintiffs' restaurant months before ever filing the instant case. Plaintiffs specifically told Defendants that they would not pursue this case if that proof was provided. No documentation was ever provided. In fact, despite Plaintiffs' clear requests and Plaintiffs' clearly-stated intention to file a RICO lawsuit if such proof was not provided, none of the defendants ever responded to Plaintiffs' counsel at all. At no time in the past 2 years since this case was filed has any Defendant provided documentation, other than two affidavits by a Santiago Abreu, to show that the Santiago Abreu named in the underlying lawsuit ever visited Plaintiffs' restaurant, much less visited Colorado at all.

And yet, after nearly 2 years since this case was filed and more than 2 years since Plaintiffs requested proof of Santiago Abreu's existence, travel to Colorado, and visit to Plaintiffs' restaurant, Defendant Weiss's counsel has stated for the first time, in their initial disclosures, that he has "Documents regarding the presence of Santiago Abreu at the Riverbend Market & Eatery." (See Defendants Weiss, Leiner, and Weiss Law Group, P.A.'s Initial Disclosures, attached hereto as Exhibit 1, at page 8). To be clear, Defendants Weiss, Leiner and Weiss Law Group, P.A. still have not produced any documentation of Santiago Abreu's presence at the Riverbend Market & Eatery and have simply stated that such category of documents will be "made available for

6

inspection on a mutually convenient date and time at the offices of counsel for Defendants" in Boca Raton, FL.  (See Ex. 1, p. 8).  If Defendants possess proof not only of Santiago Abreu's existence, but his travel to Colorado and to Riverbend Market & Eatery, in particular, why has that proof not been provided?  Why was it not provided when Plaintiffs requested it in 2018?  Why was it not provided when Plaintiffs requested it in 2019?  Why was it not provided when Defendants filed their Motions to Dismiss, Motion for Sanctions, or Motion for Judgment on the Pleadings?  Why was it not even mentioned when Defendants filed their Answers.  Why is it still not being provided but, instead, only being made available for inspection in Florida?  Why was it not even mentioned during the Scheduling Conference in this case that took place only 2 weeks ago?  If Defendants have conclusive proof of Santiago Abreu's existence and presence at Riverbend Market & Eatery, then they would have had such proof back when the Underlying Lawsuit was filed, which means Defendants have unreasonably and vexatiously dragged out this litigation, in violation of F.R.C.P. Rule 11 and 28 U.S.C. § 1927.

## CONCLUSION

Defendants have filed and/or have joined the filing of multiple motions in this case since its inception, including motions to dismiss, motions for sanctions, and motions for judgment on the pleadings, all of which have been denied by the Court.  There has been no order of this Court requiring amendment of the pleadings or clarification of the issues or claims.  As such, Plaintiffs object to the request by Defendants to order Plaintiffs to file a RICO case statement and respectfully request that the Court deny the Motion to Compel a RICO case statement.

**RESPECTFULLY** submitted on this 18th day of January, 2021.

                                                LAW OFFICES OF COURTENAY PATTERSON
                                                /s/ Courtenay Patterson _____
                                                Courtenay Patterson, Esq., CO Bar No. 49215
                                                Law Offices of Courtenay Patterson
                                                1716 N. Main St., Suite A #331
                                                Longmont, CO 80501
                                                Email: courtenay.patterson@gmail.com
                                                Telephone: (925) 237-1187

                                                *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 18th day of January 2021, I electronically filed the foregoing Response to Defendant Weiss's Motion to Compel RICO Statement with the Clerk of Court using the CM/ECF service, which provided electronic service to the following:

Michael Hutchinson
Treece, Alfrey, Musat, P.C.
633 17th Street, Suite 2200
Denver, CO 80202
(303) 292-2700
hutch@tamlegal.com
*Attorney for Defendants Weiss, Weiss Law Group, and Leiner*

Joel Rothman
SRIP Law
21301 Powerline Rd., Suite 100
Boca Raton, FL 33433
(561) 404-4350
joel.rothman@sriplaw.com
*Attorney for Defendants Weiss, Weiss Law Group, and Leiner*

Franz Hardy, Esq.
Maral J. Shoaei, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
mshaoei@grsm.com
*Attorneys for Defendants Brett Huff, Richard Leslie, and Huff and Leslie, LLP*
Defendants

                                                    /s/ Courtenay Patterson
                                                    _____
                                                    Law Offices of Courtenay Patterson
                                                    1716 N. Main St., Suite A #331
                                                    Longmont, CO 80501