UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.: 1:19-cv-00328-TMT

MICHAEL ABBONDANZA AND TAVIN FOODS, INC.,

       Plaintiffs,

v.

WEISS LAW GROUP, P.A., PETER LEINER, RICHARD LESLIE, BRETT HUFF, HUFF & LESLIE, LLP, GIOVANIA PALONI, AND JASON S. WEISS,

       Defendants.

**DEFENDANTSS' INITIAL DISCLOSURE
STATEMENT PURSUANT TO FED. R. CIV. P. 26(A)(1)**

Pursuant to Fed. R. Civ. P. 26(a)(1), Defendants WEISS LAW GROUP, P.A., PETER LEINER, AND JASON S. WEISS, by and through their undersigned counsel, hereby serves their Initial Disclosures as follows:

**GENERAL LIMITATIONS AND EXEMPTIONS**

1.    This disclosure is made upon a good faith review of the information readily available to Defendants at this time. Defendants' investigation into all claims, counterclaims, and defenses are not complete and remain ongoing. Defendants reserve the right to make subsequent disclosures and to amend their disclosures in the course of discovery.

2.    Defendants will withhold information and not disclose information protected by the attorney-client privilege or protected by the work product doctrine. Such information includes, without limitation, information prepared at the request of Defendants' attorneys or by attorneys of Defendants or their representatives or agents in anticipation of litigation or for trial,

any materials containing or reflecting mental impressions, conclusions, opinions, and/or legal theories or the bases thereof of any attorneys for Defendants, or any other applicable privileges. However, disclosure of the identity and existence of such information in no way constitutes a waiver of any applicable attorney-client privilege or privilege under the work product doctrine or any other applicable privileges.

3. Defendants, in making their initial disclosures, do not waive any objection based upon relevance, materiality, confidentiality, privilege, immunity from disclosure, or other grounds available under the Federal Rules of Civil Procedure.

4. Defendants will disclose the information required by Rules 26(a)(2)-(3) at a time agreed upon by the Parties or when ordered to do so by this Court.

## INITIAL DISCLOSURES

### A. PERSONS WHO MAY HAVE DISCOVERABLE INFORMATION (Fed. R. Civ. P. 26 (a)(1)(A))

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), based on the information currently available to Defendants, the following individuals may have knowledge of discoverable information that Defendants may use to support its claims and defenses. Defendants may supplement this list of witnesses if further investigation or discovery results in the identification of additional persons. Unless otherwise specified, Defendants' employees, former employees, and consultants should be contacted through Defendants' undersigned counsel at SRIPLAW, 21301 Powerline Road, Suite 100, Boca Raton, Florida 33433.

| NAME | SUBJECT MATTER |
|---|---|
| Michael Abbondanza<br>c/o Plaintiffs' Counsel | - That Plaintiffs did not suffer any damages as a result of the case filed against Tavin Foods, Inc. ("Tavin"), case no. 1:16-cv-00432-MEH ("Underlying Lawsuit").<br>- That the Riverbend Market and Eatery ("Premises") had violations of the ADA.<br>- That any alleged claims for damages suffered by Plaintiffs are improper.<br>- That Plaintiffs were improperly advised by someone other than Defendants to close the Premises after the Underlying Lawsuit was filed.<br>- The facts surrounding the claims in and the settlement of the case styled MICHAEL ABBONDANZA and TAVIN FOODS, INC. v. DAVID SCHAEFER, SERINA SCHAEFER and ALL UNKNOWN PERSONS WHO CLAIM ANY INTEREST IN THE SUBJECT MATTER OF THIS ACTION v. Intervenors: MARY LOU JESPERSEN and DAVID JESPERSEN  v. Defendant in Intervention: AKS PROPERTIES, LLC, Case Number 2017-cv-30020 Division B filed in Park County District Court ("Park County Case").<br>- The alleged financial condition of Tavin that Michael Abbondanza used to have the Court in the Underlying Lawsuit allow for pro bono counsel to be appointed.<br>- The falsity of the facts as alleged in the Amended Complaint. |

| | |
|---|---|
| Corporate Representative of Tavin Foods, Inc.<br>c/o Plaintiffs' counsel | • That the Premises had violations of the ADA.<br>• That any alleged claim for damages suffered by Plaintiffs are improper.<br>• The facts regarding the claims in and the settlement of the Park County Case.<br>• The alleged financial condition of Tavin that allowed Michael Abbondanza and Tavin to have the Court in the Underlying Lawsuit allow for pro bono counsel to be appointed.<br>• The falsity of the facts as alleged in the Amended Complaint. |
| Corporate Representative of Weiss Law Group, P.A.<br>c/o Defendants' Counsel | • The falsity of the facts as alleged in the Amended Complaint.<br>• All of the admissions and denials in the Verified Answer Amended Complaint.<br>• All of the affirmative defenses raised in the Answer to the Amended Complaint.<br>• The existence of Santiago Abreu.<br>• The fact that there is no on-going element to the "alleged enterprise".<br>• Defendants' good faith basis to believe that Abreu was present at the Premises.<br>• Defendants' reliance on the representations of Plaintiffs' counsel in dismissing the Underlying Lawsuit. |

| | |
|---|---|
| Jason S. Weiss<br><br>c/o Defendants' Counsel | • The falsity of the facts as alleged in the Amended Complaint.<br>• All of the admissions and denials in the Verified Answer to the Amended Complaint.<br>• All of the affirmative defenses raised in the Verified Answer to the Amended Complaint.<br>• The existence of Santiago Abreu.<br>• The fact that there is no on-going element to the "alleged enterprise".<br>• Defendants' good faith basis to believe that Abreu was present at the Premises.<br>• Defendants' reliance on the representations of Plaintiffs' counsel in dismissing the Underlying Lawsuit. |
| Courtenay Patterson | • The falsity of the facts as alleged in the Amended Complaint.<br>• Plaintiffs' Counsel's representation to Weiss via telephone that she was personally aware that the Premises had been made ADA compliant.<br>• Why Weiss should not have relied upon representations of an officer of the Court. |
| Peter Leiner<br><br>c/o Defendants' Counsel | • The falsity of the facts as alleged in the Amended Complaint.<br>• All of the admissions and denials in the Verified Answer to the Amended Complaint.<br>• All of the affirmative defenses raised in the Verified Answer to the Amended Complaint.<br>• The fact that there is no on-going element to the "alleged enterprise".<br>• Defendants' good faith basis to believe that Abreu was present at the Premises. |
| Santiago Abreu<br><br>628 Monroe Drive<br><br>West Palm Beach, FL 33405 | • That he is a real person.<br>• That he suffers from physical disabilities.<br>• That he was at the Premises on July 14, 2015 and experienced violations of the ADA. |

| | |
|---|---|
| John Bradley<br><br>Bradley Legal Group, P.A.<br>1217 E Broward Blvd<br>Fort Lauderdale, FL 33301-2133 | - The existence of Santiago Abreu.<br>- The confirmation by Santiago Abreu that he was at the Premises and encountered barriers to access in violation of the ADA. |
| Brett Huff<br><br>Huff & Leslie<br><br>c/o of Franz Hardy, Esq.<br><br>555 17th Street, Suite 3400<br>Denver, CO 80202 | - The falsity of the facts as alleged in the Amended Complaint.<br>- All of the admissions and denials in their Answer to the Amended Complaint.<br>- All of the affirmative defenses raised in their Answer to the Amended Complaint.<br>- The fact that there is no on-going element to the "alleged enterprise".<br>- Defendants' good faith basis to believe that Abreu is a real person and that he was present at the Premises. |
| Richard Leslie<br><br>c/o Franz Hardy, Esq.<br><br>555 17th Street, Suite 3400<br>Denver, CO 80202 | - The falsity of the facts as alleged in the Amended Complaint.<br>- All of the admissions and denials in their Answer to the Amended Complaint.<br>- All of the affirmative defenses raised in their Answer to the Amended Complaint.<br>- The fact that there is no on-going element to the "alleged enterprise".<br>- Defendants' good faith basis to believe that Abreu is a real person and that he was present at the Premises. |
| Corporate representative of Huff & Leslie<br><br>c/o Franz Hardy, Esq.<br><br>555 17th Street, Suite 3400<br>Denver, CO 80202 | - The falsity of the facts as alleged in the Amended Complaint.<br>- All of the admissions and denials in their Answer to the Amended Complaint.<br>- All of the affirmative defenses raised in their Answer to the Amended Complaint.<br>- The fact that there is no on-going element to the "alleged enterprise".<br>- Defendants' good faith basis to believe that Abreu is a real person and that he was present at the Premises. |

| | |
|---|---|
| Giovania Paloni<br>1015 Spanish River Rd. Suite#109<br>Boca Raton, FL 33342<br><br>9780 E Gold Dust Ave<br>Scottsdale, AZ 85258 | • The falsity of the facts as alleged in the Amended Complaint.<br>• The fact that there is no on-going element to the "alleged enterprise".<br>• That she was present at the Premises to verify the existence of violations of the ADA.<br>• Defendants' good faith basis to believe that Abreu is a real person and that he was present at the Premises. |
| Mark Douglass<br>c/o Peak Access | • That violations were present at the Premises. |
| David Schafer<br>Unknown address at this time | • The facts regarding the claims in and the settlement of the Park County Case. |
| Serina Schafer<br>Unknown address at this time | • The facts regarding the claims in and the settlement of the Park County Case. |
| Mary Lou Jesperson<br>Unknown address at this time | • The facts regarding the claims in and the settlement of the Park County Case. |
| David M. Kittrell<br>Unknown address at this time | • The facts regarding the claims in and the settlement of the Park County Case. |

In addition to the persons identified above, Defendants may rely on the persons and/or entities disclosed by Plaintiffs or Co-Defendants, as well as any other persons or entities who are deposed or provide documents in this case.

B. **DOCUMENTS (Fed. R. Civ. P. 26(a)(1)(B))**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), Defendants identify the following documents, electronically stored information, and tangibles that Defendants may use

to support their defenses. Defendants may supplement this list of documents if further investigation or discovery results in the identification of additional categories of materials.

Defendants will make available all documents, data compilations, and tangible things that are likely to bear significantly on any claim or defense for inspection on a mutually convenient date and time at the offices of counsel for Defendants. The categories of documents include, but are not limited to:

  a. Documents regarding Defendants' damages.
  b. Documents regarding the existence of Santiago Abreu and his physical disabilities.
  c. Documents regarding the presence of Santiago Abreu at the Riverbend Market and Eatery.
  d. Documents regarding the presence of violations of the ADA at Plaintiffs' restaurant at the time of the filing of the underlying lawsuit against Tavin Foods, Inc. ("Tavin"), case no. 1:16-cv-00432-MEH ("Underlying Lawsuit").

A copy of all documents and tangibles that are likely to bear significantly on any claim or affirmative defense will be made available for inspection on a mutually convenient date and time at SRIPLAW, 21301 Powerline Road, Suite 100, Boca Raton, Florida, 33433.

## C. DAMAGES (Fed. R. Civ. P. 26(a)(1)(C))

Pursuant to Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure, Defendants will make available for inspection a computation of any categories of damages.

Defendants have not yet completed their computation of the damages they may claim in this action. Defendants require additional discovery in order to determine the full extent of the damages and harm before Defendants can produce a computation of their damages. Damages are continuing. Defendants reserve the right to supplement this response in the future.

## D. INSURANCE AGREEMENTS (Fed R. Civ. P. 26(a)(1)(D))

None.

DATED: January 8, 2021	Respectfully submitted,

/s/
JOEL B. ROTHMAN
joel.rothman@sriplaw.com
**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Defendants Weiss Law Group, P.A., Peter Leiner and Jason S. Weiss*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on January 8, 2021, a true and correct copy of the foregoing document has been sent via electronic mail to all parties listed on the Service List below.

/s/ Joel B. Rothman
JOEL B. ROTHMAN

## SERVICE LIST

Courtenay Patterson, Esq.
Law Offices of Courtenay Patterson
1716 N. Main St., Suite A #331
Longmont, CO 80501
courtenay.patterson@gmail.com


Michael L. Hutchinson
Treece Alfrey Musat P.C.
633 17th Street, Suite 2200
Denver, CO  80202
hutch@tamlegal.com

Franz Hardy, Esq.
Larissa Kirkland, Esq.
Gordon Rees Scully Mansukhani, LLP
555 17th Street, Suite 3400
Denver, CO 80202
fhardy@grsm.com
lkirkland@grsm.com

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK