# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

**Michael Abbondanza,**
**Tavin Foods, Inc.**
    Plaintiffs,

v.

**Jason Weiss,**
**Weiss Law Group, PC,**
**Brett Huff,**
**Richard Leslie,**
**Huff and Leslie, LLP,**
**Peter Leiner,**
**Giovania Paloni,**
    Defendants.

---

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY REQUESTS AND TO WITHDRAW ADMISSIONS**

---

Plaintiffs, through their undersigned counsel, file this Motion for Extension of Time to Respond to Defendants Huff, Leslie, and Huff and Leslie, LLP's ("Huff Defendants") Discovery Requests and to Withdraw Admissions, stating as follows:

## I.  BACKGROUND

Defendants Huff, Leslie, and Huff and Leslie, LLP served their First Set of Combined Discovery on Plaintiffs on April 19, 2021.  According to F.R.C.P. Rules 33, 34 and 36, responses to discovery were due May 19, 2021.  On May 9, 2021, Plaintiffs' Counsel was advised by her client that he would be out of town and unreachable from May 11 through May 19, 2021.  Plaintiffs' Counsel went into labor and was in the hospital beginning on May 14, 2021.

Plaintiffs filed their responses to the discovery requests on June 3, 2021.  The discovery requests included 17 Requests for Admission, 21 Interrogatories, and 21 Requests for Production.  Plaintiffs' responses, which are attached hereto as Exhibit 1, are 27 pages long.  Plaintiffs' responses

1

to Defendants Huff, Leslie, and Huff and Leslie, LLP's discovery requests are in addition to the 47 pages of responses served March 30, 2021 on all defendants in responses to Defendants Weiss, Leiner, and Weiss Law Group's ("Weiss Defendants") discovery requests, attached hereto as Exhibits 2 (Responses to Interrogatories), 3 (Responses to Requests for Admission) and 4 (Responses to Requests for Production).

The discovery deadline in this case is July 30, 2021 and the dispositive motions deadline is not until November 30, 2021.

Plaintiffs respectfully request that their admissions be withdrawn, pursuant to Fed. R. Civ. P. 36(b) and that their objections to the discovery requests stand, pursuant to Fed. R. Civ. P. 33(b)(4) and 34(b)(2). Allowing the withdrawal of the admissions would serve the merits of the case and would not prejudice Defendants. Moreover, there was good cause for Plaintiffs' delay in responding to the discovery requests.

## II. STANDARD OF REVIEW

F.R.C.P. Rule 36(B) contemplates the withdrawal and amendment of admissions where no prejudice is demonstrated. Likewise, late filings may be permitted where no prejudice is shown. *Moses v. Moses*, 180 Colo. 397, 403 (see also *Palzer v. Serv-U Meat Co.*, 419 P.2d 201 (Supreme Court, Alaska 1966); *French v. United States*, 416 F.2d 1149 (9th Cir. 1969); *Moosman v. Joseph Blitz, Inc.*, 358 F.2d 686 (2nd Cir. 1966); *Kelly v. Harris*, 158 F. Supp. 243; *Hopsdal v. Loewenstein*, 7 F.R.D. 263; *Jackson v. Kotzebue Oil Sales*, 17 F.R.D. 204.

F.R.C.P. 36(b) provides:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Rule 36(b) expressly contemplates that a deemed admission will not be treated as conclusive in all circumstances. It provides a mechanism by which a party may seek to avoid the effect of a deemed admission, and it provides standards by which a court is to evaluate such a request. "A party may move to withdraw an admission, and the court may permit such withdrawal 'when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal…will prejudice him in maintaining his action or defense on the merits.'" *Sanchez v. Moosburger*, 187 P.3d 1185 (*see Conlon v. United States,* 474 F.3d 616, 621-22 (9th Cir. 2007) (applying Fed. R. Civ. P. 36); *Raiser v. Utah County,* 409 F.3d 1243, 1246 (10th Cir. 2005) (same); *Perez v. Miami-Dade County,* 297 F.3d 1255, 1265 (11th Cir. 2002) (same); 7 James Wm. Moore et al., *Moore's Federal Practice* § 36.13, at 36-43 to 36-44 (3d ed. 2007); 8A *Federal Practice and Procedure* § 2257, at 543; *see also Benton v. Adams,* 56 P.3d 81, 86 (Colo. 2002) (where Colorado rule is similar to federal rule, we may look to federal authorities for guidance); *Grynberg,* 134 P.3d at 565 (looking to federal authorities in applying Rule 36). "Where a party seeks to withdraw a deemed admission, the court must take care that technical considerations will not be allowed to prevail to the detriment of substantial justice…". *Id*. (citing 8A *Federal Practice and Procedure* § 2252 at 253.

"Late filing of [a] response to request for admissions is considered as motion to permit withdrawal or amendment of admissions where merits of action will be served by allowing withdrawal and no substantial prejudice results to defendants because of plaintiffs' delay since there is no evidence of bad faith on part of plaintiffs." *Scarlett v. Seaboard C. L. R. Co*., 1976 U.S. Dist. LEXIS 12574, 1977 U.S. Dist. LEXIS 15305, 1977 U.S. Dist. LEXIS 15914 (S.D. Ga. Oct. 27, 1976)). The Ninth Circuit similarly held: "It was not error for trial court to relieve United States of its default in failing to answer request for admissions since trial court has discretion to permit late

responses to requests for admissions under Rule 36 and thus relieve party of apparent default." *French v. United States*, 416 F.2d 1149 (9th Cir. 1968).

District courts have also held that late responses to requests for admission should be permitted if the factors listed in F.R.C.P. 36(b) are satisfied. ("Trial court has discretion to grant defendant additional time to answer plaintiff's pretrial request for admissions although time originally limited has expired before application for extension is made." (*Schuett v. Hargens*, 114 N.W.2d 508 (Neb. 1962)); "Court has discretion to permit late response to requests for admissions, and if other party would not be prejudiced, discretion should be exercised in favor of allowing late responses. (*Brennan v. Varrasso Bros., Inc*., 1973 U.S. Dist. LEXIS 13108 (D. Mass. June 19, 1973)); "Plaintiff will be permitted to file late answers to requests for admissions, where plaintiff states that answers it seeks to file are consistent with its pleadings and deposition testimony, and are late on account of its counsel's misplacement of certain discovery documents, because defendants—who seek admissions by default—will not otherwise be substantially prejudiced by late answers, which are authorized under FRCP 36(b)." (*Ameribanc Sav. Banks, F.S.B. v. Resolution Trust Corp*., 858 F. Supp. 576 (E.D. Va. 1994).)

Fed. R. Civ. P. 33 and 34 are the rules controlling interrogatories and production of documents. With regard to objections to interrogatories, Rule 33(b)(4) provides: "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Rule 34 provides that although responses to requests for production, including the documents themselves, must be served within 30 days of being served with the requests, "a longer time may be ordered by the court." While Rule 34 does not explicitly provide that a party waives an objection by failing to file a timely response to a request for production of documents, courts addressing the issue have concluded that "the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34." *E.*

*Iowa Plastics, Inc. v. Pi, Inc.*, 2014 U.S. Dist. LEXIS 69908, at *7 (N.D. Iowa May 21, 2014) (citing *Cargill, Inc. v. Ron Burge Trucking, Inc.,* 284 F.R.D. 421, 424 (D. Minn. 2012). *See also Industrial Risk Insurers v. D.C. Taylor Co.,* 2008 U.S. Dist. LEXIS 42199, (N.D. Iowa 2008) at *4).) The court in *E. Iowa Plastics* found good cause for a 32-day delay in responding to a request for production of documents, stating:

> Here, there was only a short delay in PI serving its response and objections to EIP's request for production of documents. PI's attorney notified EIP's attorney on March 13 — ten days after the deadline for responding — that he had overlooked the deadline and would be filing objections to the requested production…There is no evidence that PI was acting in bad faith or purposefully engaged in any dilatory action. Any delay in the production of the requested documents (which allegedly go to the issue of damages) does not appear prejudicial to EIP. After considering all of the circumstances, the Court, for good cause, excuses PI's failure to timely object to the supplemental document request.

*Id*. at *8-9.

### III. ARGUMENT

**A. Withdrawal of the Admissions Will Promote the Presentation of the Merits of the Action.**

A district court has considerable discretion over whether to permit withdrawal or amendment of admissions. The court's discretion must be exercised in light of Fed. R. Civ. P. 36(b), which permits withdrawal (1) when the presentation of the merits of the action will be subserved thereby, and (2) when the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

In this case, allowing the admissions, which were late due to Plaintiffs' Counsel being in the hospital in labor and Plaintiff Abbondanza being out of town and unreachable until after the deadline to respond, to stand would subvert justice and undermine the presentation of the merits of this action. Plaintiffs' responses to the Requests for Admissions are consistent with the pleadings and arguments Plaintiffs have asserted in numerous responses to motions in this case, as well as Plaintiffs' responses to the Weiss Defendants' discovery requests. As the court stated in *Manatt v. Union Pac. R.R.*, 122

5

F.3d 514, 517 (8th Cir. 1997), "The prospect of deeming [the] controverted fact[] . . . as having been admitted seems . . . to be anathema to the ascertainment of the truth." (citing *White Consol. Indus., Inc. v. Waterhouse*, 158 F.R.D. 429, 433 (D. Minn. 1994)). Similarly, in the present case, allowing the admissions to stand simply due to Plaintiffs' responses being served fifteen days late and 57 days before the discovery deadline, particularly given Plaintiffs' Counsel being in the hospital having a baby, would be anathema to the ascertainment of truth. Plaintiffs provided their responses to the Requests for Admission on June 3, 2021, which include 15 admissions and only 2 denials to the 17 Requests for Admission. Both the Huff Defendants and Weiss Defendants have the ability to serve additional Requests for Admission since neither has utilized all requests to which they are entitled. In addition, no depositions have been taken. As such, no reasonable argument can be made that allowing the withdrawal of the admissions would, in any way, undermine the merits of the case or result in prejudice to the Huff Defendants.

**B. Withdrawal of the Admissions Will Not Prejudice the Requesting Party in Maintaining or Defending the Action on the Merits.**

"With regard to prejudice, the prejudice contemplated by Rule 36(b) is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Prejudice under Rule 36(b), rather, relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Am. Express Centurion Bank v. McGuiness (In re McGuiness)*, 348 B.R. 768, 769 (Bankr. S.D. Ohio 2006) (citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147 (6th Cir. 1997); see also AAA v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117 (5th Cir. 1991)

The requesting party, the Huff Defendants, will not be prejudiced in maintaining or defending this action on its merits if the Court grants this Motion for Extension of Time and/or Withdrawal of the Admissions. Plaintiffs served responses to the Huff Defendants' discovery requests on June 3, 2021, fifteen days after the responses were due and 57 days before the discovery

6

deadline in this case. Defendants have filed multiple motions, including motions to dismiss, motions for judgment on the pleadings, motions to compel, and motions for sanctions, which have extensively considered, challenged and argued the allegations in the Complaint.

Moreover, of the seventeen Requests for Admission, Plaintiffs admitted fifteen and only denied two of the requests. The two requests that were denied involved the Schaefer lawsuit, which was inquired about extensively in the Weiss Defendants' Requests for Admissions, the responses to which were served on February 6, 2021. When considered in light of the present circumstances, the Huff Defendants cannot demonstrate prejudice as contemplated by Fed. R. Civ. P. 36(b).

### C. Plaintiffs Had Good Cause for Not Objecting to the Interrogatories and Requests for Production within 30 Days

Both Rule 33 and Rule 34 require a showing of good cause for any delay in responding to interrogatories or requests for production within 30 days. There was good cause for Plaintiffs' delay in responding until 15 days after the 30-day deadline. As stated above, the responses to the Huff Defendants' discovery requests were due May 19, 2021. Plaintiffs' Counsel was in the hospital beginning on May 14 and Plaintiff Abbondanza was out of town and unreachable from May 9 – May 21. In addition, despite objecting to information sought through the Huff Defendants' Interrogatories and Requests for Production, Plaintiffs provided responsive answers and all documents in Plaintiffs' possession for each of the interrogatories and requests for production, respectfully. Therefore, in addition to having good cause for their untimely responses to the interrogatories and requests for production, thereby preserving their objections, Plaintiffs have given thorough and complete responses to the requests for admissions and interrogatories, and have produced all documents in their possession responsive to the requests for production.

### CONCLUSION

Plaintiffs were delayed 15 days in responding to the Huff Defendants' Requests for Admission due to Plaintiffs' Counsel going into labor and being in the hospital beginning on May

14, 2021 and Plaintiff Abbondanza being out of town and unreachable for purposes of reviewing and signing the responses from May 11 – May 19, 2021.  The discovery deadline in this case is not until July 30, 2021 and dispositive motions are not due until November 30, 2021.  Allowing withdrawal of the admissions would promote the merits of this case and no prejudice would result to Defendants.  Moreover, Plaintiffs had good cause for the 15-day delay in responding to the discovery requests and, despite noting objections to some of the discovery requests, nonetheless provided thorough responses to the requests for admissions and interrogatories, and produced documents responsive to the requests for production.  Based on the foregoing, Plaintiffs respectfully request that their admissions be withdrawn and their objections be permitted to stand.

## **CERTIFICATE OF CONFERRAL**

The parties have conferred and the Huff Defendants oppose the relief requested herein.


**RESPECTFULLY** submitted on this 20th day of June 2021.


    LAW OFFICES OF COURTENAY PATTERSON
    /s/ *Courtenay Patterson*_____
    Courtenay Patterson, Esq., CO Bar No. 49215
    Law Offices of Courtenay Patterson
    1716 N. Main St., Suite A #331
    Longmont, CO 80501
    Email: courtenay.patterson@gmail.com
    Telephone: (925) 237-1187

    *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of June 2021, I electronically filed the foregoing Motion for Extension of Time to Respond to Discovery Requests and to Withdraw Admissions with the Clerk of Court using the CM/ECF service, which provided electronic service to the following:

Joel Rothman
SRIPLAW
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
(561) 404-4350
*Attorney for Defendants Weiss, Weiss Law Group, and Leiner*


Franz Hardy, Esq.
Maral J. Shoaei, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
mshaoei@grsm.com
*Attorneys for Defendants Brett Huff, Richard Leslie, and Huff and Leslie, LLP*


/s/ *Courtenay Patterson*
_____

Law Offices of Courtenay Patterson
1716 N. Main St., Suite A #331
Longmont, CO 80501