UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case 1:19-cv-00328-RPM

MICHAEL ABBONDANZA and
TAVIN FOODS, INC.

    Plaintiffs,

v

JASON WEISS,
WEISS LAW GROUP, PC,
BRETT HUFF,
RICHARD LESLIE,
HUFF AND LESLIE, LLP,
PETER LEINER,
GIOVANIA PALONI,

    Defendants.
_____/

### DEFENDANTS, WEISS LAW GROUP, P.A., JASON WEISS AND PETER LEINER'S, RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Dkt. 97)

Defendants Weiss Law Group, P.A., Jason Weiss and Peter Leiner ("Defendants"), by and through undersigned counsel, hereby file their Response to Plaintiffs, Michael Abbondanza ("Abbondanza") and Tavin Foods, Inc.'s ("Tavin") (collectively "Plaintiffs"), Motion for Leave to File Second Amended Complaint (Dkt. 97) ("Motion") and state as follows:

### I.    INTRODUCTION

On February 11, 2021, the Honorable Magistrate Judge Michael E. Hegarty of this Court swore in Jason Weiss, a member of the bar of this Court, and Mr. Weiss testified that Santiago Abreu is a natural person, residing in Florida, who Mr. Weiss has met at least two times in the past. (Dkt. 102, Transcript, at 4). In response, counsel for Plaintiffs acknowledged that the defendants provided documentation concerning Mr. Abreu's existence as a real person "since the

pendency of this case. (*Id.*).  Mr. Weiss also testified that Mr. Abreu was in Bailey, Colorado on the date and time indicated in the pleadings in the underlying complaint. (*Id.* at 5).

The statute of limitations for RICO claims is four years. The underlying case was filed February 23, 2016 based on ADA violations observed approximately 7 months earlier on July 14, 2015. Plaintiffs waited until now to seek to add Mr. Abreu as a defendant. They could have added him when they first filed this case. They could have added him when they amended the complaint the first time.  They could have added Mr. Abreu after the hearing on February 11th of this year. But instead, Plaintiffs waited until after the statute of limitations ran, after discovery was already half-way over, and months after they learned, and admitted, without a shadow of a doubt that Mr. Abreu is real.

The declaration of defendant Jason S. Weiss filed herein demonstrates real prejudice. The proposed amended complaint is futile. The Motion should be denied.

## II.     FACTS RELEVANT TO THE MOTION

1.     This case is over 30 months old. It was filed one year before the Covid-19 virus first arrived in the United States. The original complaint, filed at Dkt. 1, alleged Santiago Abreu first visited Plaintiffs' restaurant on July 14, 2015, six years ago. Here are the salient allegations from the original complaint concerning proposed new defendant Santiago Abreu who Plaintiffs now, more than six years after the original incident, and more than five years after the original complaint was filed, seek for the first time to add as a defendant:

> 13. Plaintiff is informed and believes, and thereon alleges, that all Defendants named herein, working for or with Defendants Weiss Law Group and Huff and Leslie, LLP, have formed a criminal enterprise by using the Americans with Disabilities Act, Title III ("ADA") to institute actions based on fictional plaintiffs, false allegations of injury, and false allegations of standing to collect quick settlements from Colorado businesses and citizens.
>
> \*\*\*

17. Plaintiff is informed and believes, and thereon alleges that the lawsuits initiated by the criminal enterprise herein lacked merit, are frivolous and vexatious because of the Defendants' many false assertions made in furtherance of their fraudulent litigation. Specifically, the Defendants' made false assertions regarding allegations of disabilities, visits to the Colorado businesses, encountering of barriers, and further, **false assertions about the existence of Defendants' plaintiff "Santiago Abreu,"** who is the named plaintiff in hundreds of cases brought by Weiss Law Group across the country.

18. In Colorado, approximately 70 businesses located in Denver, Breckenridge, and elsewhere in Colorado **were allegedly visited by Santiago Abreu between July 2015 and May 2016**. Within the next year, all of those businesses would be sued by Defendants, purportedly on behalf of Mr. Abreu.

\*\*\*

20. The Defendants alleged in their approximately 70 complaints, including the complaint filed against Plaintiff Abbondanza's Bailey, Colorado restaurant, that **"Santiago Abreu" and a driver drove from Denver to Breckenridge and stopped at all of these businesses on their way**. "Santiago Abreu" was allegedly visiting Colorado to obtain "medicine" that could "only be purchased in Colorado." (See complaint in case number 1:16-cv-00432-MEH, attached hereto as Exhibit 1).

21. **On July 14, 2015, one "Santiago Abreu" is claimed to have visited Plaintiff's Riverbend Market and Eatery in Bailey, Colorado**, and allegedly suffered injuries as a result of encountering barriers based on his alleged disability.

22. Plaintiff and his restaurant Riverbend Market and Eatery, in Bailey, Colorado, were sued on February 23, 2016, approximately 7 months after this alleged visit on July 14, 2015. Defendants Weiss, Leslie and Huff, acting through the Weiss Law Group and Huff and Leslie, LLP, initiated litigation against Plaintiff on behalf of a "Santiago Abreu." (See Exhibit 1).

23. **The only evidence of Santiago Abreu's visit to Riverbend Market and Eatery was a receipt for an eleven dollar purchase**. The receipt the Defendants produced from Riverbend Market shows that the purchase was made on "14-15," but it does not show the month, and moreover, it does not have the signature line or name of the purchaser displayed. The receipt is conveniently cropped to not show the signature line, the name of the purchaser, what item was purchased, or the month the purchaser visited Riverbend Market. (See Receipt of Santiago Abreu's alleged visit to Riverbend Market & Eatery in Bailey, CO, attached hereto as Exhibit 2).

2. These were deadly serious allegations against members of the bar of this Court when they were made, on information and belief no less, and they remain deadly serious to this day. Plaintiffs alleged that Defendants concocted a fraudulent scheme involving a made-up person with disabilities, Santiago Abreu, who, according to Plaintiffs based on their "information and belief" did not exist.

3. But Mr. Abreu does exist, as Plaintiffs' counsel recently admitted in open court. Meanwhile, Plaintiffs' allegations have had significant consequences for all of the defendants, especially defendant Jason S. Weiss, Esq., a lawyer admitted to practice for over twenty years who had never previously been accused of any professional wrongdoing in his life. To permit amendment, and the delays that would accompany amendment, as well as the additional resources required to defend a case with one additional defendant, would unfairly prejudice Mr. Weiss.

4. Mr. Weiss does not have insurance coverage for the claims in this case. (Weiss Decl. ¶11). His defense has cost him a significant amount of money that he does not have. (Weiss Decl. ¶11). He has been humiliated for being sued for RICO violations. (Weiss Decl. ¶12). This case had taken a toll on his mental and physical health, his law practice, his relationships with peers and family, and on his mental, physical and financial well-being. (Weiss Decl. ¶13). He has been prevented from applying to be a Federal Magistrate on at least two (2) separate occasions for two separate openings in the Southern and Middle Districts of Florida because of this case. (Weiss Decl. ¶16). He has even explored leaving the practice of law. (Weiss Decl. ¶15).

5. This case has caused a significant strain on Mr. Weiss' marriage, his family and has caused him to lose friends and colleagues. (Weiss Decl. ¶17). He was denied jobs and lost

potential clients due to this case. (Weiss Decl. ¶17.)  As long as this case remains pending, Mr. Weiss is unable to refinance his home or his office building, obtain a mortgage, or join various local boards. (Weiss Decl. ¶18). This case has consumed three (3) years of Mr. Weiss' life that he will never get back. (Weiss Decl. ¶18). The longer this case is allowed to remain open, the more Mr. Weiss is harmed and prejudiced. (Weiss Decl. ¶19).

6.      Plaintiffs never should have been permitted to allege the non-existence of Santiago Abreu "on information and belief" in the first place.[1] See *L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 863 F. Supp. 2d 1066, 1077–78 (D. Colo. 2012) ("'allegations of fraud may be based on information and belief when the facts in question are peculiarly within the opposing party's knowledge,' but even then, 'the complaint [must] set[ ] forth the factual basis for the plaintiff's belief,'" quoting *Scheidt v. Klein*, 956 F.2d 963, 967 (10th Cir.1992)).

7.      Yet here we are, six years later, well after the statute of limitations on Plaintiffs' RICO claims expired, and comes now Plaintiffs seeking an amendment, and the delay and prejudice and cost and expense that will certainly accompany such an amendment were it granted, finally acknowledging what Plaintiffs were obligated to determine in the first instance before this action was even filed, namely that Mr. Santiago Abreu is a real, live, flesh and blood person who is amenable to suit.

8.      When is "information and belief" pleading, like Plaintiffs did in the original complaint, permitted?  Rule 11 provides the answer:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; *that to the best*

---

[1] The original complaint lacked any factual basis for Plaintiffs' belief that Mr. Abreu was a fictional character, that he did not visit Plaintiffs' establishment over six years ago to purchase "Antipasto" as his receipt, referenced in the complaint, reflected, or that Plaintiffs did not violate the ADA, which they admitted in the complaint they had violated.

> *of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact* and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

*See Stagner v. Pitts*, 7 F.3d 1045, 1993 WL 375809 at *2 (10th Cir. 1993)(unpublished table decision) (affirming Rule 11 sanctions against counsel who asserted a pattern of racketeering activity under RICO based on information and belief where the district court found, after applying *H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 239 (1989), that the attempted RICO claim was frivolous); *Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989)(affirming district court's refusal to grant leave to amend RICO claim based on information and belief because "Rule 11 contemplates and demands an attorney's investigation of both the facts and the law, and this cannot be done when the attorney, as here, apparently does not know what is necessary to state a claim.")

9. Plaintiffs made no reasonable inquiry before this suit was filed as to the undeniable existence of Santiago Abreu. Plaintiffs cannot correct their failure to comply with Rule 11 in the first instance by seeking to amend the complaint after the statute of limitations ran long ago. Had Plaintiffs done even a cursory investigation before casting aspersions on Defendants and their professional careers, they would have discovered Santiago Abreu existed. Plaintiffs did not do what was required of them, the same thing required of every plaintiff, before a lawsuit is filed, and neither did Plaintiffs' lawyer.

10. Plaintiffs have not been diligent. The original underlying ADA case was dismissed on February 13, 2017. The complaint in this case was filed two years later on February 7, 2019. After the original complaint was filed, Plaintiffs took no action, they did nothing. They did not request a scheduling conference. They did not serve discovery. Plaintiffs failed to

prosecute their case for two more years, only finally serving discovery requests in early 2021. Plaintiffs and their counsel admit they were granted significant leeway by the Court in their efforts to serve defendant Paloni. (Dkt. 57, 60).

11. However, what is missing from Plaintiffs' Motion is any recognition that what they are asking for now, namely the addition of Mr. Abreu as a defendant, should have been done in the first instance, not now after the statute of limitations has run and all defendants are prejudiced.

### III.   ARGUMENT

Federal Rule of Civil Procedure Rule 15 provides that leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend is by no means automatic. *See Ouedraogo v. Downtown Denver Bus. Improvement Dist*., No. 12-CV-01373-JLK, 2014 U.S. Dist. LEXIS 18330, at * 36 (D. Colo. 2014) *(citing Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2004)). Leave to amend can be denied under a number of circumstances including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Compton v. Rent-A-Center, Inc*., 350 Fed. App'x 216, 220 (10th Cir. 2009) (unpublished) (*citing Forman v. Davis*, 371 U.S. 178, 182 (1962)).

### a.   The Motion for Leave to Amend Should be Denied Because the Statute of Limitations Ran Long Ago and Therefore Amendment to Add Mr. Abreu is Futile

The proposed Second Amended Complaint is futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). Here, Plaintiffs' proposed Second Amended Complaint is futile because Plaintiffs' claims against Mr. Abreu are barred by the statute of limitations. Nothing in this

proposed Second Amended Complaint can change that outcome.

Although the RICO Act itself does not contain a statute of limitations, the Supreme Court held that Civil RICO claims are subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Associates, Inc*., 483 U.S. 143, (U.S. 1987); *Klehr v. A.O. Smith Corporation*, 117 S. Ct. 1984 (1997).  The statute of limitations begins running on a RICO claim according to the "injury discovery accrual rule" which ties accrual to the time when a plaintiff first knew or should have known of his injury. A RICO claim accrues when the plaintiff's injury and damages resulting therefrom become clear and concrete.

The Plaintiffs' damages were clear and concrete as of the time the underlying action was filed, or at the latest, when it was dismissed in 2017. More than four years has passed since both dates, therefore the statute of limitations has run, and Plaintiffs' second amended complaint is futile.

### b.  Weiss will be Prejudiced by the Amendment.

A showing of undue delay or undue prejudice is sufficient to deny leave to amend. *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365 (10th Cir. 1993) (*citing Forman v. Davis*, 371 U.S. 178, 182 (1962)). Concerning delay, "the important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205-06 (10th Cir. 2006). In assessing whether a delay is undue, "[t]he Tenth Circuit 'focuses primarily on the reason for the delay.'" *Vaupel v. United States*, No. 07-CV-01443-PAB-KLM, 2011 WL 2144612, 2011 U.S. Dist LEXI 62784, at *13 (D. Colo. 2011) (*citing Minter*, 451 F.3d at 1206), *aff'd* 491 Fed. App'x 869 (10th Cir. 2012)). "[C]ommon reasons for finding undue delay include lack of adequate explanation for the delay or when a moving party knows or should have known of the facts in the proposed amendment but did not include them in the original complaint." *Id.*

Plaintiffs have not provided any explanation, let alone an adequate explanation, for their

delay. Plaintiffs give no reason why they did not move for leave to amend sooner. Plaintiffs knew the facts in their Second Amended Complaint years ago, with ample time before the statute of limitations ran, but failed to take action.

Plaintiffs decry defendants' "full-throated claims that Santiago Abreu does in fact exist," and refer to evidence of Mr. Abreu's existence such as his identification card. (Dkt. 24-1 at 3, 5). Defendants are officers of the Court who were falsely accused by Plaintiffs of lying about Mr. Abreu's existence. Of course Defendants protested Plaintiffs' false assertions! Plaintiffs should have listened and sued then, not delayed suit until now after the statute of limitations expired and Defendants are prejudiced.

"Prejudice to the nonmoving party is the most important factor in considering whether amendment should be permitted." *Minter*, 451 F.3d at 1207.  Here prejudice counsels against the grant of leave.

### c. Plaintiffs' Failure to Conduct a Pretrial Investigation Caused Plaintiffs' Prejudice.

Plaintiffs and Plaintiffs' counsel failed to conduct a proper pretrial investigation. The standard by which courts evaluate the conduct of litigation is objective reasonableness - whether a reasonable attorney admitted to practice before the district court would file such a document. *Adamson v. Bowen*, 855 F.2d 668 (10th Cir. 1988); *see also Burkhart v. Kinsley Bank,* 804 F.2d 588, 589–90 & n. 3 (10th Cir.1986).  If "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law ...," *Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985), then such conduct is sanctionable under Rule 11. *Adamson*, 855 F.2d 668; *see also Burkhart,* 804 F.2d at 589–90 & n. 3.

Tavin previously settled its claims with Mr. Abreu.  *See* Underlying Action (ECF 51 and

52). Any claims Plaintiffs may have had against Mr. Abreu (including those suggested in this litigation) were compulsory counterclaims in the Underlying Action, or at a very generous minimum, within four (4) years from the stipulation for dismissal with prejudice of the Underlying Action. Plaintiffs are not entitled to sue Santiago Abreu anew now. Even assuming the Stipulated Dismissal with Prejudice in the Underlying Action does not bar Plaintiffs' claims, the statute of limitations does.

## IV.  CONCLUSION

For the reasons set forth herein, the motion for leave should be denied.

DATED: July 21, 2021                              Respectfully submitted,


*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile
*Attorneys for Weiss Law Group, P.A., Peter Leiner, and Jason S. Weiss*


## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on July 21, 2021, a true and correct copy of the foregoing document was sent via electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.


*/s/ Joel b. Rothman*
JOEL B. ROTHMAN

## SERVICE LIST

Franz Hardy, Esq.
Larissa Kirkland, Esq.
Gordon Rees Scully Mansukhani, LLP
555 17th Street, Suite 3400
Denver, CO 80202
fhardy@grsm.com
lkirkland@grsm.com

Courtenay Patterson, Esq.
Law Offices of Courtenay Patterson
1716 N. Main St., Suite A #331
Longmont, CO 80501
courtenay.patterson@gmail.com