UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.: 1:19-cv-00328-TMT-MEH

MICHAEL ABBONDANZA and TAVIN FOODS, INC.,

    Plaintiffs,

v.

JASON WEISS, WEISS LAW GROUP, P.C., BRETT HUFF, RICHARD LESLIE, HUFF AND LESLIE, LLP, PETER LEINER, and GIOVANIA PALONI,

    Defendants.

## DECLARATION OF JASON STUART WEISS, ESQ.

I, Jason Stuart Weiss, declare and say:

1. This Declaration is made pursuant to 28 U.S.C. § 1746.

2. My name is Jason Stuart Weiss and I have personal knowledge of the matters to which I am testifying to in this Declaration. I am over 18 years of age, am sui juris, and am otherwise competent to make this Declaration.

3. I am an attorney in good standing in the state of Florida. I was admitted to the Florida Bar in 2000. I am also admitted to the Bar of the District of Columbia since 2006.

4. I am an attorney in good standing in the District Court of Colorado since 2014.

5. I am licensed to practice in all of the United States District Courts in Florida; the United States Court of Appeals for the Eleventh Circuit; and ten (10) other United States District Courts throughout the United States.

6. I am the President of Weiss Law Group, P.A. ("Weiss Law") since 2012.

7. I have never been sanctioned by any court or disciplined as an attorney by any court or bar association.

8. Santiago Abreu is a real person. I did not make him up. I have personally met, spoken to and seen Santiago Abreu on at least four (4) separate occasions. Every time I have seen Mr. Abreu, he has been in and required the use of a mobility device for his multiple sclerosis and related medical conditions.

9. Mr. Abreu told me and confirmed for me, on at least 2 separate occasions, that on July 14, 2015 he was present at the Riverbend Market and Eatery located at 60006 U.S. Highway 285, Bailey, Colorado 80470 (the "Premises"), and that he observed ADA violations there.

10. The plaintiffs in this case and their counsel did not have valid information to believe that Mr. Abreu was fictional.

11. The filing and continued prosecution of this case against me without resolution has prejudiced me severely. I do not have insurance coverage for the claims in this case. See attached denial letter and follow up email. My defense has cost me a significant amount of money that I do not have.

12. I have felt humiliated for being sued for RICO violations. I have had to tell my family about the claims against me. I have witnessed the case reported in the media naming me and recounting the false allegations against me.

13. This case had taken a huge toll on my mental and physical health, my law practice, my relationships with peers and family, and on my mental, physical and financial well-being.

14. As a result of this case, I have had to seek out various different support systems and help in the form of doctors, coaches, medications, therapy, mindset, friends and even hypnosis.

For a long period of time, hearing about the state of Colorado would make me sick to my stomach or break down in tears and have anxiety attacks.

15. This case has caused me to deal with bouts of depression. I have been withdrawn and I am an emotional wreck. I have explored leaving the practice of law.

16. This case has caused me significant damage. My reputation has been harmed and I have been denied certain opportunities I would have otherwise been afforded if it were not for this case. For example, I was unable to even apply to be a Federal Magistrate on at least two (2) separate occasions for two separate openings in the Southern and Middle Districts of Florida because this case is still pending (and they ask for pending lawsuits and matters on the application).

17. This case has caused a significant strain on my marriage, my family and has caused me to lose friends and colleagues. I am also aware that I have been denied jobs and lost potential clients or contract work due to this case.

18. As long as this case remains pending, I am unable to refinance my home and/or my office building, buy a new home, or join various local boards. This case has consumed three (3) years of my life that I will never get back.

19. The longer this case is allowed to remain open, the more I am harmed, and the more I am prejudiced.

I declare under perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 20, 2021.

_____
Jason S. Weiss



**Florida Lawyers Mutual**
INSURANCE COMPANY

February 20, 2019

VIA CERTIFIED MAIL
RETURN RECEIPT
7017 1000 0001 0289 1939

Jason S. Weiss, Esq.
Weiss Law Group, P.A.
5531 N. University Drive, Suite 103
Coral Springs, FL 33067

Re:  Claim      : 3629
     Insured    : Weiss Law Group, P.A.
     Claimant   : Michael Abbondanza

## DENIAL OF COVERAGE

Dear Mr. Weiss:

This will acknowledge receipt of correspondence from your firm on February 8, 2019, regarding the Complaint filed against you in Colorado by Michael Abbondanza.

As you are aware, Florida Lawyers Mutual Insurance Company ("Florida Lawyers") accepted notice of this claim having established a "Records Only" file. This matter will be investigated and handled subject to your lawyers professional liability policy, 88022, which became effective on September 1, 2018. The policy affords a per claim coverage limit of $500,000 with an aggregate limit of $1,000,000. The policy was subject to a $2,500 annual aggregate deductible; however, the deductible only applies to indemnity (judgment or settlement), and not claims expenses. You have coverage for alleged acts of malpractice committed on or after September 1, 2012. Additionally, supplemental claims expense coverage is provided as defined by the policy.

This claim arises from your representation of Santiago Abreu for alleged violations of the Americans with Disabilities Act in Colorado against Michael Abbondanza and his company, Riverbend Eatery. During the pendency of that litigation, counsel for Mr. Abbondanza represented to you that the ADA violations had



**Florida Lawyers Mutual**

INSURANCE COMPANY

Page Two
February 20, 2019
Jason S. Weiss, Esq.

been corrected. At that point, you agreed to a joint stipulation dismissing the case. In the Complaint, Mr. Abbondanza alleges you and your former associate, Peter Leiner, were involved in a conspiracy and criminal enterprise with the goal of obtaining money from his restaurant for bogus claims of violations of the Americans with Disabilities Act. The claims against you and Mr. Leiner are Racketeer Influenced and Corrupt Practices Act, Mail Fraud, Wire Fraud, Colorado Organized Crime Control Act, Abuse of Process, Civil Conspiracy and Fraud. Please see the Complaint for a more detailed understanding of the allegations made against you by Mr. Abbondanza.

As we discussed on February 18, 2019, all of the allegations made by Mr. Abbondanza in his Complaint are based on intentional acts and conduct that are exclusions under your policy. Based on the allegations contained in the Complaint, please refer Section V(A) of your policy, titled "Exclusions", and located on page 8 of 13. That section reads, in relevant part, as follows:

**V.   EXCLUSIONS**

A. THE POLICY DOES NOT AFFORD ANY COVERAGE OR BENEFITS WITH RESPECT TO:

1. Any **Claim** arising out of a criminal, dishonest, intentional, malicious or fraudulent act, error or omission committed by an **Insured**.

2. Any **Claim** seeking **Fines, Sanctions or Penalties**.

Based on the above, please note Florida Lawyers will not satisfy any award of damages or indemnify you for any damages awarded based on any allegations or claims which are clearly excluded by the policy. To avoid any confusion, Florida Lawyers reserves its right to address any coverage issues and matters subject to the terms, provisions and conditions of your lawyers professional liability policy and nothing herein is to be considered as a waiver or estoppel of any later rights Florida Lawyers may have to investigate or rely upon its contract of insurance in support of its coverage position.



**Florida Lawyers Mutual**
INSURANCE COMPANY

Page Three
February 20, 2019
Jason S. Weiss, Esq.

———————————————

    Therefore, as discussed, Florida Lawyers will not become actively involved at this time and suggest that you notify any other insurance carriers who may afford protection. In addition, you should take action to protect your interests as it relates to this matter. Please notify me immediately should developments warrant our involvement. As always, your contact is encouraged is you have questions or concerns.

Sincerely,

Susan K. Sells, Esq.
Claims Attorney

jason@jswlawyer.com

**From:** Susan Sells <susans@flmic.com>
**Sent:** Thursday, February 25, 2021 12:05 PM
**To:** Joel Rothman
**Cc:** jason@jswlawyer.com; Jamie Christine James
**Subject:** RE: Abbondanza v Weiss, Your Claim 3629

Joel and Jason: I am in receipt of the below email and attachments. I have also reviewed the docket on PACER and the items you provided to re-evaluate the denial of coverage issued in this matter on February 20, 2019. The allegations made by a non-client (Michael Abbondanza) against Mr. Weiss and his law firm are not sounded in negligence stemming from the attorney-client relationship. Instead, all of the allegations against Mr. Weiss and his law firm arise from intentional acts that are exclusions in the FLMIC professional liability insurance policy issued to Weiss Law Group, P.A. Therefore, the denial of coverage decision made in February 2019 continues to be the coverage decision applicable to this matter.

**Susan K. Sells, Esquire**
Claims Attorney
Florida Lawyers Mutual Insurance Company
541 E. Mitchell Hammock Rd.
Oviedo, FL 32765
800.633.6458
800.781.2010 (fax)

flmic.com



CONFIDENTIALITY STATEMENT
This electronic message transmission contains information from FLORIDA LAWYERS MUTUAL INSURANCE COMPANY and is confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone 800.633.6458 immediately. Thank you for your cooperation

**From:** Joel Rothman <joel@sriplaw.com>
**Sent:** Thursday, February 11, 2021 8:40 AM
**To:** David Wilder <davidw@flmic.com>; Susan Sells <susans@flmic.com>
**Cc:** jason@jswlawyer.com; Jamie Christine James <jamie.james@sriplaw.com>
**Subject:** Abbondanza v Weiss, Your Claim 3629
**Importance:** High

Counsel,

By letter dated 2/20/2019 (attached), Florida Lawyers Mutual denied coverage to my client Jason Weiss, Esq. and his insured law firm Weiss Law Group, P.A. based upon the policy's exclusion for "[a]ny Claim arising out of a criminal, dishonest, intentional, malicious or fraudulent act, error or omission committed by an Insured."

1

In response to sworn interrogatories received yesterday from plaintiffs in this case (attached), plaintiffs now allege that my clients' actions that are the subject of this action were committed **negligently**. In response to interrogatory three which asked for plaintiffs to state the "misconduct committed by Weiss and the basis of Weiss' alleged liability", plaintiffs responded, in pertinent part, as follows:

> *Defendant Weiss knows or should know **in the exercise of reasonable care as a licensed attorney** and sole partner of the Weiss Law Group, that the ADA complaints filed by the Weiss Law Group contain falsities regarding the ADA Plaintiff's visit to Colorado, visits to establishments, encounters with barriers, and intent to return so as to establish standing under the ADA and related state law, and further, that the ADA complaints contained falsities about the existence of "Santiago Abreu."*

The misconduct now alleged to have been committed by Weiss falls squarely within the insuring agreement of the policy (attached) without exception or exclusion. My client is entitled to a defense and, based upon Florida Lawyers Mutual's wrongful denial of my client's claim at the outset, my client is entitled to appoint counsel of his own choosing and be reimbursed for the costs of counsel from Florida Lawyers Mutual.

Please contact me to arrange reimbursement for my firm's fees in this matter and payment going forward. Thank you in advance.

Joel



Florida | Los Angeles | New York | Atlanta | Nashville

**Joel B. Rothman**
Managing Partner
Board Certified in Intellectual Property Law
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
Main: (561) 404-4350
Direct: (561) 404-4335
Mobile: (561) 504-3902
joel.rothman@sriplaw.com
www.sriplaw.com

Admitted to Practice in: Florida, New York, Georgia; SCT, CA11, CAFC, CA5, CA9, CA2, CA10; and the following federal districts: FLSD, FLMD, FLND, GAND, GASD, GAMD, NYSD, NYED, NYND, NYWD, MIED, MIWD, WIWD, ILND, ILCD, ILSD, TNWD, ARED, ARWD, TXSD, TXND, TXWD, TXED, COD, DCD, CClaims, and the VA.