IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00328-TMT-MEH

MICHAEL ABBONDANZA and
TAVIN FOODS, INC.,

    Plaintiffs,

v.

JASON WEISS,
PETER LEINER,
WEISS LAW GROUP, PC,
BRETT HUFF,
RICHARD LESLIE,
HUFF & LESLIE, LLP, and
GIOVANNIA PALONI,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiffs' "Motion for Leave to File Second Amended Complaint" ("Motion"). ECF 97. Plaintiffs seek to add Santiago Abreu as a Defendant. Briefly, this lawsuit asserts that the Defendants engaged in vexatious litigation and violated RICO in bringing ADA "tester" lawsuits on behalf of Mr. Abreu, who allegedly visited restaurants and other public accommodations, identified violations of the Americans with Disabilities Act, and filed lawsuits against the establishments. I held a hearing on this Motion on August 4, 2021. For the reasons stated on the record, which I will briefly reiterate here, I respectfully recommend that the Motion be denied.

Plaintiffs filed the Motion within the time permitted by the Scheduling Order (July 30, 2021). ECF 73. Therefore, Rule 15 governs this Court's consideration. Rule 15 states that after the deadline for amending a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Maloney v. City of Pueblo*, 323 F.R.D. 358, 360 (D. Colo. 2018) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). Because "untimeliness alone is an adequate reason to refuse leave to amend," *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005), the following analysis explains my basis for denying the Motion.

Plaintiffs' only basis for filing the Motion two and a half years after the lawsuit was commenced is their disbelief that prior to recently, Plaintiffs' counsel did not believe Mr. Abreu was a real person. Mr. Abreu, through a licensed attorney, filed more than seventy lawsuits in this District and likely many multiples of that in all other federal district courts combined. No party gave me any proof that any court ever inquired into Mr. Abreu's existence. This has been an issue in no other case. Nor could any counsel tell me that in their many collective years of practice, they had ever even heard of a situation in a federal court in the United States in which a court found that a lawsuit brought by licensed counsel in the name of a natural person was a fraud or that the named plaintiff did not actually exist. Given the extreme unlikelihood that a natural person/plaintiff in hundreds of lawsuits in federal courts in the United States (approximately 200 by my count) was in fact fictitious, at the very least, Plaintiffs here should have (1) included Mr. Abreu, who is the central focus of this lawsuit, as a named defendant in this lawsuit, and if they

had a good faith basis to believe he did not exist, (2) engaged in early discovery into his actual existence. Failure to do that until now constitutes undue delay.

Therefore, the Court respectfully recommends that Plaintiffs' Motion for Leave to File Second Amended Complaint [filed June 30, 2021; ECF 97] be **denied**.[1]

Respectfully submitted this 4th day of August, 2021, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).