UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

CASE NO.: 1:19-CV-00328-TMT

MICHAEL ABBONDANZA AND
TAVINFOODS, INC.,

       Plaintiffs,

    vs.

WEISS LAW GROUP, PA.
PETER LEINER,
RICHARD LESLIE,
BRETT HUFF,
HUFF & LESLIE, LLP,
GIOVANNIA PALONI, AND
JASON WEISS,

       Defendants.
_____

STATEMENT ON THE RECORD

Tuesday, September 14, 2021
10:06 a.m.

16770 N. Perimeter Drive
Scottsdale, Arizona  85260

Reported by Peggy Smith - RPR
Arizona Court Reporter No. 50726



```
 1                    APPEARANCES OF COUNSEL

 2

 3   FOR PLAINTIFFS:

 4            LAW OFFICES OF COURTENAY PATTERSON, LLC
              COURTENAY PATTERSON, ESQ.
 5            1716 N. Main Street, Site A #331
              Longmont, Colorado  80501
 6            (720) 222-9551
              courtenay.patterson@gmail.com
 7

 8                    PRESENT VIA ZOOM:

 9
     FOR DEFENDANTS, BRETT HUFF, RICHARD LESLIE, and HUFF
10   AND LESLIE, LLP:

11            GORDON REES SCULLY MANSUKHANI LLP
              FRANZ HARDY, ESQ.
12            555 Seventeenth Street, Suite 3400
              Denver, Colorado  80202
13            (303) 534-5160
              fhardy@grsm.com
14

15
     FOR DEFENDANTS, WEISS LAW GROUP, JASON WEISS AND PETER
16   LEINER:

17            SRIPLAW
              JOEL B. ROTHMAN, ESQ.
18            21301 Powerline Road, Suite 100
              Boca Raton, Florida  33433
19            (561) 404-4350
              joel.rothman@sriplaw.com
20

21
     FOR CHRISTINE GIOVANNIA PALONI:
22
              BLACKMORE LAW, PLC
23            GEORGE BLACKMORE, ESQ.
              1129 W. 14 Mile Road, #1006
24            Clawson, Michigan  48017
              (248) 847-0580
25
```



```
 1        SCOTTSDALE, ARIZONA; September 14, 2021; 10:06 A.M.
 2
 3             MS. PATTERSON:  So we're obviously supposed to be
 4   here for Ms. Paloni's deposition.  Mr. Blackmore, is she not
 5   going to be appearing at all?
 6             MR. BLACKMORE:  No, she will not be appearing.
 7             MS. PATTERSON:  So like I said in my e-mail, I'm
 8   still in Arizona.  Everything was booked and non-refundable
 9   at that point because of the late notice.  I'm not entirely
10   sure when she retained you, but you know, this case has been
11   going on for two-and-a-half years.  She's well aware of it.
12   I wasn't going to just simply vacate this date given the
13   difficulty with trying to serve her and I'm happy to pick
14   another date for the deposition, but I'm not stipulating to
15   a removal of the default.
16             You can make your Motion.  I'm sure the court is
17   going to grant it, but I'm not stipulating to it.  There's a
18   lot of issues regarding costs that need to be addressed, so
19   I'm not simply going to say oh, gee, after two-and-a-half
20   years, yeah, sure why don't you come join this case.
21             So like I said, you know, at this point the court
22   doesn't even have jurisdiction over Ms. Paloni or this
23   proceeding today.  So if you would like to enter your
24   appearance and we can handle that matter, that's fine, but
25   I'm not going enter a stipulation for the removal of the
```



```
 1   default.
 2              MR. BLACKMORE:  All right.  So are we done here?
 3              MS. PATTERSON:  So we need to pick a new date for
 4   the deposition, like now, on the record.
 5              MR. BLACKMORE:  Probably going to have to be in
 6   October.
 7              MS. PATTERSON:  Well, our discovery deadline is
 8   September 30th.
 9              MR. BLACKMORE:  I am not comfortable picking a
10   date before that without being able to review everything and
11   adequately defend.
12              MS. PATTERSON:  Mr. Rothman and Mr. Hardy, do you
13   have anything you want to say about that?
14              MR. HARDY:  Yeah.  I've got a question.  First of
15   all, are we on the record?
16              MS. PATTERSON:  Yes.
17              MR. HARDY:  I guess I don't have a problem for
18   purposes of rescheduling Ms. Paloni's deposition of
19   extending the discovery period.  I would object to a blanket
20   extension, but for purposes of scheduling Ms. Paloni's
21   deposition at a date that works for Mr. Blackmore and
22   Ms. Paloni to get up to speed and for us to get all on the
23   same date in terms of calendars, I would have no objection
24   to going beyond the September 30 deadline for that limited
25   purpose.
```



1       MR. ROTHMAN:  I think from a practical standpoint
2   assuming that Mr. Blackmore enters his appearance, which
3   he's indicated he's going to, and files an answer and the
4   court vacates the default, which it seems to me the court
5   probably would do, seeing as though all the Defendants are
6   jointly and severally liable and there wasn't a way to get
7   natural default judgment against Ms. Paloni with the other
8   Defendants defending, I expect that there probably would be,
9   as Mr. Hardy indicated, some additional time to do discovery
10  simply because it's almost the middle of September and
11  there's just 15 days left.
12             We are going to cooperate with Mr. Blackmore and
13  his client and with the Plaintiff so that we can make the
14  material produced in written form available and make sure
15  that whatever needs to be furnished to Ms. Paloni and her
16  counsel gets furnished.  And I think it's the likelihood
17  that there would be some -- some additional leeway given to
18  the Plaintiffs to, you know, go beyond the current date and
19  I believe it's possible without even, you know -- I think we
20  could probably stipulate to it if perhaps you wanted to
21  propose -- or one of us would propose a stipulation and you
22  could add terms to it about how long we're talking about and
23  for what purpose so we don't have to reopen all the
24  discovery again.
25             So obviously Ms. Paloni isn't here.  If you have



1   issues with her about her failing to appear, Ms. Patterson,
2   obviously you'll take those up.  You'll deal with her and
3   her counsel on that.  But, you know, my schedule is a bit
4   more open for the rest of this month and after this week and
5   for next month, just because it's been the Jewish holidays
6   these last few weeks and this week.  So it's a little bit
7   easier for me to make myself available and I do actually
8   have -- Mr. Rollins just got admitted to the District of
9   Colorado so he can cover some things.  So we'll work with
10  you all and maybe we can work things out so that we don't
11  have to file a Motion, but I didn't notice the depo.  It's
12  obviously up to you, Ms. Patterson, but that's what I have
13  to say about it.  We'll cooperate and we'll work together to
14  try and get this done as quickly as we can.
15            MS. PATTERSON:  And I'm fine if we're going to
16  extend the discovery deadline a reasonably, you know, short
17  period of time just for purposes of doing this deposition.
18  That's fine.  You know, again, I'd like to pick a date today
19  while we are on the record and then, you know, like a
20  separate motion doesn't need to be filed in that.  So that's
21  fine with me.
22            MR. ROTHMAN:  Okay.  It may not be possible for
23  us to pick a date but we can certainly try or we can you
24  know I'm look at my calendar.  If we're talking about the --
25  let's see, the first week in October, I'm available the 5th,



```
 1  the 6th, looks like 8th, and the following week the 11th,
 2  the 13th, and 14th and the 15th.  So assuming this is going
 3  to be remote, which I would hope so, so I have that
 4  availability in the month of the first two weeks in October.
 5  Hope that that helps.
 6              MS. PATTERSON:  Franz, do any or all of those
 7  dates work for you?
 8              MR. HARDY:  Yeah, I wasn't writing them down, but
 9  those first two weeks in October look pretty good for me
10  except for the 4th.
11              MR. BLACKMORE:  I think the 8th would work best
12  for me, assuming that -- I don't know how long you plan, but
13  I assume we're going to schedule it at the same time,
14  10:00 o'clock.
15              MS. PATTERSON:  And I can do 9:00 o'clock and I
16  mean, it's going to be a seven hour deposition or it's going
17  to at least be noticed for a seven hour deposition, whether
18  or not it takes that full amount of time.
19              MR. BLACKMORE:  Yeah, 9:00 o'clock in morning.
20  That should be good.
21              MS. PATTERSON:  Okay.  Why don't we plan on
22  October 8th then.  I realize you probably need to clear that
23  with your client.  That would have been helpful to know in
24  advance, but nonetheless, let's go ahead and plan it for
25  October 8th and if that's going to change, you have
```



```
 1  everyone's availability for those first two weeks.
 2            I am available -- I'm not available the 6th or
 3  the 7th or the 14th.  So those days won't work for me, but
 4  beyond that the 8th is fine with me if that works or any of
 5  the other dates that Mr. Rothman mentioned, other than the
 6  6th, 7th and 14th.
 7            MR. BLACKMORE:  Let's tentatively plan for the
 8  8th at 9:00 a.m.  I'll put it on my calendar.
 9            MS. PATTERSON:  Okay.
10            MR. HARDY:  So just to be clear, Courtenay,
11  you're going to issue a Notice?
12            MS. PATTERSON:  Yes.
13            MR. HARDY:  And then Mr. Blackmore, you're going
14  to take the steps you need to take in terms of the Motion
15  for Entry of Default -- or actually, the court's default has
16  been entered, but a default judgment has not been entered.
17            MR. BLACKMORE:  Right.  I will move to set aside.
18  Hopefully in a timely fashion that will be entered and we'll
19  go off the record.
20            MR. HARDY:  Okay.
21            MS. PATTERSON:  Okay.
22            (The proceeding is concluded at 10:24 a.m.)
23                        *   *   *
24
25
```



```
 1                    CERTIFICATE OF REPORTER

 2
     STATE OF ARIZONA   )
 3                      ) ss:
     COUNTY OF MARICOPA )
 4

 5        I, PEGGY SMITH, a Certified Reporter in the State of
     Arizona, do hereby certify that the foregoing Statement on
 6   the Record was taken before me in the County of Maricopa,
     State of Arizona pursuant to A.R.S. 41-324(B); that the
 7   statements were taken down by me in shorthand and thereafter
     reduced to typewriting; that the transcript is a full, true,
 8   and accurate record of the proceeding, all done to the best
     of my skill and ability; that the preparation, production
 9   and distribution of the transcript and copies of the
     transcript comply with the Arizona Revised Statutes and ACJA
10   7-206(J)(1)(g)(1) and (2).

11        I FURTHER CERTIFY that I am in no way related to any of
     the parties nor am I in any way interested in the outcome
12   hereof.
          IN WITNESS WHEREOF, I have set my hand in my office in
13   the County of Maricopa, State of Arizona, this 28th day of
     September, 2020.
14
                              Margaret "Peggy" Smith
15                            _____
16                            MARGARET "PEGGY" SMITH
                              Certificate No. Number 50726
17

18   _____/S/_____
     For Esquire Deposition Solutions
19   Registered Reporting Firm No. R1048

20

21

22

23

24

25
```

