**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00328-TMT-MEH

MICHAEL ABBONDANZA and TAVIN FOODS, INC.

Plaintiffs,

v.

JASON WEISS, WEISS LAW GROUP, PC, BRETT HUFF, RICHARD LESLIE, HUFF AND LESLIE, LLP, PETER LEINER, GIOVANIA PALONI,

Defendants.

---

**DEFENDANT GIOVANIA PALONI'S MOTION TO SET ASIDE CLERK'S ENTRY**
**OF DEFAULT PURSUANT TO FED. R. CIV. P 55(c)**

---

Defendant Giovannia Paloni ("Paloni"), through undersigned counsel, states the following in support of this Motion to Set Aside Clerk's Entry of Default Pursuant to Fed. R. Civ. P 55(c):

**1.      Introduction**

Plaintiffs filed their complaint on February 7, 2019. (Dkt. No. 1), and then subsequently filed what appears to be a Notice of Amended Complaint under D.C.COLO.LCivR 15.1 on February 28, 2019, but styled it as an amended complaint (the "Amended Complaint") on the docket. (Dkt. No. 8 ). It is not clear that Plaintiffs' Amended Complaint complies with the local rules, but Paloni concedes only for the purpose of this motion that the Amended Complaint is the operative complaint in this action. Plaintiffs allege that a copy of the Amended Complaint and Summons were served on Paloni on November 12, 2020, by certified mail. (Dkt. No.70). However, Paloni never received the certified mail. In any event, Plaintiffs filed a motion for

entry of default (Dkt. No. 90), and a default was entered by the clerk on February 19, 2021 (Dkt. No. 91).

On August 31, 2021, counsel for Plaintiffs properly served a subpoena by a certified Arizona process server on Paloni requiring her presence at a deposition on September 14, 2021. Paloni sought counsel from the undersigned on September 2, 2021, but was unable to be properly retained until September 13, 2021, due to the undersigned counsel being unavailable due to a preplanned vacation from September 2, 2021, until September 11, 2021. Paloni's counsel contacted counsel for Plaintiffs by email and explained that they had been engaged to represent Paloni in this matter and asked that the default be set aside. Plaintiffs' counsel subsequently refused to cancel the scheduled deposition. Paloni's counsel appeared at the scheduled deposition by video on September 14, 2021, and asked if Plaintiffs' counsel would stipulate to set aside the default to satisfy counsel's duty to confer under D.C.COLO.LCivR 7.1(a). Plaintiffs' counsel refused and Paloni's counsel informed Plaintiffs' counsel, that a motion to set aside the default would be forthcoming after a review of the docket and Paloni's deposition was rescheduled. This motion follows.

## 2.    Argument

"The preferred disposition of any case is upon its merits and not through default." *Let's Go Aero, Inc. v. Cequent Performance Prod., Inc.*, 78 F. Supp. 3d 1363, 1372 (D. Colo. 2015) (citing *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir.1970)). A Court "may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). "[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P.

60(b)." *Dennis Garber & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (citations omitted). Courts may consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented" when deciding to set aside an entry of default. *Pinson v. Equifax Credit*, 316 F. App'x 744, 750 (10th Cir. 2009) (quoting *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992)).

      a.     **Paloni's default was not willful, and Plaintiffs will not be prejudiced by setting the default aside.**

Paloni's default was not willful because she never received the summons or complaint. See Exhibit A – Paloni Declaration. "Failure to effectuate proper service, thus preventing the exercise of personal jurisdiction over a party, constitutes good cause to set aside an entry of default." *Thrasher v. Rocky Mountain Auto Brokers, Inc.*, Civil Action No. 18-cv-02342-PAB-KMT, at *2 (D. Colo. Sep. 25, 2019). A plaintiff can serve a summons and complaint on an individual within a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)

Plaintiffs attempted to serve Paloni by attempting to follow state law for serving a summons, which ultimately led to Plaintiffs seeking alternative service. (Dkt. No. 60). Plaintiffs

represent that Paloni was served on November 12, 2020, because a certified mail receipt indicates that the summons and complaint were received, although it does not provide any indication of who received the mail. However, Paloni does not reside at the Scottsdale, Arizona address full-time, does not own the property, and never actually received the summons and complaint. See Exhibit A – Paloni Declaration. Plaintiffs then sent James Patterson to the Scottsdale, Arizona address on December 11, 2020, to attempt personal service. Mr. Patterson travelled from Denver, Colorado to Scottsdale, Arizona and began a stake-out and investigation mission to serve Paloni. This is explicitly not allowed under Arizona law, which requires private process servers to be certified under Arizona Code of Judicial Administration §7-204. Paloni had no idea who this person was roaming the neighborhood and was concerned for her safety. See Exhibit A – Paloni Declaration. Further supporting the assertion that Paloni's default was not willful, Plaintiffs sent a subpoena for Paloni to appear at a deposition (which was properly served at by a certified process server under Arizona law) on August 31, 2021. This was the first time Paloni had the proper information to seek counsel and adequately defend this case, which she did.

As evidenced by Plaintiffs seeking deposition testimony of a defaulted party sixteen days before the discovery deadline, setting aside the default would not prejudice Plaintiffs. Plaintiffs would need to establish that its "ability to pursue the claim has been hindered . . . " in order to establish prejudice. *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523-24 (3d Cir. 2006) (citation and quotation marks omitted). As detailed in Plaintiffs' complaint, Plaintiffs' sole basis for filing suit against Paloni is that she allegedly never visited the property at issue. Pl. Compl. ¶¶ 12, 25-28, 84. Plaintiffs have conducted discovery

and depositions of the other parties in the case over the last nine months, but apparently now need testimony from Paloni. Any claim that setting aside the default would hinder the ability for Plaintiffs to prove their claims is not supported by Plaintiffs' conduct of this case.

        **b.**    **Paloni has a meritorious defense.**

Plaintiffs' 180 paragraph complaint contains six paragraphs pertaining directly to Paloni. *Id*. Each of these paragraphs reiterates the same theory that because Paloni did not visit the property at issue, but prepared an expert report in the litigation giving rise to this case she engaged in wire fraud, racketeering, organized crime, abuse of process. conspiracy, and fraud with the other Defendants. *Id*. This theory completely ignores the fact that an expert can "base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703. Even if Paloni did not personally visit the property, Rule 703 would allow her to render an opinion based on photographs provided to her and does not create liability as Plaintiffs allege. *Id*. Because expert testimony is generally provided "in the form of an opinion" Plaintiffs cannot prove the intent required for any cause of action alleging fraud, which then defeats the predicate act requirements of a civil RICO claim, which provides Plaintiffs without a viable cause of action against Paloni. *Id*. This provides Paloni a meritorious defense.

**3.**    **Conclusion**

Because Paloni has good cause to set aside the entry of default and a meritorious defense against Plaintiffs' claims, this Court should set aside Paloni's default.

Respectfully submitted this 29th of September, 2021.

*/s/ George Blackmore*

**George Blackmore**
Blackmore Law PLC
1129 West 14 Mile Rd. #1006
Clawson, MI 48017
Telephone: (833) 343-6743
E-mail: george@blackmore.law
*Counsel for Giovannia Paloni*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 29, 2021, I served a copy of the foregoing Motion to Set

Aside Clerk's Entry of Default Pursuant to Fed. R. Civ. P 55(c) on all parties of record by:

| ☒ E- Filing | ☐ Overnight Courier | ☐ E-Mail |
|---|---|---|
| ☐ Facsimile | ☐ U.S. Mail | ☐ Hand Delivery |

/s/ George T. Blackmore
George T. Blackmore