# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

**Michael Abbondanza,**
**Tavin Foods, Inc.**
                                   Plaintiffs,

v.

**Jason Weiss,**
**Weiss Law Group, PC,**
**Brett Huff,**
**Richard Leslie,**
**Huff and Leslie, LLP,**
**Peter Leiner,**
**Giovania Paloni,**
                                Defendants.

---

## PLAINTIFFS' REPLY TO MOTION TO EXTEND THE DISCOVERY DEADLINE

---

         Plaintiffs, through their undersigned counsel, file this Reply to Defendants' Response to Plaintiffs' Second Motion to Extend the Discovery Deadline.

         1. Plaintiffs' repeated efforts to serve Ms. Paloni since this lawsuit was filed, the multiple motions for early discovery to attempt to learn Ms. Paloni's whereabouts, the four status updates Plaintiffs filed with the Court demonstrating Plaintiffs' attempts to locate and serve Ms. Paloni, Plaintiffs' granted Motion for Alternative Service on Ms. Paloni, Plaintiffs' further attempts to verify that Ms. Paloni did, in fact, reside at the E. Gold Dust Ln. residence in Scottsdale, AZ, in order to ensure that a Clerks' Entry of Default was appropriate, the Clerk's Entry of Default against Ms. Paloni, and Plaintiffs' further, ultimately successful, attempt to serve Ms. Paloni for her deposition clearly demonstrate that Plaintiffs have exercised diligence and good cause for an extension of the discovery deadline.

         2. It is unclear how Defendants can suggest that Plaintiffs have acted with "carelessness" in

their efforts throughout this case.  Mr. Weiss testified at his deposition that he is good friends with

Ms. Paloni, having traveled with her in Colorado, Arizona and Georgia in the course of working on

hundreds of ADA lawsuits together, and has spoken with her on at least one occasion since the

current lawsuit has been pending.  If anyone has been careless with moving this lawsuit along

efficiently, it is Ms. Paloni and Mr. Weiss.

3. Defendants suggest that Plaintiffs could have included a command to produce records

along with the subpoena, but "chose not to."  (see ECF 119, footnote 2).  However, Fed.R.Civ.P

45(a)(4) specifically states: "If the subpoena commands the production of documents, electronically

stored information, or tangible things or the inspection of premises before trial, then before it is

served on the person to whom it is directed, a notice and a copy of the subpoena must be served on

each party."  As Plaintiffs' Counsel explained at the Discovery Conference on September 8, 2021,

Plaintiffs' Counsel was not inclined to alert Defendants' Counsel that she hired a Private

Investigator to attempt to serve Ms. Paloni with a subpoena for her deposition given the significant

amount of time and money Plaintiffs had spent trying to serve Ms. Paloni since the inception of this

case.  (see Transcript from Discovery Conference: ECF 113, page 36, lines 9-22).

4. The private investigator Plaintiffs hired that served Ms. Paloni for her deposition is just

one of several private investigators Plaintiffs hired in Florida and Arizona to serve Ms. Paloni.  Ms.

Paloni refused to answer the door at the Arizona residence when a different private investigator

attempted to serve her in March 2020.  A second attempt was made at the residence a week later,

but no one appeared to be home.  Due to the pandemic, additional attempts at surveillance and/or

service could not be made.  Plaintiffs moved forward with alternative service and the Complaint

was sent via certified mail in November 2020.  The package was never returned as undeliverable,

nor was Plaintiffs' Counsel contacted by anyone at the Arizona residence stating that Ms. Paloni

did not reside there.

2

5. James Patterson attempted to contact Ms. Paloni in December 2020 to ensure that she did, in fact, reside at the Scottsdale, AZ address, prior to Plaintiffs filing for a Clerk's Entry of Default. Two sets of neighbors confirmed that Ms. Paloni lived at the E. Gold Dust Ave. address.  Mr. Patterson saw Ms. Paloni when she pulled up to the residence, opened the garage door, and left as soon as she saw Mr. Patterson.  Mr. Patterson again saw Ms. Paloni when she returned to the residence a short time later, refused to accept any paperwork from Mr. Patterson, refused to speak with him, and sped off down the street.  Ms. Paloni was more than aware of the lawsuit and the attempts to serve her.  Ms. Paloni's purposely evading and refusing service support that the discovery deadline should be extended, particularly when she did not seek to retain counsel until September 1, 2021, her counsel did not file his entry of appearance until September 29, 2021, the day before the discovery deadline, her counsel refused to move forward with her deposition as originally noticed for September 14, 2021, and Ms. Paloni did not even both to appear for her properly noticed and served in-person deposition on September 14, 2021, for which Plaintiffs' Counsel had traveled to Arizona, secured a conference room, and booked a court reporter, none of which could be canceled by the time Ms. Paloni's counsel first contacted Plaintiffs' Counsel on September 13th.

6. As of the filing of this Reply, Ms. Paloni still has a Clerk's Entry of Default against her and motions regarding the Entry of Default are pending before the Court.  If the Entry of Default is vacated, Ms. Paloni will have to file an Answer to the Complaint, which would be due beyond the dispositive motions deadline.

7. Having now heard Ms. Paloni's testimony, there is a need for Plaintiffs to serve written discovery requests on Ms. Paloni.  Doing so prior to the discovery deadline was not possible due to Ms. Paloni only being located one month prior to the deadline and her attorney not entering his appearance until the day before the deadline.  Specifically, Ms. Paloni's testimony was replete with

contradictions and statements that lacked credibility about where she resides, the amount of time

she spends in Florida vs. Arizona, how much money she makes with her ADA consulting business,

how long she has had her ADA business, what other businesses she has had and with whom, her

relationship with Mr. Weiss, including when she has talked to him in person, on the phone, and/or

traveled with him, and many other areas.  Given the inconsistencies in her testimony, her refusal to

answer certain questions, and her inability to remember much of what she was questioned about

makes it necessary for Plaintiffs to serve written discovery, including interrogatories, requests for

admissions, and requests for production on her.

      8.     Defendants assert that "Plaintiffs should have reasonably known of any need for

information from Ms. Paloni long before her deposition and had ample opportunity to obtain it."

Again, it is unclear how Plaintiffs had "ample opportunity" to obtain information from Ms. Paloni

when she was purposely evading service for 2 ½ years.  Defendants make broad, sweeping,

unsubstantiated assertions in their Response to Plaintiffs Motion to Extend the Discovery Deadline,

yet provide no evidence whatsoever to support any of their arguments that Plaintiffs acted carelessly,

did not exercise reasonable diligence, and made no efforts to serve Ms. Paloni.  (see ECF 119, pages

3-4).

      9. Plaintiffs did not fail to act because of any excusable neglect on the part of Plaintiffs.

Instead, any delays in serving discovery requests on Ms. Paloni were the fault of Ms. Paloni.

Plaintiffs have never had the ability to serve written discovery on Ms. Paloni until she was served for

her deposition on August 31 and her attorney finally entered his appearance on September 29, 2021.

      10.    Plaintiffs have demonstrated good cause for the Court to extend the discovery deadline

in order to serve written discovery requests on Ms. Paloni and respectfully request that the Court

grant the Motion to Extend.

**RESPECTFULLY** submitted on this 16th day of November 2021.

LAW OFFICES OF COURTENAY PATTERSON
/s/ *Courtenay Patterson*_____
Courtenay Patterson, Esq., CO Bar No. 49215
Law Offices of Courtenay Patterson
1716 N. Main St., Suite A #331
Longmont, CO 80501
Email: courtenay.patterson@gmail.com
Telephone: (925) 237-1187

*Attorney for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 16th day of November 2021, I electronically filed the foregoing Reply to Plaintiffs' Second Motion to Extend the Discovery Deadline with the Clerk of Court using the CM/ECF service, which provided electronic service to the following:

Joel Rothman, Esq.

SRIPLAW
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
Telephone: (561) 404-4350
*Attorney for Defendants Weiss, Weiss Law Group, and Leiner*

Franz Hardy, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
*Attorney for Defendants Brett Huff, Richard Leslie, and Huff and Leslie, LLP*

George Blackmore, Esq.
Blackmore Law PLC
1129 West 14 Mile Rd. #1006
Clawson, MI 48017
Telephone: (248) 847-0580
george@blackmore.law
*Attorney for Defendant Giovannia Paloni*

/s/ *Courtenay Patterson*
_____

Law Offices of Courtenay Patterson
1716 N. Main St., Suite A #331
Longmont, CO 80501