UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

MICHAEL ABBONDANZA and
TAVIN FOODS, INC.,

    Plaintiffs,

v.

JASON WEISS,
WEISS LAW GROUP, PC,
BRETT HUFF,
RICHARD LESLIE,
HUFF & LESLIE, LLP, and
GIOVANNIA PALONI,

    Defendants.

No. 19-cv-00328-TMT

**ORDER GRANTING DEFENDANT GIOVANNIA PALONI'S MOTION TO SET ASIDE DEFAULT AND GRANTING PLAINTIFFS' MOTIONS TO EXTEND DISCOVERY DEADLINES**

Before the court are Defendant Giovannia Paloni's Motion to Set Aside Clerk's Entry of Default, (ECF No. 116), filed September 29, 2021; Plaintiffs' First Motion for Extension of Time to Conduct Giovannia Paloni's Deposition, (ECF No. 114), filed September 28, 2021; and Plaintiffs' Second Motion for Extension of Time to Conduct Discovery, (ECF No. 117), filed October 15, 2021.  For the reasons below, all of the named motions are **GRANTED**.

To decide whether to set aside the entry of default, the Court will consider three factors: "whether the default was willful, whether setting it aside would prejudice the

adversary, and whether a meritorious defense is presented." *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (quoting *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992)).

First, the default was willful. Paloni evaded roughly twenty attempts at service. (*See* ECF No. 66 (detailing extensive efforts to serve Paloni)). Plaintiffs attempted service via mail, certified mail, e-mail to Paloni's active business, in-person contact, and more. Paloni claims that none of the attempts at service provided her with actual notice, but this argument is not credible. (*See, e.g.*, ECF No. 77-1 (process server's declaration that he spoke with Paloni but she refused service and drove away)). Thus, this first factor weighs in favor of denying the motion to set aside.

But setting the default aside would not prejudice Plaintiffs. In their Response to Paloni's Motion, Plaintiffs argue that they would be prejudiced by Paloni's participation in the case because it comes after almost two years of litigation, and discovery and other deadlines will have to be extended. (ECF No. 118.) But the Court will grant Plaintiffs' Motions to extend discovery. The Court is similarly amenable to any other reasonable requests to mitigate prejudice caused by Paloni's late participation in this case. Because the Court is prepared to grant any necessary extensions, Plaintiffs have not shown that their case would be prejudiced by the setting aside of Paloni's default. Thus, this second factor weighs in favor of granting the motion to set aside.

Finally, Paloni has a potentially meritorious defense to this action. The sole allegation of Paloni's wrongdoing is that she submitted a form to be used as evidence that

contained a false statement. The form stated that she visited a property to assess ADA compliance, but Plaintiffs allege that she never visited the property. (ECF No. 8.) While serious, the allegation does not necessarily establish that Paloni participated in the alleged conspiracy. It is possible that she did intentionally commit wire fraud to further such a conspiracy, but it is also possible that she was merely careless in copying the boilerplate from a previous declaration. Thus, Paloni may have a meritorious defense to this action. The third factor weighs in favor of granting Paloni's motion to set aside, so that her fault may be decided on the merits.

Thus, this Court **GRANTS** Paloni's Motion to Set Aside the Entry of Default. The Clerk of Court is **ORDERED** to set aside its prior entry of default, ECF No. 91. To mitigate any prejudice from the setting aside of Paloni's default, the Court also **GRANTS** Plaintiffs' Motion for Extension of Time to Conduct Paloni's Deposition, ECF No. 114. Paloni's deposition, conducted after the discovery deadline, is hereby considered timely. Finally, the Court **GRANTS** Plaintiffs' Second Motion for Extension of Time to Conduct Discovery, ECF No. 117.

The new schedule is as follows: The Court **EXTENDS** the time allotted for written discovery until **January 3, 2022**. It will accept second dispositive motions or supplements to the current dispositive motions, based on the written discovery, until **January 18, 2022**. Magistrate Judge Hagerty will issue an order setting the pretrial conference for February of 2022. The trial will take place after the Court decides all dispositive motions.

DATED: December 2, 2021          BY THE COURT:

<u>s/ Timothy M. Tymkovich</u>

Hon. Timothy M. Tymkovich