UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.: 1:19-cv-00328-TMT

MICHAEL ABBONDANZA AND TAVIN FOODS, INC.,

    Plaintiffs,

v.

WEISS LAW GROUP, P.A., PETER LEINER, RICHARD LESLIE, BRETT HUFF, HUFF & LESLIE, LLP, GIOVANIA PALONI, AND JASON S. WEISS,

    Defendants.

## WEISS DEFENDANTS' MOTION FOR CLARIFICATION OF MINUTE ORDER ENTERED AT DOCKET ENTRY 137

Defendants Weiss Law Group, P.A., Peter Leiner, and Jason S. Weiss ("Weiss Defendants"), by and through their undersigned counsel, respectfully request the Honorable Magistrate Judge clarify the Minute Order entered at Docket Entry 137 that extended the time for plaintiff's to respond to Defendants' Motions for Summary Judgment, and in support thereof states as follows:

Plaintiffs' deadline to respond to the Motions for Summary Judgment was December 21, 2021. Plaintiffs never sought an extension. Plaintiffs never asked the Weiss Defendants for one, either before or after the deadline. Plaintiffs' deadline to respond to the Motions for Summary Judgment came and went without a response. When the Honorable Magistrate Judge "saw that there were no responses to dispositive motions, [he] was shocked." (Transcript of proceedings held January 4, 2022 attached as Exhibit 1 at 3). The Court then set a hearing *sua sponte* for January 5, 2022.

The day before that hearing, the Court convened the proceedings detailed in the attached transcript without notice to the Weiss Defendants or Defendant Paloni, at which the Court entered an order extending the time for plaintiffs to respond to the pending summary judgment motions. That order requires clarification.

The order discussed at the hearing on January 4th without the Weiss Defendants present concerned "second dispositive motions or supplements to the current dispositive motions," not the summary judgment motions filed on November 30, 2021. The Court's Order says:

> The Court EXTENDS the time allotted for written discovery until January 3, 2022. It will accept second dispositive motions or supplements to the current dispositive motions, based on the written discovery, until January 18, 2022. Magistrate Judge Hegarty will issue an order setting the pretrial conference for February of 2022. The trial will take place after the Court decides all dispositive motions.

(Dkt. 134 at 3).

Rule 6(b)(1)(B) permits an extension only "on motion made after the time has expired if the party failed to act because of excusable neglect." No provision for hearing such a motion *ex parte* is contained in either the Federal Rules or the Local Rules. No exception to the required showing of good cause for an extension after expiration of the time to act is found in the Local Rules either.

The Magistrate Judge's Minute Order of January 4, 2022 set the date for Plaintiffs "to respond Defendants' pending Motions for Summary Judgments after receiving the discovery responses from Defendant Paloni." However, the Court's order permitting additional discovery of Paloni entered at Docket Entry 134 only *"EXTENDS the time allotted for written discovery until January 3, 2022."* The January 3, 2022 deadline passed and plaintiffs waited to the last day to serve discovery. The Court's

Order at Docket Entry 134, which was entered on December 2, 2021, *extended the discovery deadline as to discovery served on Paloni, it did not extend the time to serve that discovery in an open-ended fashion*.

In order to comply with the Court's Paloni discovery deadline, Plaintiffs needed to have served their written discovery on Paloni by December 3, 2021 for Plaintiffs to have timely met their deadline in the Court's Order at Docket Entry 134. Serving discovery by December 3, 2021 should have been easy for plaintiffs since they took the deposition of Ms. Paloni back on October 8, 2021 and therefore had two months to prepare the additional discovery they needed. Instead, Plaintiffs waited until the last day of "the time allotted for written discovery" to serve that discovery. The discovery served, along with Plaintiffs' counsel's email of January 3, 2022, is attached hereto as Exhibit 2.

The Court should review the discovery plaintiffs served. When the Court reviews the discovery it will see the problem. The discovery plaintiffs served will not be responded to timely. The discovery is objectionable. It seeks irrelevant information. It is not directed to the Weiss Defendants, but if the Weiss Defendants were in Ms. Paloni's shoes, there would be objections, not responses, served. Not to mention that none of the discovery served can have any impact whatsoever on the Weiss Defendants' liability.

The Honorable Magistrate Judge's Order leaves defendants in limbo. It provides: "**ORDERED**: Plaintiff's response to the Defendants' Motions for Summary Judgments is due two (2) weeks from receipt of Defendant Paloni's discovery responses." The Plaintiffs will never be in "receipt of Defendant Paloni's discovery responses" to trigger the Plaintiffs' deadline to respond to the pending motions for summary judgment. Paloni

will object to Plaintiffs' discovery because it is untimely according to the district court's order, and because it is so overbroad and irrelevant as to trigger numerous objections leading to more discovery battles further delaying the timely resolution of this case on summary judgment.

The Weiss Defendants seek clarification. A firm date for a response to the motions for summary judgment is needed, not a contingent date. This case has gone on too long.

Dated:  January 8, 2022                                  Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
joel.rothman@sriplaw.com

**SRIPLAW**
21310 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Defendant Weiss Law Group, P.A., Peter Leiner, And Jason S. Weiss*

## CERTIFICATE OF SERVICE

        The undersigned does hereby certify that on January 8, 2022, a true and correct copy of the foregoing document was served by electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

                                                         */s/Joel B. Rothman*
                                                         Joel B. Rothman

## SERVICE LIST

Mr. Courtenay Patterson
Law Offices of Courtenay Patterson
1716 North Main Street
Suite A #331
Longmont, CO 80501
courtenay.patterson@gmail.com
Attorney for Michael Abbondanza and Tavin Foods, Inc.

Mr. Franz Hardy
Gordon Rees Scully Mansukhani, LLP
555 Seventeenth Street
Suite 3400
Denver, CO 80202
fhardy@grsm.com
Attorneys for Richard Leslie, Brett Huff and Huff & Leslie, LLP

Mr. George Blackmore
Blackmore Law PLC
1129 West 14 Mile Road
#1006
Clawson, MI 48017
george@blackmore.law
Attorney for Giovania Paloni