1

```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLORADO

Case No. 19-cv-328-TMT-MEH
_____

MICHAEL ABBONDANZA, et al.,

     Plaintiffs,

vs.

JASON WEISS, et al.,

     Defendants.
_____

          Proceedings before MICHAEL E. HEGARTY,

United States Magistrate Judge, United States

District Court for the District of Colorado,

commencing at 11:46 a.m., January 4, 2022, in the

United States Courthouse, Denver, Colorado.
_____

          WHEREUPON, THE ELECTRONICALLY RECORDED

PROCEEDINGS ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED
_____

                      APPEARANCES

          COURTENAY PATTERSON, Attorney at Law,

appearing for the Plaintiffs.

          FRANZ HARDY (via telephone), Attorney at

Law, appearing for the Defendants.
_____

                   STATUS CONFERENCE
```

```
 1                    P R O C E E D I N G S
 2               (Whereupon, the within electronically
 3    recorded proceedings are herein transcribed,
 4    pursuant to order of counsel.)
 5               THE COURT:  So I'll call the case
 6    19-cv-00328, Abbondanza vs. Weiss.
 7               MS. PATTERSON:  Weiss, et al.
 8               THE COURT:  Et al.  Go ahead and make
 9    your appearances, starting with Ms. Patterson.
10               MS. PATTERSON:  Courtenay Patterson
11    representing Michael Abbondanza and Tavin Foods.
12               THE COURT:  Okay.
13               MR. HARDY:  This is Franz Hardy on
14    behalf of Huff and Leslie, Mr. Huff and Mr. Leslie.
15               THE COURT:  Okay.
16               MS. PATTERSON:  And then, Your Honor,
17    I have Mr. Rothman's direct line.  He represents
18    Weiss and several of the other defendants.  And then
19    George Blackmore represents Ms. Paloni.
20               THE COURT:  So I think my -- my
21    confusion or concern emanates from the fact that
22    this is not a traditional two-judge case.  This is a
23    circuit judge who is doing things a little bit
24    differently and sort of entering orders that affect
25    me more than most district judges would, but that's
```

1   his prerogative.

2          So when I saw that there were no
3   responses to dispositive motions, I was shocked, but
4   then later in the day after we set this, my staff
5   brought me an order from Judge Tymkovich that said
6   because of some discovery orders he entered, that
7   there would be another round of opportunity, I
8   think, for dispositive motion.  Is that what he said
9   in his order?

10         So was that the genesis of the
11   missing responses to summary judgment?

12         MS. PATTERSON:  Yes, Your Honor.  So
13   that -- and Mr. Rothman made a comment about this
14   yesterday when I was e-mailing to find out if we
15   could change the date for tomorrow's status
16   conference.  It wasn't that I was just ignoring it
17   or submitting to what was filed by the defendants,
18   but given the fact that now the discovery deadline
19   was pushed in order for me to conduct discovery of
20   Ms. Paloni to yesterday, was when my requests were
21   due, and because he pushed that date to January 18,
22   I made the assumption, and perhaps incorrectly, but
23   I made the assumption that that applied to all the
24   motions because three motions had been filed by all
25   sets of defendants and I can't --

1  THE COURT: No, that was a reasonable
2  assumption.
3  MS. PATTERSON: Okay.
4  THE COURT: And the confusion is
5  again mostly because Judge Tymkovich is operating in
6  a way that is unlike the district judges.
7  MS. PATTERSON: Uh-huh.
8  THE COURT: Would you agree,
9  Mr. Hardy?
10  MR. HARDY: Not necessarily, Your
11  Honor.
12  THE COURT: Oh.
13  MR. HARDY: I had a different
14  interpretation of the order. I'll acknowledge it's
15  somewhat unique. I interpreted the order that the
16  responses were still due 21 days after they were --
17  the motions were filed.
18  THE COURT: Yeah.
19  MR. HARDY: In addition to that,
20  plaintiff can serve written discovery which might
21  lead to supplementation, but I thought they were
22  just two different things, not anything about
23  holding off on responding.
24  THE COURT: Well, so what he said was
25  in the order the Court extends the time allotted for

1  written discovery until January 3.  It will accept

2  second dispositive motions or supplements to the

3  current dispositive motions based on the written

4  discovery until January 18.  I kind of viewed that

5  as -- well, supplements to the current dispositive

6  motions, it was -- it's at least inviting the

7  defense to supplement the current dispositive

8  motions, but those supplements would normally occur

9  hopefully before response is due, because if you

10 supplement after all the briefing is finished, you

11 have a whole new round of briefing because plaintiff

12 would be entitled to respond to the supplemental

13 dispositive motions, whatever.

14             So regardless, I think there is a

15 cause.  Why -- can we set a briefing schedule today?

16 Ms. Patterson, when would you -- when could you file

17 responses?

18             MS. PATTERSON:  Well, so, I mean,

19 again, I think that -- I think that the responses

20 that I'm going to be receiving at some point from

21 Ms. Paloni, and I forget the deadline that I put for

22 my discovery, whatever the proper amount of time is

23 for her to respond to those, which I just served on

24 her yesterday, I need those in order to be able to

25 respond in full to each of the defendants' motions,

```
 1   because --
 2                THE COURT:  So you would be filing a
 3   56(d) anyway probably saying that you don't have
 4   enough information to respond to a motion for a
 5   summary judgment.
 6                MS. PATTERSON:  Right, which I -- I
 7   mean, I can do that, which sort of seems --
 8                THE COURT:  I understand.
 9                MS. PATTERSON:  -- sort of pointless
10   on the one hand, but I'm happy to do that.  I
11   just --
12                THE COURT:  So ballpark it.  When do
13   you think?
14                MS. PATTERSON:  Well, it depends on
15   how quickly she get those to me.  But let's say I
16   have those -- I would like to have three weeks from
17   when I get her responses.  If I could have three
18   weeks from when I get her responses that would be
19   helpful, because it's going to take -- I'm sure
20   she'll have objections to things.  I don't know if
21   that's going to create a discovery dispute, but I
22   would like to at least be armed with enough
23   information to draft like a proper motion that
24   actually addresses --
25                THE COURT:  Is she pro se?
```

```
 1                MS. PATTERSON:  No, she has an
 2   attorney.
 3                THE COURT:  Oh, really.  Well, we're
 4   supposed to have everybody on the line.
 5                MS. PATTERSON:  And Mr. Rothman.
 6   That was -- that was the other attorney.
 7                THE COURT:  All right.  Well, Franz,
 8   maybe I can't do this with you right now because you
 9   have a deadline.  So I'm sorry, that was my bad.  I
10   remember Mr. Rothman now appearing remotely.  What
11   do you have, Franz, at noon?
12                MR. HARDY:  I've got a call with my
13   partner and another lawyer down in North Carolina.
14   I could --
15                THE COURT:  No, that's okay.
16                MR. HARDY:  -- (indiscernible) or
17   they could do it without me, but --
18                THE COURT:  Well, is Stephanie
19   around?
20                MR. HARDY:  I don't know her
21   schedule, Your Honor.
22                THE COURT:  Okay, all right.  Well, I
23   guess I'll give you two weeks from the date you
24   receive herself?  Is that okay, Mr. Hardy.
25                MR. HARDY:  Two weeks for responses
```

 1   to the motion for summary judgment after receiving

 2   Ms. Paloni's responses?

 3              THE COURT:  Right.

 4              MR. HARDY:  Yes, Your Honor.

 5              THE COURT:  And then do you want the

 6   normal time for a reply?

 7              MR. HARDY:  Yes, Your Honor.

 8              THE COURT:  Okay.  And then should we

 9   set a date today right now?  I'm supposed to set a

10   date for final pretrial conference.  Have I done

11   that yet?  I haven't even noticed.

12              MR. HARDY:  Yes, Your Honor.

13              MS. PATTERSON:  I think we have it in

14   February.

15              THE COURT:  I did?  Okay.  All right.

16   Well --

17              MR. HARDY:  And I think that might

18   need to be reset based upon the schedule you just

19   outlined, because it is set right now for February

20   28 at 1:15.  Just doing rough math, Your Honor, by

21   the time we finish the briefing, it will be past

22   that.

23              THE COURT:  Well, okay.  I gave

24   Ms. Patterson some leeway today.  Is that what you

25   would want, Franz?  You would want me to extend that

9

```
 1   date?
 2                MR. HARDY:  For the pretrial
 3   conference?
 4                THE COURT:  Yes.
 5                MR. HARDY:  Probably.  I think that
 6   makes sense, to have the briefing completed.
 7                THE COURT:  Okay.  So I'm going to
 8   bump that out about 30 days.  Okay?
 9                MR. HARDY:  Yes, Your Honor.
10                THE COURT:  I'll make it March 28 at
11   10 -- March 28 at 1:00.  And then if anybody who is
12   not on the phone has a conflict, then we'll adjust
13   that.  Okay?
14                MS. PATTERSON:  Okay.
15                MR. HARDY:  Yes, Your Honor.
16                THE COURT:  All right.  Are you all
17   good friends?
18                MR. HARDY:  Yes, sir.
19                THE COURT:  All right, thank you.
20   Thank you for being ready on such short notice.
21   Ms. Patterson, anything further?
22                MR. HARDY:  No problem.
23                MS. PATTERSON:  No thank you.
24                THE COURT:  Yeah.  I bet you've never
25   had that kind of call before, right?
```

10

```
 1                 MR. HARDY:  I think you've called me
 2   once --
 3                 THE COURT:  No, no.  I mean, from
 4   someone else, from someone else.  Have you ever had
 5   that kind of call from another judge?
 6                 MR. HARDY:  No, no, I haven't.
 7                 THE COURT:  Okay.  Well, I really
 8   want to be considerate of your time and your
 9   client's money and do this is as efficiently as
10   possible, and she was right here anyway, so I just
11   needed -- all right, thanks, take care.
12                 (Whereupon, the within hearing was
13   then in conclusion at 11:55 a.m.)
14
15
16
17
18
19
20
21
22
23
24
25
```

11

1                   TRANSCRIBER'S CERTIFICATION

2   I certify that the foregoing is a correct transcript

3   to the best of my ability to hear and understand the

4   audio recording and based on the quality of the

5   audio recording from the above-entitled matter.

6

7   /s/ Dyann Labo                  January 7, 2022

8   Signature of Transcriber         Date

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25