IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00328-TMT-MEH

MICHAEL ABBONDANZA and
TAVIN FOODS, INC.,

       Plaintiffs,

v.

JASON WEISS,
PETER LEINER,
WEISS LAW GROUP, PA,
BRETT HUFF,
RICHARD LESLIE,
HUFF AND LESLIE LLP, and
GIOVANNIA PALONI,

       Defendants.

---

## FINAL PRETRIAL ORDER

---

## 1. DATE AND APPEARANCES

The final pre-trial conference will take place on March 28, 2022 at 1:00 p.m.  The parties are represented as follows:

For Plaintiffs:
Courtenay Patterson, Esq.
Law Offices of Courtenay Patterson
1716 N. Main Street, Suite A #331
Longmont, Colorado 80501
courtenay.patterson@gmail.com

For Defendants Jason Weiss, Weiss Law Group, PC, and Peter Leiner:
Joel Rothman, Esq.
SRIPLAW
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
joel.rothman@sriplaw.com

For Defendants Brett Huff, Richard Leslie, and Huff & Leslie, LLP:
Franz Hardy, Esq.
Stephanie S. Brizel, Esq.
Gordon Rees Scully Mansukhani, LLP
555 Seventeenth Street, Suite 3400

1

Denver, Colorado 80202
fhardy@grsm.com; sbrizel@grsm.com

For Defendant Giovania Paloni:
George Blackmore, Esq.
Blackmore Law PLC
1129 West 14 Mile Rd. #1006
Clawson, MI 48017
george@blackmore.law

## 2. JURISDICTION

Plaintiffs contend that this Court has original subject matter jurisdiction over the claims alleged in the Amended Complaint pursuant to 28 U.S.C. § 1331 for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), under 18 U.S.C. § 1961, et seq. The Court has supplemental jurisdiction over the state law claims as they are so related to the claims for which this Court has original jurisdiction pursuant to 28 U.S.C. § 1367.

Defendants contend that federal jurisdiction is solely based upon plaintiffs' claim for violation of 18 U.S.C. § 1961 *et seq*. (the Racketeer Influenced and Corrupt Organizations Act, "RICO"), which is unsupported, *inter alia*, for the reasons set forth in their respective Motions for Summary Judgment. The dismissal of this claim results in this Court's lack of subject matter jurisdiction.

## 3. CLAIMS AND DEFENSES

**Plaintiffs Tavin Foods and Michael Abbondanza:**

Plaintiffs own Riverbend Eatery in Bailey, Colorado. Plaintiff Tavin Foods, Inc. was sued in case number 1:16-cv-00432-MEH ("Underlying Action") for alleged violations of Title III of the ADA. Plaintiffs allege that in the Underlying Action, Defendants formed a criminal enterprise by using the ADA to institute lawsuits based on false allegations of standing to collect quick settlements from Colorado businesses and citizens. Specifically, Defendants stated that Santiago

2

Abreu personally visited the Riverbend Eatery and encountered 14 architectural barriers, as delineated in the complaint in the Underlying Action. However, although Mr. Abreu testified at his deposition that he visited the Riverbend, he testified that he only observed 4 violations and has no idea where the other 10 violations came from or who observed them. The 4 violations Mr. Abreu claims to have observed were as follows: 1) Circular turning diameter in the bathroom was too small; 2) No ramp in the parking lot; 3) Mirror in the restroom was too high; and 4) Improper grab bars. Mr. Abreu could not recall anything about the Riverbend other than what was shown to him in photographs in preparation for his deposition. Mr. Abbondanza testified in his deposition that there is a ramp at the Riverbend and that there was a ramp in July 2015. Mr. Abbondanza's expert in the Underlying Action, Mark Douglass, included photographs of the ramp and stated in his report that the ramp is compliant with the ADA.

Defendant Paloni testified at her deposition that she went to Breckenridge with Defendant Weiss, Defendant Leiner, and George Merwin in January or February 2016. She testified that although she stayed in Breckenridge for 5-7 days, she never visited any of the businesses in Breckenridge that Mr. Weiss sued on behalf of Mr. Abreu; however, she testified that she did visit the Riverbend and she may have visited other businesses, but she does not recall how many or which ones. Although she testified that she visited the Riverbend and took notes and photographs while she was there, she had no recollection of anything about the Riverbend, its parking lot, restrooms, eating area, bar area, or the giant river running directly behind the restaurant and could not even remember anything about the Riverbend when she was shown her report and the photographs within it. In  addition, she testified and responded to Plaintiffs' Requests for

3

Production that she does not have any notes or photographs that she may have taken at the Riverbend.

While Mr. Abreu has been the plaintiff in approximately 279 ADA lawsuits across the country and approximately 70 ADA lawsuits in Colorado, the only business he can remember is the Riverbend.  He testified that the reason he remembers the Riverbend is because he was "so angry" about the lack of a ramp, despite there being a ramp directly in front of the restaurant, and that the restroom was too small to turn around, despite Mr. Douglass stating in his report in the Underlying Action, and showing with a measuring tape, that the restroom is significantly wider than 60".  In other words, of the 4 violations Mr. Abreu claims to have encountered that made him angry enough to only remember the Riverbend and none of the other 278 businesses that he sued, the only 2 valid allegations were the improper grab bars and the mirror being too high.  Moreover, even though he sued 279 businesses across the country for a variety of alleged ADA violations, including the Broadmoor Hotel, for which receipts for purchases made on 3 consecutive days and more than 240 photographs of the hotel were produced during discovery, Mr. Abreu has no recollection of going to the Broadmoor, observing violations at the Broadmoor, making purchases at the Broadmoor, or even spending time in Colorado Springs.

The inconsistencies amongst the defendants' testimony, as well as within each defendant's testimony, calls into question the credibility of all of the defendants, as well as Mr. Abreu.  The lack of credibility further supports Plaintiffs' claims that defendants conspired together and formed a criminal enterprise to bring the Underlying Action and, perhaps, all of the actions brought on behalf of Mr. Abreu against businesses in Colorado, by falsely stating that Mr. Abreu visited the

businesses in Colorado and encountered architectural barriers.  The Underlying Action was not based on Mr. Abreu visiting the Riverbend and suffering injuries, but was instead brought by Defendants to put pressure on a small business to settle the lawsuit quickly out of fear, which is why 14 violations, rather than only 4, were alleged in the Underlying Action.

Defendants' actions are in violation of the Racketeer Influenced and Corrupt Practices Act, 18 U.S.C. § 1962 (c) and (d) and Conspiracy to violate Racketeer Influenced and Corrupt Practices Act.  Their actions involved racketeering activities relating to mail and wire fraud. Defendants actions are further in violation of the Colorado Organized Crime Control Act (C.R.S. 18-17-101 et seq), as well as Abuse of Process, Civil Conspiracy, and Fraud.  Based on the deposition testimony of Defendant Weiss, Defendant Paloni, and Mr. Abreu, the people involved in the conspiracy extends beyond the named defendants and likely include Manny Noriega and George Merwin. However, despite Merwin's and Noriega's direct involvement with the ADA cases brought in Colorado, Mr. Weiss, Ms. Paloni and Mr. Abreu being friends with Noriega and/or Merwin, and Ms. Paloni testifying that she visited with Mr. Merwin as recently as a week prior to her deposition in October 2021, no one seems to know Merwin's or Noriega's phone numbers, addresses, or any other way to get in contact with them.

**Defendants Brett Huff, Richard Leslie, and Huff & Leslie, LLP:**

This case arises out of an underlying Americans with Disabilities Act lawsuit.  In the ADA lawsuit, Santiago Abreu encountered architectural barriers while a patron at Tavin Foods, Inc., a local restaurant.  For a portion of the ADA lawsuit, Huff & Leslie, Brett Huff, and Richard Leslie (collectively "Huff & Leslie") served as local counsel for Mr. Abreu.  Defendants Jason Weiss,

Peter Leiner, and the Weiss Law Group (collectively "Weiss Law Group") served as primary counsel. Defendant Giovania Paloni was an expert witness on behalf of Mr. Abreu. Tavin Foods retained its own expert witness, who confirmed multiple ADA violations. The parties eventually agreed to dismiss the lawsuit based upon representations by Tavin Foods that it repaired the violations.

Approximately two years after the dismissal, plaintiffs filed this case alleging violation of RICO, conspiracy to violate RICO, violation of the Colorado Organized Crime Control Act ("COCCA"), fraud, civil conspiracy, and abuse of process. Plaintiffs allege that Mr. Abreu was fictitious or, even if he existed, he did not actually visit the restaurant. They assert that defendants filed the underlying lawsuit to extract a settlement payment in wrongful use of the judicial process.

Plaintiffs' allegations are not only completely unsupported, but are demonstrable false. Mr. Abreu in fact exists, he is in fact disabled, and he did in fact visit the restaurant. These facts are proven by his deposition testimony and various other evidence, including photographs he took and a copy of the receipt he obtained from the restaurant. Ms. Paloni also testified that she inspected the restaurant and authored a report documenting the ADA violations. Plaintiffs paid no amount in settlement after repairing the admitted violations.

Plaintiffs' claims are against attorneys for their alleged conduct in litigation, however, they have failed to disclose requisite expert testimony. Without expert testimony, plaintiffs cannot establish an appropriate standard of care to prove their claims. Plaintiffs' claims are also barred by litigation immunity and the *Noerr-Pennington* Doctrine. Further, while plaintiffs claim that the ADA lawsuit resulted in the closure of the restaurant, they actually had a separate lawsuit prior

to this action, involving its co-owners wherein they acknowledged mismanagement and other misconduct among the owners caused it to fail.  Additionally, plaintiffs cannot prove any damages as their income tax returns establish that they lost money each year of operation.  Huff & Leslie incorporates by reference the affirmative defenses set forth in its Answer and Jury Demand, as well as its Motion for Summary Judgment.

**Defendants Jason Weiss, Peter Leiner and Weiss Law Group, PC join Defendants Brett Huff, Richard Leslie, and Huff & Leslie, LLP's Statement, above.**

**Defendant Giovannia Paloni:**

Plaintiffs filed this case alleging violation of RICO, conspiracy to violate RICO, violation of the Colorado Organized Crime Control Act, fraud, civil conspiracy, and abuse of process against Defendant Giovannia Paloni ("Paloni") for her participation as a purported expert witness in lawsuit brought in 2016 against Plaintiff Tavin Foods, Inc.'s restaurant (the "Underlying Action"). Paloni provided a summary report to Defendant Weiss Law Group, P.A. in the Underlying Action which listed architectural barriers Paloni believed to be present at the restaurant. The Underlying Action was ultimately dismissed by stipulation.

Plaintiffs' complaint contains six allegations made directly against Paloni reiterating that Paloni did not visit the restaurant, so her summary report is fraudulent. Paloni's deposition testimony contradicts this theory. Even if Plaintiffs were correct, Paloni's actions do not support Plaintiffs' claims against her. The Federal Rules of Evidence allow expert witnesses to base opinions on facts or data that the expert was made aware of or personally observed. Because expert testimony is provided in the form of an opinion, Plaintiffs cannot prove the intent needed to support their claims against Paloni.

**4.**

**STIPULATIONS**

The following facts are undisputed:

1. Defendants Huff and Leslie are attorneys licensed to practice law in Colorado.

2. Defendants Huff and Leslie are partners at Defendant Huff & Leslie, LLP.

3. Defendant Huff & Leslie, LLP is located at 2480 Gray Street, Edgewood, Colorado.

4. Defendant Weiss is a licensed Florida attorney admitted to practice in the District of Colorado.

5. Defendant Weiss Law Group, P.A. is a Florida Corporation.

6. Defendant Weiss has filed lawsuits in Colorado District Court.

7. Defendant Leiner is a Florida licensed attorney admitted to practice in the District of Colorado.

8. Plaintiff Michael Abbondanza was not a named party in the underlying lawsuit.

9. Plaintiff Michael Abbondanza, on behalf of Tavin Foods, filed an Answer in the underlying lawsuit on March 21, 2016.

10. Plaintiff Michael Abbondanza filed a letter with the court directed to "Magistrate Gorden P. Gallagher" in the underlying lawsuit on April 7, 2016.

11. Courtenay Patterson was appointed by the District Court as pro bono counsel of record for Tavin Foods in the underlying lawsuit.

12. Defendants Huff & Leslie made no further appearances in the underlying lawsuit after October 25, 2016.

13. Plaintiffs did not pay any amount as a settlement or judgment in the underlying lawsuit.

14. The court issued an Order Closing Case in the underlying lawsuit on February 13, 2017.

15. On February 23, 2016, Santiago Abreu filed a lawsuit against Tavin Foods, Inc., 1:16-cv-00432-MEH ("the Underlying Action").

16. Courtenay Patterson represented Tavin Foods in the Underlying Action.

17. On December 30, 2016, Tavin, through Courtenay Patterson, filed its expert witness disclosures in the Underlying Action.

18. On February 10, 2017, the parties filed a joint stipulation for dismissal with prejudice with both parties to bear their respective attorneys' fees and costs in the Underlying Action.

19. On February 13, 2017, the court entered its final order dismissing the Underlying Action with prejudice with the parties to bear their own attorneys' fees and costs.

20. On August 4, 2017, plaintiffs Michael Abbondanza and Tavin Foods, Inc. filed their First Amended Complaint against David Schaefer and Serina Schaefer in District Court, Park County, Colorado, in case number 2017CV30020.

21. Santiago Abreu appeared for and testified at a deposition during this lawsuit.

## 5. PENDING MOTIONS

The following motions are pending:

1. Huff & Leslie's Motion for Summary Judgment dated November 30, 2021. Plaintiffs' Response was filed February 21, 2022.  The Reply was filed on March 7, 2022.

2. The Weiss Law Group's Motion for Summary Judgment dated November 30, 2021.

Plaintiffs' Response was filed February 21, 2022.  The Reply was filed on March 7, 2022.

3.  Ms. Paloni's Motion for Summary Judgment dated November 30, 2021.  Plaintiffs' Response was filed February 21, 2022.  No reply was filed.

4.  Plaintiffs' Motion to Amend Complaint to Add Claim dated January 19, 2022. Defendants' Responses were filed February 8, 2022 and Plaintiffs' Reply was filed February 22, 2022.

**NOTE: The Magistrate Judge has issued a Recommendation on the pending motions.**

## 6.
## WITNESSES

a.    List the nonexpert witnesses to be called by each party.  List separately:

(1)      Witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

<u>Plaintiffs Tavin Foods and Michael Abbondanza:</u>

1.     Michael Abbondanza, c/o Law Offices of Courtenay Patterson, LLC, 1716 N. Main St., Suite A #331, Longmont, CO 80501, (720) 222-9551.

2.    Giovannia Paloni, c/o Blackmore Law PLC, 1129 W 14 Mile Road #1006, Clawson, MI 48017, (248) 845-8594

3.    Brett Huff, c/o Gordon Rees Scully Mansukhani, LLP, 555 Seventeenth Street, Suite 3400, Denver, Colorado 80202, (303) 534-5160.

4.    Richard Leslie, c/o Gordon Rees Scully Mansukhani, LLP, 555 Seventeenth Street, Suite 3400, Denver, Colorado 80202, (303) 534-5160.

5.    Jason Weiss, c/o SRiplaw, 21301 Powerline Road, Suite 100, Boca Raton, Florida 33433, (561) 404-4350.

6.      Peter Leiner, c/o SRiplaw, 21301 Powerline Road, Suite 100, Boca Raton, Florida 33433, (561) 404-4350.

7.      Santiago Abreu, c/o Feinstein & Sorota, P.A., 600 Corporate Drive, Suite 320, Fort Lauderdale, Florida 33334, (954) 617-1500.


       Defendant(s):

Defendants Brett Huff, Richard Leslie, and Huff & Leslie, LLP:

1.      Brett Huff, c/o Gordon Rees Scully Mansukhani, LLP, 555 Seventeenth Street, Suite 3400, Denver, Colorado 80202, (303) 534-5160.

2.      Richard Leslie, c/o Gordon Rees Scully Mansukhani, LLP, 555 Seventeenth Street, Suite 3400, Denver, Colorado 80202, (303) 534-5160.


Defendant Giovannia Paloni:

1.      Giovannia Paloni, c/o Blackmore Law PLC, 1129 W 14 Mile Road #1006, Clawson, MI 48017, (248) 845-8594


   (2)    Witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)); and

Plaintiffs:

1.       Mark Douglass, address and telephone number currently unknown.

2.      Michael P. Ryan and Don Skender, DenverPro Tax & Accounting, 10730 E. Bethany Dr., #303, Aurora, Colorado 80014, (303) 751-9120.

Defendants Brett Huff, Richard Leslie, and Huff & Leslie, LLP:

1.      Michael Abbondanza, c/o Law Offices of Courtenay Patterson, 1716 N. Main St., Suite A #331, Longmont, Colorado 80501, (925) 237-1187.

2.      Jason Weiss, c/o SRIPlaw, 21301 Powerline Road, Suite 100, Boca Raton, Florida

33433, (561) 404-4350.

3.      Peter Leiner, c/o SRIPlaw, 21301 Powerline Road, Suite 100, Boca Raton, Florida 33433, (561) 404-4350.

4.      Giovania Paloni, Blackmore Law PLC, 1129 West 14 Mile Rd. #1006, Clawson, Michigan 48017, (833) 343-6743.

5.      Santiago Abreu, c/o Feinstein & Sorota, P.A., 600 Corporate Drive, Suite 320, Fort Lauderdale, Florida 33334, (954) 617-1500.

6.      Mark Douglass, address and telephone number currently unknown.

7.      Serina Schaefer, 205 Branding Iron Lane, Bailey, Colorado 80421, (303) 534-0311.

8.      David Schaefer, 205 Branding Iron Lane, Bailey, Colorado 80421, (303) 877-2632.

9.      Mary Lou Jesperson, 12689 South Foxton Road, Conifer, Colorado 80433, (303) 838-1912.

10.     David Jesperson, 12689 South Foxton Road, Conifer, Colorado 80433, (303) 838-1912.

11.     Nicole Garcia, 258 Hi Meadow Drive, Bailey, Colorado 80421.

12.     Michael P. Ryan and Don Skender, DenverPro Tax & Accounting, 10730 E. Bethany Dr., #303, Aurora, Colorado 80014, (303) 751-9120.

13.     Manny Noriega, address and telephone number currently unknown.

14.     George Merwin, address and telephone number currently unknown.

Defendants Jason Weiss, Weiss Law Group, PC, and Peter Leiner:

1.      Michael Abbondanza, c/o Law Offices of Courtenay Patterson, 1716 N. Main St., Suite A #331, Longmont, Colorado 80501, (925) 237-1187.

2.      Jason Weiss, c/o SRIPlaw, 21301 Powerline Road, Suite 100, Boca Raton, Florida 33433, (561) 404-4350.

3.      Peter Leiner, c/o SRIPlaw, 21301 Powerline Road, Suite 100, Boca Raton, Florida

33433, (561) 404-4350.

4.      Giovania Paloni, Blackmore Law PLC, 1129 West 14 Mile Rd. #1006, Clawson, Michigan 48017, (833) 343-6743.

5.      Santiago Abreu, c/o Feinstein & Sorota, P.A., 600 Corporate Drive, Suite 320, Fort Lauderdale, Florida 33334, (954) 617-1500.

6.      Mark Douglass, address and telephone number currently unknown.

7.      Serina Schaefer, 205 Branding Iron Lane, Bailey, Colorado 80421, (303) 534-0311.

8.      David Schaefer, 205 Branding Iron Lane, Bailey, Colorado 80421, (303) 877-2632.

9.      Mary Lou Jesperson, 12689 South Foxton Road, Conifer, Colorado 80433, (303) 838-1912.

10.     David Jesperson, 12689 South Foxton Road, Conifer, Colorado 80433, (303) 838-1912.

11.     Nicole Garcia, 258 Hi Meadow Drive, Bailey, Colorado 80421.

12.     Michael P. Ryan and Don Skender, DenverPro Tax & Accounting, 10730 E. Bethany Dr., #303, Aurora, Colorado 80014, (303) 751-9120.

13.     Manny Noriega, address and telephone number currently unknown.

14.     George Merwin, address and telephone number currently unknown.


Defendant Giovannia Paloni:

1.      Brett Huff, c/o Gordon Rees Scully Mansukhani, LLP, 555 Seventeenth Street, Suite 3400, Denver, Colorado 80202, (303) 534-5160

2.      Richard Leslie, c/o Gordon Rees Scully Mansukhani, LLP, 555 Seventeenth Street, Suite 3400, Denver, Colorado 80202, (303) 534-5160

3.      Michael Abbondanza, c/o Law Offices of Courtenay Patterson, 1716 N. Main St., Suite A #331, Longmont, Colorado 80501, (925) 237-1187

4.      Jason Weiss, c/o SRiplaw, 21301 Powerline Road, Suite 100, Boca Raton, Florida 33433, (561) 404-4350

5.      Peter Leiner, c/o SRiplaw, 21301 Powerline Road, Suite 100, Boca Raton, Florida 33433, (561) 404-4350

6.      Santiago Abreu, c/o Feinstein & Sorota, P.A., 600 Corporate Drive, Suite 320, Fort Lauderdale, Florida 33334, (954) 617-1500

(3)      Witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

Plaintiff(s): None anticipated

Defendant(s):

<u>Defendants Jason Weiss, Weiss Law Group, PC</u>:

1.      Santiago Abreu, c/o Feinstein & Sorota, P.A., 600 Corporate Drive, Suite 320, Fort Lauderdale, Florida 33334, (954) 617-1500.

<u>Peter Leiner & Brett Huff, Richard Leslie, and Huff & Leslie, LLP</u>:

1.      Santiago Abreu, c/o Feinstein & Sorota, P.A., 600 Corporate Drive, Suite 320, Fort Lauderdale, Florida 33334, (954) 617-1500.

<u>Giovannia Paloni</u>:

1.      Santiago Abreu, c/o Feinstein & Sorota, P.A., 600 Corporate Drive, Suite 320, Fort Lauderdale, Florida 33334, (954) 617-1500.

b.      List the expert witnesses to be called by each party.  List separately:

(1)      Witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

<u>Plaintiffs: Not applicable</u>

<u>Defendants Brett Huff, Richard Leslie, and Huff & Leslie, LLP</u>:

1.      Cecil E. Morris, 1801 California Street, Suite 2600, Denver, Colorado 80202, (303) 894-4424.

Defendants Jason Weiss, Weiss Law Group, PC, and Peter Leiner

1.      GREGORY S. SCONZO, ESQ., 3825 PGA Boulevard, Ste 207, Palm Beach Gardens, Florida 33435, (561) 729-0940, greg@sconzolawoffice.com

Defendant Giovannia Paloni: Not applicable


(2)      Witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)); and

Plaintiffs:  Not applicable

Defendants Jason Weiss, Weiss Law Group, PC, and Peter Leiner: Not applicable.

Brett Huff, Richard Leslie, and Huff & Leslie, LLP: Not applicable.

Defendant Giovannia Paloni: Not applicable


(3)      Witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

Plaintiffs: Not applicable

Defendants Jason Weiss, Weiss Law Group, PC: Not applicable

Peter Leiner & Brett Huff, Richard Leslie, and Huff & Leslie, LLP: Not applicable.

Defendant Giovannia Paloni: Not applicable


**7.**
**EXHIBITS**


(1)      Plaintiff(s):  See attached Exhibit List

15

(2)     Defendant(s):

Defendants <u>Jason Weiss, Weiss Law Group, PC</u>: Please see attached Exhibit List.

Defendants Peter Leiner & <u>Brett Huff, Richard Leslie, and Huff & Leslie, LLP</u>: Please see attached Exhibit List.

Defendant Giovannia Paloni: Please see attached Exhibit List.

b.     Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial.  The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8.  DISCOVERY

<u>Plaintiffs</u>: Discovery has been completed except for completion of the matters ordered by the Magistrate Judge during the discovery conference on March 23, 2022.

<u>Defendants Jason Weiss, Weiss Law Group, PC:</u> Discovery has been completed.

<u>Peter Leiner & Brett Huff, Richard Leslie, and Huff & Leslie, LLP:</u> Discovery has been completed.

<u>Defendant Giovannia Paloni</u>: Discovery has been completed.

## 9.  SPECIAL ISSUES

The parties may seek to provide certain witness testimony by video conference and seek the court's instructions on presenting such testimony.  The parties may file one or more motions *in limine* and seek a deadline for any such motion.  To the extent, the parties seek to present preserved deposition testimony, they seek instruction from the court on deadlines to designate and cross-designate such portions of testimony.

## 10.
## SETTLEMENT

*[Include a certification by the undersigned counsel for the parties and any pro se party*

16

*that:]*

a.    Counsel for the parties and any *pro se* party met *(in person) (by telephone)* on
      _____, 20____, to discuss in good faith the settlement of the case.

b.    The participants in the settlement conference, included counsel, party
      representatives, and any *pro se* party.

c.    The parties were promptly informed of all offers of settlement.

d.    Counsel for the parties and any *pro se* party *(do)* ***(do not)*** intend to hold future
      settlement conferences.

e.    It appears from the discussion by all counsel and any *pro se* party that there is
      *[select one]*:
      (a good possibility of settlement.)
      (some possibility of settlement.)
      (little possibility of settlement.)
      (**NO POSSIBILITY OF SETTLEMENT**.)

f.    Counsel for the parties and any *pro se* party considered ADR in accordance with
      D.C.COLO.LCivR.16.6.

## 11.  OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule

68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have

discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and

the trial, and may not be amended except by consent of the parties and approval by the court or

by order of the court to prevent manifest injustice.  The pleadings will be deemed merged

herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity

in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial

conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME;
## FURTHER TRIAL PREPARATION
## PROCEEDINGS

1.     *whether trial is to the court or a jury or both:* **Trial is to a jury.**

2.     *estimated trial time:* **Five days.**

3.     Alfred A. Arraj Courthouse, 901 19th Street, Denver, CO 80294

4.     *any other orders pertinent to the trial proceedings:* **Not applicable.**

DATED this 28th day of March, 2022.

BY THE COURT:

S/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

APPROVED:

s:/ *Courtenay Patterson*

Courtenay Patterson
Law Offices of Courtenay Patterson, LLC
1716 N. Main St., Suite A #331
Longmont, CO 80501
(925) 237-1187
*Attorney for Plaintiffs*

18

s:/ *Joel Rothman*
_____

Joel Benjamin Rothman
SRIPLAW, P.A.
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
561-404-4335
joel.rothman@sriplaw.com
*Attorney for Defendants Weiss, Leiner, Weiss Law Group, PA*

s:/ *Franz Hardy*
_____

Franz Hardy, Esq.
Stephanie S. Brizel, Esq.
Gordon Rees Scully Mansukhani, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
sbrizel@grsm.com
*Attorneys for Defendants Brett Huff, Richard Leslie, and Huff and Leslie, LLP*

s:/ *George Blackmore*
_____

George Blackmore
Blackmore Law PLC
1129 W. 14 Mile Rd. #1006
Clawson, MI 48017
(248) 847-0580
george@blackmore.law
*Attorney for Defendant Paloni*

**PLAINTIFFS' EXHIBIT LIST**

CIVIL ACTION NO.: <u>1:19-cv-00328-TMT-MEH</u>

CASE CAPTION:  <u>Abbondanza and Tavin Food, Inc. v. Weiss, Weiss Law Group, PC, Huff, Leslie, Huff & Leslie, LLP, Leiner, and Giovannia Paloni</u>

| EXH LTR | WITN | DESCRIPTION | STIP. | OFFER | REC'D | REFUSE | RULING | COMMENTS/INFORMATION |
|---------|------|-------------|-------|-------|-------|--------|--------|----------------------|
| 1 | | Non-Compliance Report by Giovannia Paloni | | | | | | |
| 2 | | Complaint in Abreu v. Tavin Foods, 16-cv-432-MEH | | | | | | |
| 3 | | Mark Douglass' Resume (Weiss_00239-240) | | | | | | |
| 4 | | Site Accessibility Evaluation by Mark Douglass, dated Dec 6 2016 | | | | | | |
| 5 | | Palm Beach Neurology letter dated Jun 25 2015 (CONFIDENTIAL WEISS-0007) | | | | | | |
| 6 | | Riverbend Market & Eatery Receipt (H&L 00041) | | | | | | |
| 7 | | October 29, 2016 email from Brett Huff to Courtenay Patterson (H&L 00069) | | | | | | |
| 8 | | April 6, 2016 email from Brett Huff to Michael Abbondanza (H&L 00001- | | | | | | |
| 9 | | April 6, 2016 letter from Brett Huff to Michael Abbondanza (H&L 00003- | | | | | | |
| 10 | | Weiss Law Group Attorney-Client Agreement dated Oct 2015 (CONFIDENTIAL WEISS-04838) | | | | | | |
| 11 | | Spreadsheet of Abreu as Plaintiff in Federal Court (Abbondanza_000200) | | | | | | |
| 12 | | September 13, 2016 email from Brett Huff to Courtenay Patterson (Abbondanza_000494-495) | | | | | | |
| 13 | | September 14, 2016 email from Brett Huff to Courtenay Patterson | | | | | | |
| 14 | | October 19, 2016 email from Brett Huff to Courtenay Patterson (Abbondanza_000513-514) | | | | | | |
| 15 | | Abbondanza Shut-Down Expenses (Abbondanza_000199) | | | | | | |
| 16 | | United e-ticket (Weiss_00029) | | | | | | |
| 17 | | Response to United subpoena (Abbondanza_000453) | | | | | | |
| 18 | | Abreu affidavit from June 26, 2019 (Weiss_00674) | | | | | | |
| 19 | | Sold Equipment List (Abbondanza_000003) | | | | | | |

| 20 | | Santiago Abreu affidavit from January 2017 (Weiss_00269-271) | | | | | | |
| 21 | | Michael Abbondanza April 12 2016 Email to Huff (H&L 00048) | | | | | | |
| 22 | | Abreu Broadmoor Hotel case file (Weiss_01025-01268) | | | | | | |
| 23 | | Brett Huff Nov 1, 2016 Email to Courtenay Patterson (H&L 00071-72) | | | | | | |
| 24 | | Entry of Appearance of Peter Leiner in Abreu v. Tavin Foods dated Dec 5, 2016 | | | | | | |
| 25 | | RMC Construction Invoice for River Bend Eatery | | | | | | |
| 26 | | Santiago Abreu's Motion for Summary Judgment in Abreu v. Tavin Foods dated Feb 3 2017 | | | | | | |
| 27 | | Notice of Deposition of Santiago Abreu in Abreu v. Tavin Foods, dated Feb 6, 2017 | | | | | | |
| 28 | | Courtenay Patterson Nov 2 2018 Letter to Weiss (H&L 00074-76) | | | | | | |
| 29 | | Courtenay Patterson Nov 2 2018 Letter to Huff (H&L 00077-79) | | | | | | |
| 30 | | Courtenay Patterson Jan 4 2018 Letter to Weiss (H&L 00080-81) | | | | | | |
| 31 | | Courtenay Patterson Jan 4 2018 Letter to Huff (H&L 00082-83) | | | | | | |

Plaintiffs reserve the right to add or delete exhibits based on Defendants' exhibits, Court orders, additionally produced information, and for impeachment and rebuttal.

Plaintiffs reserve the right to use enlargements for demonstrative purposes of any exhibit identified by the parties.

## EXHIBIT LIST OF DEFENDANTS
## BRETT HUFF, RICHARD LESLIE, AND HUFF & LESLIE, LLP

CIVIL ACTION NO.: 1:19-cv-00328-TMT-MEH

CASE CAPTION: Michael Abbondanza and Tavin Food, Inc. v. Jason Weiss, Weiss Law Group, PC, Brett Huff, Richard Leslie, Huff & Leslie, LLP, Peter Leiner, and Giovania Paloni

| EXH LTR | WITNESS | DESCRIPTION | STIP. | OFFER | REC'D | REFUSED | RULING RSV'D | COMMENTS/INFORMATION |
|---|---|---|---|---|---|---|---|---|
| A | | Articles of Incorporation of Tavin Foods (Abbondanza_000201-204) | | | | | | |
| B | | Bylaws of Tavin Foods | | | | | | |
| C | | Warranty Deed dated Jan 17 2014 | | | | | | |
| D | | Palm Beach Neurology letter dated Jun 25 2015 (CONFIDENTIAL WEISS-0007) | | | | | | |
| E | | Riverbend Tap Room & Eatery Order | | | | | | |
| F | | Nicole Garcia Oct 12 2015 Emails with Jespersen | | | | | | |
| G | | Certification of Final Order #4847-15 dated Dec 13 2016 | | | | | | |
| H | | David Jespersen Aug 20 2015 Email to Abbondanza, Jespersen, et al | | | | | | |
| I | | Weiss Law Group Attorney-Client Agreement dated Oct 2015 (CONFIDENTIAL WEISS-04838) | | | | | | |
| J | | David Jespersen Nov 1 2015 Email to Abbondanza | | | | | | |
| K | | Serina Schaefer Nov 16 2015 Emails with Jespersen et al | | | | | | |
| L | | David Jespersen Feb 17 2016 Emails with Jespersen, Abbondanza | | | | | | |
| M | | David Schaefer Feb 18 2016 Email to Abbondanza, Jespersens, Schaefer | | | | | | |
| N | | Complaint in Abreu v. Tavin Foods dated Feb 23 2016 | | | | | | |
| O | | Mary Lou Jespersen Mar 21 2016 Emails with Abbondanza, Jespersen | | | | | | |
| P | | Defendant's Answer in Abreu v. Tavin Foods dated Mar 21 2016 | | | | | | |
| Q | | Abbondanza Letter in Abreu v. Tavin Foods dated Apr 7 2016 | | | | | | |
| R | | Brett Huff Apr 6 2016 Email to Abbondanza with correspondence and photographs (H&L 00001-8 and 34 photos) | | | | | | |
| S | | Serina Schaefer Apr 7 2016 Emails with Abbondanza, Jespersens, Schaefer | | | | | | |
| T | | Unopposed Motion to Stay Action to Facilitate Settlement in Abreu v. Tavin Foods dated Apr 8, 2016 | | | | | | |

Exhibit List of Defendants Brett Huff, Richard Leslie, and Huff & Leslie, LLP
Civil Action No. 1:19-cv-00328-TMT-MEH

| EXH LTR | WITNESS | DESCRIPTION | STIP. | OFFER | REC'D | REFUSED | RULING RSV'D | COMMENTS/INFORMATION |
|---------|---------|-------------|-------|-------|-------|---------|--------------|----------------------|
| U | | Brett Huff Apr 8 2016 Email to Abbondanza (H&L 00043-44) | | | | | | |
| V | | Brett Huff Apr 8 2016 Email to Abbondanza (H&L 00047) | | | | | | |
| W | | Abbondanza Apr 12 2016 Email to Huff (H&L 00048) | | | | | | |
| X | | David Jespersen Apr 13 2016 Emails with Abbondanza, Jespersen | | | | | | |
| Y | | Brett Huff Apr 13 2016 Email to Abbondanza (H&L 00049) | | | | | | |
| Z | | Minute Order in Abreu v. Tavin Foods dated Apr 14 2016 | | | | | | |
| A1 | | David Jespersen May 10 2016 Email to Schaefer, Abbondanza, Jespersen | | | | | | |
| B1 | | Courtroom Minutes/Minute Order Scheduling Conference in Abreu v. Tavin Foods dated Jul 14 2016 | | | | | | |
| C1 | | Scheduling Conference Transcript in Abreu v. Tavin Foods dated Jul 14 2016 | | | | | | |
| D1 | | Order Appointing Counsel in Abreu v. Tavin Foods dated Jul 15 2016 | | | | | | |
| E1 | | Notice of Appointment in Abreu v. Tavin Foods dated Aug 12 2016 | | | | | | |
| F1 | | Entry of Appearance of Patterson in Abreu v. Tavin Foods dated Sep 2 2016 | | | | | | |
| G1 | | Courtroom Minutes/Minute Order Status Conference in Abreu v. Tavin Foods dated Sep 13 2016 | | | | | | |
| H1 | | Status Conference Transcript in Abreu v. Tavin Foods dated Sep 13 2016 | | | | | | |
| I1 | | Brett Huff Sep 13 2016 Email to Patterson (H&L 00050-51) | | | | | | |
| J1 | | Brett Huff Sep 14 2016 Email to Patterson (H&L 00052-55) | | | | | | |
| K1 | | Michael Abbondanza Sep 23 2016 Email to Jespersens, Schaefers (Abbondanza_496) | | | | | | |
| L1 | | Annalisa Hartmann Facebook page with Abbondanza post dated Sep 27 2016 | | | | | | |
| M1 | | Motion to Dismiss in Abreu v. Tavin Foods dated Oct 1 2016 | | | | | | |
| N1 | | Courtroom Minutes/Minute Order Scheduling Conference dated Oct 4 2016 | | | | | | |
| O1 | | Scheduling Conference Transcript in Abreu v. Tavin Foods dated Oct 4 2016 | | | | | | |
| P1 | | Scheduling Order in Abreu v. Tavin Foods dated Oct 4 2016 | | | | | | |

[Page 2 of 5]

| EXH LTR | WITNESS | DESCRIPTION | STIP. | OFFER | REC'D | REFUSED | RULING RSV'D | COMMENTS/INFORMATION |
|---------|---------|-------------|-------|-------|-------|---------|--------------|----------------------|
| Q1 | | Courtenay Patterson Emails with Huff dated Oct 19 2016 (H&L 00069-70) | | | | | | |
| R1 | | Plaintiff's Response to Defendant's Motion to Dismiss in Abreu v. Tavin Foods dated Oct 21 2016 | | | | | | |
| S1 | | Plaintiff Abreu's Initial Disclosures in Abreu v. Tavin Foods dated Oct 25 2016 | | | | | | |
| T1 | | Defendant's Initial Disclosures in Abreu v. Tavin Foods dated Nov 1 2016 | | | | | | |
| U1 | | Reply to Plaintiff's Response to Defendant's Motion to Dismiss in Abreu v. Tavin Foods dated Nov 4 2016 | | | | | | |
| V1 | | Brett Huff Nov 1 2016 Email to Patterson (H&L 00071-72) | | | | | | |
| W1 | | Order in Abreu v. Tavin Foods dated Nov 14 2016 | | | | | | |
| X1 | | Answer and Affirmative Defenses in Abreu v. Tavin Foods dated Nov 28 2016 | | | | | | |
| Y1 | | Peter Leiner Dec 1 2016 Email to Patterson | | | | | | |
| Z1 | | Minute Order in Abreu v. Tavin Foods dated Dec 2 2016 | | | | | | |
| A2 | | Entry of Appearance of Peter Leiner in Abreu v. Tavin Foods dated Dec 5 2016 | | | | | | |
| B2 | | David Schaefer Dec 14 2016 Emails with Abbondanza | | | | | | |
| C2 | | Peter Leiner Dec 5 2016 Email to Patterson, Richard | | | | | | |
| D2 | | Non-Compliance Report re Jul 14 2015 visit | | | | | | |
| E2 | | Defendant's Expert Witness Disclosures in Abreu v. Tavin Foods dated Dec 30 2016 | | | | | | |
| F2 | | Site Accessibility Evaluation dated Dec 6 2016 | | | | | | |
| G2 | | Peter Leiner Jan 13 2017 Email to Patterson | | | | | | |
| H2 | | RMC Construction Invoice for River Bend Eatery | | | | | | |
| I2 | | Plaintiff Abreu's Motion for Summary Judgment in Abreu v. Tavin Foods dated Feb 3 2017 | | | | | | |
| J2 | | Affidavit in Support of Motion for Summary Judgment in Abreu v. Tavin Foods dated Feb 3 2017 | | | | | | |
| K2 | | Notice of Deposition of Plaintiff in Abreu v. Tavin Foods dated Feb 6 2017 | | | | | | |
| L2 | | Motion to Amend Scheduling Order in Abreu v. Tavin Foods dated Feb 8 2017 | | | | | | |
| M2 | | Minute Order in Abreu v. Tavin Foods dated Feb 8 2017 | | | | | | |

Exhibit List of Defendants Brett Huff, Richard Leslie, and Huff & Leslie, LLP
Civil Action No. 1:19-cv-00328-TMT-MEH

| EXH LTR | WITNESS | DESCRIPTION | STIP. | OFFER | REC'D | REFUSED | RULING RSV'D | COMMENTS/INFORMATION |
|---------|---------|-------------|-------|-------|-------|---------|--------------|----------------------|
| N2 | | Jason Weiss Feb 9 2017 Email to Patterson (H&L 00073) | | | | | | |
| O2 | | Jason Weiss Feb 10 2017 Email to Patterson (Abbondanza_000445-446) | | | | | | |
| P2 | | Stipulation of Dismissal with Prejudice in Abreu v. Tavin Foods dated Feb 10 2017 | | | | | | |
| Q2 | | Order Closing Case in Abreu v. Tavin Foods dated Feb 13 2017 | | | | | | |
| R2 | | Michael Abbondanza Feb 17 2017 Email to Schaefers, Jespersens (Abbondanza_000534) | | | | | | |
| S2 | | Tavin Foods Board of Directors Meeting Minutes dated Feb 19 2017 (Abbondanza_000533) | | | | | | |
| T2 | | Michael Abbondanza Apr 3 2017 Letter to Owners (Abbondanza_000532) | | | | | | |
| U2 | | Pizza Pies list of accepting debts from Tavin Foods (Abbondanza_000528) | | | | | | |
| V2 | | Michael Abbondanza Letter to Schaefers (Abbondanza_000529-531) | | | | | | |
| W2 | | Meeting Bullet Points dated Apr 11 2017 (Abbondanza_000527) | | | | | | |
| X2 | | David Jespersen Apr 18 2017 Emails with Abbondanza | | | | | | |
| Y2 | | Complaint in Abbondanza v. Schaefer dated Apr 18 2017 | | | | | | |
| Z2 | | Motion to Withdraw in Abbondanza v. Schaefer dated Aug 26 2017 | | | | | | |
| A3 | | Order Granting Motion to Withdraw in Abbondanza v. Schaefer dated Oct 24 2017 | | | | | | |
| B3 | | First Amended Complaint in Abbondanza v. Schaefer dated Aug 4 2017 | | | | | | |
| C3 | | Response to Motion to Dismiss for Failure to Join One or More Necessary Parties in Abbondanza v. Schaefer dated Sep 14 2017 | | | | | | |
| D3 | | Intervenor's Claims with Jury Demand in Abbondanza v. Schaefer dated Oct 2 2017 | | | | | | |
| E3 | | Serina Schaefer Amended Answer to First Amended Complaint and Counterclaims in Abbondanza v. Schaefer dated Nov 21 2017 | | | | | | |
| F3 | | David Schaefer Answer, Affirmative Defenses and Counterclaims in Abbondanza v. Schaefer dated Nov 6 2017 | | | | | | |
| G3 | | Plaintiffs' Initial Disclosures in Abbondanza v. Schaefer dated Feb 16 2018 | | | | | | |
| H3 | | List of potential witnesses in Abbondanza v. Schaefer | | | | | | |

[Page 4 of 5]

| EXH LTR | WITNESS | DESCRIPTION | STIP. | OFFER | REC'D | REFUSED | RULING RSV'D | COMMENTS/INFORMATION |
|---------|---------|-------------|-------|-------|-------|---------|--------------|----------------------|
| I3 | | Substitution of Counsel in Abbondanza v. Schaefer dated May 11 2018 | | | | | | |
| J3 | | Courtenay Patterson Nov 2 2018 Letter to Weiss (H&L 00074-76) | | | | | | |
| K3 | | Courtenay Patterson Nov 2 2018 Letter to Huff (H&L 00077-79) | | | | | | |
| L3 | | Courtenay Patterson Jan 4 2018 Letter to Weiss (H&L 00080-81) | | | | | | |
| M3 | | Courtenay Patterson Jan 4 2018 Letter to Huff (H&L 00082-83) | | | | | | |
| N3 | | Certificate of Compliance Regarding Completion of Mediation in Abbondanza v. Schaefer dated Jan 31 2019 | | | | | | |
| O3 | | Motion to Adopt Stipulation in Abbondanza v. Schaefer dated Feb 13 2019 | | | | | | |
| P3 | | Stipulation in Abbondanza v. Schaefer dated Feb 13 2019 | | | | | | |
| Q3 | | Shares Transfer Agreement of Tavin Foods dated May 16 2019 | | | | | | |
| R3 | | Assignments of Membership Interest of AKS Properties dated May 16 2019 | | | | | | |
| S3 | | Quitclaim Deed dated May 23 2019 | | | | | | |
| T3 | | Quitclaim Deed dated May 16 2019 | | | | | | |
| U3 | | Affidavit of Santiago Abreu dated Jun 26 2019 | | | | | | |
| V3 | | Affidavit of John Bradley dated Jun 27 2019 | | | | | | |
| W3 | | Declaration of Mark David Feinstein dated Jul 15 2021 | | | | | | |
| X3 | | Declaration of Jason Stuart Weiss dated Jul 20 2021 | | | | | | |
| Y3 | | Google Maps – 59790 US Hwy 285 | | | | | | |
| Z3 | | Turnkey Restaurant, Riverbend Eatery Listing #789501 | | | | | | |
| A4 | | Tavin Foods 2015 US Income Tax Return | | | | | | |
| B4 | | Tavin Foods 2016 US Income Tax Return | | | | | | |
| C4 | | Tavin Foods 2017 US Income Tax Return | | | | | | |
| D4 | | Tavin Foods 2018 US Income Tax Return | | | | | | |
| E4 | | Tavin Foods 2019 US Income Tax Return | | | | | | |
| F4 | | Tavin Foods 2020 US Income Tax Return | | | | | | |
| G4 | | | | | | | | |

Defendants reserve the right to add or delete exhibits based on the Plaintiffs' or Co-defendants' listing of exhibits, orders of the Court, additionally produced information, and for purposes of impeachment and rebuttal.  Defendants reserve the right to use enlargements for demonstrative purposes of any exhibit identified by the parties.

# EXHIBIT LIST OF DEFENDANT GIOVANNIA PALONI

CASE NUMBER  1:19-cv-00328-TMT-MEH___     PLAINTIFF'S LIST_____     DEFENDANT'S LIST _X__     THIRD PARTY LIST_____

CASE CAPTION  Michael Abbondanza and Tavin Foods, Inc. v. Jason Weiss, Peter Leiner, Weiss Law Group, PA, Brett Huff, Richard Leslie, Huff and Leslie LLP, and Giovannia Paloni_____     PAGE NUMBER_1__     DATE_03-21-2022_

LIST PLAINTIFF'S EXHIBITS BY NUMBER (1, 2, 3, ETC.) and DEFENDANT'S EXHIBIT BY LETTER (A, B, C, A1, A2, A3, B1, B2,  B3, ETC.)

| EXHIBIT NO./LTR. | WITNESS | DESCRIPTION | STIP. | OFFER | REC'D | REFUSED | RULING RESERVED | COMMENTS/ INFORMATION |
|---|---|---|---|---|---|---|---|---|
| A | | Non-Compliance Report of Complete ADA Compliance | | | | | | |
| B | | Peak Access Site Accessibility Evaluation | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |